

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ZF-TRW AIRBAG CONTROL UNITS
PRODUCTS LIABILITY LITIGATION

MDL No. 2905
2:19-ML-02905-JAK-FFMx

TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in an action in the Central District of California (*Altier*) and an action in the Eastern District of Michigan (*Samouris*) move under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California, or, in the alternative, the Eastern District of Michigan. The litigation consists of the twelve actions listed on the attached Schedule A, five in the Central District of California, two in the Southern District of Florida, three in the Eastern District of Michigan and one each in the Eastern District of New York and the Western District of Washington. The Panel has been notified of five potentially-related actions, all in the Central District of California.[1]

All responding plaintiffs support centralization, but disagree, to some extent, on an appropriate transferee district. Most plaintiffs support selection of the Central District of California, but plaintiffs in the two actions in the Southern District of Florida argue for the Southern District of Florida.

Responding defendants' positions on centralization vary. ZF-TRW Defendants,[2] which are named in all actions, support centralization in the Eastern District of Michigan, as do Honda Defendants.[3] Defendants Hyundai Motor America, Inc., and Kia Motors America, Inc., also support centralization, but in the Central District of California. Toyota Defendants,[4] defendants Mitsubishi

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] ZF TRW Automotive Holdings Corp., TRW Automotive Inc., TRW Automotive U.S. LLC, and TRW Vehicle Safety Systems Inc.

[3] American Honda Motor Co., Inc., Honda of America Mfg., Inc., and Honda R&D Americas, Inc.

[4] Toyota Motor North America, Inc, Toyota Motor Sales U.S.A., Inc., and Toyota
(continued...)

-2-

Motors North America, Inc., and FCA US LLC oppose centralization, but, in the alternative, argue for creation of separate, automaker-specific MDLs in either the Central District of California (Toyota and Mitsubishi's favored venue) or the Eastern District of Michigan (FCA's favored venue). Finally, defendant Hyundai Mobis Co., Ltd., opposes centralization, and argues, in the alternative, for the Central District of California as transferee district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual issues arising from allegations that airbag control units manufactured by the ZF-TRW defendants are defective, in that an electrical overstress condition can cause a malfunction of the ACU's application specific integrated circuit. Because of this alleged defect – which may affect more than twelve million vehicles made by multiple automakers, including FCA, Honda, Hyundai/Kia, Mitsubishi, and Toyota – there is a risk that the airbag could fail to deploy in an accident. Centralization would eliminate duplicative discovery and other pretrial proceedings, as well as the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters, and conserve judicial and party resources.

In opposing centralization, the Toyota, Mitsubishi, FCA, and Hyundai Mobis defendants argue, *inter alia*, that (1) individual issues – such as those concerning the design of each automaker's vehicles and their susceptibility to an ACU failure and each automaker's relationship with ZF-TRW – predominate; (2) centralization would only create inefficiencies because of the need to safeguard each defendant's trade secrets and other confidential information; and (3) plaintiffs' legal claims vary from case to case. These arguments are not convincing. First, the existence of individual issues, which is relatively commonplace in products liability MDLs, does not negate the common ones, which appear to be sufficiently substantial and complex to warrant creation of an MDL.[5] Second, because a number of these cases involve multiple automaker defendants,[6] denying centralization would hardly alleviate any trade secret concerns. The transferee judge can utilize protective orders

---

[4](...continued)
Motor Engineering & Manufacturing North America, Inc.

[5] *See, e.g., In re: Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379, 1380 (J.P.M.L. 2014) (centralizing litigation over defendants' argument that "the unique facts of each individual plaintiff's case w[ould] predominate over common facts").

[6] For example, the Eastern District of Michigan *Samouris* plaintiffs sue Honda and Toyota defendants, the Southern District of Florida *Santos* plaintiffs sue Honda, Hyundai, and Toyota defendants, and the Eastern District of New Yew York *Radi* plaintiffs sue FCA, Hyundai, Kia, and Toyota defendants.

-3-

or other appropriate methods to address confidentiality issues and other defendant-specific matters.[7] Third, "where common factual issues exist, the presence of different legal theories among the actions is not a bar to centralization."[8]

The Toyota, Mitsubishi, and FCA defendants' alternative suggestion that the Panel create separate, automaker-specific MDLs is impracticable. These actions all arise from the same National Highway Traffic Administration investigation into airbags manufactured by the ZF-TRW defendants. Given the significant overlap in the core factual issues, parties, and claims, creation of a single MDL will best effectuate Section 1407's purposes.[9]

We select the Central District of California as the transferee district. Several defendants, including American Honda Motor Co., Hyundai Motor America, Inc., and Kia Motors America, Inc. are headquartered in that district, and relevant documents and witnesses likely will be found there. In addition, five constituent actions are pending in the Central District of California, as are all five potential tag-along actions. Judge John A. Kronstadt, to whom we assign the litigation, is an experienced jurist, and already is presiding over nine of the ten Central District of California actions. We are confident that he will steer this litigation on a prudent course.

---

[7] *See In re Walgreens Herbal Supplements Mktg. & Sales Practices Litig.*, 109 F. Supp. 3d 1373, 1376 (J.P.M.L. 2015) (centralizing actions against four different retailers of herbal supplements, stating: "We are confident that the transferee judge can accommodate any issues involving the different products and defendants, including confidentiality and retailer-specific resolutions . . . .").

[8] *In re Pacquiao-Mayweather Boxing Match Pay-Per-View Litig.*, 122 F. Supp. 3d 1372, 1374 (J.P.M.L. 2015).

[9] *See In re Walgreens Herbal Supplements*, 109 F. Supp. 3d at 1375-76 (rejecting requests for creation of multiple, retailer-specific MDLs, where "the actions stem[med] from the same government investigation and there [was] significant overlap in the central factual issues, parties, and claims"); *see also In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016) (denying requests for separate MDLs, reasoning that a single MDL would be the "most appropriate vehicle" for handling, *inter alia*, anticipated common third-party discovery, discovery of any common suppliers, and management of the competing putative classes).

-4-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California, and, with the consent of that court, assigned to the Honorable John A. Kronstadt for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

IN RE: ZF-TRW AIRBAG CONTROL UNITS
PRODUCTS LIABILITY LITIGATION  MDL No. 2905

## SCHEDULE A

<u>Central District of California</u>

CROFT, ET AL. v. ZF FRIEDRICHSHAFEN AG, ET AL., C.A. No. 2:19-04256
HERNANDEZ, ET AL. v. HYUNDAI MOTOR AMERICA, INC., ET AL.,
   C.A. No. 8:19-00782
ALTIER, ET AL. v. ZF-TRW AUTOMOTIVE HOLDINGS CORP., ET AL.,
   C.A. No. 8:19-00846
BELL, ET AL. v. ZF FRIEDRICHSHAFEN AG, ET AL., C.A. No. 8:19-00963
BLISS, ET AL. v. ZF FRIEDRICHSHAFEN AG, ET AL., C.A. No. 8:19-00970

<u>Southern District of Florida</u>

SANTOS, ET AL. v. ZF FRIEDRICHSHAFEN AG, ET AL., C.A. No. 0:19-61174
PAYNE, ET AL. v. ZF FRIEDRICHSHAFEN AG, ET AL., C.A. No. 1:19-21681

<u>Eastern District of Michigan</u>

SAMOURIS, ET AL. v. ZF-TRW AUTOMOTIVE HOLDINGS CORPORATION,
   ET AL., C.A. No. 2:19-11215
RUBIO, ET AL. v. ZF-TRW AUTOMOTIVE HOLDINGS, CORP., ET AL.,
   C.A. No. 2:19-11295
HEILMAN-RYAN, ET AL. v. ZF TRW AUTOMOTIVE HOLDINGS CORP., ET AL.,
   C.A. No. 4:19-11464

<u>Eastern District of New York</u>

RADI, ET AL. v. FCA US LLC, ET AL., C.A. No. 1:19-02769

<u>Western District of Washington</u>

COPLEY, ET AL. v. ZF TRW AUTOMOTIVE HOLDINGS CORP., ET AL.,
   C.A. No. 2:19-00707