**FILED**
CLERK, U.S. DISTRICT COURT

3/3/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re ZF-TRW Airbag Control Units Products Liability Litigation* | MDL No. 2905 |
| | Case No. 2:19-ml-02905-JAK-FFM |
| ALL CASES | **ORDER RE STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL TREATMENT OF DOCUMENTS (DKT. 97)** |

Pursuant to the parties' Stipulated Protective Order Regarding Confidential Treatment of Documents, and to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is hereby ordered as follows:

1. **GENERAL PROVISIONS.**

    a. **Purposes and Limitations.** Discovery in this Litigation involves production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation or any of the underlying related actions that were transferred to this Court by the Judicial Panel on Multidistrict Litigation (collectively "this Litigation") may be warranted. Accordingly, the Parties hereby

stipulate to and petition the Court to enter the following Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 20, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

b. **Good Cause Statement.** This Litigation will involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Litigation is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, private customer information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to

ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

c.      **Confidentiality alone is not a basis for withholding discovery.**  Absent a further Court order, discovery cannot be withheld on the basis of confidentiality alone.  Notwithstanding the foregoing, the Parties have not entered a source code protocol and agreement that would govern the circumstances and process under which source code may be accessed, reviewed or otherwise made available.  Accordingly, the parties may withhold the production of source code pending the entry of an appropriate protocol or an order of this Court governing the same.

2.      **APPLICABILITY OF THE PROTECTIVE ORDER.**  This Stipulated Order Governing the Designation and Handling of Confidential Materials (hereinafter "Order") shall govern for pre-trial purposes the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure (or informally in lieu of compelled production) by or from a Party, or a non-party recipient of a discovery request/subpoena,  in connection with the Litigation (this information hereinafter referred to as "Discovery Material").

3. **DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."** Any Producing Party, or non-party recipient of a discovery request/subpoena, may designate Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary or commercially sensitive information that requires protections provided in this Order (hereinafter referred to as "Confidential Material" or "Highly Confidential Material."). "Confidential" and "Highly Confidential" Material are collectively defined as "Covered Information."

    a. **"Confidential Material."** For purposes of this Order, information that may be designated as Confidential Material includes any information that a Party intends to produce and believes in good faith to be confidential or sensitive non-public information, including, but not limited to, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G), and as specified above in the Good Cause Statement. Confidential Material also includes information that a party is required to maintain as confidential under the terms of an agreement or other understanding.

    b. **"Highly Confidential."** For purposes of this Order, and given that the auto manufacturer defendants and/or their affiliates sued in this multi-district action are direct competitors, Producing Parties may designate discovery material "Highly Confidential" if they in good faith believe the discovery material that they intend to produce constitutes or contains highly sensitive competitive business and/or

proprietary information that warrants the highest level of confidentiality the disclosure of which will place the Producing Party at a competitive disadvantage.  Any Producing Party may designate as "Highly Confidential":  (i) trade secrets; (ii) current and future business and marketing plans, except for advertisements or communications that have been disclosed to the public; (iii) research and development activities, including technology, know-how and the like, which have not been disclosed to the public; (iv) commercial agreements with third parties containing competitively sensitive information, and the negotiations concerning such agreements, provided that the producing party has taken reasonable steps to keep the terms of such agreements and related negotiations – as distinct from the existence of the commercial relationship – out of the public domain; (v) non-public communications with United States and foreign patent offices; (vi) non-public communications with United States or foreign regulatory agencies; (vii) financial information, including non-public sales information, customer lists, purchases by customers, communications with potential customers, sales projections, profit calculations, income and costs (i.e., production, marketing and overhead); and (viii) any other category of information subsequently agreed to by the parties in writing as constituting "Highly Confidential " Material.

c.    **Redaction of "Protected Data."**  When an applicable law, statute, or regulation protects certain categories of sensitive personal information of individuals (referred to herein as "Protected Data"), a Producing Party may in good faith redact the Protected Data. Protected Data consists of:

(i)  Social Security Numbers (SSN);

(ii)  Passport Numbers;

(iii)  Driver's License Numbers;

(iv)  State Identification Numbers;

(v)  Taxpayer Identification Numbers;

(vi)  Patient Identification Numbers;

(vii)  Financial Account Numbers;

(viii)  Credit/Debit Card Numbers;

(ix)  Internet Protocols (IP);

(x)  Media Access Control (MAC) addresses;

(xi)  Photographic Images of automobiles that are not the subject of this litigation;

(xii)  Biometric information;

(xiii)  Fingerprints;

(xiv)  Retina Scans;

(xv)  Voice Signatures;

(xvi)  Facial Geometrys;

(xvii)  Medical Information unrelated to the harms from automobile accidents that are the subject of this litigation;

(xviii)  Information identifying the balance or payments on credit card or bank accounts;

(xix)  Names of minor children;

(xx)  Home addresses that do not relate to the issue of providing notice to a putative class;

(xxi)  Dates of birth;

(xxii)  Alien Registration Numbers;

(xxiii)  Identification card numbers;

(xxiv)  Data identifying the physical location of persons;

(xxv)  Internet protocol (IP) addresses;

(xxvi)  Cookie IDs;

(xxvii)  Advertising identifiers of a phone;

(xxviii)  Data held by a hospital or doctor, which could be a symbol that uniquely identifies a person and which does not relate to the harms from automobile accidents that are the subject of this litigation;

(xxix)  Racial or ethnic origin;

(xxx)  Political opinions unrelated to the regulation or safety of automobiles;

(xxxi)  Religious or philosophical beliefs unrelated to the regulation or safety of automobiles;

(xxxii)  Genetic data;

(xxxiii)  Biometric data for the purpose of uniquely identifying a natural person; and

(xxxiv)  Data concerning health or a natural person's sex life and/or sexual orientation.

Any party may redact Protected Data that it claims, in good faith, requires protections under the terms of this Order.  No other information that falls outside the enumerated list above shall be deemed Protected Data absent later agreement of the parties or a court order.  Defendants may contend that examples of applicable Data Protection Laws could potentially include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the

Free Movement of Such Data, 1995 O.J. (L281/31) / Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, and repealing Directive 95/46/EC (General Data Protection Regulation) (L119/1)(EU personal information); Data Protection Act 1998 (c. 29) (United Kingdom personal information); the German Federal Data Protection Act (Germany personal information); the Spanish Data Protection Act 15/1999; the Belgian Law of December 8, 1992 on Privacy Protection in relation to the Processing of Personal Data (Belgium personal information); Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal information); The Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); and The Act on the Protection of Personal Information (Law No. 57 of 2003) (APPI) (Japan personal information), South Korea's Personal Information Protection Act, and California Consumer Privacy Act of 2018 (CCPA).[1]

Redactions of Protected Data will include the reason for the redaction (e.g., "PII," "financial information," "sensitive personal information") and the redacting party shall prepare and maintain a log that identifies: (1) the bates number(s) of the redacted documents, (2) the jurisdiction or country from which the document is being produced; and (3) the

---

[1] This inclusion of this list does not reflect agreement by the parties that any of these laws prohibit court-ordered disclosure of any particular form of information. Instead, the list was prepared by Defendants and is meant merely to illustrate "Data Protection Laws" that Defendants may invoke as a basis for this designation, and which Plaintiffs may challenge.

general category of Protected Data that has been redacted (e.g., social security numbers, credit card numbers, etc.).  The Producing Party shall maintain the log of Protected Data redactions and make the log available to the Receiving Party within 14 days of receipt of the written request for such information, or pursuant any other time agreed upon between the parties, or pursuant or pursuant to Court Order.  The Redacting Party shall reasonably respond to reasonable requests for further specificity concerning redactions in good faith. Protected Data, however, shall not be redacted from Discovery Material to the extent it directly relates to or identifies an individual named as a party in this Litigation.  Where Protected Data is not redacted because it relates to an individual named as a party in this Litigation, the document or information containing the Protected Data shall be designated "Protected Data."  Protected Data of an individual named as a party, while unredacted, shall otherwise receive the same protections and treatment afforded to other Protected Data under this Protective Order.

d. **Defendants' and Non-Parties' Production of Materials Originating from Other Defendants or Non-Parties.**  ZF TRW may possess materials it received from the Original Equipment Manufacturer Defendants ("OEM-Defendants") in the course of their business relationship as a Tier One Supplier, or materials prepared in the ordinary course of business related exclusively to one or more OEM-Defendant(s).  The OEM-Defendants likewise may possess materials from ZF TRW that they each received in the course of their business relationship with ZF TRW.  The OEM-Defendants and ZF TRW may also possess material from other non-party component suppliers.  These materials may be subject to disclosure requirements or responsive to discovery propounded in this action and may require

protection under this Protective Order because the material is
Confidential or Highly Confidential.   Accordingly:

(i)  When a Producing Party believes in good faith that another
Defendant or non-party component supplier has a legitimate
interest in asserting confidentiality over documents or
information in the Producing Party's possession that are
responsive to a discovery request, the Producing Party shall
produce the documents to all parties with a temporary "Highly
Confidential" designation and identify with specificity (i.e., by
bates-stamp) which documents are being so designated and the
name of the implicated other Defendant or non-party component
supplier ("the Original Owner").  The Producing Party shall
send the implicated documents to the Original Owner.  Upon
receipt of such documents, the Original Owner shall have 35
days (or a time later agreed by all Parties) to: (1) designate the
information as "Confidential" or "Highly Confidential" and (2)
create a redacted version of the documents, if necessary, to
protect "Highly Confidential" information from competitors (but
not from Plaintiffs' counsel).  The Original Owner shall not
have the right to make additional redactions for Protected Data,
since that task is solely the Producing Party's.  When the
Original Owner's review is complete the redacted documents
shall be returned to the Producing Party, and the Producing
Party shall produce new versions of the documents with
appropriate designations and redactions and appropriately link
those documents to the originals that have already been
produced by the Producing Party.  Should the Original Owner
fail to respond with its own designations as to specific

documents provided by a Producing Party within 35 days (or a time later agreed to by the Parties), the Plaintiffs may utilize the documents as originally produced by the Producing Party or challenge the designations under the provisions of this Order.

(ii)  In the event that a Defendant produces material without designating it Confidential or Highly Confidential, and within 60 days after receiving production of that material, a Receiving Party Defendant believing itself in good faith to be Original Owner as to documents or other discovery materials produced by another party may send a written objection to all Parties challenging the lack of, or level of, confidentiality designation of specific documents (identified by bates-stamp).  The Producing Party with the cooperation of the Original Owner shall take reasonable steps to provide replacement files and the necessary information for linking the replacement files to their corresponding files from the challenged production.

4.  **MARKING OF DOCUMENTS.**  The designation of Discovery Material as Confidential, Highly Confidential or Protected Data for purposes of this Order shall be made in the following manner:

a.  **TIFF Documents.**  In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential," "Highly Confidential," or "Protected Data" to all pages in each document containing any allegedly protected information, respectively.  However, upon reasonable request by a party to a designating party to identify the specific portions of a document that contain Covered Information purportedly justifying the designation, the designating party shall provide that information, including the relevant pages.

b.  **Native Documents.**  With respect to documents or materials containing Covered Information produced in Native Format, the Designating Party shall include the highest level of confidentiality designation in the filename.  Native documents also will typically be produced with a TIFF cover sheet that contains the bates-number of the Native document.  The designation shall be affixed to the TIFF cover sheet in the same manner as described in Paragraph 4.a.

c.  **Designating Depositions.**  With respect to any deposition, confidential treatment may be invoked by designating portions of testimony as "Confidential" or "Highly Confidential" on the record at the deposition, or by identifying specific pages and/or lines as "Confidential" or "Highly Confidential" within 21 days after receipt of the transcript of the deposition in which the designations are made.  All deposition transcripts shall be treated as Confidential for 21 days following receipt by the Designating Party of the transcript.

d.  **Non-Written Materials.**  Any non-text Covered Information (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such material as "Confidential" or "Highly Confidential."  In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials and properly identify and stamp each page of such material as "Confidential" or "Highly Confidential" consistent with the original designation by the Producing Party.

5.  **DISCLOSURE OF COVERED INFORMATION.**  The failure to designate Covered Information does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the

disclosure, with the effect that such Covered Information will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies made of Covered Information produced to it, and copies made by others who obtained such Covered Information directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Covered Information has been marked with the appropriate confidentiality legend by the Producing Party.

6.     **MATERIALS PREPARED BASED UPON COVERED INFORMATION.** Any notes, lists, memoranda, indices, compilations, expert reports or other materials (including all drafts of such materials) prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information with such specificity that the Covered Information can be identified shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, shall be designated with the appropriate confidentiality legend, with the exception of internal memoranda or notes that will not be shared with anyone outside of counsel's office and to which attorney-work product privilege will not be waived, and shall be subject to all of the terms of this Protective Order. With specific regard to expert reports (including drafts), expert reports shall all be temporarily designated Highly Confidential when served upon the Parties. Each Defendant in receipt of an expert report shall then have 14 days (or another agreed upon period of time by the parties) to respond with proposed redactions of information that the Defendant claims is Highly Confidential Information. Insofar as any party has an objection to the proposed redactions under this provision, the parties will within 7 days of receipt of the proposed redaction meet and confer in an attempt to resolve such objections and if not resolved, may seek relief from the court. At the conclusion of this process, any material not specifically identified by the Defendants for redaction shall be designated Confidential.

7. **NOTICE TO NON-PARTIES.** Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order to facilitate the non-party's designation of any Discovery Material.

8. **GOOD-FAITH BELIEF.** For purposes of this Order, the Party designating Discovery Material as "Confidential," "Highly Confidential," or "Protected Data" (the "Designating Party") bears the burden of establishing the appropriate designation of all such Discovery Material. The designation of any Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order shall constitute the verification by the Designating Party and its counsel that the material constitutes "Confidential" or "Highly Confidential" information or "Protected Data" as defined above. Blanket designation of documents or information as "Confidential" or "Highly Confidential" or "Protected Data" without regard to the specific contents of each document or piece of information is prohibited.

9. If at any time prior to the trial of this Litigation a Party realizes that previously produced Discovery Material should be designated as "Confidential" or "Highly Confidential" the Party may so designate by advising all other Parties in writing and by producing replacement documents or material with the appropriate "Confidential" or "Highly Confidential" designation as described above. The designated documents or material will thereafter be treated as "Confidential" or "Highly Confidential" pursuant to this Order. Upon receipt of such designation in writing and re-production of the material with the "Confidential" or "Highly Confidential" stamp, the Parties and other persons subject to this Order shall take reasonable and appropriate steps to notify any and all recipients of the Discovery Material about the protected status of the newly designated "Confidential" or "Highly Confidential" Material and to retrieve the newly designated "Confidential" or "Highly Confidential" Material from any person who is not permitted by this Order to have Confidential Information.

10.     No Party receiving Covered Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter.  No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

11.     **PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL MATERIAL.**  Confidential Material or their contents, as defined by Paragraph 3.a., may be disclosed only to the following "Qualified Persons":

a.     the Court, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function;

b.     mediators or settlement officers, and their supporting personnel, mutually agreed upon by any parties engaged in discussions concerning settlement of all or part of this Litigation;

c.     the Parties and their employees (including in-house counsel);

d.     counsel for Plaintiffs including all partners, members, associates, counsel, and staff attorneys of such counsel's law firms who are assisting in the conduct of the Litigation (collectively, "Plaintiffs' Counsel"), as well as any other non-in-house counsel and support personnel of such counsel who may be assisting counsel of record for the parties in the conduct of the Litigation, and all contract attorneys, clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

e.     outside counsel of record for the Defendants, including all partners, members, associates, counsel, and staff attorneys of such counsel's law firms who are assisting in the conduct of the Litigation

(collectively, "Defendants' Counsel of Record"),[2] as well as any other non-in-house counsel and support personnel of such counsel who may be assisting counsel of record for the parties in the conduct of the Litigation, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

f.      litigation support services, including outside copying services, court reporters, interpreters, translators, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel, provided that they execute Exhibit A as described in Paragraph 14 of this Order;

g.      any individual expert, consultant, or expert consulting firm retained by Counsel of Record in connection with this Litigation to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that: (i) the disclosure shall be made only to an individual expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert Personnel use the information solely in connection with this Litigation; (iii) the individual and/or a

_____

[2] Plaintiffs' Counsel and Defendants' Counsel shall collectively be referred to as Counsel of Record.

representative of each expert consulting firm sign the written assurance attached on Exhibit A as described in Paragraph 14 of this Order on behalf of any Designated Expert Personnel associated with that firm; and (iv) absent notice and consent of the Producing Party, excluding any retention for this Litigation, the individual expert and each of the Designated Expert Personnel is not currently employed by any party and they have not been employed by any party at any time within the period of one year before the Designated Expert Personnel is retained in connection with this Litigation; and (v) the terms of Paragraph 19 of this Order are satisfied unless the party that designated the Confidential Material otherwise agrees in writing or unless the Court otherwise orders;

h.     Any person who (1) authored, is listed as a recipient of, or is mentioned, discussed or referred to in the Covered Information; (2) is or was a custodian of the Covered Information; (3) is an employee of the Party producing, or of the corporate recipient of, the Covered Information; (4) was an employee of the producing party or corporate recipient of the Covered Information and who has signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A, or (5) who counsel in good faith believes has knowledge of the information contained in the Covered Information, but only as to the subject matters to which such person is reasonably thought to have specific knowledge and any information reasonably related thereto, and who has signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A;

i.     auditors and insurers of the Parties; and

j.     any other person as may be designated by written agreement by the Producing Party or by order of the Court.

12.   **PERSONS AUTHORIZED TO RECEIVE PROTECTED DATA.**
Except as specifically provided for in this or subsequent Court orders Protected
Data or their contents as defined by Paragraph 3.c, may be disclosed, summarized,
described, or otherwise communicated or made available in whole or in part only to
the persons identified and conditions set forth in Paragraphs 11(a)-(b), and (f)-(j):

      a.     Counsel of Record for the Receiving Party Defendant(s), and
any of their litigation support services, including outside copying
services or companies engaged in the business of supporting
computerized or electronic litigation discovery or trial preparation,
retained by the Receiving Party or its Counsel of Record, provided that
they execute Exhibit A as described in Paragraph 14 of this Order
(except that attorneys and other employees of Counsel of Record shall
not be required to execute Exhibit A);

      b.     Plaintiffs' Lead or Co-Lead Counsel, members of the Plaintiffs'
Steering Committee, and Plaintiffs' Liaison Counsel as designated by
the Court (collectively, "Plaintiffs' Leadership Counsel"), and other
Plaintiffs' Counsel designated by Lead Counsel who are serving in a
support role concerning the review and analysis of the Protected Data,
and any of their litigation support services, including outside copying
services or companies engaged in the business of supporting
computerized or electronic litigation discovery or trial preparation,
retained by Lead Counsel, provided that they execute Exhibit A as
described in Paragraph 14 of this Order (except that attorneys and
other employees of Plaintiffs' Leadership Counsel shall not be
required to execute Exhibit A);

      c.     In-house counsel (or members of the legal department) of each
Defendant with responsibilities for the litigation of this Litigation,
provided that each such person shall first execute an In-House

Litigation Designee Agreement Concerning Confidentiality attached hereto as Exhibit B.

13. **PERSONS AUTHORIZED TO RECEIVE HIGHLY CONFIDENTIAL MATERIAL.** Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material or their contents, as defined by Paragraph 3.b., may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the persons identified and conditions set forth in Paragraphs 11(a)-(b), (d), (f)-(j), , and 12 (a)-(b), and:

        a.      **Expert Use of Highly Confidential Material.**

           (i)  The Party or Parties that designated Covered Information Highly Confidential may provide the Covered Information to its own experts without the material losing its Highly Confidential confidentiality protection.

           (ii)  Any of Plaintiffs' Leadership Counsel or any Receiving Party Defendant may provide Highly Confidential Material to its retained experts who will be offering opinions or advice that is reasonably related to the subject matter of the Highly Confidential Material under the conditions set forth in Paragraph 11(g), but only based upon a good faith belief by Plaintiffs' Leadership Counsel or Counsel of Record for the Receiving Party Defendant(s) that the Highly Confidential Material is reasonably necessary to render opinions related to the subject matter of the Highly Confidential Material or to render advice as to the Highly Confidential designation of that material by that retained expert.

        b.      **In-House Counsel Use of Highly Confidential Material.**

           (i)  Highly Confidential Material may be provided to in-house counsel (or members of the legal department) of each Defendant

with responsibilities for this Litigation, provided that each such
person shall first execute an In-House Litigation Designee
Agreement Concerning Confidentiality attached hereto as
Exhibit B.

14.     **EXECUTING THE NON-DISCLOSURE AGREEMENT.**  Except
for the persons identified in Paragraphs 11(a) and (b), each person to whom
Covered Information is disclosed shall execute a non-disclosure agreement in the
form annexed hereto as Exhibit A before receiving Covered Information (except
that attorneys and other employees of Counsel of Record or Plaintiffs' Counsel shall
not be required to execute Exhibit A).  Copies of the executed Exhibit A shall be
retained by counsel disclosing Covered Information to such person.

15.     **CHALLENGING "CONFIDENTIAL" DESIGNATIONS.**  A Party
objecting to the designation of any material as Confidential, Highly Confidential, or
Protected Data or objecting to the redaction of any material shall give written notice
to the Designating Party by initiating the dispute resolution process under Local
Rule 37-1, *et seq*., and specifying by Bates number the material at issue.  The
Parties shall meet and confer in good faith to attempt to resolve the dispute without
resort to Court intervention.  If the objecting Party and the Designating Party cannot
resolve their dispute through such meet and confer discussions, within 14 calendar
days (or such other time as agreed between the parties or ordered by the Court) after
the parties have reached an impasse after meet and confer efforts, as declared in
writing, the Parties shall file and serve a written stipulation and motion to challenge
confidentiality pursuant to Local Rule 37-2, unless otherwise ordered by the Court.
The stipulation shall be filed and served with the notice of motion.  The
Designating Party has the burden of establishing that the document is entitled to
protection.  Any material so designated shall remain Confidential, Highly
Confidential or Protected Data, and shall be subject to all of the restrictions on its
disclosure and use set forth in this Order until such time as the Court may order

otherwise. In the event the Court rules (and any efforts to appeal that ruling is exhausted) that the challenged material is not Confidential, Highly Confidential, or Protected Data and/or orders the challenged material to be re-produced with a different level of confidentiality, the Designating Party shall reproduce copies of all materials so designated with the appropriate label (or without label) at the Designating Party's expense within 14 days or as otherwise ordered by the Court.

16. **SUBPOENA FOR COVERED INFORMATION.** If any Party has obtained Covered Information under the terms of this Order and receives a request to produce such Covered Information by subpoena or other compulsory process commanding the production of such Covered Information, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information. The Party shall cooperate in all reasonable respects with the Designating Party's efforts to obtain a protective order, confidentiality agreement, or otherwise contest the request.

17. **USE OF DISCOVERY MATERIAL.** Covered Information shall be used solely for purposes of the Litigation, including any appeal.

18. **EXCLUSION OF INDIVIDUALS FROM DEPOSITIONS.** Counsel (including the counsel for the party taking the deposition or counsel for any other party or non-party present) shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Covered Information from any deposition where testimony regarding Covered Information or the use of Covered Information is likely to arise.

19. **SECURITY OF COVERED INFORMATION.** Receiving Parties must take reasonable precautions to protect Covered Information from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

      a.     Covered Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry

practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Covered Information under this Order;

b.     An audit trail of use and access to litigation support site(s) shall be maintained while this Litigation, including any appeals, is pending;

c.     Any Covered Information downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptops, network drives, virtual private networks, servers, cloud databases, document management systems, tablets, smartphones, thumb drives, portable hard drives) that are password protected and/or encrypted with access limited to persons entitled to access Covered Information under this Order.  If the user is unable to password protect and/or encrypt the device, then the Covered Information shall be password protected and/or encrypted at the file level.

d.     Covered Information in paper format is to be maintained in a secure location with access limited to persons entitled to access Covered Information under this Order; and

e.     Summaries of Covered Information, including any lists, memorandum, indices or compilations prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Covered Information.

f.     If the recipient of Covered Information is shipping a physical device or form of storage that houses data in electronic format (such as a CD  ROM or hard drive), the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the

documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials.  If the Receiving Party learns at any time that the Covered Information has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

g.     If the Receiving Party discovers a breach of security[3] relating to the Covered Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) take reasonable steps to investigate and remediate the effects of the breach, and provide the Producing Party with reasonable assurance that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach.  The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

20.     **FILING COVERED INFORMATION.**  The Parties acknowledge that this Order does not entitle them to file confidential information under seal.  A Party that seeks to file under seal any Covered Information must comply with Local Rule 79-5.  Covered Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Covered Information at issue.  When a Party seeks to file Covered Information that was designated by another Party and reasonably requests guidance from the Designating Party as to which portions of the Covered Information should be redacted or otherwise filed under seal, the

---

[3] Breach is defined as the confirmed or suspected: (i) disclosure or use of Covered Information by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device, server, or other information repository containing Covered Information.

Designating Party agrees to provide said guidance with reasonable specificity. The Designating Party also agrees to file a brief within 7 days after the motion to seal is filed, or such other time as may be permitted by the Court, that either supports the relevant motion to seal and explains the reasons why the Designating Party contends the information should be sealed or provides an alternative version of the Designating Party's Covered Information that the Designating Party contends is appropriate for public filing and explains the reasons why any redacted information should be sealed. The Designating Party's failure to submit a brief explaining why the Covered Information should be sealed shall result in a waiver of confidentiality rights as to the filed documents under this Order.

21. **COVERED INFORMATION AT TRIAL.** This Protective Order shall not apply to Covered information that is properly disclosed during the litigation, including at the trial of any of the MDL Actions. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial consistent with the applicable Case Management Order.

22. **FINAL TERMINATION.** Upon final termination of the Litigation, including any and all appeals, counsel for each Party shall, upon request of the Producing Party, return all Covered Information, including any copies, excerpts and summaries thereof, or shall destroy same at the option of the Receiving Party, and shall purge all such information from all machine-readable media on which the Covered Information resides. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Covered Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials that contain Covered Information need not be

destroyed, but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

23.     **PROTECTIVE ORDER REMAINS IN FORCE.**  This Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice.  Unless otherwise ordered or agreed upon by the parties, this Order shall survive the termination of this Litigation.  The Court retains jurisdiction even after termination of this Litigation to enforce this Order and to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate.

24.     **MODIFYING THIS ORDER.**  Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court.  Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law, including objections to particular discovery sought.

**IT IS SO ORDERED**

Dated:  March 3, 2020     _____
                                                          John A. Kronstadt
                                                          United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [*print or type full name*], of

_____ [*print or type full

address*], have read and understand the Stipulated Protective Order that was issued

in this Litigation (MDL Case No. 2905) by the United States District Court for the

Central District of California.  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order.  In compliance with this Order, I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I expressly acknowledge and agree that if I receive materials originally

designated or reclassified "Highly Confidential," I can discuss the documents and

their contents only with the counsel for the represented Party.  I cannot share the

materials or their contents with any Party, even if I rely upon or refer to such

information or documents for any purpose in this litigation.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the sole purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this Litigation.

I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct.

Signed this _____ day of _____, 20___, at

_____ [*insert city and state where sworn and signed*].


Signature:  _____

**EXHIBIT B**

**IN-HOUSE LITIGATION DESIGNEE AGREEMENT CONCERNING CONFIDENTIAL MATERIAL, HIGHLY CONFIDENTIAL MATERIAL AND PROTECTED DATA**

I, [name], am employed as [title] by [company].

I have read the Protective Order entered in the above-captioned action (the "Litigation"), understand its terms, and will comply with all provisions of the Protective Order.

I will limit the use of Covered Information designated by another party as Confidential Material, Highly Confidential Material, and Protected Data under the Protective Order that is disclosed to me to solely for the purpose of my role as [title] for [company] in connection with the Litigation.

I further agree that Highly Confidential Material may not be shared with anyone within [company] as long as that information or material is designated as Highly Confidential, with the exception that such Highly Confidential Material may be shared with those persons identified in the Protective Order under Paragraph 13.b, who have also executed this Exhibit B.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the sole purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this _____ day of _____, 20___, at _____ [*insert city and state where sworn and signed*].

Signature: _____