KIRKLAND & ELLIS LLP
Matthew T. Regan, P.C. (*pro hac vice*)
mregan@kirkland.com
300 North LaSalle
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200

*Counsel for TRW Automotive, Inc., ZF North America, Inc., ZF TRW Automotive Holdings Corp., ZF Active Safety and Electronics U.S. LLC, ZF Passive Safety Systems U.S. Inc., ZF Friedrichshafen AG, and ZF Holdings B.V.*

(additional counsel listed below)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ZF-TRW Airbag Control Units Products Liability Litigation | Case No.: 2:19-ml-02905-JAK-FFM |
| | MDL No. 2905 |
| ALL CASES | |
| | Judge: John A. Kronstadt |
| | **JOINT STATUS REPORT REGARDING PROPOSALS FOR RULE 12(b) MOTIONS** |

Pursuant to Section II of the Joint Status Report filed by the parties on June 1, 2020 (ECF 128), the Parties[1] submit this Joint Status Report regarding their collective and/or respective proposals regarding the procedures and page limits for briefing related to motions pursuant to Federal Rule of Civil Procedure 12(b).[2]

## I. Briefing Schedule

Pursuant to Paragraphs 13-15 of the Court's Order Following February 24, 2020 Case Management Conference (ECF 106), the Court has already established the following schedule for Rule 12(b) briefing:

- Defendants who have been properly served the Consolidated Complaint (or who have agreed to waive such service) shall file their Motions to Dismiss the Consolidated Complaint under Rule 12(b) no later than <u>July 27, 2020</u>.

- Plaintiffs shall file their oppositions to any Rule 12(b) motions no later than <u>September 25, 2020</u>.[3]

- Defendants shall file their replies in support of any Rule 12(b) motions no later than <u>November 9, 2020</u>.

Pursuant to Paragraph 16 of that Order, the parties understand that the Court will discuss scheduling a hearing on Rule 12(b) motions at the June 15 Case Management

---

[1] Defendants Fiat Chrysler Automobiles, N.V.; Mitsubishi Motors Corporation; Mobis Parts America, LLC; STMicroelectronics N.V.; STMicroelectronics International N.V.; and STMicroelectronics Inc. did not participate in the preparation of this joint report because Plaintiffs named them as Defendants for the first time in their May 26, 2020 Consolidated Complaint and have not effectuated service yet.

[2] Defendants state that by participating in the process of meeting and conferring and preparing this joint report, they do not waive, and expressly reserve, the right to challenge this Court's personal jurisdiction as to the claims made by any Plaintiff or class.

[3] Plaintiffs reserve the right to seek jurisdictional discovery and an extension of the briefing schedule to complete that discovery if Defendants raise any Rule 12(b)(2) arguments. Any relief Plaintiffs seek will not affect the briefing schedule with respect to any arguments Defendants make under Rule 12(b)(6).

Conference, but anticipates scheduling the hearing at its first available date 30 days after filing of Defendants' replies.

## II. Proposed Procedures and Page Limits for Briefing Rule 12(b) Motions

The Parties[4] propose that Rule 12(b) briefing proceed as follows:

### A. Defendants' (Other than FCA US LLC) Proposal:

1. Defendants' Rule 12 Motions and Opening Briefs.

   a. Each Defendant Group[5] intends to move to dismiss the Consolidated Complaint pursuant to Rule 12(b)(2) and/or 12(b)(6).

   b. Defendants will file a joint brief in support of Rule 12(b)(6) motions of no more than 50 pages.

   c. Each Defendant Group may also file a supplemental brief in support of its Rule 12(b)(6) motion as well as an individual brief in support of its Rule 12(b)(2) motion. Such briefs shall

---

[4] Defendant FCA US LLC does not join in this proposal and sets forth its separate proposal below.

[5] The Defendant Groups are as defined in the bullets on pages 2-3 of the January 21, 2010 Joint Preliminary Report for the February 24, 2020 Initial Conference (ECF 80). Affiliates of the Defendants listed in that report who were named as Defendants for the first time in the Consolidated Class Action Complaint shall be part of the appropriate Defendant Group with the exception of those Defendants not yet served as set forth in footnote 1 above.

For clarity, the Defendant Groups would therefore consist of: (i) the ZF TRW Defendants, (ii) the STMicro Defendants (if served) (as defined in Paragraph 36 of the Consolidated Class Action Complaint), (iii) the FCA US LLC, (iv) the Honda Defendants, (v) the Hyundai and Kia Defendants, (vi) the Hyundai Mobis Defendants, (vii) the Mitsubishi Defendants, and (viii) the Toyota Defendants.

With regard to the Hyundai Mobis Defendants, Hyundai Mobis Co., Ltd. ("Hyundai Mobis") requests that it (and Mobis Parts America, LLC when served) be treated as a separate Defendant Group. Hyundai Mobis believes that, in certain respects, it is positioned differently from the OEMs in the context of this litigation, and that separate briefing is required for Hyundai Mobis to present legal arguments that are unique to its role as a non-U.S. automotive equipment manufacturer.

be filed separately and shall not exceed 30 pages collectively per Defendant Group to be allocated between the two briefs in the manner of its choosing.

2.    <u>Plaintiffs' Opposition Briefs.</u>

a.    Plaintiffs will file a single brief in opposition to all Rule 12(b)(2) motions and a single brief in opposition to all Rule 12(b)(6) motions.

b.    Plaintiffs shall have 250 pages for the two briefs, which they may allocate in the manner of their choosing.

3.    <u>Defendants' Replies.</u>

a.    Defendants will file a joint reply in support of Rule 12(b)(6) motions of no more than 25 pages.

b.    Each Defendant Group may file a supplemental reply in support of its Rule 12(b)(2) and 12(b)(6) motions.  Such replies shall be filed separately and shall not exceed 20 pages collectively per Defendant Group to be allocated between the two briefs in the manner of its choosing.

Defendants (other than FCA US LLC) believe these proposed page limits are reasonable given the length and the number of legal issues raised in the Consolidated Complaint.  This is not a typical case.  Plaintiffs filed a 564-page Complaint with almost 2,600 numbered paragraphs.  In that Complaint, Plaintiffs allege six different civil RICO enterprises, nationwide fraud and unjust enrichment claims, and claims under the warranty, consumer protection, or unfair trade practices statutes of 28 states—all against eight separate corporate groups.  Plaintiffs identify sixty-six consumers as named Plaintiffs, many of whom filed suit in jurisdictions where there is no general or specific personal jurisdiction over one or more of the Defendants.  And Plaintiffs bring claims against at least 10 foreign entities over which personal jurisdiction is lacking in the United States.

Defendants have worked diligently to agree on issues that could be briefed jointly and are committed to briefing the issues as efficiently as possible.  But briefing all the

4

relevant legal and jurisdictional flaws in a complaint with the size and scope of the one the Plaintiffs filed will take a significant number of pages. No Defendant Group could adequately brief all of the Rule 12(b)(2) and Rule 12(b)(6) issues with the allegations against them in a 25-page opening brief and a 10-page reply as Plaintiffs propose.

There is likewise nothing unreasonable about Defendants requesting more pages than the Plaintiffs. Not only have the Plaintiffs already had 564 pages to lay out their allegations and legal theories, but the moving party always receives more pages than the party opposing a motion. Under this Court's standing order, the moving party receives 40% more pages than the non-moving party by virtue of its reply brief. Defendants thus believe 250 pages is more than enough for Plaintiffs to respond to the motions to dismiss the Defendants will file, but would not oppose giving Plaintiffs the same number of pages for their opposition briefs as Defendants request for their opening briefs (290 pages in total).

**B.** **Defendant FCA US's Proposal:**

FCA US LLC proposes that Rule 12(b) briefing proceed as follows:

1. <u>Defendants' Rule 12 Motions and Opening Briefs.</u>

   a. Defendants will file a joint brief in support of their Rule 12(b)(6) motion to dismiss Plaintiffs' RICO claims of no more than 25 pages.

   b. Each Defendant Group may also file a brief in support of its Rule 12(b)(6) motion as well as an individual brief in support of its Rule 12(b)(2) motion. Such briefs shall be filed separately and shall not exceed 50 pages collectively per Defendant Group to be allocated between the two briefs in the manner of each Defendant's choosing.

2. <u>Plaintiffs' Opposition Briefs.</u>

   a. Plaintiffs will file a single brief in opposition to all Rule 12(b)(2) motions and a single brief in opposition to all Rule 12(b)(6) motions.

      b.    FCA US takes no position on the number of pages that Plaintiffs believe they might need for their opposition briefing.

3.    <u>Defendants' Replies.</u>

      a.    Defendants will file a joint reply in support of their Rule 12(b)(6) motion to dismiss Plaintiffs' RICO claims of no more than 15 pages.

      b.    Each Defendant Group may file a supplemental reply in support of its Rule 12(b)(2) and 12(b)(6) motions. Such replies shall be filed separately and shall not exceed 30 pages collectively per Defendant Group to be allocated between the two briefs in the manner of each Defendant's choosing.

FCA US states that the number of pages requested in this proposal is entirely reasonable considering the number of plaintiffs, claims, and states' laws put at issue in Plaintiffs' Consolidated Complaint. In the 564-page Complaint, Plaintiffs assert more than 50 claims against FCA US on behalf of 14 individuals, invoking the laws of 11 states, and plead a claim for an alleged RICO violation. In addition to needing to address these claims in a Rule 12(b)(6) motion, FCA US has Rule 12(b)(2) arguments as to many of the plaintiffs. If this were a case where FCA US was responding to a 560+ page complaint with numerous plaintiffs, claims and states' laws at issue, there would likely be no dispute that 50 pages is reasonable. The fact that ***Plaintiffs chose*** to combine the claims against FCA US with claims they are asserting against 27 other defendants in a single complaint should not be used as a reason to justify prejudicing FCA US's ability to properly defend itself. This only encourages Plaintiffs to use pleading tactics like this to prejudice defendants' ability to meaningfully respond.

**C.   Plaintiffs' Proposal**

Defendants cannot agree among themselves as to an appropriate number of pages for Rule 12(b) motions. What is clear, however, is that Defendants seek to substantially enlarge the page limits they would typically receive under this Court's Standing Order for Civil Cases (the "Standing Order") while affording Plaintiffs no proportional

enlargement.  The Defendants' proposals are not only unfair, they are excessive and unwarranted.

Defendant FCA US LLC proposes a total of ***680 pages*** for Defendants' moving and reply papers, and "takes no position" on the number of pages for Plaintiffs' opposition.  The remaining Defendants propose a total of ***475 pages*** for their motion and reply papers, and 250 pages for Plaintiffs' opposition.  While this litigation includes a large number of Defendants and affected vehicles, the legal issues to be decided on a Rule 12 motion here are neither unique nor complicated enough to warrant nearly 1,000 pages of briefing.  Indeed, courts routinely adjudicate these types of legal issues in complex, multi-party cases without enlarging the page limits imposed by the Local Rules or Standing Orders.  In this regard, this Court's Standing Orders makes clear that moving papers shall not exceed 25 pages, oppositions shall not exceed 25 pages, and replies shall not exceed 10 pages.  In other words, in this Court, a moving party is typically given 35 pages and an opposing party 25 pages.  Applying these limitations to each of the eight Defendant Groups would provide the Defendants with a total of 280 pages and the Plaintiffs with a total of 200 pages.  Such page limits are more than sufficient for the Court to evaluate Defendants' Rule 12(b) arguments.

Defendants' reliance on the length of the Complaint is unpersuasive.  Complaints commonly exceed the page limit for 12(b) motions, especially where, as here Rule 9(b) applies to some of the claims for relief.  Moreover, much of the length of the Complaint is attributable to the large number of parties and state laws involved rather than the substantive factual allegations underlying the claims.  *See* ECF No. 119 at pp. 6-57 (stating basic identifying facts about the parties); *id.* at pp. 263-562 (pleading a similar handful of claims under laws of multiple states).  Defendants' challenges under Rule 12(b) will likely focus on the adequacy of the substantive factual allegations of the Complaint and not differ materially from state to state or plaintiff to plaintiff.  Accordingly, the pages devoted to the different state laws and identification of the parties are not relevant to the Court's decision on reasonable page limits.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nevertheless, if the Court is inclined to enlarge Defendants' page limitations over and above the 280 pages currently allowed under this Court's Standing Order, Plaintiffs respectfully request that the Court grant a proportional enlargement of Plaintiffs' opposition page limit, in accordance with this Court's Standing Order.

The parties will be prepared to address these proposals at the June 15 Status Conference.

DATED:  June 11, 2020

Respectfully submitted,

*/s/ Matthew T. Regan, P.C.*

KIRKLAND & ELLIS LLP
Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
555 South Flower Street
Los Angeles, CA 90071
Telephone: 213-680-8400
Facsimile: 213-680-8500

Tammy A. Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: 310-552-4200
Facsimile: 310-552-5900

Matthew T. Regan, P.C. (*pro hac vice*)
mregan@kirkland.com
300 North LaSalle
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200

Judson Brown, P.C. (*pro hac vice*)
jdbrown@kirkland.com
Michael A. Glick (*pro hac vice*)
michael.glick@kirkland.com
Jason Wilcox (*pro hac vice*)
jason.wilcox@kirkland.com
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone: 202-389-5000
Facsimile: 202-389-5200

*Counsel for TRW Automotive, Inc., ZF*
*North America, Inc., ZF TRW Automotive*
*Holdings Corp., ZF Active Safety and*
*Electronics U.S. LLC, and ZF Passive*
*Safety Systems U.S. Inc.*

9

1

2

    /s/ Eric Mattson
    _____

3   SIDLEY AUSTIN LLP
    Lisa M. Gilford (SBN 171641)
4   lgilford@sidley.com
    Stacy Horth-Neubert (SBN 214565)
5   shorthneubert@sidley.com
6   555 West Fifth Street
    Los Angeles, CA 90013
7   Telephone: 213-896-6000
    Facsimile: 213-896-6600
8

9   Eric S. Mattson
10  emattson@sidley.com
    One South Dearborn Street
11  Chicago, IL 60603
    Telephone: 312-853-7000
12  Facsimile: 312-853-7036
13

14  *Counsel for American Honda Motor Co.,*
    *Inc., Honda of America Mfg., Inc., and*
15  *Honda R&D Americas, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Christopher M. Young*

DLA PIPER LLP (US)
Christopher M. Young (SBN 163319)
christopher.young@dlapiper.com
Michelle Chung (SBN 312833)
michelle.chung@dlapiper.com
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Telephone: 310-595-3000
Facsimile: 310-595-3300

Matthew A. Goldberg
mathew.goldberg@dlapiper.com
Nathan P. Heller
nathan.heller@dlapiper.com
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, PA 19103
Telephone: 215-656-3300
Facsimile: 215-656-3301

*Counsel for Hyundai Mobis Co., Ltd.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ Lance A. Etcheverry*

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Lance A. Etcheverry (SBN 199916)
lance.etcheverry@skadden.com
Caroline Van Ness (SBN 281675)
caroline.vanness@skadden.com
Matthew J. Tako (SBN 307013)
matthew.tako@skadden.com
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Telephone: 650-470-4500
Facsimile: 650-470-4570

John Beisner (SBN 81571)
john.beisner@skadden.com
1440 New York Avenue N.W.
Washington, D.C. 20005
Telephone: 202-371-7000
Facsimile: 202-393-5760

*Counsel for Hyundai Motor America, Inc.
and Kia Motors America, Inc.*

*/s/ Michael Mallow*

SHOOK, HARDY & BACON LLP
Michael Mallow
mmallow@shb.com
Rachel Straus
rstraus@shb.com
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: 424-285-8330
Facsimile: 424-204-9093

Amir Nassihi
anassihi@shb.com
One Montgomery, Suite 2600
San Francisco, CA 94104
Telephone: 415-544-1900
Facsimile: 415-391-0281

BOWMAN AND BROOKE LLP
Vincent Galvin (SBN 104448)
vincent.galvin@bowmanandbrooke.com
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone: 408-279-5393
Facsimile: 408-279-5845

Mark V. Berry (SBN 70162)
mark.berry@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, CA 90502
Telephone: 310-768-3068
Facsimile: 310-719_1019

*Counsel for Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc.*

13

1

2                 */s/ Brandi L. Burke*

THOMPSON COBURN LLP
Kathy A. Wisniewski
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy
kwisniewski@thompsoncoburn.com
Thomas L. Azar, Jr.
tazar@thompsoncoburn.com
Brandi L. Burke
bburke@thompsoncoburn.com
One US Bank Plaza
St. Louis, MO  63101
Telephone: 314-552-6000
Facsimile: 314-552-7000

Kacey R. Riccomini (SBN 292340)
kriccomini@thompsoncoburn.com
2029 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310-282-2500
Facsimile: 310-282-2501

*Counsel for FCA US LLC*

*/s/ Douglas W. Robinson*

PALMIERI, TYLER, WIENER,
WILHELM & WALDRON LLP
Douglas W. Robinson (SBN 255909)
drobinson@ptwww.com
Christopher J. Green (SBN 295874)
cgreen@ptwww.com
1900 Main Street, Suite 700
Irvine, CA  92614
Telephone: 949-851-9400
Facsimile: 949-825-5401

*Counsel for Mitsubishi Motors North America, Inc.*

14

*/s/ Roland Tellis*

BARON & BUDD, P.C.
Roland Tellis (SBN 186269)
rtellis@baronbudd.com
David Fernandes (SBN 280944)
dfernandes@baronbudd.com
Adam Tamburelli (SBN 301902)
atamburelli@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
Facsimile: 818-986-9698

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
David Stellings (pro hac vice)
dstellings@lchb.com
John T. Nicolaou (pro hac vice)
jnicolaou@lchb.com
Katherine McBride
kmcbride@lchb.com
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: 212.355.9500

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Elizabeth J. Cabraser (SBN 83151)
ecabraser@lchb.com
Nimish R. Desai (SBN 244953)
ndesai@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000

*Co-Lead Counsel for Plaintiffs*

15

**SIGNATURE OF CERTIFICATION**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  June 11, 2020

*/s/ Matthew T. Regan P.C.*
*Counsel for TRW Automotive, Inc., ZF*
*North America, Inc., ZF TRW Automotive*
*Holdings Corp., ZF Active Safety and*
*Electronics U.S. LLC, and ZF Passive*
*Safety Systems U.S. Inc.*

**CERTIFICATE OF SERVICE**

I certify that on June 11, 2020, a copy of the foregoing JOINT STATUS REPORT REGARDING PROPOSALS FOR RULE 12(b) MOTIONS was served electronically through the Court's electronic filing system upon all parties appearing on the Court's ECF service list.

DATED:  June 11, 2020          */s/ Matthew T. Regan P.C.*

*Counsel for TRW Automotive, Inc., ZF North America, Inc., ZF TRW Automotive Holdings Corp., ZF Active Safety and Electronics U.S. LLC, and ZF Passive Safety Systems U.S. Inc.*