KIRKLAND & ELLIS LLP
Matthew T. Regan, P.C. (*pro hac vice*)
mregan@kirkland.com
300 North LaSalle
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200

*Liaison Counsel for Defendants*

(additional counsel listed below)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ZF-TRW Airbag Control Units Products Liability Litigation<br><br>ALL CASES | Case No.: 2:19-ml-02905-JAK-FFM<br><br>MDL No. 2905<br><br>Judge: John A. Kronstadt<br><br>**DEFENDANTS' JOINT REPLY BRIEF IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:  January 25, 2021<br>Time:  8:30 a.m.<br>Dept.:  Courtroom 10B |

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................... 1

ARGUMENT ............................................................................................................. 1

I.     The Court Should Dismiss Plaintiffs' RICO Claims................................... 1

       A.     Plaintiffs Fail To Plead A RICO Enterprise..................................... 1

       B.     Plaintiffs Fail To Plead Predicate Acts Of Racketeering Activity.................. 4

              1.     Plaintiffs' Duty-To-Disclose Arguments Are Misplaced. ................... 4

              2.     Statements To Government Regulators Are Not Actionable. .............. 5

              3.     The Predicate Acts Premised On The Vehicle Manufacturer
                     Defendants' Labeling Or Advertising Are Too Generalized To
                     Plausibly Suggest "Racketeering Activity." ........................................ 6

              4.     Plaintiffs' Predicate Acts Premised On ZF's And The ST
                     Entities' Communications With Each Other And The OEMs
                     Also Fail. ............................................................................................. 7

       C.     Plaintiffs Fail To Plead A Cognizable RICO Injury. ....................... 7

       D.     Plaintiffs Fail To Plead Proximate Causation. ................................. 8

       E.     Plaintiffs Fail To Plead A RICO Conspiracy Claim. ....................... 9

II.    None Of The Plaintiffs Has Pleaded A Fraud-Based Claim With The
       Particularity Required By Rule 9(b)........................................................... 9

III.   The Court Should Dismiss Plaintiffs' Warranty Claims. ......................... 11

       A.     Plaintiffs Do Not Sufficiently Plead Breach Of Implied Warranty. ............. 11

              1.     The Class Vehicles Are Merchantable.............................................. 11

              2.     There Has Been No Manifestation Of Any Defect............................ 12

              3.     Plaintiffs Experienced No Injury. ..................................................... 12

              4.     Merchantability Can Be Decided At The Pleading Stage. ................ 13

              5.     Plaintiffs Do Not Plead Privity For States That Require It. .............. 13

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

      6.     Plaintiffs Failed To Provide Appropriate Pre-Suit Notice.................14

IV.   Many Of Plaintiffs' Claims Are Time-Barred.......................................15

    A.   Equitable Tolling Does Not Apply To Plaintiffs' Warranty Claims. ...........15

    B.   Plaintiffs Cannot Claim Tolling Under The Fraudulent-Concealment Doctrine For Their Fraud-Based Claims Because They Have Not Satisfied Rule 9(b)..........................................................16

    C.   Plaintiffs Lack Support For Their Argument That Tolling Applies To Certain State Consumer-Protection Claims. ...................................16

V.    The Court Should Dismiss Plaintiffs' Equitable Claims As Duplicative................17

VI.   The Court Should Enforce State Class-Action Bars. ...............................18

CONCLUSION ...............................................................................19

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

1

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adirondack Combustion Techs., Inc. v. Unicontrol, Inc.*,
   793 N.Y.S.2d 576 (App. Div. 2005)................................................................14

*Am. Honda Motor Co. v. Sup. Ct.*,
   199 Cal. App. 4th 1367 (2011) ......................................................................12

*Am. Suzuki Motor Corp. v. Sup. Ct.*,
   37 Cal. App. 4th 1291 (1995) ........................................................................11

*Amato v. Subaru of Am., Inc.*,
   2019 WL 6607148 (D.N.J. Dec. 5, 2019)......................................................17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................................18

*Aventis Pharma S.A. v. Amphastar Pharms., Inc.*,
   2009 WL 8727693 (C.D. Cal. Feb. 17, 2009) .................................................6

*Ayres v. Gen. Motors Corp.*,
   234 F.3d 514 (11th Cir. 2000) .........................................................................4

*Bailey v. Interbay Funding, Inc.*,
   2018 WL 1660553 (D. Conn. Apr. 4, 2018) ..................................................17

*Baker v. BMW of N. Am., LLC*,
   2020 WL 3791885 (E.D. La. July 7, 2020) ...................................................17

*Baughn v. Honda Motor Co.*,
   727 P.2d 655 (Wash. 1986) ...........................................................................14

*Bearden v. Honeywell Int'l Inc.*,
   2010 WL 3239285 (M.D. Tenn. Aug. 16, 2010).............................................18

*Beasley v. Lucky Stores, Inc.*,
   2020 WL 408971 (N.D. Cal. Jan. 24, 2020)...................................................17

*Brand v. Hyundai Motor Am.*,
   226 Cal. App. 4th 1538 (2014) ......................................................................13

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

*Briehl v. Gen. Motors Corp.*,
    172 F.3d 623 (8th Cir. 1999) ...................................................................... 13

*Carroll v. BMW of N. Am., LLC*,
    2019 WL 4243153 (S.D. Ind. Sept. 6, 2019) ............................................... 17

*CBC Framing, Inc. v. Flores*,
    2008 WL 11337555 (C.D. Cal. Sept. 22, 2008) ............................................. 3

*Cedric Kushner Promotions, Ltd. v. King*,
    533 U.S. 158 (2001) ...................................................................................... 4

*Cholakyan v. Mercedes–Benz USA, LLC*,
    796 F. Supp. 2d 1220 (C.D. Cal. 2011) ....................................................... 13

*City of Oakland v. Wells Fargo & Co.*,
    972 F.3d 1112 (9th Cir. 2020) ....................................................................... 1

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ..................................................................... 14

*Davidson v. Apple, Inc.*,
    2018 WL 2325426 (N.D. Cal. May 8, 2018) ................................................ 19

*Delgado v. Ocwen Loan Servicing, LLC*,
    2017 WL 5201079 (E.D.N.Y. Nov. 8, 2017) ............................................... 19

*Dennis v. JPMorgan Chase & Co.*,
    439 F. Supp. 3d 256 (S.D.N.Y. 2020) ......................................................... 17

*Doll v. Ford Motor Co.*,
    814 F. Supp. 2d 526 (D. Md. 2011) ............................................................. 14

*Donohue v. Apple, Inc.*,
    871 F. Supp. 2d 913 (N.D. Cal. 2012) .................................................... 14, 15

*Eisen v. Porsche Cars N. Am., Inc.*,
    2012 WL 841019 (C.D. Cal. Feb. 22, 2012) ........................................... 10, 11

*Eller v. EquiTrust Life Ins. Co.*,
    778 F.3d 1089 (9th Cir. 2015) ....................................................................... 4

*Feinstein v. Firestone Tire & Rubber Co.*,
    535 F. Supp. 595 (S.D.N.Y. 1982) .............................................................. 12

iv

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

*Fejzulai v. Sam's W., Inc.*,
  205 F. Supp. 3d 723 (D.S.C. 2016) ............................................................... 19

*Garcia v. Gen. Motors LLC*,
  2019 WL 1209632 (E.D. Cal. Mar. 14, 2019) ............................................... 11

*Gibson v. Jaguar Land Rover N. Am. LLC*,
  2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ................................................ 17

*Gomez v. Guthy-Renker, LLC*,
  2015 WL 4270042 (C.D. Cal. July 13, 2015) .................................................. 2

*Hemi Grp., LLC v. City of New York*,
  559 U.S. 1 (2010) ............................................................................................ 8

*Herremans v. BMW of N. Am., LLC*,
  2014 WL 5017843 (C.D. Cal. Oct. 3, 2014) .................................................. 16

*Hicks v. Kaufman & Broad Home Corp.*,
  89 Cal. App. 4th 908 (2001) .......................................................................... 12

*Holmes v. Sec. Inv. Prot. Corp.*,
  503 U.S. 258 (1992) ......................................................................................... 1

*Howard v. Am. Online, Inc.*,
  208 F.3d 741 (9th Cir. 2000) ........................................................................... 9

*Ill. Brick Co. v. Ill.*,
  431 U.S. 720 (1977) ......................................................................................... 8

*Impress Commc'ns v. Unumprovident Corp.*,
  335 F. Supp. 2d 1053 (C.D. Cal. 2003) ........................................................... 7

*In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*,
  2015 WL 12734796 (C.D. Cal. Jan. 22, 2015) .............................................. 10

*In re Air Bag Prods. Liab. Litig*,
  7 F. Supp. 2d 792 (E.D. La. 1998) ................................................................. 12

*In re All Terrain Vehicle Litig.*,
  978 F.2d 1265, 1992 WL 332105 (9th Cir. Nov. 10, 1992) ............................ 4

*In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*,
  295 F. Supp. 3d 927 (N.D. Cal. 2018) ............................................................. 3

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

*In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Pracs. Litig.*,
    601 F. Supp. 2d 1201 (S.D. Cal. 2009) ............................................................... 4

*In re Duramax Diesel Litig.*,
    298 F. Supp. 3d 1037 (E.D. Mich. 2018) ............................................................ 3

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
    280 F. Supp. 3d 975 (E.D. Mich. 2017) ............................................................ 13

*In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*,
    966 F. Supp. 1525 (E.D. Mo. 1997),
    *aff'd sub nom.*, *Briehl v. Gen. Motors Corp.*, 172 F.3d 623 (8th Cir. 1999)............... 12

*In re Gen. Motors LLC Ignition Switch Litig.* (*GM Ignition Switch*),
    2016 WL 3920353 (S.D.N.Y. July 15, 2016)....................................... 3, 7, 8

*In re Lipitor Antitrust Litig.*,
    336 F. Supp. 3d 395 (D.N.J. 2018) ..................................................................... 19

*In re Macbook Keyboard Litig.*,
    2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) .................................................. 18

*In re MyFord Touch Consumer Litig.*,
    2016 WL 7734558 (N.D. Cal. Sept. 14, 2016),
    *on reconsideration in part*, 2016 WL 6873453 (N.D. Cal. Nov. 22, 2016).......... 18, 19

*In re NJOY, Inc. Consumer Class Action Litig.*,
    2014 WL 12586074 (C.D. Cal. Oct. 20, 2014) ............................................... 10

*In re Takata Airbag Prods. Liab. Litig.*,
    2015 WL 9987659 (S.D. Fla. Dec. 2, 2015)....................................................... 3

*In re Takata Airbag Prods. Liab. Litig.*,
    396 F. Supp. 3d 1101 (S.D. Fla. 2019) ...................................................... 3, 6, 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    2011 WL 4387812 (N.D. Cal. Sept. 20, 2011) ............................................... 16

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs.,*
    *& Prods. Liab. Litig.* (*Toyota UAM*),
    826 F. Supp. 2d 1180 (C.D. Cal. 2011) ............................................................. 2

*In re Volkswagen "Clean Diesel" Mktg., Sales Prcs., & Prod. Liab. Litig.*,
    349 F. Supp. 3d 881 (N.D. Cal. 2018)............................................................... 7

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

*Infanzon v. Allstate Ins. Co.*,
   2020 WL 3891671 (C.D. Cal. Apr. 14, 2020) ............................................................ 10

*Izzarelli v. R.J. Reynolds Tobacco Co.*,
   117 F. Supp. 2d 167 (D. Conn. 2000) ....................................................................... 16

*James River Ins. Co. v. Rapid Funding, LLC*,
   658 F.3d 1207 (10th Cir. 2011) ................................................................................ 18

*Kandy Kiss of Cal. Inc. v. Tex-Ellent Inc.*,
   2011 WL 13217947 (C.D. Cal. Mar. 10, 2011) ......................................................... 15

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .................................................................................. 10

*Keegan v. Am. Honda Motor Co.*,
   284 F.R.D. 504 (C.D. Cal. 2012) .............................................................................. 12

*Kelly v. United States*,
   140 S. Ct. 1565 (2020) ............................................................................................... 5

*Kottle v. Nw. Kidney Ctrs.*,
   146 F.3d 1056 (9th Cir. 1998) .................................................................................... 6

*Lavigne v. Herbalife, LTD*,
   2019 WL 6721619 (C.D. Cal. Oct. 22, 2019) ....................................................... 7, 8, 9

*Lee v. Toyota Motor Sales, U.S.A., Inc.*,
   992 F. Supp. 2d 962 (C.D. Cal. 2014) ...................................................................... 11

*Lisk v. Lumber One Wood Preserving, LLC*,
   792 F.3d 1331 (11th Cir. 2015) ................................................................................ 19

*Makaeff v. Trump Univ., LLC*,
   736 F.3d 1180 (9th Cir. 2013) .................................................................................. 19

*Mercado v. Audi of Am., LLC*,
   2019 WL 9051000 (C.D. Cal. Nov. 26, 2019) ........................................................... 17

*Minn. Laborers Health & Welfare Fund v. Granite Re, Inc.*,
   844 N.W.2d 509 (Minn. 2014) .................................................................................. 17

*Missaghi v. Apple Inc.*,
   2013 WL 12200086 (C.D. Cal. Nov. 1, 2013) ............................................................. 4

vii

*Morales v. Kraft Foods Grp., Inc.*,
   2014 WL 12597034 (C.D. Cal. Oct. 23, 2014) ............................................ 10

*MRL Dev. I, LLC v. Whitecap Inv. Corp.*,
   2014 WL 6461583 (D.V.I. Nov. 18, 2014),
   *aff'd on other grounds*, 823 F.3d 195 (3d Cir. 2016) ................................ 15

*O'Neil v. Simplicity, Inc.*,
   574 F.3d 501 (8th Cir. 2009) ...................................................................... 12

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ..................................................................................... 17

*Oddo v. Arcoaire Air Conditioning & Heating*,
   2017 WL 372975 (C.D. Cal. Jan. 24, 2017) ............................................... 12

*Odom v. Microsoft Corp.*,
   486 F.3d 541 (9th Cir. 2007) ........................................................................ 2

*Ofsowitz v. Georgie Boy Mfg., Inc.*,
   647 N.Y.S.2d 887 (App. Div. 1996) ............................................................ 14

*Padilla v. Whitewave Foods Co.*,
   2019 WL 4640399 (C.D. Cal. July 26, 2019) ............................................... 9

*Painters & Allied Trades Dist. Council 82 Health Care Fund*
   *v. Takeda Pharms. Co.*,
   943 F.3d 1243 (9th Cir. 2019) ....................................................................... 8

*Rasnic v. FCA US LLC*,
   2017 WL 6406880 (D. Kan. Dec. 15, 2017) ............................................... 17

*Rickman v. BMW of N. Am.*,
   2020 WL 3468250 (D.N.J. June 25, 2020) ................................................ 8, 9

*Roberson v. Medtronic, Inc.*,
   494 F. Supp. 2d 864 (W.D. Tenn. 2007) ..................................................... 17

*Rosipko v. FCA US, LLC*,
   2015 WL 8007649 (E.D. Mich. Dec. 7, 2015) ............................................ 15

*Rysewyk v. Sears Holdings Corp.*,
   2015 WL 9259886 (N.D. Ill. Dec. 18, 2015)............................................... 15

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

*Sater v. Chrysler Grp. LLC*,
   2015 WL 736273 (C.D. Cal. Feb. 20, 2015) ................................................... 13

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010) ........................................................................................ 18

*Shaw v. Nissan N. Am., Inc.*,
   220 F. Supp. 3d 1046 (C.D. Cal. 2016) ....................................................... 2, 3

*Shawnee Cty., Kan. v. Daimler Trucks N. Am. LLC*,
   2015 WL 1299355 (D. Kan. Mar. 23, 2015) ................................................. 14

*Sheris v. Nissan N. Am., Inc.*,
   2008 WL 2354908 (D.N.J. June 3, 2008) ...................................................... 12

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ................................................................... 17, 18

*Sosa v. DIRECTV, Inc.*,
   437 F.3d 923 (9th Cir. 2006) ........................................................................... 6

*Stalvey v. Am. Bank Holdings, Inc.*,
   2013 WL 6019320 (D.S.C. Nov. 13, 2013) .................................................... 18

*State Farm Fire & Cas. Co. v. J.B. Plastics, Inc.*,
   505 So. 2d 1223 (Ala. 1987) .......................................................................... 14

*Szymczak v. Nissan N. Am., Inc.*,
   2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011) ............................................... 12

*Tait v. BSH Home Appliances Corp.*,
   2011 WL 1832941 (C.D. Cal. May 12, 2011) ......................................... 18, 19

*Tex Enters., Inc. v. Brockway Standard, Inc.*,
   66 P.3d 625 (Wash. 2003) .............................................................................. 14

*United Food & Com. Workers Cent. Pa. & Reg'l Health & Welfare Fund
   v. Amgen, Inc.*,
   400 F. App'x 255 (9th Cir. 2010) .................................................................... 8

*United States v. Miller*,
   953 F.3d 1095 (9th Cir. 2020) .......................................................................... 5

ix

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

*Wade v. Tiffin Motorhomes, Inc.*,
   686 F. Supp. 2d 174 (N.D.N.Y. 2009) ............................................................ 14

*Watson v. Solid Gold Pet, LLC*,
   2019 WL 3308766 (C.D. Cal Feb. 22, 2019) ........................................ 13, 14

*Williams v. Dow Chem. Co.*,
   255 F. Supp. 2d 219 (S.D.N.Y. 2003) .............................................................. 5

*Yost v. Gen. Motors Corp.*,
   651 F. Supp. 656 (D.N.J. 1986) ...................................................................... 12

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) .......................................................... 16

**Statutes**

18 U.S.C. § 1341 .............................................................................................. 7

18 U.S.C. § 1343 .............................................................................................. 7

18 U.S.C. § 1346 .............................................................................................. 7

18 U.S.C. § 1961 .............................................................................................. 7

18 U.S.C. § 1964 .............................................................................................. 8

U.C.C. § 2-725 ................................................................................................ 15

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

## INTRODUCTION

Plaintiffs' opposition briefs confirm that their claims suffer from multiple, independent failures requiring dismissal of the Consolidated Class Action Complaint (Complaint or CAC (Dkt. 278)). Plaintiffs' RICO claims lack the necessary allegations showing a distinct RICO enterprise, a pattern of racketeering activity, a RICO injury, or proximate cause. This Court should follow the clear weight of authority in this District and elsewhere rejecting efforts to repackage fraud and consumer-protection allegations as racketeering activity. Plaintiffs' fraud claims fare no better. The Complaint's conclusory allegations about the circumstances of their vehicle purchases fall well short of Rule 9(b)'s heightened pleading requirements. Plaintiffs' warranty-based claims also fail under the laws of the various states at issue, many of their claims are time-barred, their requests for equitable relief fail to allege the available legal remedies are inadequate, and several of their class-action claims run afoul of enforceable state class-action bars. For these reasons and others set forth in Defendants' briefing, Plaintiffs' claims should be dismissed.

## ARGUMENT

## I.   The Court Should Dismiss Plaintiffs' RICO Claims.

Plaintiffs go astray right out of the gate with their assertion that "RICO is to be 'read broadly' and 'liberally construed to effectuate its remedial purpose.'" Sept. 25, 2020 Pls.' Jt. Opp. (Dkt. 281) 12. As the Ninth Circuit recently reaffirmed, the Supreme Court "clearly held that RICO 'should *not* get … an expansive reading.'" *City of Oakland v. Wells Fargo & Co.*, 972 F.3d 1112, 1130 n.22 (9th Cir. 2020) (emphasis added) (quoting *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 266 (1992)). Plaintiffs cannot establish the sort of criminal operation that RICO is intended to target, as they have not pleaded (1) a viable RICO enterprise distinct from the Defendants' ordinary business relationships, (2) any pattern of racketeering activity, or (3) proximate causation and RICO injury.

### A.   Plaintiffs Fail To Plead A RICO Enterprise.

There is no RICO enterprise here—much less the six distinct enterprises that Plaintiffs allege—because the Defendants are not "associated-in-fact" for any "common

1

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

purpose." Plaintiffs incorrectly claim that "Defendants challenge only one element [of the alleged RICO enterprise]: 'a common purpose of engaging in a course of conduct.'" Pls.' Jt. Opp. 13 & n.4. Not so. Defendants' are challenging the *entire* "enterprise" element. Plaintiffs have alleged only the existence of normal business relationships between parts suppliers and automakers; they have not pleaded facts plausibly showing the existence of a RICO enterprise, whether viewed in terms of a "common purpose," "ongoing organization," or "continuing unit." *See* July 27, 2020 Defs.' Jt. Br. (Dkt. 208) 4–10. The "widespread consensus among courts" is that "routine business relationships are insufficient to impose RICO liability." *Gomez v. Guthy-Renker, LLC*, 2015 WL 4270042, at *9 (C.D. Cal. July 13, 2015). This Court should follow this consensus view, which "reflects the judgment that the statutory requirements of RICO cannot be circumvented by attempting to characterize a routine contractual relationship for services as an independent enterprise." *Id.* at *11.[1]

Nor does simply alleging that these ordinary business relationships involved "*fraudulent and illegal* business activities" give rise to a RICO claim. Pls.' Jt. Opp. 14. Numerous courts have rejected these same allegations as insufficient. *See, e.g.*, *Toyota UAM*, 826 F. Supp. 2d at 1202–03; *Gomez*, 2015 WL 4270042, at *11. Plaintiffs claim that RICO liability would attach to "an agreement to install an empty box in the vehicles and conceal that they had no passenger safety systems at all." Pls.' Jt. Opp. 16. But this hypothetical illustrates why Plaintiffs' allegations are insufficient. The hypothetical involves an agreement to design and sell a product specifically to defraud—activity distinct from the normal design, manufacture, and sale of vehicle components, even if those components turn out to be defective. *Odom v. Microsoft Corp.* is distinguishable for the same reason: In that case, the defendants shared a common *fraudulent* purpose effectuated through a distinct agreement to defraud, separate from their legitimate business

---

[1] *See also Shaw v. Nissan N. Am., Inc.*, 220 F. Supp. 3d 1046, 1054 (C.D. Cal. 2016); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.* (*Toyota UAM*), 826 F. Supp. 2d 1180, 1203 (C.D. Cal. 2011); Defs.' Jt. Br. 5–7 & n.6.

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

relationship. 486 F.3d 541, 552 (9th Cir. 2007); *see also CBC Framing, Inc. v. Flores*, 2008 WL 11337555, at *7–8 (C.D. Cal. Sept. 22, 2008) (false payroll reports for the common purpose of embezzling funds).

*In re Takata Airbag Products Liability Litigation* does not support a different result. As Plaintiffs note, the *Takata* court initially permitted RICO claims against two defendants at the motion-to-dismiss stage. Pls.' Jt. Opp. 12 (citing 2015 WL 9987659, at *2 (S.D. Fla. Dec. 2, 2015)). But Plaintiffs fail to mention that the same judge later *dismissed* the RICO claims against the vast majority of defendants on a subsequent motion to dismiss. *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1158–63 (S.D. Fla. 2019). In any event, most courts have correctly declined to extend *Takata*'s terse initial decision. *See, e.g.*, *Shaw*, 220 F. Supp. 3d at 1054; *In re Gen. Motors LLC Ignition Switch Litig.* (*GM Ignition Switch*), 2016 WL 3920353, at *11 (S.D.N.Y. July 15, 2016).

Plaintiffs' other cases are likewise inapposite. The alleged conduct in those cases was "inherently deceptive." *In re Duramax Diesel Litig.*, 298 F. Supp. 3d 1037, 1080 (E.D. Mich. 2018). For instance, the *Duramax* plaintiffs alleged that "Bosch and GM collaborated to create an engine which performed one way when being tested for emissions and another way when in normal use." *Id.* In denying a motion to dismiss, the court observed that there was no "lawful purpose" that could explain "software that effectively turns a vehicle's emission systems on or off depending on whether the vehicle is undergoing emissions testing or being operated under normal driving conditions." *Id.*; *see also In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 981 (N.D. Cal. 2018) (denying motion to dismiss where the "hidden" devices "plausibly had only a deceitful purpose—to cheat emissions tests").

Here, by contrast, Plaintiffs' allegations involve (at most) an allegedly defective ACU design, not a product or part that served no legitimate purpose. While Plaintiffs assert that "parallel conduct evidences coordination with a common purpose," Pls.' Jt. Opp. 16, their own allegations show no such coordination. In fact, Plaintiffs allege the opposite: individual defendants each independently "investigated" certain "airbag failures,"

3

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

"performed inspections" and "analyses," and reached *divergent conclusions*. CAC ¶¶ 334–335; *see* Defs.' Jt. Br. 8–9. Plaintiffs therefore do not explain how each Defendant "participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001); Defs.' Jt. Br. 4–5. This case is thus far more like *Shaw*, *Toyota UAM*, and *GM Ignition Switch*, all of which dismissed RICO claims for a failure to allege a RICO enterprise.

### B.   Plaintiffs Fail To Plead Predicate Acts Of Racketeering Activity.

#### 1.   Plaintiffs' Duty-To-Disclose Arguments Are Misplaced.

Plaintiffs also fail to allege any predicate acts of racketeering activity. Plaintiffs spend most of their RICO response describing state-law duties to disclose. *See* Pls.' Jt. Opp. 17–23. But this is exactly the type of "general common law duty" that "will not support a claim of criminal mail or wire fraud." *In re All Terrain Vehicle Litig.*, 978 F.2d 1265, 1992 WL 332105, at *3 (9th Cir. Nov. 10, 1992); *see also In re Countryide Fin. Corp. Mortg. Mktg. & Sales Pracs. Litig.*, 601 F. Supp. 2d 1201, 1218 (S.D. Cal. 2009). "Absent an independent duty, such as a fiduciary duty or an explicit statutory duty, failure to disclose cannot be the basis of a RICO fraudulent scheme." *Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015); *see also, e.g.*, *Missaghi v. Apple Inc.*, 2013 WL 12200086, at *8 (C.D. Cal. Nov. 1, 2013).

Plaintiffs do not allege a fiduciary relationship. And the lone statute Plaintiffs cite—the Motor Vehicle Safety Act, Pls.' Jt. Opp. 19–21—supports *Defendants'* argument. As Plaintiffs concede, *Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000), held that "a duty to disclose under the Safety Act cannot support an omission claim under the Mail and Wire Fraud and RICO Acts." Pls.' Jt. Opp. 20 n.7. Plaintiffs insist *Ayres* was "wrongly decided," *id.*, but fail to confront its reasoning. As *Ayres* explained, the Safety Act "establishes its own extensive array of administrative remedies for a violation of its notification obligations." 234 F.3d at 522. At most, the Safety Act imposes a duty to disclose information *to NHTSA*, not consumers, and so cannot support a predicate act of mail or wire fraud. *See All Terrain Vehicle*, 1992 WL 332105, at *3 & n.10 (dismissing

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

RICO claims because plaintiffs "alleged defendants violated their statutory duty … to disclose the hazardous nature of ATVs to the Consumer Product Safety Commission," but "defendants had no duty to disclose the same information to plaintiffs").[2]

### 2. Statements To Government Regulators Are Not Actionable.

Most of the statements Plaintiffs identify, Pls.' Jt. Opp. 17, 28–30—and virtually all of the statements allegedly made by ZF and the ST Entities—are statements to NHTSA that are not actionable or else are protected by the *Noerr-Pennington* doctrine. Defs.' Jt. Br. 11–14. It is black-letter law that "a scheme to alter [ ] a regulatory choice is not one to appropriate the government's property" within the meaning of the mail and wire fraud statutes. *Kelly v. United States*, 140 S. Ct. 1565, 1572 (2020); *see also United States v. Miller*, 953 F.3d 1095, 1102–03 (9th Cir. 2020). Plaintiffs argue that these cases did not involve "a loss of plaintiff's money or property." Pls.' Jt. Opp. 29. But neither did the statements here: The Complaint alleges the statements to NHTSA were efforts to influence a regulator, not to obtain money or property. Even if NHTSA's decisions affected the Vehicle Manufacturer Defendants' ability to sell Class Vehicles at certain prices, *see id.* at 28–29, that would not support a RICO claim. *See, e.g.*, *Williams v. Dow Chem. Co.*, 255 F. Supp. 2d 219, 222–25 (S.D.N.Y. 2003) (fraudulent statements and concealments allegedly directed at EPA did not constitute racketeering activity, even though EPA's regulatory approval permitted defendants' pesticide product to be sold and used). Plaintiffs suggest Defendants coordinated their statements to NHTSA as part of a "scheme," Pls.' Jt. Opp. 28–29, but that argument finds no support in the Complaint, which identifies only individual statements across uncoordinated timelines, *e.g.*, CAC ¶ 602(c)–(g).

---

[2] To the extent Plaintiffs invoke a duty to disclose based on alleged partial misrepresentations to consumers, *see* Pls.' Jt. Opp. 21–23, that argument also is not premised on any fiduciary or statutory duty. Nor does the argument apply to ZF, the ST Entities, or Mobis/MPA, none of which is alleged to have had consumer-facing interactions or representations. Nor does it save Plaintiffs' insufficiently pleaded allegations about the Vehicle Manufacturer Defendants. *See infra* Section I.B.3, *see* Defs.' Jt. Br. 25–26.

5

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

To avoid *Noerr-Pennington*, Plaintiffs point to the narrow exception for "furnishing with predatory intent false information to an administrative … body." Pls.' Jt. Opp. 30. But Plaintiffs have not pleaded any "predatory intent" here. More importantly, Plaintiffs misstate the law. Defendants' statements were made to urge NHTSA "to exercise its administrative discretion … by taking or refraining from an action"—core petitioning activity that "closely resembles traditional legislative or executive lobbying," which is the "realm in which petitioning rights enjoy their greatest protection." *Aventis Pharma S.A. v. Amphastar Pharms., Inc.*, 2009 WL 8727693, at \*11 (C.D. Cal. Feb. 17, 2009) (citing *Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1060–62 (9th Cir. 1998)); Defs.' Jt. Br. 13. These statements fit comfortably within the well-established rule that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006).

### 3. The Predicate Acts Premised On The Vehicle Manufacturer Defendants' Labeling Or Advertising Are Too Generalized To Plausibly Suggest "Racketeering Activity."

The Vehicle Manufacturer Defendants' labeling and advertising activities are likewise not predicate acts of mail or wire fraud. "Given the routine use of mail and wire communications in business operations, … 'RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it.'" *Takata*, 396 F. Supp. 3d at 1158–59 (collecting cases). Plaintiffs insist that their allegations satisfy Rule 9(b), "particularly when read cumulatively," Pls.' Jt. Opp. 23–24, but "Rule 9(b) does not permit the Court to assemble Plaintiffs' allegations 'into a collage of fraud,'" *Takata*, 396 F. Supp. 3d at 1163. Plaintiffs do not confront Defendants' argument on this score: that Plaintiffs' "exemplar representations" do not plead which Plaintiff saw what, which Defendant said what, and when, where, and how each individual Plaintiff was allegedly deceived. *See* Defs.' Jt. Br. 15–16; *infra* Section II. Here, as in *Takata*, the "problem with the overall lack of specificity in Plaintiffs' allegations is compounded by the fact that Plaintiffs imprecisely lump together each of the Defendants' corporate

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

families." 396 F. Supp. 3d at 1162. For example, Plaintiffs define "Honda" to include five foreign and domestic entities, CAC ¶ 61, and then attempt to attribute "exemplar" representations to "Honda" generally, *see* Honda Advertisements, *id.* Ex. 16 (Dkt. 119-19).

### 4. Plaintiffs' Predicate Acts Premised On ZF's And The ST Entities' Communications With Each Other And The OEMs Also Fail.

The alleged communications between ZF and the ST Entities similarly do not violate the mail or wire fraud statutes. A predicate act of racketeering activity must be "indictable under" the corresponding statute. 18 U.S.C. § 1961(1). For acts of mail or wire fraud, the use of mail or wires must be intended (1) to "deprive another of the intangible right of honest services"; (2) "to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article"; or (3) to "obtain[] money or property" from the victim. *Id.* §§ 1341, 1343, 1346; *see* Defs.' Jt. Br. 18. Plaintiffs ignore these requirements and insist that ZF's and the ST Entities' unidentified invoicing, correspondence, and shipping practices were "an essential part of the scheme." Pls.' Jt. Opp. 31. Even taken as true, these allegations cannot explain how these general activities satisfy the statutory requirements for mail or wire fraud, or link any of the alleged practices to fraudulent conduct.

### C. Plaintiffs Fail To Plead A Cognizable RICO Injury.

Plaintiffs' expectation and benefit-of-the-bargain theories are not cognizable RICO injuries. "RICO does not provide a cause of action for all types of injury to property interests, but only for injuries resulting in 'concrete financial loss'"; an "expectancy interest alone is insufficient." *Lavigne v. Herbalife, LTD*, 2019 WL 6721619, at *6 (C.D. Cal. Oct. 22, 2019); *see also GM Ignition Switch*, 2016 WL 3920353, at *16; Defs.' Jt. Br. 18–20. To the extent *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Product Liability Litigation*, 349 F. Supp. 3d 881 (N.D. Cal. 2018), suggests otherwise, *see* Pls.' Jt. Opp. 31–32, the better rule is that the "purely speculative" losses Plaintiffs claim are insufficient, *Impress Commc'ns v. Unumprovident Corp.*, 335 F. Supp. 2d 1053, 1063–64 & n.21 (C.D. Cal. 2003). That rule aligns with RICO's text, which provides a private right

of action only for "[a]ny person *injured* in his *business or property*." 18 U.S.C. § 1964(c) (emphases added). Section 1964(c) describes the injury in the past tense ("injured"), demanding a focus on already-incurred injuries rather than potential or unrealized losses. The "business or property" limitation confirms that Congress was providing a remedy only for harms resulting in "concrete financial loss." *Lavigne*, 2019 WL 6721619, at *6. Plaintiffs' inchoate "expectation" and "benefit of the bargain" theories fail this basic test. *GM Ignition Switch*, 2016 WL 3920353, at *16.

### D.   Plaintiffs Fail To Plead Proximate Causation.

Plaintiffs' efforts to establish proximate cause fare no better. RICO causation does not "go beyond the first step," limiting itself to the "direct victim" of the alleged misconduct, even if injury to an indirect victim is foreseeable. *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 10–12 (2010) (plurality opinion). Therefore, Defendants' alleged misrepresentations to *NHTSA* cannot be the proximate cause of *Plaintiffs*' alleged injuries—the causal chain is too indirect. *See, e.g.*, *United Food & Com. Workers Cent. Pa. & Reg'l Health & Welfare Fund v. Amgen, Inc.*, 400 F. App'x 255, 257 (9th Cir. 2010). Plaintiffs try to save their causation theory by pointing to *Painters & Allied Trades District Council 82 Health Care Fund v. Takeda Pharmaceuticals Co.*, but that case arose in the unique context of pharmaceutical sales, in which patient plaintiffs were considered the "immediate victims of Defendants' alleged fraudulent scheme" on insurance companies. 943 F.3d 1243, 1251 (9th Cir. 2019). Here, to the extent Plaintiffs rely on alleged misstatements made to NHTSA, Plaintiffs are *not* the "immediate victims."

Plaintiffs have no good response to Defendants' other proximate-cause arguments, including the fact that many of the alleged predicate acts took place long after most Plaintiffs purchased or leased their Class Vehicles, Defs.' Jt. Br. 22. Plaintiffs' response to the argument that they lack RICO standing because they are indirect purchasers is puzzling. They say the indirect purchaser rule is based "sole[ly]" on *Rickman v. BMW of North America*, 2020 WL 3468250 (D.N.J. June 25, 2020), Pls.' Jt. Opp. 35, but that is incorrect. The rule originated in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and has repeatedly

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

been applied in the RICO context, since RICO was modeled after the antitrust laws applied in *Illinois Brick*. *See* Defs.' Jt. Br. 22; *Rickman*, 2020 WL 3468250, at *9 (collecting cases). Plaintiffs' insistence that the indirect purchaser rule is "contrary to the Ninth Circuit's decision" in *Painters*, Pls.' Jt. Opp. 35, is likewise misplaced; *Painters* does not mention the rule. The indirect purchaser rule applies here and bars Plaintiffs' RICO claims.

### E.     Plaintiffs Fail To Plead A RICO Conspiracy Claim.

Plaintiffs' RICO conspiracy claims fall with their § 1962(c) claims. *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); *Lavigne*, 2019 WL 6721619, at *9. Even if the Court does not dismiss Plaintiffs' § 1962(c) claims, it should dismiss the conspiracy claims because Plaintiffs have failed to plead specific facts supporting the existence of an unlawful agreement among the alleged conspirators.

## II.    None Of The Plaintiffs Has Pleaded A Fraud-Based Claim With The Particularity Required By Rule 9(b).

Plaintiffs allege that they were misled into buying their vehicles, yet not one of them has identified even one communication they received and reviewed; not one of them has stated which Defendant provided them with any such communication; and not one of them has stated when, where, or how those communications took place.[3] Instead, both in their Complaint (CAC ¶¶ 73–138) and in their response to Defendants' joint motion to dismiss (Pls.' Jt. Opp. 2, 8–11, 23–28, 37–38), Plaintiffs offer a laundry list of communications that some person, somewhere, at some time may have somehow received from some unspecified Defendant. This falls far short of the basic requirement of Rule 9(b): particularity. Plaintiffs never even try to comply with Rule 9(b) for their individual claims, apparently assuming that the fact that these cases are putative class actions makes particularity optional. But when assessing whether a complaint alleges fraud with

---

[3] Plaintiffs urge the Court to take a wait-and-see approach to dismissal of their "nationwide" common-law fraud and unjust-enrichment claims. But unlike *Padilla v. Whitewave Foods Co.*, 2019 WL 4640399 (C.D. Cal. July 26, 2019), there is no dispute that putative class members resided (or purchased or leased their vehicles) in states other than those in which Plaintiffs reside and purchased or leased their vehicles, and there are material variations in the state laws that apply to those claims.

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

particularity, the question is whether the named plaintiffs—not some hypothetical amalgamation of putative class members—have adequately identified the who, what, when, where, and how of the alleged fraud. The Ninth Circuit made this clear in *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009), a case Plaintiffs barely acknowledge. *See* Pls.' Jt. Opp. 24. *Kearns* focused exclusively on whether the named plaintiff—not absent or hypothetical class members—met the requirements of the rule. 567 F.3d at 1125–26; *accord In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*, 2015 WL 12734796, at \*6–7 (C.D. Cal. Jan. 22, 2015) (in putative class action, assessing whether plaintiffs satisfied Rule 9(b) as to their individual claims); *In re NJOY, Inc. Consumer Class Action Litig.*, 2014 WL 12586074, at \*10 (C.D. Cal. Oct. 20, 2014) (same).

When the correct question is asked—"have the individual Plaintiffs satisfied Rule 9(b) as to their individual transactions?"—the answer is clear: They have not. Neither the Complaint nor Plaintiffs' brief explains what any Plaintiff was told, who told it to them, and when, where, and how these communications took place. Gesturing generally toward statements made to "Plaintiffs, class members, and NHTSA," Pls.' Jt. Opp. 8, is not sufficient. Neither is listing a group of statements that appeared on vehicles, *id.*, or in "nationwide marketing campaigns," *id.* at 9–10, or "statements to NHTSA," *id.* at 10–11. These allegations do not, for example, specify what "television advertisements or other sales material … [the plaintiff] was exposed to." *Kearns*, 567 F.3d at 1126; *see also Morales v. Kraft Foods Grp., Inc.*, 2014 WL 12597034, at \*5 (C.D. Cal. Oct. 23, 2014). Rather than tying particular communications to particular Plaintiffs, the Complaint offers untethered finger-pointing.

The same problem afflicts Plaintiffs' fraudulent-concealment or "omissions" theory. Plaintiffs have failed to identify for their individual transactions "where the omitted information should or could have been revealed" and "representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Eisen v. Porsche Cars N. Am., Inc.*, 2012 WL 841019, at \*3 (C.D. Cal. Feb. 22, 2012); *see also Infanzon v. Allstate Ins.*

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

*Co.*, 2020 WL 3891671, at *8 (C.D. Cal. Apr. 14, 2020) (granting motion to dismiss); *Garcia v. Gen. Motors LLC*, 2019 WL 1209632, at *2, *7 (E.D. Cal. Mar. 14, 2019) (same). This analysis must consider each Plaintiff individually, not a hypothetical person who read and heard every statement listed in the Complaint. *See Eisen*, 2012 WL 841019, at *3.

Finally, in defiance of this Court's admonition against "unnecessary group allegations," Mar. 6, 2020 Order (Dkt. 106) ¶ 7, Plaintiffs have failed to identify which corporate entity made any particular misrepresentation. Plaintiffs say they cannot identify which member of a corporate family made any particular representation, Pls.' Jt. Opp. 9–10, yet they also say they know "which companies are responsible for misleading statements and omissions," *id.* at 27. If that second statement is true, Plaintiffs have no excuse for failing to allege which company is responsible for each challenged statement and omission.

**III.   The Court Should Dismiss Plaintiffs' Warranty Claims.**

    **A.   Plaintiffs Do Not Sufficiently Plead Breach Of Implied Warranty.**

        **1.   The Class Vehicles Are Merchantable.**

Plaintiffs argue the Class Vehicles are not merchantable because they do not meet the ordinary purpose of providing safe and reliable transportation. But the basic tenet of merchantability is whether a product will pass in trade, and no Plaintiff here alleges that they have tried to sell their vehicle but could not because of this alleged defect.

For an automobile, "the implied warranty of merchantability can be breached only if the vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation." *Am. Suzuki Motor Corp. v. Sup. Ct.*, 37 Cal. App. 4th 1291, 1296 (1995). Plaintiffs do not state an implied warranty claim here because they do not allege that the defect has forced them to stop driving their cars, rendered them incapable of being sold, or made them unsuitable for their ordinary purpose of providing transportation. *See Lee v. Toyota Motor Sales, U.S.A., Inc*., 992 F. Supp. 2d 962, 980 (C.D. Cal. 2014) (dismissing implied warranty claim when plaintiffs did not allege they stopped using their vehicles).

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

### 2.   There Has Been No Manifestation Of Any Defect.

The Complaint alleges that the Class Vehicles are not merchantable because there is a "risk" that airbags will fail to deploy when necessary. In asserting a warranty claim, however, it is "not enough to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that their product actually exhibited the alleged defect." *O'Neil v. Simplicity, Inc*., 574 F.3d 501, 503 (8th Cir. 2009); *Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 602 (S.D.N.Y. 1982); *In re Air Bag Prods. Liab. Litig*, 7 F. Supp. 2d 792, 804 (E.D. La. 1998); *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig*., 966 F. Supp. 1525, 1530 (E.D. Mo. 1997), *aff'd sub nom.*, *Briehl v. Gen. Motors Corp.*, 172 F.3d 623 (8th Cir. 1999). For the overwhelming majority of Class Vehicles, Plaintiffs have not actually experienced any failure of the ACU system, and theoretical defects cannot support a breach of implied warranty claim. *Yost v. Gen. Motors Corp*., 651 F. Supp. 656, 657–58 (D.N.J. 1986).

For the California claims, Plaintiffs must allege and explain why it is "substantially certain" that the product will fail to function, which Plaintiffs have not done. *Hicks v. Kaufman & Broad Home Corp*., 89 Cal. App. 4th 908, 912, 922–23 (2001); *see also Am. Honda Motor Co. v. Sup. Ct.*, 199 Cal. App. 4th 1367, 1369, 1373 (2011); *Keegan v. Am. Honda Motor Co*., 284 F.R.D. 504, 534 (C.D. Cal. 2012). Furthermore, in California, New Jersey, and New York, warranty claims are implausible when the questioned product has performed satisfactorily for an extended period. *See Oddo v. Arcoaire Air Conditioning & Heating*, 2017 WL 372975, at *15–16 (C.D. Cal. Jan. 24, 2017); *Sheris v. Nissan N. Am., Inc.*, 2008 WL 2354908, at *6 (D.N.J. June 3, 2008); *Szymczak v. Nissan N. Am., Inc.*, 2011 WL 7095432, at *11 (S.D.N.Y. Dec. 16, 2011). No Plaintiff here has alleged otherwise.

### 3.   Plaintiffs Experienced No Injury.

Plaintiffs allege they *already* suffered concrete economic harm under Article III of the Constitution, RICO, and state law when they overpaid for their Class Vehicles based on Defendants' misrepresentations and omissions regarding vehicle safety. However, a defect in the abstract is not an injury by itself, and Article III injury is not the same as injury

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

under the statutes Plaintiffs invoke in the Complaint. *See generally Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 620 (8th Cir. 1999). Thus, even if Plaintiffs had satisfactorily alleged that their vehicles were not merchantable, their implied warranty claim fails due to their failure to allege injury. Defs.' Jt. Br. 33–34.

### 4.    Merchantability Can Be Decided At The Pleading Stage.

Plaintiffs' cases counseling against resolving merchantability at the pleading stage are similarly inapplicable. Pls.' Jt. Opp. 20. Unlike the detailed pleadings at issue in *Sater v. Chrysler Group LLC*, 2015 WL 736273 (C.D. Cal. Feb. 20, 2015), here, the Complaint alleges speculative, potential defects that have not appeared in the vast majority of Class Vehicles. Similarly, *Cholakyan v. Mercedes–Benz USA, LLC* involved a manifestation of defect (flooding inside the vehicle's cabin) on two occasions within months of each other. 796 F. Supp. 2d 1220, 1224 (C.D. Cal. 2011). In *Brand v. Hyundai Motor America*, the plaintiff drove two different vehicles that exhibited the same defect (a sunroof that randomly and uncontrollably opened on its own, "spontaneously creat[ing] a gaping, 'intermittent hole in [the] vehicle'"). 226 Cal. App. 4th 1538, 1547–48 (2014). And in *In re FCA US LLC Monostable Electronic Gearshift Litigation*, the court determined that the vehicle was not safe to drive because the monostable shifter gave "insufficient indications to a driver about whether an intended gear selection was completed and what gear the car was in," which caused vehicles to shift into a different gear, or "to shift spontaneously out of 'Park.'" 280 F. Supp. 3d 975, 984, 1015 (E.D. Mich. 2017). Here, unlike those cases, no such manifestation of defect has occurred with respect to the vast majority of Class Vehicles, and Plaintiffs have failed to allege that they are unable to sell their cars if they wish.

### 5.    Plaintiffs Do Not Plead Privity For States That Require It.

This District has determined that privity is required before a consumer who buys a product from a retail store can bring an implied warranty claim against the product's manufacturer. *Watson v. Solid Gold Pet, LLC*, 2019 WL 3308766, at *6 (C.D. Cal Feb. 22, 2019). *Watson* held that "the best reading of California law is that the exception does not

apply," because "[n]o reported California decision applied the exception to allow a retail purchaser to bring a breach of implied warranty claim against a manufacturer." *Id.* *Watson* generally aligns with the Ninth Circuit's application of the privity rules. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023–24 (9th Cir. 2008).

Alabama, Kansas, New York, and Washington likewise require privity:

- **Alabama**: Privity is required for economic injury claims. *State Farm Fire & Cas. Co. v. J.B. Plastics, Inc.*, 505 So. 2d 1223, 1227 (Ala. 1987).

- **Kansas**: For warranty claims, privity is required even when a product is inherently dangerous. *Shawnee Cty., Kan. v. Daimler Trucks N. Am. LLC*, 2015 WL 1299355, at *3–5 (D. Kan. Mar. 23, 2015).

- **New York**: Absent privity, a plaintiff cannot recover damages for economic loss based upon breach of implied warranty. *Wade v. Tiffin Motorhomes, Inc.*, 686 F. Supp. 2d 174, 191 (N.D.N.Y. 2009). Plaintiffs cite a *Maryland* case to argue there is an exception to the privity rule when the product is a "thing of danger." Pls.' Jt. Opp. 44 (citing *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 540–41 (D. Md. 2011)). However, no New York court has adopted the "thing of danger" exception or followed a similar approach in purely economic loss cases. And numerous New York decisions have rejected economic loss claims based on a lack of privity in situations where the product at issue was clearly dangerous. *See Ofsowitz v. Georgie Boy Mfg., Inc.*, 647 N.Y.S.2d 887 (App. Div. 1996); *Adirondack Combustion Techs., Inc. v. Unicontrol, Inc.*, 793 N.Y.S.2d 576, 579 (App. Div. 2005).

- **Washington**: Vertical privity is required for implied warranty claims, *Tex Enters., Inc. v. Brockway Standard, Inc.*, 66 P.3d 625, 628–30 (Wash. 2003), with exceptions for certain goods and for *express* warranties, *Baughn v. Honda Motor Co.*, 727 P.2d 655, 668–69 (Wash. 1986). These exceptions do not include automobiles.

Plaintiffs do not dispute that (i) Arizona, Connecticut, Florida, Illinois, and Wisconsin all require privity to bring an implied warranty claim, *see* Defs.' Jt. Br. 34–35 n.21; and (ii) Plaintiffs have failed to demonstrate privity with respect to those state-law claims.

### 6.    Plaintiffs Failed To Provide Appropriate Pre-Suit Notice.

Plaintiffs' purported notices of alleged breaches were sent a few weeks before the filing of the Complaint and nearly a year after the underlying suits were filed. These notices fail to afford a reasonable opportunity to cure. *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 929 (N.D. Cal. 2012) (granting motion to dismiss with prejudice, where plaintiff gave

notice only before filing amended, but not original, complaint). Failure to give requisite notice justifies dismissal, *see* Defs.' Jt. Br. 36 n.23, because consumers must provide the seller an opportunity to cure before suing. *See e.g.*, *Donohue*, 871 F. Supp. 2d at 929; *Rysewyk v. Sears Holdings Corp.*, 2015 WL 9259886, at *4 (N.D. Ill. Dec. 18, 2015); *Rosipko v. FCA US, LLC*, 2015 WL 8007649, at *5 (E.D. Mich. Dec. 7, 2015). While Plaintiffs claim notice is a state procedural rule that this Court is free to ignore, Plaintiffs are bringing substantive state-law warranty claims, and the notice requirement flows from state substantive policy seeking to encourage an opportunity to cure rather than needless litigation. That is why the notice requirement exists, and why it applies in federal court.

## IV.   Many Of Plaintiffs' Claims Are Time-Barred.

### A.   Equitable Tolling Does Not Apply To Plaintiffs' Warranty Claims.

Plaintiffs' warranty claims are time-barred based on the face of the Complaint, Defs.' Jt. Br. 36–39, and Plaintiffs cite no allegations to the contrary. The single case Plaintiffs cite to claim that Defendants' argument is premature, Pls.' Jt. Opp. 47, says only that dismissal is not warranted if the plaintiff alleges facts that could plausibly bring the claim within the statute of limitations. *See Kandy Kiss of Cal. Inc. v. Tex-Ellent Inc.*, 2011 WL 13217947, at *6 (C.D. Cal. Mar. 10, 2011). Plaintiffs have not done so here.

Under the U.C.C., "[a] cause of action accrues when the breach occurs, *regardless of the aggrieved party's lack of knowledge of the breach*," and the breach occurs "when tender of delivery is made," except where a warranty "explicitly extends to future performance." U.C.C. § 2-725(2) (emphasis added). The discovery rule therefore does not apply to warranty claims; otherwise, subsection (2) would be superfluous. Since Plaintiffs have not alleged that any express warranty extends to future performance, the discovery rule does not apply here.[4] More fundamentally, Plaintiffs cannot allege future-performance coverage because they fail to identify any express warranty providing such coverage.

---

[4] *See MRL Dev. I, LLC v. Whitecap Inv. Corp.*, 2014 WL 6461583, at *8 (D.V.I. Nov. 18, 2014) (finding that "Section 2-725 should not be read as including the discovery rule in 'the law on tolling'"), *aff'd on other grounds*, 823 F.3d 195 (3d Cir. 2016). Every state at

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

### B. Plaintiffs Cannot Claim Tolling Under The Fraudulent-Concealment Doctrine For Their Fraud-Based Claims Because They Have Not Satisfied Rule 9(b).

Plaintiffs contend Defendants' alleged concealment of the defect tolls the statute of limitations. Pls.' Jt. Opp. 47. But Plaintiffs have not satisfied Rule 9(b), which applies to their tolling theory. *See, e.g.*, *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1133 (C.D. Cal. 2010); *Herremans v. BMW of N. Am., LLC*, 2014 WL 5017843, at *6 (C.D. Cal. Oct. 3, 2014) (same); *supra* Section II. Plaintiffs' conclusory allegations about concealment are not sufficient. For example, Plaintiffs allege that Defendants concealed the defect by "dismissing observed incidents where the ACU suffered EOS and airbags failed to deploy" and "advertising the safety of the Class Vehicles and/or ACUs." Pls.' Jt. Opp. 47 (citing CAC ¶¶ 542–545); CAC ¶¶ 322–364. But these allegations either refer to all Defendants generally or do not distinguish among members of a corporate family. They also do not identify what was omitted, who omitted it, or when the omissions supposedly should have been communicated. These allegations fall short of the 9(b) standard.

### C. Plaintiffs Lack Support For Their Argument That Tolling Applies To Certain State Consumer-Protection Claims.

Defendants challenged the timeliness of claims brought under the consumer-protection laws of Connecticut, Florida, Indiana, Kansas, Louisiana, Minnesota, New York, Tennessee, and Wisconsin, as well as the California False Advertising Law. Defs.' Jt. Br. 40–42. Plaintiffs assert that fraudulent-concealment tolling applies to these statutes, Pls.' Jt. Opp. 47, but that is incorrect. Plaintiffs' cited cases discussing the consumer-protection laws of Connecticut, Florida, and Kansas confirm that the statute of limitations begins to run upon the occurrence of the alleged violation (here, delivery of the automobile).[5] Connecticut's and Tennessee's consumer-protection laws are statutes of

---

issue except Florida and Louisiana has adopted § 2-725 of the U.C.C. and applies it to the sale of motor vehicles. *See* Defs.' Jt. Br. 37–39.

[5] "CUTPA's three-year limitation period is triggered upon the occurrence of the alleged violation, not the discovery of the alleged practice," and, "where a self-concealing act gives rise to a CUTPA claim, the act cannot also serve to toll the statute of limitations." *Izzarelli v. R.J. Reynolds Tobacco Co.*, 117 F. Supp. 2d 167, 177 (D. Conn. 2000); *see also In re*

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

repose that cannot be tolled.[6] Plaintiffs' cases addressing the laws of Louisiana, Minnesota, New York, and the California FAL do not actually apply fraudulent-concealment tolling to the relevant statutes.[7] This leaves Indiana, where Plaintiffs cite cases that apply fraudulent-concealment tolling to consumer-protection laws but note that the doctrine is applied "narrowly" and requires pleading standards that Plaintiffs have not met.[8] Accordingly, each of these claims should be dismissed as untimely.

## V.      The Court Should Dismiss Plaintiffs' Equitable Claims As Duplicative.

Plaintiffs contend they may plead equitable claims in the alternative. Pls.' Jt. Opp. 48–49. The Supreme Court and Ninth Circuit disagree. As the Ninth Circuit noted in *Sonner v. Premier Nutrition Corporation*, under federal common law, a complaint seeking equitable relief must plead "'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law.'" 971 F.3d 834, 844 (9th Cir. 2020) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)); *see also Gibson v. Jaguar Land Rover N. Am. LLC*, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (requiring plaintiffs seeking equitable relief to plead inadequacy of legal remedy). Plaintiffs' citation to *Mercado v.*

---

*TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 4387812, at *2 (N.D. Cal. Sept. 20, 2011) (Florida); *Rasnic v. FCA US LLC*, 2017 WL 6406880, at *7 (D. Kan. Dec. 15, 2017) (Kansas).

[6] *See, e.g.*, *Bailey v. Interbay Funding, Inc.*, 2018 WL 1660553, at *15 (D. Conn. Apr. 4, 2018) (Connecticut); *Roberson v. Medtronic, Inc.*, 494 F. Supp. 2d 864, 872 (W.D. Tenn. 2007) (Tennessee).

[7] *Baker v. BMW of N. Am., LLC,* 2020 WL 3791885 (E.D. La. July 7, 2020) (no findings on tolling); *Minn. Laborers Health & Welfare Fund v. Granite Re, Inc.*, 844 N.W.2d 509 (Minn. 2014) (not involving consumer-protection laws); *Dennis v. JPMorgan Chase & Co.,* 439 F. Supp. 3d 256, 264 (S.D.N.Y. 2020) (same); *Beasley v. Lucky Stores, Inc.*, 2020 WL 408971, at *5 (N.D. Cal. Jan. 24, 2020) ("fraudulent concealment requires active conduct," and "fraudulent concealment [is] inapplicable where a defendant merely fails to disclose evidence that the wrong had been committed").

[8] *See Amato v. Subaru of Am., Inc.*, 2019 WL 6607148, at *18 (D.N.J. Dec. 5, 2019) (stating that Indiana "narrowly defines concealment"); *Carroll v. BMW of N. Am., LLC*, 2019 WL 4243153, at *7 (S.D. Ind. Sept. 6, 2019) (similar).

---

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

*Audi of America, LLC*, 2019 WL 9051000 (C.D. Cal. Nov. 26, 2019), does not change this result. The *Sonner* holding superseded *Mercado*.

Plaintiff's *sole* allegation here—a boilerplate recitation of the words "Plaintiffs and Class members do not have an adequate remedy at law," CAC ¶ 730—does not meet the test for Rule 8 pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is particularly true here. *See In re Macbook Keyboard Litig.*, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) (plaintiffs "do not explain why those consumers could not sufficiently be 'made whole' by monetary damages"). Plaintiffs argue that *Sonner* is "inapposite" because *Sonner* had reached the eve of trial. Pls.' Jt. Opp. 49. But *Sonner* explicitly and without restriction "hold[s] that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply." 971 F.3d at 844.

## VI.   The Court Should Enforce State Class-Action Bars.

Contrary to Plaintiffs' claim, state class-action bars still apply in federal court in the wake of *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010). Most courts nationwide, including courts in the Ninth Circuit, follow Justice Stevens's concurrence, which permits enforcing state class-action bars if the state statute is "so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Id.* at 395; *see, e.g. Tait v. BSH Home Appliances Corp.*, 2011 WL 1832941, at *8 (C.D. Cal. May 12, 2011).[9]

State class-action bars are so "intertwined" when the bar is located in the consumer-protection statute or appears in the same provision that creates the right to sue. *See In re MyFord Touch Consumer Litig.*, 2016 WL 7734558, at *27 (N.D. Cal. Sept. 14, 2016), *on reconsideration in part*, 2016 WL 6873453 (N.D. Cal. Nov. 22, 2016). This makes sense because when a class-action bar appears in the statute that provides the right of action,

---

[9] *See also James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1217 (10th Cir. 2011); *Bearden v. Honeywell Int'l Inc.*, 2010 WL 3239285, at *10 (M.D. Tenn. Aug. 16, 2010); *Stalvey v. Am. Bank Holdings, Inc.*, 2013 WL 6019320, at *4 (D.S.C. Nov. 13, 2013).

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

rather than a procedural or general prohibition, "it reflects a substantive policy judgment as to the area of the law by the legislature, not a rule of general procedure." *Id.* The Alabama, Louisiana, Montana, South Carolina, and Tennessee consumer-protection statutes contain the relevant class-action bars. *See* Defs.' Jt. Br. 49 nn.46–47.

The Eleventh Circuit took a different view in *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331 (11th Cir. 2015), but that case is an outlier. Courts nationwide reject its reasoning, opting instead to follow Justice Stevens's concurrence. *See Delgado v. Ocwen Loan Servicing*, *LLC*, 2017 WL 5201079, at *10 (E.D.N.Y. Nov. 8, 2017) (collecting cases); *see also In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 416 (D.N.J. 2018). No California district court has cited *Lisk* approvingly. Courts like the Northern District of California similarly distinguish *In re Hydroxycut* and *Andren* as taking the minority approach. *See Davidson v. Apple, Inc.*, 2018 WL 2325426, at *11 (N.D. Cal. May 8, 2018). *Davidson* also noted that *Hydroxycut* is "in tension with the Ninth Circuit's approving citation of Justice Stevens's *Shady Grove* concurrence in *Makaeff v. Trump University, LLC*, 736 F.3d 1180, 1187 n. 8 (9th Cir. 2013)." *Id.* (collecting cases).

Finally, the class-action bars should be enforced now. No purpose is served by waiting until certification, so courts across the country rightly apply class-action bars at the dismissal stage. *See, e.g.*, *Fejzulai v. Sam's W., Inc.*, 205 F. Supp. 3d 723, 729 (D.S.C. 2016) (motion to dismiss); *Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 417 (motion for judgment on the pleadings). This is also the approach taken in this District. *Tait*, 2011 WL 1832941, at *8 (motion to dismiss). The Court should dismiss the representative claims brought under the Alabama, Louisiana, Montana, South Carolina, and Tennessee statutes.

## CONCLUSION

For these reasons and the reasons provided in the Defendants' individual briefs, the Complaint should be dismissed in its entirety.

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

DATED: November 9, 2020        */s/ Matthew T. Regan, P.C.*

KIRKLAND & ELLIS LLP
Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
555 South Flower Street
Los Angeles, CA 90071
Telephone: 213-680-8400
Facsimile: 213-680-8500

Tammy A. Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: 310-552-4200
Facsimile: 310-552-5900

Matthew T. Regan, P.C. (*pro hac vice*)
mregan@kirkland.com
300 North LaSalle
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200

Judson Brown, P.C. (*pro hac vice*)
jdbrown@kirkland.com
Michael A. Glick (*pro hac vice*)
michael.glick@kirkland.com
Jason Wilcox (*pro hac vice*)
jason.wilcox@kirkland.com
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-389-5000
Facsimile: 202-389-5200

*Counsel for ZF Active Safety and Electronics US LLC, ZF Passive Safety Systems US Inc., ZF Automotive US Inc., ZF TRW Automotive Holdings Corp., ZF North America, Inc., ZF Friedrichshafen AG, and ZF Holdings B.V.*

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Robert P. Debelak III*

McDOWELL HETHERINGTON LLP
Jodi K. Swick (SBN 228634)
jodi.swick@mhllp.com
1 Kaiser Plaza, Ste. 340
Oakland, CA 94612
Telephone: 510.628.2145
Facsimile: 510.628.2146

Alec S. DiMario (SBN 309811)
alec.dimario@mhllp.com
1055 E. Colorado Blvd., Ste. 500
Pasadena, CA 91106
Telephone: 213.631.4059
Facsimile: 510.628.2146

Thomas F.A. Hetherington
tom.hetherington@mhllp.com
Kendall J. Burr
kendall.burr@mhllp.com
Robert P. Debelak III
bobby.debelak@mhllp.com
1001 Fannin St., Ste. 2700
Houston, TX 77002
Telephone: 713.337.5580
Facsimile: 713.337.8850

Emily K. Liu
emily.liu@mhllp.com
1000 Ballpark Way, Ste. 209
Arlington, TX 76011
Telephone: 817.635.7300
Facsimile: 817.635.7308

*Counsel for STMicroelectronics, Inc.,*
*STMicroelectronics N.V., and*
*STMicroelectronics International N.V.*

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

/s/ Eric S. Mattson
SIDLEY AUSTIN LLP
Lisa M. Gilford (SBN 171641)
lgilford@sidley.com
Stacy Horth-Neubert (SBN 214565)
shorthneubert@sidley.com
555 West Fifth Street
Los Angeles, CA 90013
Telephone: 213-896-6000
Facsimile: 213-896-6600

Eric S. Mattson
emattson@sidley.com
J. Simone Jones
simone.jones@sidley.com
One South Dearborn Street
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

*Counsel for American Honda Motor Co., Inc.,
Honda Motor Co., Ltd., Honda R&D Co., Ltd.,
Honda of America Mfg., Inc., and Honda R&D
Americas, Inc.*

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

1

2   */s/ Douglas W. Robinson*
PALMIERI, TYLER, WIENER, WILHELM &

3   WALDRON LLP
Douglas W. Robinson (SBN 255909)

4   drobinson@ptwww.com
Erica M. Sorosky (SBN 251314)

5   esorosky@ptwww.com
Christopher J. Green (SBN 295874)

6   cgreen@ptwww.com
1900 Main Street, Suite 700

7   Irvine, CA 92614
Telephone: 949-851-9400

8   Facsimile: 949-825-5401

9

10

11   *Counsel for Mitsubishi Motors North America, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

/s/ John Beisner

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Lance A. Etcheverry (SBN 199916)
lance.etcheverry@skadden.com
Caroline Van Ness (SBN 281675)
caroline.vanness@skadden.com
Matthew J. Tako (SBN 307013)
matthew.tako@skadden.com
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Telephone: 650-470-4500
Facsimile: 650-470-4570

John Beisner (SBN 81571)
john.beisner@skadden.com
1440 New York Avenue N.W.
Washington, D.C. 20005
Telephone: 202-371-7000
Facsimile: 202-393-5760

*Counsel for Hyundai Motor Co., Ltd., Kia Motors Corporation, Hyundai Motor America, Inc., and Kia Motors America, Inc.*

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

/s/ Matthew A. Goldberg

DLA PIPER LLP (US)
Christopher M. Young (SBN 163319)
christopher.young@dlapiper.com
Michelle Chung (SBN 312833)
michelle.chung@dlapiper.com
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Telephone: 310-595-3000
Facsimile: 310-595-3300

Matthew A. Goldberg
mathew.goldberg@dlapiper.com
Nathan P. Heller
nathan.heller@dlapiper.com
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, PA 19103
Telephone: 215-656-3300
Facsimile: 215-656-3301

*Counsel for Hyundai Mobis Co., Ltd. and Mobis Parts America, LLC*

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

*/s/ Stephen A. D'Aunoy*

THOMPSON COBURN LLP
Kathy A. Wisniewski
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy
sdaunoy@thompsoncoburn.com
Thomas L. Azar, Jr.
tazar@thompsoncoburn.com
One US Bank Plaza
St. Louis, MO 63101
Telephone: 314-552-6000
Facsimile: 314-552-7000

Kacey R. Riccomini (SBN 292340)
kriccomini@thompsoncoburn.com
2029 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310-282-2500
Facsimile: 310-282-2501

*Counsel for FCA US LLC*

*/s/ Thomas J. Murray*

KING AND MURRAY PLLC
Thomas J. Murray
tmurray@kingandmurray.com
Stephen W. King
sking@kingandmurray.com
355 S. Old Woodward, Suite 100
Birmingham, MI 48009
Telephone: (248) 792-2397

*Counsel for Fiat Chrysler Automobiles N.V.*

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Michael Mallow*

SHOOK, HARDY & BACON LLP
Michael Mallow
mmallow@shb.com
Rachel Straus
rstraus@shb.com
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: 424-285-8330
Facsimile: 424-204-9093

Amir Nassihi
anassihi@shb.com
One Montgomery, Suite 2600
San Francisco, CA 94104
Telephone: 415-544-1900
Facsimile: 415-391-0281

BOWMAN AND BROOKE LLP
Vincent Galvin (SBN 104448)
vincent.galvin@bowmanandbrooke.com
1741 Technology Drive, Suite 200
San Jose, CA 95110
Telephone: 408-279-5393
Facsimile: 408-279-5845

Mark V. Berry (SBN 70162)
mark.berry@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, CA 90502
Telephone: 310-768-3068
Facsimile: 310-719-1019

*Counsel for Toyota Motor North America, Inc.,
Toyota Motor Sales, U.S.A., Inc., Toyota
Motor Engineering & Manufacturing North
America, Inc.*

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

## SIGNATURE OF CERTIFICATION

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: November 9, 2020

*/s/ Matthew T. Regan, P.C.*
*Counsel for ZF Active Safety and Electronics*
*US LLC, ZF Passive Safety Systems US Inc.,*
*ZF Automotive US Inc., ZF TRW Automotive*
*Holdings Corp., ZF North America, Inc., ZF*
*Friedrichshafen AG, and ZF Holdings B.V.*

**DEFS.' JOINT REPLY BR. IN SUPP. OF THEIR JOINT MOT. TO DISMISS**

**CERTIFICATE OF SERVICE**

I certify that on November 9, 2020, a copy of the foregoing DEFENDANTS' JOINT

REPLY BRIEF IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFFS'

CONSOLIDATED CLASS ACTION COMPLAINT was served electronically through the

Court's electronic filing system upon all parties appearing on the court's ECF service list.

DATED: November 9, 2020

*/s/ Matthew T. Regan, P.C.*

*Counsel for ZF Active Safety and Electronics
US LLC, ZF Passive Safety Systems US Inc.,
ZF Automotive US Inc., ZF TRW Automotive
Holdings Corp., ZF North America, Inc., ZF
Friedrichshafen AG, and ZF Holdings B.V.*