KIRKLAND & ELLIS LLP
Matthew T. Regan, P.C. (*pro hac vice*)
mregan@kirkland.com
300 North LaSalle
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200

*Counsel for ZF Active Safety and Electronics US LLC, ZF Passive Safety Systems US Inc., ZF Automotive US Inc., ZF TRW Automotive Holdings Corp., ZF North America, Inc.*

(additional counsel listed below)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ZF-TRW Airbag Control Units Products Liability Litigation<br><br>ALL CASES | Case No.: 2:19-ml-02905-JAK-PLA<br><br>MDL No. 2905<br><br>Judge: John A. Kronstadt<br><br><u>DISCOVERY MATTER</u><br><br>ZF REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL (ECF 416-2) |

**REPLY IN OPP. TO MOTION TO COMPEL**

On March 21, ZF described the improper purpose underlying Plaintiffs' Rule 45 subpoenas: to gather pre suit discovery to plead claims the District Court dismissed on February 9. *See* ECF 416-2 at 19. Two developments since that March 21 filing expressly confirm the improper purpose of Plaintiffs' subpoenas, and their invalid request for relief here.

***First***, during the status conference held several hours after Plaintiffs filed the motion to compel, Plaintiffs admitted on the record why they served the subpoenas:

> ***We want to get our complaint right. We want to get the facts right in this amended complaint.*** I understand why ZF and ST would rather that we get the facts wrong. Maybe it gives them a better hook for a subsequent motion to dismiss but we want to get it right, who was involved in that conspiracy and that includes naming the people who were involved and naming the specific entities for which those people worked.

ECF 426 (Ex. 1) at 26:6–12 (emphasis added). Indeed, that is why Plaintiffs asked this Court to expedite its ruling on their motion—and to do so before Plaintiffs' April 11 deadline to amend their complaint. *See id.* at 17:25–18:3 ("If we're right that the documents ought to be produced before an amended complaint, we think … we have a right to be heard."). However, there would be no rush if Plaintiffs actually sought discovery to develop the claims against other entities that survived dismissal (as Plaintiffs contended in their portion of the L.R. 37-2 filing). The fact discovery cut-off is no less than a year away, and Plaintiffs can seek information in support of those surviving claims in the normal course of post complaint discovery, in compliance with the Federal Rules.

***Second***, after the Court declined Plaintiffs' request to expedite, and instead set a hearing on the motion for April 13, *see* ECF 423, Plaintiffs immediately sought a 45-day extension of the Amended Complaint filing deadline. In asking for the remaining defendants' consent, Plaintiffs tied their extension request to the Court's schedule for resolving this motion:

> We intend to move the Court for an extension of 45 days to Plaintiffs' deadline to file the amended complaint, to allow the Court a reasonable amount of time to address the merits of Plaintiffs' Motion to Compel the ZF entities to Produce Documents Pursuant to Subpoena[.]

Mar. 21, 2022 Fernandes Email to Counsel (Ex. 2).[1] And Plaintiffs confirmed as much in their extension request to the District Court. *See* ECF 428 ¶ 4 ("Plaintiffs submit that the requested extension is necessary to give them time to pursue documents from the remaining Defendants and from the domestic ZF companies and ST Microelectronics, Inc." (footnote omitted)).

These post-filing comments remove any doubt as to what plaintiffs are—improperly—seeking this Court to order: discovery to aid their efforts to plead new claims or re-plead previously dismissed claims. That has it backwards: "[D]iscovery *follows* the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) (citation omitted; emphasis in original); *see also* Fed. R. Civ. P. 26(b)(1) at Adv. Comm. Notes 2000 Amendment (noting 2015 rule change "signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings"). Accordingly, court after court has quashed subpoenas—like Plaintiffs'—that seek information to plead a forthcoming claim. *See* ECF 416-2 at 20–21 & 25 (citing cases). The fact that Plaintiffs "want to get the facts right in [their] amended complaint" makes no difference; rather, it is reason to deny their motion. This Court should follow the cases rejecting such discovery and deny Plaintiffs' motion to compel.

---

[1] Plaintiffs sought the 45-day extension notwithstanding the "urgency" they claimed earlier in the day to address the alleged vehicle defect and expressing their perceived "fundamental disconnect in how important speed is from the Plaintiffs' side versus the Defendants' side." ECF 426 at 15:25–16:2.

| | |
|---|---|
| DATED: March 30, 2022 | Respectfully submitted, |
| | /s/ *Matthew T. Regan, P.C.* |
| | KIRKLAND & ELLIS LLP |
| | Mark C. Holscher (SBN 139582) |
| | mark.holscher@kirkland.com |
| | 555 South Flower Street |
| | Los Angeles, CA 90071 |
| | Telephone: 213-680-8400 |
| | Facsimile: 213-680-8500 |
| | |
| | Tammy A. Tsoumas (SBN 250487) |
| | tammy.tsoumas@kirkland.com |
| | 2049 Century Park East, Suite 3700 |
| | Los Angeles, CA 90067 |
| | Telephone: 310-552-4200 |
| | Facsimile: 310-552-5900 |
| | |
| | Matthew T. Regan, P.C. (*pro hac vice*) |
| | mregan@kirkland.com |
| | 300 North LaSalle |
| | Chicago, IL 60654 |
| | Telephone: 312-862-2000 |
| | Facsimile: 312-862-2200 |
| | |
| | Judson Brown, P.C. (*pro hac vice*) |
| | jdbrown@kirkland.com |
| | Michael A. Glick (*pro hac vice*) |
| | michael.glick@kirkland.com |
| | Jason Wilcox (*pro hac vice*) |
| | jason.wilcox@kirkland.com |
| | 1301 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20004 |
| | Telephone: 202-389-5000 |
| | Facsimile: 202-389-5200 |
| | |
| | *Counsel for ZF Active Safety and Electronics US LLC, ZF Passive Safety Systems US Inc., ZF Automotive U.S. Inc., ZF TRW Automotive Holdings Corp., ZF North America, Inc.* |

3

**REPLY IN OPP. TO MOTION TO COMPEL**

# CERTIFICATE OF SERVICE

I certify that on March 30, 2022, a copy of the foregoing ZF REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL (ECF 416-2) was served electronically through the court's electronic filing system upon all parties appearing on the court's ECF service list.

DATED: March 30, 2022

*/s/ Matthew T. Regan, P.C.*
Matthew T. Regan, P.C.

*Counsel for ZF Active Safety and Electronics US LLC, ZF Passive Safety Systems US Inc., ZF Automotive US Inc., ZF TRW Automotive Holdings Corp., ZF North America, Inc.*

**REPLY IN OPP. TO MOTION TO COMPEL**