KIRKLAND & ELLIS LLP
Matthew T. Regan, P.C. (*pro hac vice*)
mregan@kirkland.com
300 North LaSalle
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200

*Counsel for ZF TRW Automotive Holdings Corp., ZF Automotive USA, ZF Active Safety and Electronics US LLC, and ZF Passive Safety Systems US Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ZF-TRW Airbag Control Units Products Liability Litigation<br><br>ALL CASES | Case No.: 2:19-ml-02905-JAK-PLA<br><br>MDL No. 2905<br><br>Judge: John A. Kronstadt<br><br>**ZF STATEMENT REGARDING MOTION TO APPOINT SETTLEMENT SPECIAL MASTER (ECF 473)**<br><br>Date:   June 27, 2022<br>Time:   8:30 a.m.<br>Ctrm:   10B, 10th Floor<br>Judge:  Hon. John A. Kronstadt |

**ZF STATEMENT**

1       ZF takes no position on Plaintiffs' and Toyota's Joint Motion regarding the appointment of a settlement master with respect to their bilateral discussions. ZF recognizes the Court's authority to manage a settlement process in this dispute, and does not oppose in principle the idea of using settlement masters to facilitate such activities in MDL litigation. ZF also appreciates the value of regular assessment of case risks and potential resolutions (whether through a formal, Court-supervised process or through less formal means). Taking no position on the pending relief sought by Plaintiffs and Toyota, ZF would merely note the following for clarification:

*First*, although Plaintiffs and Toyota styled the motion as a "joint" one and refer to the potential "to resolve most if not all of this case on reasonable terms," ECF 473 at 2, ZF understands the motion (and proposed order) governs those two parties only—and does not govern ZF or any of the seven other defendant groups (unless they so opt in). To confirm, ZF was neither asked to participate in the motion's preparation, nor in its presentment. Further, ZF understands the motion does not seek to require ZF's participation in any mediation of Plaintiffs' originally dismissed and now recently re-pled claims against ZF, and any such future participation by ZF in such discussions would be only at ZF's election and unaffected by the current motion. More specifically, on February 9, 2022, the District Court dismissed all claims against ZF. *See* ECF 396. While Plaintiffs recently amended their complaint, *see* ECF 477, ZF will seek dismissal of all claims pled against ZF, as the revised allegations exhibit similar fundamental dispositive defects as was found with the original allegations. As a result, it remains unsettled as to what, if any, claims that Plaintiffs can plead against ZF that would require a litigated or settled resolution.

*Second*, ZF respectfully submits that the parties may benefit from additional information and/or clarification regarding the process that Plaintiffs and Toyota are proposing for their negotiations, which may implicate other parties now or in the future, including:

- <u>Scope</u>. Plaintiffs and Toyota should clarify (and the proposed order should be revised to make clear) that Mr. Juneau (i) would presently be charged with mediating disputes between Plaintiffs and Toyota only, and (ii) he may not issue decisions or make recommendations to the Court that directly or indirectly implicate or prejudice the rights, claims, defenses, and positions of any party other than Plaintiffs and Toyota.
- <u>*Ex Parte* Communications</u>. The proposed order should clarify the scope and nature of the *ex parte* communications Mr. Juneau is permitted to have with the Court (particularly regarding discovery provided by and positions taken by parties other than Plaintiffs and Toyota in the litigation).
- <u>Settlement Master</u>. Although ZF played no role in proposing Mr. Juneau for this role, its counsel has a long-standing, constructive relationship with him related to other MDL litigation. Any order approving his role here, however, should be without prejudice to the rights of ZF and the other Defendants to seek the retention of other (or additional) settlement masters.
- <u>Further Amendments</u>. The proposed order should have a mechanism for other Defendant groups to join the process contemplated by Plaintiffs and Toyota without burdening the Court with motions practice.

| | |
|---|---|
| DATED: June 6, 2022 | Respectfully submitted, |
| | /s/ *Matthew T. Regan, P.C.* |

KIRKLAND & ELLIS LLP
Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
555 South Flower Street
Los Angeles, CA 90071
Telephone: 213-680-8400
Facsimile: 213-680-8500

Tammy A. Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: 310-552-4200
Facsimile: 310-552-5900

Matthew T. Regan, P.C. (*pro hac vice*)
mregan@kirkland.com
300 North LaSalle
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200

Judson Brown, P.C. (*pro hac vice*)
jdbrown@kirkland.com
Michael A. Glick (*pro hac vice*)
michael.glick@kirkland.com
Jason Wilcox (*pro hac vice*)
jason.wilcox@kirkland.com
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-389-5000
Facsimile: 202-389-5200

*Counsel for ZF TRW Automotive Holdings Corp., ZF Automotive USA, ZF Active Safety and Electronics US LLC, and ZF Passive Safety Systems US Inc.*

# CERTIFICATE OF SERVICE

I certify that on June 6, 2022, a copy of the foregoing **ZF STATEMENT REGARDING MOTION TO APPOINT SETTLEMENT SPECIAL MASTER (ECF 473)** was served electronically through the court's electronic filing system upon all parties appearing on the court's ECF service list.

DATED: June 6, 2022          */s/ Matthew T. Regan, P.C.*
                                            Matthew T. Regan, P.C.