KIRKLAND & ELLIS LLP
Matthew T. Regan, P.C. (*pro hac vice*)
mregan@kirkland.com
300 North LaSalle
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200

*Counsel for ZF TRW Automotive Holdings Corp., ZF Automotive USA Inc., ZF Active Safety and Electronics US LLC, and ZF Passive Safety Systems US Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ZF-TRW Airbag Control Units Products Liability Litigation<br><br>ALL CASES | Case No.: 2:19-ml-02905-JAK-PLA<br><br>MDL No. 2905<br><br>Judge: Hon. John A. Kronstadt<br>Magistrate: Hon. Paul L. Abrams<br><br><u>DISCOVERY MATTER</u><br><br>**ZF'S MOTION TO STAY DISCOVERY**<br><br>Date:   July 13, 2022<br>Time:   10:00 a.m.<br>Courtroom:  Zoom<br>Judge:  Hon. Paul L. Abrams |

**ZF'S MOTION TO STAY DISCOVERY**

## NOTICE OF MOTION TO STAY DISCOVERY

PLEASE TAKE NOTICE that on Wednesday, July 13, 2022 at 10:00 a.m., or as soon as this motion may be heard by the Honorable Paul L. Abrams, Defendants ZF TRW Automotive Holdings Corp., ZF Automotive USA Inc., ZF Active Safety and Electronics US LLC, and ZF Passive Safety Systems US Inc. ("ZF") will, and hereby do, move the Court to stay discovery as to ZF pending resolution of ZF's forthcoming motion to dismiss.[1]  This motion is based on the following points and authorities.

This motion is made following the parties' Local Rule 7-3 conference.  The parties have agreed that (i) Plaintiffs will file an opposition by Friday, July 1, 2022 (limited to 15 pages) and (ii) ZF will file its reply by Friday, July 8, 2022 (limited to 8 pages).  *See* Dkt. 494 at 5.

| DATED: June 17, 2022 | Respectfully submitted, |
|---|---|
| | */s/* Matthew T. Regan, P.C. |
| | Matthew T. Regan, P.C. (*pro hac vice*) |
| | mregan@kirkland.com |
| | 300 North LaSalle |
| | Chicago, IL 60654 |
| | Telephone: 312-862-2000 |
| | Facsimile: 312-862-2200 |
| | |
| | *Counsel for ZF TRW Automotive Holdings Corp., ZF Automotive USA Inc., ZF Active Safety and Electronics US LLC, and ZF Passive Safety Systems US Inc.* |

---

[1] Plaintiffs also named ZF Friedrichshafen AG, a foreign entity, as a defendant. ZF Friedrichshafen AG intends to contest the Court's jurisdiction at the appropriate time.

---

**ZF'S MOTION TO STAY DISCOVERY**

# INTRODUCTION

This Court should stay discovery against ZF until Judge Kronstadt determines that Plaintiffs have stated a valid claim against ZF. As Judge Kronstadt correctly ruled this past February after extensive briefing, hearing, and analysis of Plaintiffs' consolidated complaint—which Plaintiffs filed a year after their original complaints—***not one*** of the 39 claims that Plaintiffs pled against ZF satisfied threshold legal requirements. The Court's complete dismissal of ZF made ZF a nonparty at that time.

The Court nevertheless granted Plaintiffs the chance to file again, and last month, Plaintiffs filed an amended complaint, now their third complaint in this litigation. As ZF will explain in its forthcoming motion to dismiss, Plaintiffs still have no claim. Each claim that Plaintiffs attempt to replead against ZF, a component supplier that does not interact with vehicle owners, continues to suffer from numerous, threshold defects that require dismissal.

Given the prior dismissal—as well as ZF's forthcoming motion to dismiss all claims again—a stay pending Judge Kronstadt's ruling appropriately balances the various interests at stake, including the parties' and the Court's interest in avoiding unnecessary discovery. Should Judge Kronstadt determine that one or more claims can proceed, a stay will not cause substantial delay. Indeed, the parties have agreed to complete briefing on Rule 12 motions this fall.

For these reasons and those that follow, good cause exists to stay discovery against ZF until Judge Kronstadt rules on ZF's second motion to dismiss.

# BACKGROUND

**ZF-TRW ACUs.** ZF is a component manufacturer of airbag control units ("ACUs"). ZF made ACUs for vehicle manufacturers ("OEMs"), who install the ACUs in vehicles the OEMs sell to consumers. Dkt. 396 at 4. The ACUs, which are located in a vehicle's passenger compartment, are "connected by electrical wiring to crash sensors located on the front of the vehicle." *Id*. "The crash sensors detect activity in

the front of the vehicle and send corresponding electrical signals to the ACU, which receives and interprets these signals." *Id.* "When certain thresholds are met, the ACU issues a command to the vehicle's safety system to deploy the airbags and tighten the seatbelts to protect passengers from an imminent collision." *Id.*

**Plaintiffs' Claims.** Plaintiffs claim that ZF's ACUs (which varied across OEMs, models, and model years) are defective because of their alleged vulnerability to a phenomenon called "electrical overstress" resulting from certain crash events, which Plaintiffs allege "can cause airbags and seatbelts not to activate during a crash." Dkt. 477 ¶ 10(a). Plaintiffs bring various RICO and state law claims premised on the theory that ZF fraudulently coordinated with the OEMs to conceal the alleged defect from the National Highway Traffic Safety Administration ("NHTSA"). *Id.* ¶ 20.

**The MDL Litigation and Discovery.** Plaintiffs started filing suits against ZF and the OEMs based on the alleged defect in April 2019. After Plaintiffs sought a MDL, Plaintiffs filed a 564-page consolidated complaint against ZF, other part manufacturers, and five OEM groups in May 2020. *See* Dkt. 119. ZF (and the other defendants) promptly moved to dismiss that complaint in its entirety.

On February 9, 2022, Judge Kronstadt dismissed all 39 claims against ZF in a comprehensive, 178-page order. *See* Dkt. 396. Judge Kronstadt identified several threshold legal issues, including personal jurisdiction issues (Rule 12(b)(2)), Plaintiffs' failures to state various claims (Rule 12(b)(6)), and other pleading failures (Rule 9(b)).

- Jurisdiction. Before reaching the merits, Judge Kronstadt dismissed all claims against the foreign ZF entities for lack of personal jurisdiction. *Id.* at 44. Judge Kronstadt also dismissed all claims against the domestic ZF entities for lack of personal jurisdiction, except those Plaintiffs' claims "that were filed in the Eastern District of Michigan." *Id.* at 37.
- RICO. Judge Kronstadt dismissed all substantive RICO claims against ZF for failure to plead predicate acts of "racketeering activity" under 18 U.S.C. §§ 1961(1)(B), 1962(c). The Court began by rejecting Plaintiffs' theory that

ZF had a statutory duty to disclose under the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. §§ 30118 *et seq*. *Id.* at 65. Judge Kronstadt then concluded that Plaintiffs failed to adequately plead affirmative misrepresentations under Rule 9(b) through advertising, in-vehicle labeling, or statements to NHTSA. *See id.* at 62–73.

- <u>State Law Claims</u>. As to Plaintiffs' remaining claims against ZF based on state statutes, the Court dismissed some claims pursuant to Rule 9(b) for failure to "specify which of . . . the ZF Defendants . . . engaged in which allegedly fraudulent conduct." *E.g.*, *id.* at 90. Judge Kronstadt dismissed other claims for failure to sufficiently allege reliance or causation as to ZF. *E.g.*, *id.* at 110. The Court dismissed the remaining state-law claims for different reasons: Plaintiffs' Indiana, Missouri, and Tennessee claims were untimely, *see id.* at 95–96, 105–106, 117–18; the California and Illinois claims failed to allege a lack of an adequate legal remedy, *see id.* at 89; the Kansas, Louisiana, and Virginia claims lacked a named plaintiff, *see id.* at 81; the North Carolina and Maryland claims lacked particularity, *id.* at 96, 111; and the Michigan claims failed under the economic loss rule, *id.* at 103.

In parallel with the original motion to dismiss briefing, Plaintiffs served 55 document requests on ZF—seeking 15-plus years of information from dozens of custodians. Given that motions to dismiss were pending alongside an ongoing investigation by NHTSA, ZF and other defendants sought a six-month stay of discovery in July 2020. *See* Dkt. 188. ZF's stay motion focused on the doctrine of primary jurisdiction in light of the ongoing NHTSA inquiry. *See id.* at 7–14. Following argument in September 2021, Judge Kronstadt took the stay motions under advisement. Although the Court did not indicate discovery should be paused while it decided the motions, Plaintiffs did not press the open discovery items for the next nine months. *See* Dkt. 357. On August 20, 2021, Judge Kronstadt denied the stay motions as moot given that the requested six-month stay had passed. *See* Dkt. 363.

Following the August 2021 stay order, ZF worked productively with Plaintiffs on discovery. ZF and the Plaintiffs talked regularly (often weekly), conferring at least twelve times between September 2021 and early February 2022. Most of those sessions were an hour (or longer) and followed the exchange of lengthy, pre-conference emails or letters. Furthermore, ZF answered—in a 30-page submission—the only three interrogatories that Plaintiffs served to that point on any party in this MDL. ZF also made multiple document productions pre-dismissal; in total, ZF has produced 5,845 documents and 11,675 pages. ZF and Plaintiffs were also negotiating a protocol for technology assisted review ("TAR") of potentially responsive documents, which ZF planned to apply to millions of documents.

On February 9, 2022, Judge Kronstadt dismissed ZF from the case. Because no claims remained against it, ZF did not participate in party discovery pending Plaintiffs' filing their amended complaint (for which Plaintiffs received 105 days, Dkt. 430).

**ZF's Forthcoming Motion to Dismiss.** On May 26, 2022, Plaintiffs filed the amended consolidated complaint. It spans 1,335 pages and asserts claims against eight defendant groups by fifty-three Plaintiffs on behalf of a putative class. Plaintiffs did not fundamentally change their claims or theories of liability.

The parties have agreed to complete Rule 12 briefing this fall, with ZF's opening motion due on August 2, 2022. *See* Dkt. 494 at 3. ZF will move to dismiss all claims asserted against it. In its motion, ZF will move on some grounds Judge Kronstadt previously reached, because Plaintiffs did not (and cannot) solve the identified, fundamental problems with their consumer-based allegations against ZF. ZF will also move on defects Judge Kronstadt did not previously address and on new grounds that ZF will explain in its motion.[2]

---

[2] ZF appreciates that *filing* a motion to stay does not stay discovery. In parallel with the stay briefing, ZF is engaging with Plaintiffs on (i) supplementing certain interrogatory responses, (ii) concluding negotiations on a TAR protocol, and (iii) producing targeted documents.

Because discovery is a two-way street, ZF is pressing Plaintiffs to likewise supplement their pre-dismissal discovery responses. If the Court grants this stay motion, however,

# ARGUMENT

This Court has "wide discretion in controlling discovery." *Spearman v. I Play, Inc.*, 2018 WL 1382349, at *1 (E.D. Cal. Mar. 19, 2018) (citation omitted). "[T]hat discretion extends to staying discovery upon a showing of 'good cause.'" *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020).

There is good cause here because ZF's forthcoming motion to dismiss will, if granted, again dispose of all claims against ZF; resolving the motion to dismiss does not require discovery; staying discovery will allow ZF (and Plaintiffs) to avoid the substantial expense of discovery on meritless claims; and a temporary stay of discovery against ZF will not prejudice Plaintiffs.[1]

## I.     ZF's Motion To Dismiss Is Potentially Dispositive As To ZF.

Staying discovery until Judge Kronstadt determines that Plaintiffs have pled a viable claim against ZF is consistent with Ninth Circuit law and furthers the goal "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints ***without*** subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (emphasis added) (affirming dismissal of claims and rejecting plaintiff's argument it was entitled to discovery). After all, "if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility." *Id.* (citation omitted). The better course, as the Ninth Circuit has recognized, is to first "determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.*

---

[1] ZF will not pursue discovery from Plaintiffs—just as ZF did not pursue discovery from Plaintiffs during the four-month period between Judge Kronstadt's dismissal of ZF and Plaintiffs' filing of their most recent complaint.

5
ZF'S MOTION TO STAY DISCOVERY

1    Because that is the better course, courts in this Circuit "stay discovery if (1) the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed, and (2) the pending, potentially dispositive motion can be decided absent additional discovery." *Quezambra v. United Domestic Workers*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (citation omitted) (staying discovery because motions to dismiss were potentially dispositive).

Both are true here.  ZF's forthcoming motion to dismiss, if granted, would dispose of all of Plaintiffs' claims against ZF, and discovery is not needed to resolve ZF's motion-to-dismiss arguments.

***First***, when deciding whether a motion to dismiss would be case-dispositive, the Court simply asks whether "the motion has the ***potential*** to be dispositive." *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (emphasis added) (staying discovery pending motion to dismiss).  While ZF's forthcoming motion has merit (just like the last one), that is beside the point.  Unlike some courts, courts in this district do not take a "preliminary peek" at the merits of the motion; instead, they merely ask whether the motion will dispose of pending claims if granted.  *See SSI (U.S.), Inc. v. Ferry*, 2021 WL 4812952, at *3 (C.D. Cal. May 25, 2021) (staying discovery).

ZF's forthcoming motion—like its prior successful motion—will target every one of Plaintiffs' claims.  Unlike the OEMs, ZF is a midstream parts manufacturer; it does not interact with the Plaintiffs (*i.e.*, vehicle owners).  Thus, Plaintiffs cannot plead, as required in many states, that they relied on any ZF affirmative representations.  Nor can Plaintiffs explain how ZF should have directed any disclosure to them—or how any duty to disclose could run from ZF to them.  These and other problems (such as the statutory definition of "consumer transaction" and similar terms under certain states' laws) foreclose Plaintiffs' amended claims as a matter of law and will require dismissing all claims against ZF again.

When a prior motion to dismiss has been successful, courts in this Circuit have not hesitated to stay discovery during a second round of Rule 12 briefing.  *See, e.g.*,

*Ozone Int'l, LLC v. Wheatsheaf Grp. US, Inc.*, 2020 WL 6741956 (W.D. Wash. Nov. 17, 2020) (staying discovery pending second motion to dismiss where district court granted original motion to dismiss in full and where there was "significant discovery at issue"); *Lloyd v. Fitzwater*, 2020 WL 1890591 (W.D. Wash. Apr. 15, 2020) (staying discovery pending second motion to dismiss where district court stayed discovery pending first—and successful—motion to dismiss); *Song Fi, Inc. v. Google, Inc.*, 2016 WL 9185325 (N.D. Cal. Apr. 27, 2016) (staying discovery until a claim in amended complaint "survives the motion" to dismiss); *Hall v. Apollo Grp., Inc.*, 2014 WL 4354420, at *7 (N.D. Cal. Sept. 2, 2014) (after granting plaintiff leave to amend, staying discovery and ordering "that the parties need not engage in a Rule 26(f) conference until after a complaint in this case survives a motion to dismiss").

**Second**, Plaintiffs' requested discovery will have no bearing on the motion to dismiss. Each of ZF's arguments rests on the allegations (or lack thereof) in the amended complaint, the relevant statutes, and applicable case law.[3] Courts have stayed cases in similar circumstances. *See Quezambra*, 2019 WL 8108745, at *2 (staying discovery because court could resolve motion to dismiss without further discovery); *In re Google Digital Advert. Antitrust Litig.*, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020) ("[T]he motion to dismiss is based solely on the allegations in the [c]omplaint [and] do[es] not raise any factual issues. Thus, the [c]ourt finds that the motion to dismiss can be decided without additional discovery."). Again, past is prologue here: Judge Kronstadt did not need to rely on anything outside of the allegations and applicable law to dispose of Plaintiffs' claims. The dispositive and discovery-free nature of ZF's forthcoming arguments is reason alone to grant a stay.

---

[3] ZF will move to dismiss one entity—ZF Friedrichshafen AG—on personal jurisdiction grounds. ZF may rely on a declaration for that prong of the motion to dismiss. Discovery will not be needed to resolve the jurisdictional issue—just as it was not needed last time, when Judge Kronstadt dismissed ZF Friedrichshafen AG for lack of personal jurisdiction. Nonetheless, to the extent any jurisdictional discovery is ordered regarding that entity, it would have a limited scope and little connection or relevance to merits discovery (which is the subject of this motion).

*Third*, courts stay discovery to "promote efficiency [and] conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential 'waste of resources.'" *Kincheloe v. American Airlines, Inc.*, 2021 WL 5847884, at *1, 3 (N.D. Cal. Dec. 9, 2021) (staying discovery pending motion to dismiss and noting that a stay would promote efficiency because it would be a "substantial undertaking" for defendant to respond to plaintiffs' discovery requests). As Judge Kronstadt has recognized, it "is sounder practice to determine whether there is any reasonable likelihood that plaintiff[] can construct a claim before forcing the parties to undergo the expense of discovery." *Escamilla v. City of Santa Ana*, 2021 WL 4317974, at *2 (C.D. Cal. Sep. 22, 2021) (Kronstadt, J.) (quoting *Rutman*, 829 F.2d at 738).

Until Judge Kronstadt rules on ZF's motion to dismiss, the parties cannot ascertain *what claims*, if any, Plaintiffs have stated against ZF—and what the scope of discovery regarding those claims should be. As long as the contours of Plaintiffs' claims remain unresolved, ZF could not adequately assess the relevance and proportionality of Plaintiffs' discovery requests, as the Federal Rules require. *See Google*, 2020 WL 7227159, at *3 (explaining that a stay was appropriate pending resolution of motion to dismiss, because such a stay "allows all parties to commence discovery with a better understanding of which claims, if any, they must answer").

Staying discovery will allow ZF (and Plaintiffs) to avoid the expense of the broad discovery Plaintiffs seek from ZF. By way of only a few examples, Plaintiffs seek:

- "***All Documents*** Concerning sales strategies, projected market shares, or the profitability of ZF TRW in the supply, manufacture, distribution, or sale of ZF TRW ACUs for use in vehicles in the United States, including, but not limited to, strategic plans, long-range plans, or other business plans." Plaintiffs' RFP No. 5 (emphasis added).

- "***All Communications*** between ZF TRW, ST Micro and/or any Vehicle Manufacturer Defendant Concerning the ZF TRW ACUs or the DS84 ASIC." *Id.* at No. 23 (emphasis added).

- "***All Documents*** related to any audits, investigations, evaluations, engineering assessments, tests, modeling, computer simulations, or quality control

Case 2:19-ml-02905-JAK-PLA   Document 497   Filed 06/17/22   Page 11 of 14   Page ID
#:15373

activities conducted by ZF TRW, any Vehicle Manufacturer Defendant, or any third party about or Concerning the ZF TRW ACUs . . . ." *Id.* at No. 39 (emphasis added).

Confirming that Plaintiffs will seek a staggering volume of discovery, Plaintiffs have brushed aside defendants' collective production of 200,000-plus pages to date as "barely scratch[ing] the surface of the discovery needed here." Dkt. 234 at 12. Because the specific discovery that Plaintiffs seek against ZF is costly and time-intensive, staying discovery will "facilitate the orderly and efficient progress of this case." *Lloyd*, 2020 WL 1890591, at *1. "It would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive[.]" *Contentguard Holdings, Inc. v. ZTE Corp.*, 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013); *see also Anders v. Cal. State Univ., Fresno*, 2021 WL 3021454, at *4 (E.D. Cal. July 16, 2021) (staying discovery and finding "persuasive" defendant's arguments about the "burdensome nature of [p]laintiffs' pending discovery requests").

## II. A Stay As To ZF Will Not Prejudice Plaintiffs.

Staying discovery against ZF will not prejudice Plaintiffs. ***First***, Plaintiffs' claims are for economic relief, which are not time sensitive. Although Plaintiffs are quick to invoke the relatively small number of incidents allegedly involving non-deployment of airbags in Class Vehicles, they do not seek to recover for actual physical injuries from such crashes; rather, Plaintiffs' claims are premised on pure economic relief for vehicle owners who allegedly "overpaid" for their vehicles—in many cases more than a decade ago. "Courts routinely grant stays that would delay recovery of money damages because money damages compensate a plaintiff for their injury regardless of when the money damages are awarded." *Naini v. King Cty. Pub. Hosp. Dist. No. 2*, 2020 WL 468910, at *2 (W.D. Wash. Jan. 29, 2020); *see also I.K. ex rel E.K. v. Sylvan Union Sch. Dist.*, 681 F. Supp. 2d 1179, 1191 (E.D. Cal. 2010) (noting that "[d]elayed reception of ordinary money damages . . . is not a type of potential damage that is particularly weighty . . . .").

9
**ZF'S MOTION TO STAY DISCOVERY**

*Second*, the stay that ZF seeks is for a defined and limited period—until Judge Kronstadt rules on ZF's motion to dismiss, which will be briefed this fall. *See Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (no prejudice to Plaintiff when "any delay caused by [the] stay [would] be of a very short duration" of a few months); *Lee v. Dollar Thrifty Auto. Grp., Inc.*, 2016 WL 10980941, at *3 (N.D. Cal. Feb. 26, 2016) ("The potential prejudice [of a stay] to [p]laintiffs and the putative class is minimal" where, *inter alia*, "the stay would be of a definite and limited duration.").

*Third*, time will not be lost from Plaintiffs' perspective. Plaintiffs can still pursue discovery against the OEM defendants who are not presently seeking a stay, including more than 200 interrogatories and 100 hours of Rule 30(b)(6) testimony. *See Lee v. Stone*, 2021 WL 5760850 (D. Idaho Dec. 2, 2021) (staying discovery during pendency of motion to dismiss as to two defendants who had previously prevailed on motions to dismiss because, in part, discovery against the other defendants could still proceed and advance the litigation).

*Fourth*, even if Judge Kronstadt only grants ZF's motion to dismiss in part, a stay will have been prudent because the ruling will help both sides tailor discovery to the remaining claims. "Where, as here, the operative complaint is challenged by motion practice, delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources." *Zavala v. Kruse-W., Inc.*, 2019 WL 3219254, at *2 (E.D. Cal. July 19, 2019) (citation omitted).

## CONCLUSION

ZF will move, once again, to dismiss Plaintiffs' amended complaint in its entirety on threshold legal grounds. Judge Kronstadt can decide ZF's motion to dismiss without further discovery. Therefore, this Court should stay discovery against ZF pending Judge Kronstadt's ruling on ZF's forthcoming motion to dismiss.

| | | |
|---|---|---|
| 1 | DATED: June 17, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Matthew T. Regan, P.C. |
| | | KIRKLAND & ELLIS LLP |
| 4 | | Mark C. Holscher (SBN 139582) |
| 5 | | mark.holscher@kirkland.com |
| | | 555 South Flower Street |
| 6 | | Los Angeles, CA 90071 |
| 7 | | Telephone: 213-680-8400 |
| | | Facsimile: 213-680-8500 |


1  DATED: June 17, 2022        Respectfully submitted,

            /s/ Matthew T. Regan, P.C.
            KIRKLAND & ELLIS LLP
            Mark C. Holscher (SBN 139582)
            mark.holscher@kirkland.com
            555 South Flower Street
            Los Angeles, CA 90071
            Telephone: 213-680-8400
            Facsimile: 213-680-8500

            Tammy A. Tsoumas (SBN 250487)
            tammy.tsoumas@kirkland.com
            2049 Century Park East, Suite 3700
            Los Angeles, CA 90067
            Telephone: 310-552-4200
            Facsimile: 310-552-5900

            Matthew T. Regan, P.C. (*pro hac vice*)
            mregan@kirkland.com
            300 North LaSalle
            Chicago, IL 60654
            Telephone: 312-862-2000
            Facsimile: 312-862-2200

            Judson Brown, P.C. (*pro hac vice*)
            jdbrown@kirkland.com
            Michael A. Glick (*pro hac vice*)
            michael.glick@kirkland.com
            Jason M. Wilcox. P.C. (*pro hac vice*)
            jason.wilcox@kirkland.com
            1301 Pennsylvania Avenue, N.W.
            Washington, D.C. 20004
            Telephone: 202-389-5000
            Facsimile: 202-389-5200

            *Counsel for ZF TRW Automotive Holdings Corp., ZF Automotive USA Inc., ZF Active Safety and Electronics US LLC, and ZF Passive Safety Systems US Inc.*

**ZF'S MOTION TO STAY DISCOVERY**

# CERTIFICATE OF SERVICE

I certify that on June 17, 2022, a copy of ZF's MOTION TO STAY DISCOVERY was served electronically through the Court's electronic filing system upon all parties appearing on the court's ECF service list.

DATED: June 17, 2022					*/s/ Matthew T. Regan, P.C.*
							Matthew T. Regan, P.C.