Jodi K. Swick (SBN 228634)
jodi.swick@mhllp.com
McDOWELL HETHERINGTON LLP
1999 Harrison Street, Ste. 2050
Oakland, CA 94612
Telephone: 510.628.2145
Facsimile: 510.628.2146

Colleen T. Flaherty (SBN 327563)
colleen.flaherty@mhllp.com
McDOWELL HETHERINGTON LLP
1055 E. Colorado Blvd., Ste. 500
Pasadena, CA 91106
Telephone: 213.631.4059
Facsimile: 510.628.2146

Thomas F.A. Hetherington*
tom.hetherington@mhllp.com
Kendall J. Burr*
kendall.burr@mhllp.com
Robert P. Debelak III*
bobby.debelak@mhllp.com
McDOWELL HETHERINGTON LLP
1001 Fannin Street, Ste. 2700
Houston, TX 77002
Telephone: 713.337.5580
Facsimile: 713.337.8850

Emily K. Felix*
emily.felix@mhllp.com
McDOWELL HETHERINGTON LLP
1000 Ballpark Way, Ste. 209
Arlington, TX 76011
Telephone: 817.635.7300
Facsimile: 817.635.7308

*Attorneys for* STMicroelectronics, Inc.

**Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: ZF-TRW Airbag Control Units Products Liability Litigation*<br><br>ALL CASES | MDL No. 2905<br>Case No. 2:19-ml-02905-JAK-FFM<br><br>**STMICROELECTRONICS, INC.'S MOTION TO REDACT PORTIONS OF CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

# INTRODUCTION

Under the Order re Stipulated Protective Order Regarding Confidential Treatment of Documents (the "Protective Order") (Dkt. 104), the Stipulation Governing Sealing Procedures for the Amended Complaint (Dkt. 463) and related Order (Dkt. 465), STMicroelectronics, Inc. ("ST Inc.") serves the following Motion to Redact Portions of the Consolidated Amended Class Action Complaint.

ST Inc. proposes redacting certain portions of the Consolidated Amended Class Action Complaint ("Amended Complaint") that contain "confidential" or "highly confidential" information. *See* Protective Order (Dkt. 104, ¶ 3). This includes quotations, screenshots, summaries, clarifications, and references to information contained in certain of ST Inc.'s analyses of DS84 ASICs.

The Amended Complaint contains quotations, screenshots, pictures, summaries, and references to information gathered during discovery. *See* Amended Complaint ¶¶ 233, 275-276, 285-287, 608, 620-625, 675, 684-686, 732, 750, 776, 789, 795, 819, 833, 854-855, 865, 867, 877, 963-969, 976-977, 979, 1061, 1074, 1078-1079, 1082-1083, 1097, 1122, 1431, 1469, 1611, 1753, 1884, 2019, and the "Appendix Glossary." The Court previously granted a request to seal documents containing such information (*see* Dkt. 454 at 1), and good cause exists to preserve the confidentiality of that information.

Additionally, the Amended Complaint identifies certain employees of ST Italy (which has not yet been served nor appeared in this action) whose identities are protected from the unauthorized disclosure of personal information under the European Union's General Data Protection Regulation ("GDPR"). *See* Amended Complaint ¶¶ 548, 549, 554, 555, 620 n. 28, 707, 963, 963 n. 36, 967 n. 37.

For the reasons below, ST Inc. requests that the Court order that the Amended Complaint remain sealed pending redaction of ST Inc.'s confidential information before it is filed on the public docket.

1

1 **LEGAL STANDARD**

This Court has the power to override the presumption of public access to judicial records, which is not absolute. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

**A. Confidential information may be sealed or redacted for good cause.**

The Protective Order entered by the Court governs the discovery and use of confidential materials and information in this case and articulates a "***good cause***" standard for the sealing or redaction of documents filed on the Court's docket. *See* Protective Order (Dkt. 104), ¶¶ 1, 3. As set forth in the Protective Order, documents designated as "Confidential" or "Highly Confidential" will be sealed and receive "special protection from public disclosure" if there is "good cause." *See id.* The Protective Order further provides that any materials "prepared or based" on protected information "shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made …and shall be subject to all of the terms of this Protective Order." *Id.* ¶ 6.

Under the "good cause" standard, a party seeking to seal or redact documents shows good cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006); Fed. R. Civ. P. 26(c). Sufficient good cause exists when sealing or redacting a document would protect the Designating Party from disclosure of a trade secret or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 26(c)(1)(G).

**B. U.S. courts may seal personal information protected by the GDPR.**

U.S. courts also have the authority to enforce the protections provided by foreign laws like the GDPR. *Remington Rand Corp. v. Bus. Sys. Inc.*, 830 F.2d 1260, 1266 (3d Cir. 1987); *see also Royal Park Invs. SA/NV v. HSBC Bank USA, N.A.*, No. 14-8175 (LGS), 2018 WL 745994, at *1 (S.D.N.Y. Feb. 6, 2018) (the decision whether to uphold a foreign sovereign's laws is within the court's discretion).

The GDPR regulates the processing of an individual's personal data. The GDPR provides strong regulation of secondary use through its "purpose limitation." Principles of the Law - Data Privacy § 7 (2020). Under this principle, information must be "collected for specified, explicit and legitimate purposes and not further processed in a manner that is incompatible with those purposes." GDPR, art. 5(1)(b). In addition, the GDPR "builds in" a limitation on secondary use through its "data minimization" principle. Principles of the Law - Data Privacy § 7 (2020). It requires that personal data be "adequate, relevant and limited to what is necessary in relation to the purposes for which they are processed." GDPR, art. 5(1)(c).

The individual rights protected by the GDPR are understood as "founded on the Charter's protection of personal data, which requires both a right of access and right of rectification" and establishes "notification rights, a right of access, a right to rectification, a right to erasure (or 'right to be forgotten'), a right to restriction of processing, a right to data portability, a right to object to processing, and several rights with respect to automated decision-making." Meg Leta Jones & Margot E. Kaminski, *An American's Guide to the GDPR*, 98 DENV. L. REV. 93, 116 (2020) (citing GDPR, arts. 8, 13–18, 20–22); *see Finjan, Inc. v. Zscaler, Inc.*, No. 17-6946 (JST) (KAW), 2019 WL 618554, at *3 (N.D. Cal. Feb. 14, 2019) (protective orders which prevent the disclosure of secret information are adequate to provide the GDPR's protections). The GDPR's protection "attach[es] to the personal data, regardless of who holds that data." *Id.* at 116–17 (citing GDPR, arts. 2–3).

Under the good cause standard and the Court's power to enforce protections afforded by the GDPR, the Court should allow redactions to the Amended Complaint.

### ARGUMENT

**I. Good cause exists to seal portions of the Amended Complaint containing confidential information subject to the Protective Order.**

ST Inc. has good cause to request that portions of the Amended Complaint be redacted before it is publicly filed. Under the "good cause" standard, ST Inc. is

entitled to the protection of confidential information as long as it can show that harm will result from disclosure. *Kamakana*, 447 F.3d at 1179–80; Fed. R. Civ. P. 26(c). A sufficient good cause is to prevent a "trade secret or other confidential research, development, or commercial information" from being revealed. Fed. R. Civ. P. 26(c)(1)(G). In the Ninth Circuit, "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (quoting Restatement (First) of Torts § 757, cmt. b (1939)).

The Protective Order further characterizes "research, design, development, … technical, … or commercial information" as "confidential" material that requires protection from public disclosure. *See* Protective Order (Dkt. 104, ¶ 3). The Protective Order also classifies "sensitive competitive business and/or proprietary information" including "(i) trade secrets; … (iii) research and development activities, including technology, … which have not been disclosed to the public; … [and] … (vi) non-public communications with United States or foreign regulatory agencies" as "highly confidential" material that requires protection from public disclosure. *See* Protective Order (Dkt. 104, ¶ 3).

Here, the Amended Complaint contains quotations, screenshots, pictures, summaries, and references to documents and information that ST Inc. does not make available to the public and which it treats as highly confidential (the "Confidential Documents"). Chambers Dec., ¶ 2. The Amended Complaint discloses such information at ¶¶ 233, 275-276, 285-287, 608, 620-625, 675, 684-686, 732, 750, 776, 789, 795, 819, 833, 854-855, 865, 867, 877, 963-969, 976-977, 979, 1061, 1074, 1078-1079, 1082-1083, 1097, 1122, 1431, 1469, 1611, 1753, 1884, 2019, and the "Appendix Glossary." The Confidential Documents as quoted, depicted, summarized, and otherwise disclosed in the Amended Complaint include references to research and development information on DS84 ASICs and written technical

analyses conducted on DS84 ASICs. Chambers Dec., ¶ 4. Such information reveals sensitive technical details of the DS84 ASIC which have not been disclosed to the public. *Id.* ST Inc. treats this information as confidential in the ordinary course of business, prohibiting disclosure of the information to a third party without previous written agreement. *Id.* Prior to confidential disclosure in this litigation, to which ST Inc. was previously a party, ST Inc. had not knowingly released or made this information available except under confidentiality to representatives of ZF-TRW and to the National Highway Traffic Safety Administration ("NHTSA") with a claim of entitlement to statutory confidential treatment. *Id.*

If the information disclosed in the Amended Complaint were disclosed to ST Inc.'s or its customer's competitors, they could copy all or parts of such information to avoid incurring the time and expense required to do the work themselves. *Id.*, ¶ 5. In addition, the disclosure of this information would provide confidential information to ST Inc.'s or its customer's competitors regarding the DS84 ASIC, and product analysis and technical details of the same, which could give competitors an advantage over ST Inc. or its customer. *Id.*

Given ST Inc.'s production of its confidential information with the expectation of confidentiality subject to the Protective Order, and the harm likely to result from the disclosure of its confidential information regarding the DS84 ASIC to its competitors, the good cause standard is satisfied here and the relevant portions of the Amended Complaint should only be publicly refiled with appropriate redactions.

Further, based on these arguments, the Court previously sealed certain confidential documents that had been attached to a prior discovery motion, and which are now again referenced and quoted in the Amended Complaint. *See* Dkt. 454 at 1. As a result, ST Inc. has good cause to request that the Amended Complaint be sealed from public disclosure due to the specific prejudice and harm that will result if the information is disclosed.

## II. Good cause also exists to seal portions of the Amended Complaint identifying certain persons.

Courts in the Ninth Circuit also seal the identities of foreign persons included in public filings in the United States. In *Int'l Swimming League, Ltd.*, a defendant sought to file portions of a motion, excerpts of its reply, and certain supporting exhibits under seal in accordance with the GDPR. *Int'l Swimming League, Ltd. v. Fed'n Internationale De Natation*, No. 18-CV-07394-JSC, 2021 WL 2075572 (N.D. Cal. May 24, 2021). In granting the defendant's motion to seal, the court noted that good cause existed to seal based on the protection offered under the GDPR. *Id.* at *7. In *Allianz*, the parties moved to seal unredacted versions of court filings which contained personal data of plaintiff's employee subject to GDPR protection., *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, No. 18 CIV. 10364 (LGS), 2021 WL 211544 (S.D.N.Y. Jan. 21, 2021). In granting the motions to seal, the court held that filing under seal was "necessary to prevent the unauthorized dissemination of personal data subject to [the GDPR] and to protect the privacy interests" of the employee. *Id.* at *3. The court further noted that "[a]lthough '[t]he common law right of public access to judicial documents is firmly rooted in our nation's history,' this right is not absolute, and courts 'must balance competing considerations against' the presumption of access." *Id.* (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Here, good cause also exists under the GDPR to permit redaction of the names of ST Italy's employees that are disclosed in the Amended Complaint. *See* ¶¶ 548, 549, 554, 555, 620 n. 28, 707, 963, 963 n. 36, 967 n. 37. Information such as the names of employees—particularly in a complaint that combines those identities with allegations about who their employer is, and what city and office they work in, and projects they allegedly worked on and performed—is exactly the type of personal data subject to GDPR protection. Similarly, this type of unauthorized disclosure of protected personal information is what the GDPR was enacted to prevent.

The information in the Amended Complaint satisfies the Protective Order's definition of sensitive competitive business information and the "good cause" standard for sealing. As such, it should be sealed from public disclosure due to the specified prejudice and harm that will result if the information is disclosed.

## CONCLUSION

For these reasons, ST Inc. requests that portions of the Amended Complaint be redacted, including ¶¶ 233, 275-276, 285-287, 608, 620-625, 675, 684-686, 732, 750, 776, 789, 795, 819, 833, 854-855, 865, 867, 877, 963-969, 976-977, 979, 1061, 1074, 1078-1079, 1082-1083, 1097, 1122, 1431, 1469, 1611, 1753, 1884, 2019, and the "Appendix Glossary;" and ¶¶ 548, 549, 554, 555, 620 n. 28, 707, 963, 963 n. 36, 967 n. 37.[1] ST Inc. will work with Plaintiffs to apply appropriately tailored redactions and prepare a redacted version for filing.

Dated: June 24, 2022         McDOWELL HETHERINGTON LLP

By: */s/ Kendall J. Burr*
Kendall J. Burr

*Counsel for STMicroelectronics, Inc.*

---

[1] Pursuant to Plaintiff's Notice Regarding Consolidated Amended Class Action Complaint, all parties are treating the Amended Complaint as the operative pleading for all purposes. As such, the *Hernandez* and *Adams* complaints filed at Dkts. 475 and 476, which assert allegations repeated in the consolidated Amended Complaint, will presumably not need to be separately re-filed on the public docket. Should such re-filing be deemed necessary, ST Inc. notes that those pleadings assert allegations mirroring those identified above, including at Dkt. 475 at ¶¶ 253-255, 577, 589-594, 644, 653-655, 701, 719, 745, 758, 764, 788, 802, 823-824, 834, 836, 846, 932-938, 945-946, 948, 1030, 1043, 1047-1048, 1051-1052, 1066, 1091, 1400, 1438, 1574, 1719, 1852, 1989, as well as ¶¶ 517, 518, 523, 524, 589 n. 27, 676, 932, 932 n. 35, and 936 n. 36, and Dkt. 476 at ¶¶ 165, 357, 366-371, and 407. Should public refiling of those pleadings be necessary, ST Inc. respectfully requests that the Court permit redactions to such paragraphs for the same reasons as the allegations discussed above in the Amended Complaint. ST Inc. will confer with Plaintiffs to determine which sections of the cited paragraphs should be redacted before any of these pleadings are filed.

## DECLARATION OF SERVICE BY EMAIL

I, Kendall J. Burr, am employed in the County of Harris, State of Texas. I am over the age of 18 and not a party to the above-captioned action. I am an attorney with McDowell Hetherington LLP whose business address is 1001 Fannin Street, Suite 2700, Houston, TX 77002.

On June 24, 2022, the following documents were served on the interested parties in this action as follows:

1. STMicroelectronics, Inc.'s Motion to Redact Portions of the Consolidated Amended Class Action Complaint.

2. Declaration of Katherine Chambers in Support of STMicroelectronics, Inc.'s Application to Redact Portions of the Consolidated Amended Class Action Complaint.

By causing a copy of the documents to be emailed to Counsel at the addresses on the attached Service List.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on June 24, 2022, at Houston, Texas.

By: /s/ Kendall J. Burr
Kendall J. Burr

# SERVICE LIST

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>Lisa M. Gilford (SBN 171641)<br>lgilford@sidley.com<br>Stacy Horth-Neubert (SBN 214565)<br>shorthneubert@sidley.com<br>555 West Fifth Street Suite 4000<br>Los Angeles, CA 90013<br>Telephone: 213-896-6000<br>Facsimile: 213-896-6600<br><br>Eric S. Mattson<br>emattson@sidley.com<br>Johnnet S. Jones<br>simone.jones@sidley.com<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: 312-853-7000<br>Facsimile: 312-853-7036<br><br>*Counsel for American Honda Motor Co., Inc., Honda of America Mfg., Inc., Honda Motor Co., Ltd., and Honda R&D Americas, Inc.* | THOMPSON COBURN LLP<br>Kathy A. Wisniewski<br>kwisniewski@thompsoncoburn.com<br>Stephen A. D'Aunoy<br>sdaunoy@thompsoncoburn.com<br>Thomas L. Azar, Jr.<br>tazar@thompsoncoburn.com<br>One US Bank Plaza<br>St. Louis, MO 63101<br>Telephone: 314-552-6000<br>Facsimile: 314-552-7000<br><br>Kacey R. Riccomini (SBN 292340)<br>kriccomini@thompsoncoburn.com<br>10100 Santa Monica Boulevard, Suite 500<br>Los Angeles, CA 90067<br>Telephone: 310-282-2500<br>Facsimile: 310-282-2501<br><br>*Counsel for FCA US LLC* |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Lance A. Etcheverry (SBN 19916)<br>lance.etcheverry@skadden.com<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213-687-5432<br>Facsimile: 213-687-5600<br><br>Caroline W. Van Ness (SBN 281675)<br>caroline.vanness@skadden.com<br>Matthew J. Tako (SBN 307013)<br>matthew.tako@skadden.com<br>525 University Avenue, Suite 1400<br>Palo Alto, CA 94301<br>Telephone: 650-470-4500<br>Facsimile: 650-470-4570<br><br>John H. Beisner (SBN 81571)<br>john.beisner@skadden.com<br>1440 New York Avenue N.W.<br>Washington, D.C. 20005<br>Telephone: 202-371-7000<br>Facsimile: 202-393-5760<br><br>*Counsel for Hyundai Motor America, Inc., Hyundai Motor Co., Ltd., Kia Motors Corp., and Kia Motors America, Inc.* | DLA PIPER LLP (US)<br>Christopher M. Young (SBN 163319)<br>christopher.young@dlapiper.com<br>Michelle Chung (SBN 312833)<br>michelle.chung@dlapiper.com<br>Ilhwan Justin Park<br>justin.park@dlapiper.com<br>2000 Avenue of the Stars, Suite 400<br>Los Angeles, CA 90067-4704<br>Telephone: 310-595-3000<br>Facsimile: 310-595-3300<br><br>Matthew A. Goldberg<br>matthew.goldberg@dlapiper.com<br>1650 Market Street, Suite 5000<br>Philadelphia, PA 19103-7300<br>Telephone: 215-656-3300<br>Facsimile: 215-656-3301<br><br>*Counsel for Hyundai Mobis Co., Ltd. and Mobis Parts America, LLC* |

| | | |
|---|---|---|
| 1 | PALMIERI, TYLER, WIENER, WILHELM & WALDRON LLP | KIRKLAND & ELLIS LLP |
| 2 | Douglas W. Robinson (SBN 255909) | Matthew T. Regan |
| | drobinson@ptwww.com | mregan@kirkland.com |
| 3 | Christopher J. Green (SBN 295874) | 300 North LaSalle |
| | cgreen@ptwww.com | Chicago, IL 60654 |
| 4 | Erica M. Sorosky (SBN 251314) | Telephone: 312-862-2000 |
| | esorosky@ptwww.com | Facsimile: 312-862-2200 |
| 5 | 1900 Main Street, Suite 700 | |
| | Irvine, CA 92614 | Jason Wilcox |
| 6 | Telephone: 949-851-9400 | jason.wilcox@kirkland.com |
| | Facsimile: 949-825-5401 | Judson D. Brown |
| 7 | | jdbrown@kirkland.com |
| | | Michael A. Glick |
| 8 | *Counsel for Mitsubishi Motors North America, Inc. and Mitsubishi Motors Corporation* | michael.glick@kirkland.com |
| | | McClain Thompson |
| 9 | | mcclain.thompson@kirkland.com |
| | | 1301 Pennsylvania Avenue NW |
| 10 | | Washington, DC 20004 |
| | | Telephone: 202-389-5000 |
| 11 | | Facsimile: 202-389-5200 |
| | LESTER CANTRELL AND KRAUS LLP | |
| 12 | Nickolaus E Buchholz | Tammy A. Tsoumas (SBN 250487) |
| | nbuchholz@lc-lawyers.com | tammy.tsoumas@kirkland.com |
| 13 | Kevin Robert Crisp | Mark C. Holscher (SBN 139582) |
| | kcrisp@lc-lawyers.com | mark.holscher@kirkland.com |
| 14 | 1770 Iowa Avenue Suite 110 | 2049 Century Park East, Suite 3700 |
| | Riverside, CA 92507 | Los Angeles, CA 90067 |
| 15 | Telephone: 951-300-2690 | Telephone: 310-552-4200 |
| | Facsimile: 951-300-2694 | Facsimile: 310-552-5900 |
| 16 | | |
| | KING AND MURRAY PLLC | *Counsel for ZF Active Safety and Electronics US LLC, ZF Passive Safety Systems US Inc., ZF Automotive US Inc., ZF TRW Automotive Holdings Corp., TRW Automotive U.S. LLC, ZF North America, Inc., ZF Friedrichshafen AG, and ZF Holdings B.V.* |
| 17 | Stephen W. King | |
| | sking@kingandmurray.com | |
| 18 | Thomas J. Murray | |
| | tmurray@kingandmurray.com | |
| 19 | 355 South Old Woodward Suite 100 | |
| | Birmingham, MI 48009 | |
| 20 | Telephone: 248-792-2397 | |
| | Facsimile: 248-646-8747 | |
| 21 | | |
| | *Counsel for Fiat Chrysler Automobiles N.V.* | |

| | |
|---|---|
| SHOOK, HARDY & BACON LLP<br>Michael L. Mallow<br>mmallow@shb.com<br>Rachel A. Straus<br>rstraus@shb.com<br>2049 Century Park East, Suite 3000<br>Los Angeles, CA 90067<br>Telephone: 424-285-8330<br>Facsimile: 424-204-9093<br><br>Amir M. Nassihi<br>anassihi@shb.com<br>555 Mission Street, Suite 2300<br>San Francisco, CA 94105<br>Telephone: 415-544-1900<br>Facsimile: 415-391-0281<br><br>BOWMAN AND BROOKE LLP<br>Vincent Galvin (SBN 104448)<br>vincent.galvin@bowmanandbrooke.com<br>1741 Technology Drive, Suite 200<br>San Jose, CA 95110<br>Telephone: 408-279-5393<br>Facsimile: 408-279-5845<br><br>Mark V. Berry (SBN 70162)<br>mark.berry@bowmanandbrooke.com<br>970 West 190th Street, Suite 700<br>Torrance, CA 90502<br>Telephone: 310-768-3068<br>Facsimile: 310-719-1019<br><br>Carmen M. Bickerdt<br>carmen.bickerdt@bowmanandbrooke.com<br>41000 Woodward Avenue Suite 200 East<br>Bloomfield Hills, MI 48304<br>Telephone: 248-205-3300<br>Facsimile: 248-205-3399<br><br>*Counsel for Toyota Motor North America, Inc., Toyota Motor Corp., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc.* | BARON & BUDD, P.C.<br>Roland Tellis (SBN 186269)<br>rtellis@baronbudd.com<br>David B. Fernandes (SBN 280944)<br>dfernandes@baronbudd.com<br>Adam M. Tamburelli (SBN 301902)<br>atamburelli@baronbudd.com<br>Elizabeth G Smiley<br>esmiley@baronbudd.com<br>15910 Ventura Boulevard, Suite 1600<br>Encino, CA 91436<br>Telephone: 818-839-2333<br>Facsimile: 818-986-9698<br><br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>David S. Stellings (pro hac vice)<br>dstellings@lchb.com<br>Jason L Lichtman<br>jlichtman@lchb.com<br>John T. Nicolaou (pro hac vice)<br>jnicolaou@lchb.com<br>Katherine McBride<br>kmcbride@lchb.com<br>250 Hudson Street, 8th Floor<br>New York, New York 10013-1413<br>Telephone: 212.355.9500<br><br>Elizabeth J. Cabraser (SBN 83151)<br>ecabraser@lchb.com<br>Nimish R. Desai (SBN 244953)<br>ndesai@lchb.com<br>Phong-Chau Gia Nguyen<br>pgnguyen@lchb.com<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: 415.956.1000<br><br>*Co-Lead Counsel for Plaintiffs* |