1 Roland Tellis (SBN 186269)
  rtellis@baronbudd.com
2 BARON & BUDD, P.C.
  15910 Ventura Boulevard, Suite 1600
3 Encino, CA 91436
  Telephone: 818.839.2333
4 Facsimile: 818.986.9698

5 David S. Stellings (*pro hac vice*)
  dstellings@lchb.com
6 LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
7 250 Hudson Street, 8th Floor
  New York, New York 10013-1413
8 Telephone: 212.355.9500
  Facsimile: 212.355.9592

9

10 *Co-Lead Counsel for Plaintiffs*

11 (additional counsel listed below)

12

13 UNITED STATES DISTRICT COURT

14 CENTRAL DISTRICT OF CALIFORNIA

15

16

17 *In re ZF-TRW Airbag Control Units Products Liability Litigation*

MDL No. 2905

18 Case No. 2:19-ml-02905-JAK-PLA

19 ALL CASES

**DISCOVERY MATTER**

20

21 **PLAINTIFFS' OPPOSITION TO ZF'S MOTION TO STAY DISCOVERY (ECF 497)**

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

A.     **Background** ....................................................................................................**2**

     1.     ZF is a core member of the racketeering enterprises at the heart of Plaintiffs' sustained RICO claims.........................................................2

     2.     ZF controls documents and witnesses that are highly relevant to all of the sustained claims. ......................................................................3

     3.     The Court previously ordered ZF to commence discovery during the pendency of its motion dismiss....................................................4

     4.     ZF has produced hardly any discovery in the past three years. .............5

B.     **Legal Standard** ...........................................................................................**6**

C.     **Argument** ....................................................................................................**7**

     1.     ZF's motion to dismiss will not dispose of this case or the issues targeted by Plaintiffs' discovery requests. ............................................7

     2.     ZF's motion to dismiss is not likely to succeed...................................8

     3.     Discovery may assist in resolving ZF's motion to dismiss. ................13

     4.     The case management factors weigh against a stay of discovery........13

D.     **Conclusion** ...............................................................................................**15**

# TABLE OF AUTHORITIES

**Page**

## Cases

*Centerline Hous. P'ship I, L.P.-Series 2l v. Palm Cmties.*,
  No. 21-cv-107, 2021 WL 2493251 (C.D. Cal. May 26, 2021) .............................8

*Ctr. For Med. Progress v. Becerra*,
  No. 20-cv-891, 2020 WL 7065355 (C.D. Cal. Oct. 22, 2020)...............................8

*Escamilla v. City of Santa Ana*,
  No. 19-cv-2229, 2021 WL 4317974 (C.D. Cal. Sep. 22, 2021)...........................12

*Hall v. Apollo Grp., Inc.*,
  No. 14-cv-1404, 2014 WL 4354420 (N.D. Cal. Sept. 2, 2014) ...........................12

*Harmoni International Spice, Inc. v. Wenxuan Bai*,
  No. 16-cv-614, 2016 WL 11783827 (C.D. Cal. Sept. 30, 2016) ................7, 9, 15

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,
  2020 WL 1643786 (N.D. Cal. Apr. 2, 2020).........................................................4

*I.K. ex rel E.K. v. Sylvan Union Sch. Dist.*,
  681 F. Supp. 2d 1179 (E.D. Cal. 2010) ...............................................................15

*In re Google Digital Advert. Antitrust Litig.*,
  No. 20-cv-3556, 2020 WL 7227159 (N.D. Cal. Dec. 8, 2020) .............................6

*Kincheloe v. American Airlines Inc.*,
  No. 21-cv-515, 2021 WL 5847884 (N.D. Cal. Dec. 9, 2021) .............................12

*Lee v. Stone*,
  No. 20-cv-186, 2021 WL 5760850 (D. Idaho Dec. 2, 2021) ................................8

*Lloyd v. Fitzwater*,
  2020 WL 1890591 (W.D. Wash. Apr. 15, 2020) .................................................12

*Mlejnecky v. Olympus Imaging Am., Inc.*,
  No. 10-cv-2630, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011).................................1

*Naini v. King Cty. Pub. Hosp. Dist.*
  No. 19-cv-886, 2020 WL 468910 (W.D. Wash. Jan. 29, 2020)..........................15

*Nat'l Corporate Tax Credit Funds III v. Potashnik*,
  2008 WL 11339608 (C.D. Cal. June 16, 2008)......................................................4

*Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*,
  298 F.3d 768 (9th Cir. 2002) ..............................................................................11

*Ozone Int'l, LLC v. Wheatsheaf Grp. US, Inc.*,
  No. 19-cv-6155, 2020 WL 6741956 (W.D. Wash. Nov. 17, 2020) ....................12

*Rutman Wine Co. v. E. & J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987) ..................................................................12

*Serenium, Inc. v. Zhou*,
    No. 20-cv-2132, 2021 WL 7541379 (N.D. Cal. Feb. 11, 2021) .......................1, 6

*Song Fi v. Google, Inc.*,
    No. 14-cv-5080, 2016 WL 9185325 (N.D. Cal. Apr. 27, 2016) .........................12

*Sonneveldt v. Mazda Motor of Am., Inc.*,
    No. 19-cv1298, 2021 WL 4814990 (C.D. Cal. May 4, 2021)..............................13

*Soundgarden v. UMG Recordings, Inc.*,
    No. 19-cv-5449, 2020 WL 4342261 (C.D. Cal. May 11, 2020) ...................passim

*Tinsley v. Kemp*,
    750 F.Supp. 1001 (W.D. Mo. 1990) ........................................................4

*United States v. INSYS Therapeutics, Inc.*,
    No. 16-cv-7937, 2021 WL 4307404 (C.D. Cal. Apr. 14, 2021) ...........................6

*Waddell v. S. California IBEW-NECA Tr. Fund*,
    No. 18-cv-10476, 2022 WL 1134701 (C.D. Cal. Feb. 1, 2022)............................9

*Wells Fargo Bank, N.A. v. Iny*,
    2014 WL 1796216 (D. Nev. May 6, 2014) ...............................................4

**Rules**

Fed. R. Civ. P. 26(c)(1)............................................................................6

1    The Court should deny ZF's motion for a stay because the promise of ZF's

2    still-unfiled motion to dismiss does not support completely halting all discovery—

3    three years into this multidistrict litigation—from a key Defendant group and its

4    current and former employees. Because discovery stays pending a motion to

5    dismiss decision conflict with "the need for expeditious resolution of litigation,"

6    they are "the exception to the ordinary rule that discovery may proceed, even if a

7    dispositive motion is filed." *Serenium, Inc. v. Zhou*, No. 20-cv-2132, 2021 WL

8    7541379, at *1 (N.D. Cal. Feb. 11, 2021). Accordingly, "district courts look

9    unfavorably upon such blanket stays of discovery." *Mlejnecky v. Olympus Imaging*

10   *Am., Inc.*, No. 10-cv-2630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011).

11   As Judge Kronstadt has held, before deciding to stay discovery based on a

12   pending motion to dismiss, a Court should determine if a motion to dismiss is

13   "dispositive of the entire case or dispositive of the issues on which discovery is

14   sought." *Soundgarden v. UMG Recordings, Inc.*, No. 19-cv-5449, 2020 WL

15   4342261, at *2 (C.D. Cal. May 11, 2020). Here, the Court has already sustained

16   over 30 of Plaintiffs' claims against the Vehicle Manufacturer Defendants, and

17   concluded that Plaintiffs had adequately pled several RICO claims based on RICO

18   enterprises that included ZF. As such, ZF's motion to dismiss will not dispose of

19   the entire case or the issues targeted by Plaintiffs' discovery requests.

20   The Court dismissed the claims in the first MDL complaint against ZF

21   because Plaintiffs alleged misconduct by the combined ZF corporate group rather

22   than by each individual ZF Defendant—*not* because the alleged misconduct was

23   lawful. The 1,355-page amended complaint rectifies this issue, curing the defects

24   that the Court identified in its Order by alleging specific facts about each ZF

25   Defendant's misconduct in great detail. Accordingly, ZF will not succeed on its

26   second motion to dismiss. However, in the highly unlikely event that ZF is

27   dismissed with prejudice, discovery will *still* proceed against ZF as a third party on

28   the same issues covered by Plaintiffs' party discovery requests.

ZF's proposed stay will cause pointless and prejudicial delay. If history is any guide, ZF's motion to dismiss could remain pending for over a year due to the complexity of the case and the Court's extremely busy docket. During this time, witness' memories about relevant conduct that stretches back to 2005 will fade even further. ZF already benefited from a year-long discovery stay during the pendency of its first stay motion, and ZF's participation in discovery is necessary to move this litigation forward. Accordingly, the Court should deny ZF's motion.

### A.   **Background**

### 1.   **ZF is a core member of the racketeering enterprises at the heart of Plaintiffs' sustained RICO claims.**

This litigation concerns more than 15 million Class Vehicles that contain defective airbag control units ("ACUs") designed and manufactured by the ZF Defendants. ECF 477 at ¶¶453-542. As the Court previously ruled, Plaintiffs have plausibly pled that "ZF TRW ACUs with the DS84 ASIC have a dangerous defect, in that they are much more vulnerable to bursts of electricity than are other ACUs. . . . This is sufficient to state that the Alleged Defect is present in all Class Vehicles," even those that have not had an airbag or seatbelt failure during a crash. ECF 396 at 99, 152, 165 (rejecting argument that the ACU Defect does not "manifest" until each Plaintiff crashes his or her vehicle and the airbags and seatbelts malfunction).

The ZF Defendants knew about this dangerous defect at least as early as 2008, ECF 477 at ¶¶607-1128, but they continued to manufacture and sell the defective ACUs for years thereafter. To sell ACUs with a known safety defect, the ZF Defendants conspired with a microchip supplier co-Defendant—STMicroelectronics ("ST")—and their vehicle-manufacturer customers to mislead consumers about the safety of Class Vehicles that use the ACUs. ECF 477 at ¶¶1129-1254. These same Defendants also conspired with one another to mislead NHTSA as to the existence, nature, and scope of the ACU Defect. *Id.* at ¶¶1255-

1464. This long-standing fraud is the basis of Plaintiffs' RICO claims against ZF, under which Plaintiffs seek economic damages caused by five civil RICO enterprises, each consisting of the ZF Defendants, the ST Defendants, and one of the five Vehicle Manufacturer Defendant groups. *See* ECF 477-1 at ¶¶1520-2206.

The Court sustained these RICO claims against Hyundai Motor America, Kia Motors America, and FCA, and held that ZF companies were part of the alleged RICO enterprises comprising those claims. *See* ECF 396 at 78-80. Plaintiffs' amended complaint resolves the concerns raised by the Court's Order and adequately states their claims against the ZF Defendants as well.

### 2. ZF controls documents and witnesses that are highly relevant to all of the sustained claims.

ZF possesses a large volume of highly relevant information and employed well over two dozen employees with personal knowledge of the facts alleged in the amended complaint. This is no surprise. As the Court held, Plaintiffs "alleged a design defect" in the Class Vehicle ACUs (ECF 396 at 168), and ZF Active Safety and Electronics US LLC claims it "designed the ACUs." ECF 209-4 at ¶5 (Declaration of Emanuel Goodman). Moreover, the employment information that this Court recently compelled ZF to produce (*see* ECF 450 at 8) confirms that ZF Passive Safety Systems US Inc. employed virtually all of the two dozen engineers and technical employees who worked on the ACU and whom ZF disclosed as document custodians with relevant information.

These ZF documents and witnesses have critical information that this Court needs to fairly assess Plaintiffs' claims, including the 30-plus claims under RICO and the laws of twelve states already sustained by the Court. *See* ECF 396. Moreover, ZF cannot dispute that it possesses material information relevant to those claims. For example, Emanuel Goodman—the same fact witness ZF proffered in support of its motion to dismiss (*see* ECF 209-



### 3. The Court previously ordered ZF to commence discovery during the pendency of its motion dismiss.

This is ZF's second motion to stay discovery in this case. *See* ECF 188. After ZF filed its first stay motion, ZF improperly refused to engage in discovery until the Court decided the motion—effectively granting its own stay in the interim. ZF did so even though Plaintiffs cited to ZF several cases holding that it must engage in discovery unless and until a stay is granted.[1] On August 20, 2021, the Court denied ZF's motion to stay because "there ha[d] been, in effect, a one-year stay of discovery while the ZF and Toyota Motions [to stay] were pending." ECF 363 at 7.[2]

At the time the Court denied ZF's stay motion, ZF's motion to dismiss was pending before the Court, and would remain so for six months thereafter. Needless to say, if the Court believed that a pending motion to dismiss justified a discovery

---

[1] Plaintiffs alerted ZF to these authorities on July 16 and 28, 2020: *HRC-Hainan Holding Co., LLC v. Yihan Hu*, 2020 WL 1643786, at *2 (N.D. Cal. Apr. 2, 2020); *Wells Fargo Bank, N.A. v. Iny*, 2014 WL 1796216, *3 (D. Nev. May 6, 2014); *Nat'l Corporate Tax Credit Funds III v. Potashnik*, 2008 WL 11339608 at *1 (C.D. Cal. June 16, 2008); *Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990).

[2] Notably, this Court later confirmed the impropriety of ZF's disengagement from discovery while its stay motion was pending when it stated "the filing of a motion for a stay does not in itself stay discovery obligations." 3/21/2022 H'rg Tr. 10:19-22. The Court should disregard ZF's efforts to blame Plaintiffs for its refusal to produce documents based on its own stay motion because ZF is responsible for its own decisions and Plaintiffs repeatedly asked the Court for assistance on this issue. The Court declined to order discovery to commence and encouraged Plaintiffs to wait until the stay motion was decided. *See* 12/14/2020 H'rg Tr. 13:20 – 19:25; 1/15/2021 H'rg Tr. 87:18 – 88:10; 4/26/2021 H'rg Tr. 28:11-22; ECF 348; ECF 357 at 1-2. Plaintiffs acted consistent with the Court's guidance.

stay, it would not have ordered discovery to commence at that time. Further, the

Court's decision to commence full discovery despite a pending pleading challenge

was consistent with the Court's statement during the very first case management

conference that "often I permit discovery to proceed while motions to dismiss are

pending." 2/24/2020 H'rg Tr. 37:13-15.

### 4.      ZF has produced hardly any discovery in the past three years.

ZF's obstructionist tactics have caused extraordinary delay in this case.

Although Plaintiffs served ZF with document requests in June 2020, ZF has

produced fewer than 900 documents since then.[3] These documents consist of

organizational charts and formal written procedures, and do not shed meaningful

light on the design or analysis of DS84 ACUs, ZF's misleading statements to

NHTSA, or ZF's communications with its conspirators.

Moreover, several ZF Defendants have still not made basic disclosures

required by the Court's ESI Order. For example, ZF TRW Automotive Holdings

Corp. and ZF Automotive US Inc. have not disclosed any custodians of relevant

documents. The deadline for these disclosures lapsed on September 20, 2021. ECF

356, §C. The ZF Defendants hid this deficiency by improperly refusing Plaintiffs'

request that ZF provide custodial disclosures for each ZF company.[4] ZF's

production of employment information on April 21, 2022 pursuant to the Court's

order granting Plaintiffs' motion to compel revealed this deficiency for the first

time. ZF also missed the agreed-upon November 12, 2021 deadline for further ESI

disclosures by failing to provide any information about the search terms and other

limiters it will use to search for responsive information from non-email sources. *See*

ECF 379 at 7; ECF 356, §§E, F. While ZF claimed this week it may use TAR on

---

[3] Prior to the service of Plaintiffs' document requests, ZF produced 4,962
documents it had already produced to NHTSA. This re-production did not require
any meaningful effort and was not done in response to the later-served requests.

[4] Plaintiffs wrote ZF about this issue on September 23, 2021. ZF required three
months (and follow-up inquiries from Plaintiffs) to respond to Plaintiffs' letter.
Plaintiffs met and conferred with ZF about this issue on December 21, 2021.

these sources, it has not explained how that will work.

As of today, ZF still has not completed these disclosures. As a result, discussions about important collection efforts have not even begun.

**B.    Legal Standard**

Stays of discovery are "the exception to the ordinary rule that discovery may proceed, even if a dispositive motion is filed." *Serenium*, 2021 WL 7541379, at *1. As the Court has stated in this case: "often I permit discovery to proceed while motions to dismiss are pending." 2/24/2020 H'rg Tr. 37:13-15; *accord United States v. INSYS Therapeutics, Inc.*, No. 16-cv-7937, 2021 WL 4307404, at *2 (C.D. Cal. Apr. 14, 2021) (denying stay request and observing that "[d]efendants routinely respond to discovery prior to disposition of a motion to dismiss").

The Court may stay discovery only upon a showing of "good cause." *See* Fed. R. Civ. P. 26(c)(1). As this Court has held:

> Several factors may be considered in determining whether a stay of discovery is appropriate: whether the motion is potentially dispositive of the entire case or dispositive of the issues on which discovery is sought; whether the pending motion can be decided without additional discovery; whether, upon a preliminary analysis of the merits of the motion there appears to be an immediate and clear possibility that it will be granted; the nature and complexity of the action; the posture or stage of the litigation; the expected extent of discovery; and any other relevant circumstances.

*Soundgarden*, 2020 WL 4342261, at *2 (Kronstadt, J.) (internal quotations omitted); *see also Mlejnecky*, 2011 WL 489743, at *5 (similar).

As the moving party, ZF "carries the heavy burden of making a 'strong showing' why discovery should be denied." *In re Google Digital Advert. Antitrust Litig.*, No. 20-cv-3556, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020) (quotation omitted). Although all of the factors above should be considered, the Court should deny ZF's motion to stay because ZF cannot show an "immediate and clear possibility" that its forthcoming motion to dismiss will be granted with

prejudice. *See Soundgarden*, 2020 WL 4342261, at *4.

## C.   **Argument**

ZF cannot justify its request to stay discovery. Indeed, discovery must proceed because of ZF's control of documents and employees relevant to the more than 30 claims that the Court has already sustained; ZF's role as a member of well-pled enterprises that form the basis of the sustained RICO claims; and the more than *two years* that have passed since Plaintiffs served ZF with discovery requests. Plaintiffs will be prejudiced if the Court stays discovery against ZF.

### 1.   **ZF's motion to dismiss will not dispose of this case or the issues targeted by Plaintiffs' discovery requests.**

As ZF admits, discovery should be stayed based on a pending motion to dismiss only if it is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." ECF 497 at 6. Here, ZF's motion cannot dispose of the more than 30 claims against the Vehicle Manufacturer Defendants that the Court already sustained. ZF designed the defective ACU that gives rise to all of these sustained claims, and ZF was a member of the enterprises that form the basis of the RICO claims that the Court sustained. As such, ZF's motion will not eliminate the need for discovery from ZF about the ACU Defect, crashes and incidents where the DS84 ACUs malfunctioned, ZF's misrepresentations to NHTSA in furtherance of the RICO enterprises, or ZF's coordination with its conspirators. Indeed, this Court already has confirmed that at least *some* discovery against ZF will likely be permissible even if it were no longer a party by partially granting Plaintiffs' motion to compel third-party discovery from ZF this spring after the claims against ZF had been dismissed. *See* ECF 450 at 8.

For these reasons, this case closely resembles *Harmoni Int'l Spice, Inc. v. Wenxuan Bai*, No. 16-cv-614, 2016 WL 11783827 (C.D. Cal. Sept. 30, 2016). In that case, the plaintiff alleged a RICO claim against multiple defendants. Defendant Bai moved to dismiss all claims against him after the Court dismissed another

defendant with prejudice. *See id.* at *1. He then moved to stay all discovery against him based on the pending motion to dismiss. *Id.* After evaluating the merits of the motion to dismiss, the Court denied the stay because the Court "[wa]s not convinced whether a dismissal of the claims against Bai would necessarily be made with prejudice" and because Bai "would still be subject to third-party discovery given that the case against [another alleged RICO enterprise member] will continue." *Id.* at *4. The same is true here.

None of ZF's authorities hold that the total stay of discovery sought by ZF is appropriate in these circumstances. In fact, one of ZF's cases acknowledged at least some discovery remains available against previously-dismissed defendants who possess information relevant to sustained claims. *See Lee v. Stone*, No. 20-cv-186, 2021 WL 5760850, at *1 (D. Idaho Dec. 2, 2021) ("[P]laintiff is free to pursue appropriate discovery against these defendants as third parties.").

**2.     ZF's motion to dismiss is not likely to succeed.**

Judge Kronstadt previously held that a Court should make "a preliminary analysis of the merits of the motion" to dismiss and find there is "an immediate and clear possibility that it will be granted" before it stays discovery based on that motion. *Soundgarden*, 2020 WL 4342261, at *2; *accord Serenium*, 2021 WL 7541379 at *2; *Centerline Hous. P'ship I, L.P.-Series 2 v. Palm Cmties.*, No. 21-cv-107, 2021 WL 2493251, at *3 (C.D. Cal. May 26, 2021); *Ctr. For Med. Progress v. Becerra*, No. 20-cv-891, 2020 WL 7065355, at *2 (C.D. Cal. Oct. 22, 2020).[5]

Because ZF has not filed its motion to dismiss, this analysis is not possible now. And even if the Court is inclined to decide ZF's motion to stay without first analyzing ZF's motion to dismiss, ZF has failed make the necessary showing that Plaintiffs "will be unable to state a claim for relief." *Soundgarden*, 2020 WL

---

[5] ZF's reliance on *SSI (U.S.), Inc. v. Ferry*, No. 21-cv-2073, 2021 WL 4812952 (C.D. Cal. May 25, 2021) for a different legal standard is not persuasive in light of Judge Kronstadt's thorough and recent decision conducting a preliminary analysis of the motion to dismiss that purportedly justified a stay motion. *See* ECF 497 at 8.

1    4342261, at *2 (Kronstadt, J.). Indeed, if the Court had believed Plaintiffs could not

2    state claims against ZF, it would have denied leave to amend in its dismissal order.

3    *See Waddell v. S. California IBEW-NECA Tr. Fund*, No. 18-cv-10476, 2022 WL

4    1134701, at *5 (C.D. Cal. Feb. 1, 2022) (Kronstadt, J.) (denying leave to amend

5    because it "would be futile"); *c.f. Harmoni*, 2016 WL 11783827, at *2 (motions to

6    dismiss were not dispositive where cure by amendment was possible).

7          Moreover, the detailed allegations in Plaintiffs' operative complaint—

8    coupled with the Court's prior decision on the motions to dismiss—present ample

9    grounds to conclude that ZF's future motion is unlikely to succeed. As the Court

10   previously held, Plaintiffs' first MDL complaint adequately pled all but *one*

11   element of their RICO claims against the ZF Defendants. Regarding the five

12   racketeering enterprises at the center of these claims, the Court held: "Plaintiffs

13   have pleaded sufficient facts to allege that the constituent entities of each of the

14   Enterprises have associated for 'a common purpose of engaging in a course of

15   conduct.'" ECF 396 at 60-61. It also held: "**ZF** and STMicro shared a common

16   purpose of misleading consumers and NHTSA as to the existence of a defect in the

17   ACUs," and "**ZF**, STMicro and each of the Vehicle Manufacturer Defendants

18   furthered their common purpose through fraudulent means." *Id.* at 61-62 (emphasis

19   added). Two of these enterprises—which include the ZF Defendants—form the

20   basis of the sustained RICO claims against FCA, Kia, and Hyundai. *Id.* at 80.

21         The Court also ruled that Plaintiffs satisfied RICO's standing requirements

22   because "each Plaintiff suffered an injury when he or she bought or leased a Class

23   Vehicle because he or she did not receive a vehicle whose value was commensurate

24   with its price." *Id.* at 74. It then rejected Defendants' First Amendment and

25   causation arguments, and held that Plaintiffs and other class members are "the only

26   direct victims of Defendants' alleged fraudulent and misleading statements to

27   NHTSA." *Id.* at 75-77.

28         Regarding predicate acts of mail or wire fraud—the final element of

Plaintiffs' RICO claims under 18 U.S.C. § 1962(c)—the Court held that a pattern of misleading statements to NHTSA about the ACU Defect or Class Vehicles will support RICO claims. *See* ECF 396 at 73 (sustaining RICO claims against Kia America based on misleading statements to NHTSA). Although the Court acknowledged the first MDL complaint had "many allegations regarding such statements," including ZF's misrepresentations to NHTSA,[6] it dismissed Plaintiffs' claims because the complaint "group[ed] Defendants . . . rather than referring to individual corporate entities." *Id.* at 72 (emphasis added). The amended complaint corrects this problem by specifying each ZF Defendant's individual role in the fraud on NHTSA. *See* ECF 477 at §§ IV.F.2., IV.F.4., IV.F.8., and IV.F.14; ECF 477-1 at ¶¶1555-1560, 1568-1574, 1576-1579, 1581-1589.

The amended complaint also alleges with specificity that three ZF Defendants played essential roles in ensuring that the Class Vehicles shipped for sale to consumers with misleading "readiness indicators"—which are airbag warning lamps that communicate to the driver that an airbag system is either ready or not ready to activate during a crash. *See* ECF 477 at ¶¶1149-1155 (companies responsible for readiness indicators). Accordingly, the amended complaint also cures the group pleading problem that prompted the Court to previously dismiss claims based on readiness indicators. ECF 396 at 69 (holding Plaintiffs pled misleading statements from readiness indicators but dismissing claims based on failure to plead the "responsible" defendant with particularity). In light of the Court's holding that shipments of millions of vehicles with misleading statements are a pattern of mail fraud that supports RICO liability, the ZF Defendants' active participation in the distribution of misleading readiness indicators to consumers are predicate acts of mail fraud that independently support §1962(c) claims against ZF.[7]

---

[6] *See also* ECF 278 at ¶¶420; 602(e), (f), (g); 624(e), (f).

[7] The amended complaint also provided additional specificity concerning ZF Active Safety and Electronics US LLC's use of interstate carriers in furtherance of the

*See* ECF 396 at 69-70, 79-80 (sustaining RICO claim against FCA based on shipments of vehicles with misleading Monroney labels).

Finally, the amended complaint also cures the sole defect that prompted dismissal of Plaintiffs' RICO conspiracy claims against ZF under 18 U.S.C. §1962(d): that Plaintiffs did not "sufficiently identify" the conspirator ZF Defendants due to group pleading. *See* ECF 396 at 78-79. Plaintiffs responded to the Court's concern in the amended complaint by specifically pleading the basis for each ZF Defendant's agreement to participate in the five RICO enterprises. *See* ECF 477-1 at ¶¶1664-1677, 1791-1804, 1927-1940, 2062-2075, 2193-2206. Because the Court has held that Plaintiffs had adequately pled "the existence of one illegal agreement among FCA, *ZF TRW* and STMicro, and another among Hyundai, Kia, *ZF TRW* and STMicro" (ECF 396 at 80 (emphasis added)), these new allegations supply the particularity required by the Court's order. As conspirators, the ZF Defendants are "jointly and severally liable for the acts of their co-conspirators," which will include misleading labels by the Vehicle Manufacturer Defendants.[8] *Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 775 (9th Cir. 2002).

In sum, given the detail and specificity of the allegations against the ZF Defendants in the amended pleading, and consistent with the Court's prior ruling on these issues, there is no "immediate and clear" possibility that a forthcoming motion to dismiss from ZF will be granted. *Soundgarden*, 2020 WL 4342261, at *4.

---

fraudulent scheme. *See* ECF 477-1 at ¶¶ 1562, 1563, 1705-1707, 1838, 1839, 1974, 1975, 2104-2106. These are violations of the mail fraud statute as well.

[8] The Court previously held that misleading in-vehicle labels also support a RICO claim under §1962(c) if Plaintiffs identify the responsible Defendants. *See* ECF 396 at 69-70 (holding the complaint "sufficient to state a claim that statements in the Monroney labels were false or misleading," sustaining RICO claims against FCA based on those labels, and dismissing remaining claims due to group pleading); *id.* at 69 (holding Plaintiffs "adequately alleged the content of" certification labels for all Class Vehicles "and what makes them misleading" but dismissing due to group pleading). Plaintiffs' amended complaint rectifies the group pleading issue for all in-vehicle labels. *See* ECF 477 at ¶¶1131-1143, 1146, 1156-1161.

1    The motion to stay should therefore be denied.

2         The cases ZF cites do not counsel a different conclusion. In *Escamilla v. City*

3    *of Santa Ana*, Judge Kronstadt denied the request for discovery at the same time he

4    ended the entire case by dismissing all federal claims with prejudice and declining

5    subject matter jurisdiction over all state claims. No. 19-cv-2229, 2021 WL

6    4317974, at *2 (C.D. Cal. Sep. 22, 2021). *Rutman Wine Co. v. E. & J. Gallo*

7    *Winery* involved the same basic fact pattern: the court rejected the plaintiffs'

8    request for discovery when affirming a dismissal with prejudice and denying leave

9    to amend. 829 F.2d 729, 738 (9th Cir. 1987). Here, by contrast, the Court held that

10   Plaintiffs had adequately stated all but one element of their RICO claims against

11   ZF, dismissed the claims without prejudice because Plaintiffs needed to more

12   specifically describe each ZF Defendants' role, and granted leave to amend the

13   complaint. For these same reasons, Plaintiffs are also far more likely to succeed on

14   ZF's motion to dismiss than the plaintiffs in *Kincheloe* and *Ozone International*.[9]

15        ZF's other cases are facially irrelevant. In *Hall v. Apollo Grp., Inc*., the

16   amended complaint was "identical" to one previously dismissed in another case,

17   whereas Plaintiffs here added 500+ pages of additional allegations to respond to the

18   court's concerns about particularity. No. 14-cv-1404, 2014 WL 4354420, at *7

19   (N.D. Cal. Sept. 2, 2014). And in *Lloyd v. Fitzwater*, the plaintiff did not oppose the

20   stay motion. 2020 WL 1890591, at *1-2 (W.D. Wash. Apr. 15, 2020).[10]

21

22

23   [9] *See Kincheloe v. American Airlines Inc.*, No. 21-cv-515, 2021 WL 5847884, at *2
24   (N.D. Cal. Dec. 9, 2021) (preliminary peek determined complaint had not addressed
     deficiencies identified in the court's prior decision); *Ozone Int'l, LLC v.*
25   *Wheatsheaf Grp. US, Inc*., No. 19-cv-6155, 2020 WL 6741956, at *1–2 (W.D.
     Wash. Nov. 17, 2020) (granting discovery stay where court had already dismissed
26   some of plaintiff's claims with prejudice).

27   [10] Similar to *Lloyd*, the *Song Fi v. Google, Inc.* plaintiff, did not actually challenge
     the merits of the stay motion and instead raised only procedural arguments. No. 14-
28   cv-5080, 2016 WL 9185325, at *1 (N.D. Cal. Apr. 27, 2016) (plaintiff's sole
     argument related to filing of motion under L.R. 7-11 instead of Rule 26).

### 3.     Discovery may assist in resolving ZF's motion to dismiss.

Another factor courts consider in deciding a stay motion is "whether the
pending motion [to dismiss] can be decided without additional discovery."
*Soundgarden*, 2020 WL 4342261, at *2. Although motions to dismiss test the
sufficiency of the pleadings, this alone is not sufficient grounds for a stay.
Otherwise, "every case with a . . . motion to dismiss—the large majority of federal
actions—would be stayed at some point." *Optronic Techs., Inc. v. Ningbo Sunny
Elec. Co.*, No. 16-cv-6370, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018).

Because ZF has not yet filed its motion to dismiss, Plaintiffs do not know on
what grounds ZF will move. Nonetheless, if ZF argues that the extraordinary level
of detail pled in the amended complaint is still somehow insufficient under Rule
9(b), discovery of information in ZF's exclusive possession would help resolve that
issue. ZF's contrary arguments notwithstanding, courts do and should assess the
unfairness of denying discovery of important information to be used in a pleading
when deciding whether to stay discovery. *See, e.g., Sonneveldt v. Mazda Motor of
Am., Inc.*, No. 19-cv1298, 2021 WL 4814990 (C.D. Cal. May 4, 2021) (denying
motion to stay discovery in part because "[o]ne of the key facts that the Court held
to be deficiently pleaded . . . was Mazda's pre-sale knowledge of the . . . Defect"
and the court "hesitate[d] to deprive Plaintiffs of their ability to procure facts that
would plausibly support their allegation"); *Harmoni*, 2016 WL 11783827, at *3
("Plaintiffs' discovery requests seek information pertinent to the motions to dismiss
and potentially to an amendment of the pleadings . . .").

In this way, and depending on the arguments ZF raises, discovery may assist
in the resolution and the settlement of the pleadings in this case.

### 4.     The case management factors weigh against a stay of discovery.

The remaining *Soundgarden* factors—including the nature and complexity of
the action, the posture or stage of the litigation, the expected extent of discovery,
and any other relevant circumstances—all relate to whether granting a motion to

stay furthers the goal of efficient and fair case management, given the facts of the case. *Soundgarden*, 2020 WL 4342261, at *2.

Here, a stay of discovery is neither fair nor efficient. As explained above, many Plaintiffs brought their claims more than three years ago. Since then, ZF already benefitted from a de facto "one-year stay of discovery while the ZF and Toyota Motions [to stay] were pending." ECF 363 at 7. During the months of "active" discovery, ZF has produced very little in response to Plaintiffs' discovery requests—in total, ZF has partially answered three interrogatories and produced fewer than 900 documents in response to Plaintiffs' discovery requests. While ZF cites its earlier NHTSA production as evidence of its participation in discovery, this production involved no real work on its part because ZF had already pulled all these materials for NHTSA. Moreover, as of today, ZF still has not completed basic ESI disclosures that were due in the fall of 2021. Allowing ZF to continue to sit on its hands benefits no one other than ZF, because, as explained above, ZF will still be subject to third-party discovery in the unlikely event it prevails on its motion to dismiss. Another stay is nothing more than delay for the sake of delay.

While ZF will not ultimately avoid discovery work based on further delay, delay will prejudice Plaintiffs by slowing their ability—and right—to prepare and bring their claims to trial before a jury of their peers. Evidence stales, memories fade, and witnesses move and become unreachable. Nor is discovery from the Vehicle Manufacturer Defendants an adequate substitute, as ZF suggests. As just one example, a stay for ZF would mean that Plaintiffs cannot, for the foreseeable future, depose Mr. Goodman or any other current or former ZF employee or obtain relevant documents from their files, despite their obvious materiality to the pending claims against the Vehicle Manufacturer Defendants. *See* §I.A.2 above.

Insofar as ZF suggests the prejudice of a stay does not matter because it believes that economic damages are less important than damages caused by personal injury, it has not cited a single case in support of that proposition. ZF's

cited cases each involved a stay of *proceedings* (not of *discovery*) in one forum in light of parallel proceedings in another. *Naini v. King Cty. Pub. Hosp. Dist*. No. 19-cv-886, 2020 WL 468910, at *2 (W.D. Wash. Jan. 29, 2020) (employment action where the plaintiff pursued both "fair hearing" process with former employer and filed litigation in parallel); *I.K. ex rel E.K. v. Sylvan Union Sch. Dist*., 681 F. Supp. 2d 1179, 1191 (E.D. Cal. 2010) (addressing stay of proceedings where the plaintiff filed both state and federal actions based on the same facts). These cases are inapposite because Plaintiffs have no alternative venue for their class claims. Moreover, notwithstanding ZF's efforts to write them off, the economic damages Plaintiffs seek are important to Plaintiffs and class members. "For most Americans, the purchase or lease of a vehicle is their second largest financial investment, following only expenses for a home." ECF 477 at ¶2.

ZF's other argument that a stay will not prejudice Plaintiffs because it will be "limited" in time ignores the realities of this complex MDL. ZF's motion to dismiss will not be fully *briefed* until November 2022. ECF 497 at 10. This complicated motion is not likely to be decided for at least a year after briefing completes, given this Court's very active docket. This type of delay in a three-year old case is substantial, particularly given the prior year-long de facto stay ZF enjoyed. *See Harmoni*, 2016 WL 11783827, at *3 (concluding stay would prejudice plaintiffs based on passage of "nearly eight months" since filing of case).

Nor is this a case where further progress is needed to "better define[]" the scope of discovery before it proceeds, as ZF suggests. ECF 497 at 10. The scope of discovery is clear regardless of the specific claims that have or will survive a motion to dismiss because the sustained claims each focus on the same ACU Defect and the Defendants' knowledge thereof.

**D.    <u>Conclusion</u>**

For the foregoing reasons, the Court should deny ZF's motion to stay.

Dated: July 1, 2022                    Respectfully submitted,

                                       /s/*David Stellings*
                                       David Stellings

                                       LIEFF CABRASER HEIMANN &
                                       BERNSTEIN, LLP
                                       David Stellings (*pro hac vice*)
                                       dstellings@lchb.com
                                       John T. Nicolaou (*pro hac vice*)
                                       jnicolaou@lchb.com
                                       Katherine McBride
                                       kmcbride@lchb.com
                                       250 Hudson Street, 8th Floor
                                       New York, New York 10013-1413
                                       Telephone: 212.355.9500

                                       LIEFF CABRASER HEIMANN &
                                       BERNSTEIN, LLP
                                       Elizabeth J. Cabraser (SBN 83151)
                                       ecabraser@lchb.com
                                       Nimish R. Desai (SBN 244953)
                                       ndesai@lchb.com
                                       Phong-Chau G. Nguyen (SBN 286789)
                                       pgnguyen@lchb.com
                                       275 Battery Street, 29th Floor
                                       San Francisco, CA 94111-3339
                                       Telephone: 415.956.1000

                                       BARON & BUDD, P.C.
                                       Roland Tellis (SBN 186269)
                                       rtellis@baronbudd.com
                                       David Fernandes (SBN 280944)
                                       dfernandes@baronbudd.com
                                       Elizabeth Smiley (SBN 318165)
                                       esmiley@baronbudd.com
                                       15910 Ventura Boulevard, Suite 1600
                                       Encino, CA 91436
                                       Telephone: 818-839-2333
                                       Facsimile: 818-986-9698

1

*Co-Lead Counsel for Plaintiffs*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that on July 1, 2022, a copy of the foregoing **Plaintiffs' Opposition to ZF's Motion to Stay Discovery** was served electronically through the Court's electronic filing system upon all Parties appearing on the Court's ECF service list. Plaintiffs will email unredacted versions of the Opposition and twelve exhibits to all parties.

DATED: July 1, 2022                              */s/ David Stellings*
                                                          David Stellings