UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: **CV 19-ML-2905-JAK (PLAx)**                                              Date: **July 13, 2022**

Title:   **In re:  ZF-TRW Airbag Control Units Products Liability Litigation**

PRESENT: THE HONORABLE   **PAUL L. ABRAMS**
                                        UNITED STATES MAGISTRATE JUDGE

| **Christianna Howard** | **N/A** | **N/A** |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF(S):                     ATTORNEYS PRESENT FOR DEFENDANT(S):
                NONE                                                                                          NONE

**PROCEEDINGS:  (IN CHAMBERS)   ZF Defendants' Motion to Stay Discovery (ECF No. 497);
                                                  Plaintiffs' Application to Seal (ECF No. 509)**

On June 17, 2022, a Motion to Stay Discovery was filed by defendants ZF TRW Automotive Holdings Corp., ZF Automotive USA Inc., ZF Active Safety and Electronics US LLC, and ZF Passive Safety Systems US Inc. (collectively referred to as "ZF" or "the ZF defendants").  (ECF No. 497).  On July 1, 2022, plaintiffs filed an Opposition, along with Exhibits 1 to 12, and an Application to Seal Portions of Their Opposition.  (ECF Nos. 509, 510-1).  On July 8, 2022, the ZF defendants filed a Reply.  (ECF No. 512).  The Court previously took the hearing date for the Motion to Stay Discovery, scheduled for July 13, 2022, off calendar.  (ECF No. 513).

**Application to Seal**

Plaintiffs in the Application seek to seal the exhibits submitted with their Opposition, Exhibits 1 to 12, on the basis these exhibits were designated by various defendants as confidential.  Plaintiffs also seek to seal portions of the Opposition that include information derived from defendants' designated confidential information.  (ECF No. 509).  On July 8, 2022, defendant STMicroelectronics filed a Response to the Application (ECF No. 514), explaining that Exhibits 1 to 8 contain confidential information and should be sealed.  Also on July 8, 2022, defendants American Honda Motor Co., Inc., and Honda Development and Manufacturing of America, LLC, filed a Response (ECF No. 515), asserting the same with respect to Exhibit 11.  The only exhibits not yet addressed by any defendant are Exhibits 9, 10, and 12 -- documents that plaintiffs represent were designated as confidential by defendants Toyota and Kia America, Inc., who informed plaintiffs they would not file responses to the request to seal.  (ECF No. 509 at 3-4[1]).

/
/
/

---

[1]   For ease of reference, the Court cites to the ECF-generated page numbers.

The Stipulated Protective Order, issued on March 3, 2020, provides in pertinent part:

> The Designating Party . . . agrees to file a brief within 7 days after [a] motion to seal is filed, or such other time as may be permitted by the Court, that either supports the relevant motion to seal and explains the reasons why the Designating Party contends the information should be sealed or provides an alternative version of the Designating Party's Covered Information that the Designating Party contends is appropriate for public filing and explains the reasons why any redacted information should be sealed.  The Designating Party's failure to submit a brief explaining why the Covered Information should be sealed shall result in a waiver of confidentiality rights as to the filed documents under this Order.

(ECF No. 104 at 23-24).

Having reviewed the responses filed by defendant STMicroelectronics and the Honda defendants (ECF Nos. 514, 515), the Court **grants in part** plaintiffs' Application to Seal with respect to Exhibits 1-8 and 11.  As for Exhibits 9, 10, and 12, as mentioned above, no party has filed anything in response to plaintiffs' request to seal these documents.  In particular, the ZF defendants do not mention the Application to Seal, or otherwise address the confidentiality of any exhibits, in their Reply filed on July 8, 2022 -- which was the deadline for filing a response to the Application.  To date, the ZF defendants have not requested that the Court extend this deadline.  Under these circumstances, including plaintiffs' representation that the designating parties (i.e., defendants Toyota and Kia America) declined to file briefing on the request to seal, the Court **denies in part** the Application to Seal as to Exhibits 9, 10, and 12.  As stated in the Stipulated Protective Order, after a motion to seal is filed, the designating party's failure to file a brief stating why information should be sealed results in a waiver of confidentiality rights.  Based on the foregoing, the Court also **grants in part** the Application to Seal the portions of plaintiff's Opposition containing information derived from defendants' designated confidential information, with the exception of any portions containing information derived solely from Exhibits 9, 10, or 12.  Accordingly, in the Opposition (ECF No. 510-1), the following portions are to be sealed:

- on page 7:  the highlighted portion of lines line 27 and 28;
- on page 8:  the highlighted portion of line 1 except for the last two words ("He also"); the highlighted portion of line 3, beginning after "Ex. 12.", and the highlighted portion of lines 4-6.

**Motion to Stay Discovery**

The Court now turns to the ZF defendants' Motion seeking a stay of discovery during the pendency of ZF's anticipated motion to dismiss plaintiffs' Amended Complaint.  By way of background, plaintiffs in this multidistrict litigation matter allege that the ZF defendants knowingly designed and manufactured defective airbag control units ("ACU"), conspired with defendant vehicle manufacturers to mislead consumers about the safety of vehicles containing the defective ACUs, and concealed the alleged defect from the National Highway Traffic Safety Administration ("NHTSA").  (ECF No. 497 at 4; ECF No. 510-1 at 6).

On February 9, 2022, the District Judge issued a 178-page order ruling on the motions to dismiss filed by the various defendants in this litigation, sustaining plaintiffs' RICO claims against defendants Hyundai Motor America, Kia Motors America, and FCA US LLC, and dismissing all claims against the ZF defendants with leave to amend.  (ECF No. 396).  On May 26, 2022, plaintiffs filed a 1335-page Amended Complaint, again alleging claims against the ZF defendants.  (ECF No. 477).  The deadline for the ZF defendants to file a motion to dismiss is August 2, 2022.  (ECF No. 504).

In the Motion to Stay, the ZF defendants assert there is good cause to suspend discovery because their anticipated motion to dismiss has the potential to dispose of all claims against ZF.  Given ZF's position as a "midstream parts manufacturer," the ZF defendants assert plaintiffs are precluded from pleading they relied on any affirmative representations made by ZF, or that ZF had any duty to disclose the ACU defect to plaintiffs.  As such, the ZF defendants assert that plaintiffs' amended claims involving ZF are foreclosed as a matter of law.  (ECF No. 497 at 8).  The ZF defendants further argue that, because their prior motion to dismiss was successful, a stay is appropriate while their soon-to-be-filed motion to dismiss is briefed.  Moreover, the forthcoming motion to dismiss can be decided without any reference to information produced during discovery.  Thus, to promote efficiency and avoid a waste of resources and the expense of broad discovery, a stay is warranted, especially since the parties cannot ascertain what claims in the Amended Complaint, if any, will survive, and ZF would be unable to adequately assess the scope of discovery with respect to relevance and proportionality.  (Id. at 497 at 8-11).  Moreover, because a stay is sought only until the anticipated motion to dismiss is resolved, and not for an indefinite period of time, the ZF defendants assert that plaintiffs would not be prejudiced, especially since discovery requests can still be served on other defendants who are not seeking a stay.  (Id. at 12).  The ZF defendants also point out that earlier in this litigation, discovery was essentially paused for a nine-month period while the National Highway Trafffic Safety Administration ("NHTSA") was investigating the defective airbag issue.  When discovery picked up again in September 2021, the ZF defendants provided interrogatory responses to plaintiffs and produced 5,845 documents totaling 11,675 pages, and were negotiating a protocol for technology assisted review of potentially responsive documents until discovery halted in February 2022, when ZF's motion to dismiss was granted with leave to amend.  (ECF No. 497 at 6).

Plaintiffs oppose the stay request, asserting that ZF's soon-to-be-filed motion to dismiss will not dispose of the entire case or the issues targeted by plaintiffs' discovery requests.  (ECF No. 510-1 at 5).  Plaintiffs explain that although the original claims alleged against the ZF defendants were dismissed, the District Judge determined that plaintiffs sufficiently stated numerous claims -- more than thirty in total -- against the defendant vehicle manufacturers.  In particular, the District Judge found that plaintiffs "adequately pled several RICO claims [against other defendants] based on RICO enterprises that included ZF." (Id.)  The District Judge dismissed the RICO claims alleged against ZF because the allegations were directed at the "combined ZF corporate group rather than . . . each individual ZF Defendant -- *not* because the alleged misconduct was lawful." (Id. (emphasis in original)).  Plaintiffs explain that the allegations in the Amended Complaint cure those defects by providing greater detail, and therefore there is no indication that the anticipated motion to dismiss will be granted.  (Id. at 13-15).  In arguing against the stay, plaintiffs also assert that, contrary to the ZF defendants' position, granting the motion would result in prejudicial delay, as the forthcoming motion to dismiss could realistically remain pending for one year or more before it is ruled upon due to the complexity of this litigation.  (Id. at 6).

Pursuant to Federal Rule of Civil Procedure 26(c), a district court may, for good cause, issue an order staying discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.  See Fed. R. Civ. P. 26 (c)(1)(A).  "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." Amey v. Cinemark USA Inc., 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013) (quotations and citation omitted).  Nonetheless, district courts have "broad discretion to stay discovery pending the outcome of a potentially dispositive motion." Top Rank, Inc. v. Haymon, 2015 WL 9952887, at *1 (C.D. Cal. Sept. 17, 2015).  Because suspending discovery conflicts with the district court's obligation to secure the "just, speedy, and inexpensive" resolution of every action (see Fed. R. Civ. P. 1), "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

In considering whether a motion to stay discovery should be granted, "a case-by-case analysis is required." Amey, 2013 WL 12143815, at *2.  Numerous district courts in California employ a two-factor test to determine

if a discovery stay is appropriate, granting a stay if both of the following are satisfied: (1) "the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed," and (2) "the pending, potentially dispositive motion can be decided absent additional discovery." Quezambra v. United Domestic Workers of America AFSCME Local 3930, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (quoting Mlejnecky v. Olympus Imaging America, Inc., 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)). Some district courts also consider additional factors, such as the nature and complexity of the action; the posture or stage of the litigation (Skellercup Industries Ltd. v. City of Los Angeles, 163 F.R.D. 598, 601 (C.D. Cal. 1995)); and whether, upon a preliminary analysis of the merits of the motion to dismiss, there appears to be an "immediate and clear possibility that it will be granted" (GYE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 286 (S.D. Cal. 2000) (emphasis removed)). Thus, if a court "is convinced that the plaintiff will be unable to state a claim for relief," a stay of discovery may be appropriate pending a decision on a motion to dismiss. Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam)).

Following a review of the parties' filings, the Court **denies** the ZF defendants' Motion to Stay Discovery for several reasons. While "a stay might be appropriate where the complaint [is] utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value, . . . this is not a case where the Court is convinced that the plaintiff will be unable to state a claim for relief." See Sonneveldt v. Mazda Motor of Am., Inc., 2021 WL 4814990, at *2 (C.D. Cal. May 4, 2021) (quotations and citations omitted). Here, the ZF defendants have not sufficiently demonstrated the amended pleading fails to correct the shortcomings in the original Complaint. Moreover, given plaintiffs' representations in the Opposition, and based on the Court's preliminary review of the Amended Complaint, the Court is persuaded there is a reasonable possibility that ZF's anticipated motion to dismiss may be denied in full or in part. As plaintiffs point out, the District Judge dismissed RICO claims against the ZF defendants because plaintiffs failed to allege which specific ZF defendant made a particular fraudulent statement to the NHTSA, and instead improperly lumped the ZF defendants together without specifying their individual roles in the alleged fraud. (See ECF No. 396 at 72-73). Plaintiffs explain that the allegations in the Amended Complaint cure the defect of "group pleading" by identifying the particular ZF defendants who participated in the fraudulent activity. (ECF No. 510-1 at 14-15). With the more detailed amended allegations, plaintiffs contend that a RICO conspiracy claim is now properly pled against the ZF defendants. (Id. at 15; ECF No. 396 at 80). Based on the foregoing, the Court finds there is no clear showing that the forthcoming motion to dismiss will be granted with prejudice.

Other factors also weigh against granting a stay. For instance, even if the soon-to-be-filed motion to dismiss is ultimately granted, this would not eliminate the need for discovery, as numerous claims against other defendants remain active -- claims that, at least to some extent, still involve the ZF defendants, as it is alleged that ZF designed the defective ACUs that serve as the basis for this litigation. As plaintiffs assert, the ZF defendants would still be subject to third-party discovery even if they are dismissed from the case. Additionally, given that a stay of discovery could potentially be in effect for nearly one year (or longer) while motions to dismiss are briefed, this lengthy delay would facilitate inefficiency and thwart the expeditious resolution of this matter. ZF defendants offer no detailed facts to show that proceeding with discovery at this time would be unduly burdensome with respect to cost. In any event, the Court notes that "[d]efendants routinely respond to discovery prior to disposition of a motion to dismiss." See Sonneveldt 2021 WL 4814990, at *2. To the extent the ZF defendants find any discovery requests to be unduly burdensome or overbroad, the parties can utilize the meet-and-confer process to address such objections and narrow the requests as appropriate under the circumstances.

/
/
/
/

Based on the above, as the Court finds that the ZF defendants have not carried their heavy burden of showing good cause for staying discovery at this time, the Motion to Stay is **denied.**

**It is so ordered**.


cc:     Counsel of Record

Initials of Deputy Clerk _____ch_____