1  Eric S. Mattson (pro hac vice)
   emattson@sidley.com
2  SIDLEY AUSTIN LLP
   One South Dearborn Street
3  Chicago, IL 60603
   Telephone: +1 312 853 4716
4  Facsimile: +1 312 853 7036

5  Lisa M. Gilford (SBN 171641)
   lgilford@sidley.com
6  Stacy Horth-Neubert (SBN 214565)
   shorthneubert@sidley.com
7  SIDLEY AUSTIN LLP
   555 West Fifth Street
8  Los Angeles, CA 90013
   Telephone: +1 213 896 6000
9  Facsimile: +1 213 896 6600

10 *Counsel for Defendants*
   *Honda Motor Co., Ltd., American Honda Motor Co., Inc. and*
11 *Honda Development and Manufacturing of America, LLC*

12

13                 UNITED STATES DISTRICT COURT

14                CENTRAL DISTRICT OF CALIFORNIA

15 | *In re: ZF-TRW Airbag Control Units Products Liability Litigation*  | MDL No. 2905 |
   | --- | --- |
16 | ALL CASES | Case No. 2:19-ml-02905-JAK-FFM |
17 |  | Judge: John A. Kronstadt |
18 |  | **DEFENDANT HONDA MOTOR CO., LTD.'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE** |
19 |  |  |
20 |  | Date: January 23, 2023 |
21 |  | Time: 8:30 a.m. |
22 |  | Dept.: Courtroom 10B |

23

24

25

26

27

28

## I. INTRODUCTION

Defendant Honda Motor Co., Ltd. ("Honda Motor")[1] does not oppose Plaintiffs' request to supplement the record with the discovery Plaintiffs obtained from the American Honda Entities. Honda Motor is submitting this response to explain why that evidence does not alter the result with respect to Honda Motor's motion to dismiss.

## II. ARGUMENT

### A. The proffered evidence leads to the same result: This Court lacks personal jurisdiction over Honda Motor.

The Ninth Circuit uses a three-part test to determine whether a court may exercise specific jurisdiction over a defendant.[2] It considers whether "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). If any of these criteria are missing, the court lacks jurisdiction. *Id*.

Plaintiffs' newly proffered evidence does not address, much less undermine, any of the facts that the Honda Defendants submitted in support of their motion to dismiss, including that Honda Motor does not advertise, market, design, develop, or sell vehicles in the United States. *See* Doc. 527 (Honda Defendants' Motion to Dismiss) at 6. Nor does the evidence rebut the facts that Honda Motor has no offices in the United States, owns no manufacturing plants or other property in the United States, pays no taxes in the United States, maintains no bank accounts in the

---

[1] By submitting this and other pleadings, Honda Motor does not waive its objections to personal jurisdiction.

[2] Consistent with their prior briefing, Plaintiffs do not assert that the Court may exercise general jurisdiction over Honda Motor.

United States, and has no agent for service of process in the United States. *Id*. at 6-7. And crucially, nothing in the cited materials changes the fact that *none* of Plaintiffs' vehicles were manufactured by Honda Motor. *Id*. at 6.

Despite those shortcomings, Plaintiffs claim that their proffered evidence "confirms that [Honda Motor] purposefully directed relevant conduct toward the U.S. by controlling the design and manufacture of the Honda Class Vehicles destined for sale" in the United States. Mot. at 4. But this Court rejected this argument after Plaintiffs filed their initial consolidated complaint, which alleged that Honda Motor "has the ultimate responsibility for the design and specifications for all Honda vehicles with the [allegedly] defective ZF TRW ACUs." ECF 120 ¶ 247. This evidence also does nothing to remedy Plaintiffs' failure to tie any of the named Plaintiffs' vehicles to Honda Motor's allegedly purposeful availment of the "privileges of conducting activities" within the United States. Nor does it tie Honda Motor's alleged actions to the factual foundation to Plaintiffs' claims, namely marketing and warranty activity that was allegedly conducted by other Honda entities—not Honda Motor.

Moreover, because no class has been certified, Plaintiffs must connect Honda Motor's alleged actions to *their* claims relating to *their* own vehicles. *See Szewczyk v. United Parcel Serv., Inc.*, No. 19-cv-1109, 2019 WL 5423036, at *8 (E.D. Pa. Oct. 22, 2019) ("when a single named plaintiff seeks to bring a claim on behalf of a class or collective, that named plaintiff must establish that the court has personal jurisdiction over the defendant with respect to his or her claim"). But again, none of those vehicles was made by Honda Motor. ECF 527-1 ¶ 3. Plaintiffs' generalized claims about "relevant" models of vehicles, *see* Mot. at 3, does not suffice where it is the Honda Plaintiffs' vehicles, not the vehicles of hypothetical class members, that matter for jurisdictional purposes.

Plaintiffs' supplemental evidence also falls short of supporting their claim

that Honda Motor "controlled" the manufacture of Honda vehicles in the United States. Mot. at 4. As to vehicles developed and built in the United States (i.e., the Honda Ridgeline, Acura TL, and Acura TLX), final decisions about the design and build of the vehicles were made by Honda Development, not Honda Motor. *See* PX 1 at 22 (indicating that while HGT "will create initial functional specifications for parts," HDMA [i.e., Honda Development] will continue to develop those specifications "in vehicles that HDMA is developing"); Ex. 1 (Scally deposition) at 45:3-18 ("Q. As applied to airbag control units, was that ever HDMA [i.e., American Honda] or was it always HGT [i.e., Honda Japan] . . . . A. Those developed in HDMA will do the final sign-off for approval. Those developed in Japan, Honda Motor will do the final approval."). Even Honda Motor's approval or providing input on certain decisions is insufficient to establish personal jurisdiction because those actions are part of a normal parent-subsidiary relationship. *See Nestle USA, Inc. v. Crest Foods, Inc.,* No. 16-cv-7519, 2017 WL 3267665, at *8 (C.D. Cal. July 28, 2017) ("They also provide some support for the contention that individuals at Nestle USA reported to the Swiss Defendants and may have sought their approval prior to taking certain business actions. Dalal also declares that Caira traveled to California at an unspecified time, and addressed certain unidentified matters related to the allegations during this visit. This does not support an outcome different from that addressed above as to parent-subsidiary relationships.").

As to vehicles developed in Japan but built in the United States, the proffered materials indicate only that Honda Motor developed the vehicles, not that it marketed, distributed, or sold them. Honda Motor's mere knowledge that vehicles it developed would be sold downstream is insufficient to establish personal jurisdiction. *See Williams v. Yamaha Motor Co.,* 851 F.3d 1015, 1023 n.3 (9th Cir. 2017) (declining to find jurisdiction based on defendant's knowledge "that its products would be sold and used in California" even though the defendant would

3

have "benefited economically from those sales").

Finally, Plaintiffs' reliance on manufacturing instructions, specifications related to unknown parts, and drafts of owner's manuals unattached to the airbag control units, *see* Mot. at 2-4, are irrelevant because those matters have nothing to do with the claims in this case. As such, even if those allegations involved an act or transaction within a relevant forum, they fail the second part of the Ninth Circuit's three-part test: that the claim arise out of Honda Motor's "forum-related activities." *Pebble Beach*, 453 F.3d at 1155.

### B. Even if the Court could exercise personal jurisdiction over Honda Motor, Plaintiffs' claims would still fail.

Plaintiffs' claims against Honda Motor should be dismissed even if the Court concludes that it may exercise personal jurisdiction over it. While Plaintiffs bring a variety of claims against the Honda Defendants, the crux of the case is their belief that the Honda Defendants sold vehicles to them without disclosing the alleged defect. But again, Honda Motor did not sell or market the relevant vehicles in the United States. As such, even if the Court were to exercise jurisdiction over Honda Motor, Plaintiffs have not plausibly alleged that Honda Motor can be held liable. The same is true with respect to Plaintiffs' warranty claims, as American Honda, not Honda Motor, is the warrantor of the relevant warranties.

Dated: January 18, 2023                    Respectfully submitted,

                                                                           */s/ Eric S. Mattson*
                                                                           Eric S. Mattson

*Counsel for Defendants Honda Motor Co., Ltd., American Honda Motor Co., Inc., and Honda Development and Manufacturing of America, LLC*

4

RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE

4881-6571-9625v.2

## CERTIFICATE OF SERVICE

I certify that on January 18, 2023, a copy of Honda Motor Co., Ltd.'s Response to Plaintiffs' Motion for Leave to File Supplemental Evidence was served electronically through the court's electronic filing system upon all parties appearing on the court's ECF service list.

/s/   *Eric S. Mattson*
Eric S. Mattson

4881-6571-9625v.2