1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re ZF-TRW Airbag Control Units Products Liability Litigation*<br><br>ALL ACTIONS AGAINST THE TOYOTA DEFENDANTS | Case No. 2:19-ml-02905-JAK-MRW<br><br>**[PROPOSED] ORDER (1) GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS; AND (2) SCHEDULING A FAIRNESS HEARING** |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Parties to the above-captioned action currently pending against Toyota Motor North America, Inc., Toyota Motor Sales U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota") have agreed to a proposed class action settlement, the terms and conditions of which are set forth in an executed Settlement Agreement. [1] The Parties reached the Settlement through arm's-length negotiations with the assistance and oversight of Settlement Special Master Patrick A. Juneau. Under the Settlement Agreement, subject to the terms and conditions therein and subject to Court approval, the Action will be dismissed with prejudice, and proposed Class Representatives and the proposed Class would fully, finally, and forever resolve, discharge, and release their claims against the Released Parties in exchange for the relief set forth in the Settlement Agreement.

This Court, with the Honorable John A. Kronstadt presiding, conducted a hearing regarding *Plaintiffs' Motion for Entry of an Order Granting Preliminary Approval of Class Action Settlement and Issuance of Related Orders* (the "Motion"). Upon considering the Motion and exhibits thereto, the Settlement Agreement and related documents and exhibits, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that:

i.   this Court has jurisdiction over the subject matter and Parties to these proceedings;

ii.  the proposed Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be preliminarily certified for Settlement purposes only;

iii. the persons and entities identified below should be appointed Settlement Class Representatives, and Class Counsel for Settlement purposes only;

---

[1] For purposes of this Order, the Court adopts and incorporates all terms and definitions set forth in the Settlement Agreement, including all exhibits and related documents thereto.

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

iv.    the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel and is not the result of collusion;

v.    the Settlement is fair, reasonable, and adequate and should be preliminarily approved;

vi.    the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class;

vii.    the proposed Notice Program and proposed forms of notice satisfy Rule 23 and Constitutional Due Process requirements and are reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, preliminary class certification for settlement purposes only, the terms of the Settlement, details regarding Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for Class Representative service awards, their rights to opt-out of the Class and object to the Settlement, and the process for submitting a Claim;

viii.    good cause exists to schedule and conduct a Fairness Hearing, pursuant to Rule 23(e), to assist the Court in determining whether to grant final approval of the Settlement, certify the Class, for settlement purposes only, and issue a Final Order and Final Judgment, and whether to grant Class Counsel's Fee Application and request for Class Representative service awards; and

ix.    whether the other related matters pertinent to the preliminary approval of the Settlement should also be approved.

Based on the foregoing, **THE COURT HEREBY GRANTS THE MOTION FOR PRELIMINARY APPROVAL AND MAKES THE FOLLOWING FINDINGS AND ORDERS**:

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

1.     The Court finds that it has jurisdiction over the Action and the Parties pursuant to 28 U.S.C. §§ 1331 and 1332 for purposes of settlement, and venue is proper in this district pursuant to 28 U.S.C. § 1391(a). The Court shall retain continuing jurisdiction for the purpose of enforcing the Settlement Agreement after the entry of a Final Order and Judgment.

**Preliminary Class Certification for Settlement Purposes Only, and Appointment of  Class Representatives and Settlement Class Counsel**

1.     In deciding whether to preliminarily certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.,* all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542-44 (9th Cir. 2013).

2.     Where, as here, "the parties negotiate a settlement agreement before the class has been certified, settlement approval requires a higher standard of fairness and a more probing inquiry than may be normally required under Rule 23(e)." *Roes 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019); *In re Apple Inc. Device Performance Litig.*, No. 21-15758, 2022 WL 4492078, at *8 (9th Cir. Sept. 28, 2022).

3.     The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to preliminary settlement approval of class actions have been satisfied.  The proposed settlement appears to be the product of serious, informed negotiations that were conducted in good faith and at arms' length between the Parties' counsel, and falls within the range of possible approval as fair, reasonable, and adequate. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009). Therefore, the Court preliminarily approves the settlement of this Action as

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

memorialized in the Settlement Agreement, and finds it will be likely to certify the following Class for settlement purposes only:

> All persons or entities who or which, on the date of the issuance of the Preliminary Approval Order, own/lease or previously owned/leased Subject Vehicles distributed for sale or lease in the United States or any of its territories or possessions. Excluded from this Class are: (a) Toyota, its officers, directors, employees and outside counsel; its affiliates and affiliates' officers, directors and employees; its distributors and distributors' officers and directors; and Toyota's Dealers and their officers and directors; (b) Settlement Class Counsel, Plaintiffs' counsel, and their employees; (c) judicial officers and their immediate family members and associated court staff assigned to this case; and (d) persons or entities who or which timely and properly exclude themselves from the Class.

4.      Specifically, the Court finds, for settlement purposes, that the Class likely satisfies the following factors of Rule 23:

a.      <u>Numerosity</u>: In the Action, more than five million individuals, spread out across the country, are members of the proposed Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig. ("FCA EcoDiesel)*, No. 17-MD-02777-EMC, 2019 WL 536661, at *5 (N.D. Cal. Feb. 11, 2019) (numerosity satisfied where "there are approximately 100,000 vehicles that were sold or leased to consumers in the United States").

b.      <u>Commonality</u>: The threshold for commonality under Rule 23(a)(2) is not high. The common question "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth of falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the commonality requirement is satisfied for settlement purposes because there are multiple questions of law and fact

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

that center on Toyota's sale of Subject Vehicles equipped with allegedly defective Airbag Control Units, as alleged in the ACCAC.

c. <u>Typicality</u>: The Plaintiffs' claims are typical of the Class for purposes of this Settlement because they concern the same general alleged conduct, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See FCA EcoDiesel*, 2019 WL 536661, at \*5 (finding typicality satisfied where the plaintiffs' claims were based on the same pattern of wrongdoing as those brought on behalf of class members).

d. <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed Settlement Class Representatives have interests antagonistic to the Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.* ("*VW Clean Diesel*"), No. 2672 CRB (JSC), 2017 WL 672820, at \*5 (N.D. Cal. Feb. 16, 2017). Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Class, and Plaintiffs have retained competent counsel to represent them and the Class. Settlement Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiffs and Settlement Class Counsel have vigorously and competently represented the Class Members' interests in the Action.

e. <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for more than five million Class Members in a single, coordinated proceeding is superior to millions of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

. . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Servs.*, Inc., 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks and citation omitted). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Class Members in a single common judgment. *See VW Clean Diesel*, 2017 WL 672820, at *8.

5.     The Court previously appointed David Stellings and Roland Tellis Co-Lead Counsel in this litigation. ECF 106. Co-Lead Counsel now apply for appointment of themselves and Plaintiffs' Steering Committee members as Settlement Class Counsel. Having considered that application, the Court hereby appoints the following persons and entities as Settlement Class Counsel for purposes of the Settlement only: Baron & Budd, P.C., Lieff Cabraser Heimann & Bernstein, LLP, Ahdoot & Wolfson, PC, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Bleichmar Fonti & Auld LLP, Boies, Schiller & Flexner L.L.P., Casey Gerry Schenk Francavilla Blatt & Penfield, LLP, DiCello Levitt Gutzler LLC, Gibbs Law Group LLP, Keller Rohrback L.L.P., Kessler Topaz Meltzer and Check LLP, Podhurst Orseck, P.A., Pritzker Levine LLP, Robbins Geller Rudman & Dowd LLP, and Robins Kaplan LLP.

6.     Co-Lead Counsel have further applied for appointment of proposed Settlement Class Representatives: Mark Altier, Alejandra Renteria, Samuel Choc, Tatiana Gales, Gary Samouris, Michael Hines, Brent DeRouen, Danny Hunt, Evan Green, Joy Davis, and Dee Roberts. Having considered that application, the Court hereby appoints these individuals as Settlement Class Representatives for purposes of the Settlement only.

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

## Preliminary Approval of the Settlement

7.      Upon preliminary evaluation, there are no indications that the settlement is the product of fraud or overreaching by, or collusion between, the negotiating parties. *See Officers for Just. v. Civil Serv. Comm'n of City and Cnty of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982). The settlement appears to be the result of extensive, good-faith, arm's-length negotiations that took place between the parties by counsel who are experienced in similar litigation along with the assistance of the Settlement Special Master Patrick A. Juneau – who was appointed Settlement Special Master by this Court on June 7, 2022 (Dkt. No. 493) – and which followed substantial discovery that was sufficient to enable counsel and the Court to make informed decisions. *See Manual for Complex Litigation (Third)* § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.").

8.      The proposed Settlement Agreement provides for a Settlement Fund that will be used for the following purposes: (a) to pay valid and approved claims submitted by eligible Class Members to the Out-of-Pocket Claims Process; (b) to pay notice and related costs, (c) to pay for settlement and claims administration, including expenses associated with the Settlement Special Administrator and his consultants, taxes, fees, and related costs; (d) to make residual cash payments to Class Members, to the extent that there are residual amounts remaining and pursuant to Section III.C. of the Settlement Agreement; (e) to pay Settlement Class Counsel's fees and expenses as the Court awards; (f) to make service award payments to individual Plaintiffs; and (g) to pay Taxes.  The Settlement Fund may also be utilized for additional outreach and notice costs that the Parties jointly agree is necessary in furtherance of the terms of the Settlement, and after consulting with the Settlement Special Master.

9.      Certain notice and settlement administration costs will be accrued prior to any final approval of the Settlement. As such, Toyota has agreed to deposit the

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT,
CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL
FAIRNESS HEARING

$65,000,000.00 less those initial notice and settlement administration costs, into the Qualified Settlement Fund ("QSF") no later than one (1) month prior to the date set by this Court for the Fairness Hearing, to fund the Settlement Fund. If this Court does not grant final approval to the Settlement, any funds remaining in the QSF revert to Toyota, and any such funds paid into the QSF and not returned to Toyota will be credited towards any eventual settlement that may be approved.

10.     The proposed Settlement Agreement provides the following consideration to the Class:

- Out-of-Pocket Claims Process: reasonable out-of-pocket expenses Class Members incurred related to the Recall. Should Unrecalled Vehicles be subject to a Recall before the Claims Period expires, the Out-of-Pocket Claims Process shall also apply to such Unrecalled Vehicles. The Claims Period deadline to submit a Registration/Claim Form will be three years from the Effective Date.

- Residual Distribution: Any funds that remain after all Out-of-Pocket expense payments have been made shall be distributed on a per capita basis to each Class Member who (a) submitted out-of-pocket claims; or (b) registered for a residual payment only. Residual Distribution payments shall be up to $250 per Class Member unless the Parties agree to a higher cap and jointly recommend the amount to the Settlement Special Administrator for approval.

- Inspection Program: Toyota shall institute the Inspection Program protocol set forth in Exhibit 3 of the Settlement Agreement.

- Extended New Parts Warranty: An unlimited-mileage warranty for the parts installed in the Subject Vehicles pursuant to the Recall will be implemented. The extended new parts warranty will last for 12 years,

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

measured from the date of this Order. In the event the ZF-TRW ACUs in Unrecalled Vehicles are recalled in the future, Toyota has agreed to extend the new parts warranty coverage for the parts installed during the future ZF-TRW ACU Recall, subject to similar terms.

- Outreach Program: Toyota will undertake an outreach program designed to significantly increase Recall Remedy completion rates. The budget for the Outreach Program is $3,500,000.00. The Outreach Program will be overseen and managed by Toyota pursuant to the terms of the Settlement Agreement. The Settlement Special Administrator will approve Toyota's Outreach Program expenditures, which will be reimbursed from the Settlement Fund on the Effective Residual Distribution Date, which is the date upon agreement of the Parties and in consultation with the Settlement Special Master, upon which the final distribution from the Settlement Fund is to be made. To the extent Toyota's Outreach Program expenditures are less than $3,500,000.00, as determined by the Settlement Special Administrator, Toyota shall deposit the difference into the Settlement Fund for distribution on the Effective Residual Distribution Date.

- Future Rental Car Reimbursement, Loaner Vehicle, and Future Outreach Program: Toyota shall offer a Future Rental Car Reimbursement, Loaner Vehicle, and Outreach Program for Class Members. Under the Program, if a Class Member who, after the Effective Date, seeks the Recall Remedy from a Toyota Dealer before the Claims Period deadline and is not provided with a loaner vehicle while the Recall Remedy is being performed, then that Class Member may submit a Registration/Claim Form for reimbursement from the Settlement Fund for reasonable rental

car costs.  If there is a ZF-TRW ACU recall for Unrecalled Vehicles before the Claims Period deadline, Class Members of such Unrecalled Vehicles may request a courtesy loaner vehicle while a Toyota Dealer completes the ZF-TRW ACU recall, or alternatively may submit a claim for reimbursement of reasonable rental car costs from the Settlement Fund during the Claims Period.  Additionally, Toyota shall also provide outreach related to any such recalls for the Unrecalled Vehicles. Toyota will receive a credit of $10,000,000.00 against the Settlement Amount as defined in the Settlement Agreement, for providing Future Loaner Vehicles and Future Outreach Programs.

- Possible *cy pres* payments. If the Settlement Fund has a balance after the Residual Distribution, and if it is not feasible and/or economically reasonable to distribute the remaining funds to Class Members who submitted claims and/or registered, then that balance shall be distributed *cy pres*, subject to the agreement of the Parties, through their respective counsel, and Court approval.

- After the entry of this Preliminary Approval Order, Toyota, at its sole discretion, may, after consultation with Co-Lead Counsel, implement certain of the above benefits in advance of final approval (with respect to the Inspection Program and the Extended New Parts Warranty) or the occurrence of the Effective Date (with respect to the Future Rental Car Reimbursement, Loaner Vehicle, and Future Outreach Program).

11.   The Court concludes that the proposed settlement between the parties is sufficiently fair, adequate, and reasonable to warrant preliminary approval. There is a sufficient "record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object." Fed. R. Civ. P. 23(e)(1),

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

2018 advisory committee notes. The Court finds that it will likely be able to approve the proposed Settlement Class under Rule 23(e)(2), because the Class and its representatives likely meet all relevant requirements of Rule 23(a) and Rule 23(b)(3).

**Approval of the Class Notice Program and Direction to Effectuate the Notice**

12.     The Court has considered the form and content of the Class Notice Program (copies of which are attached to the Declaration of Jeanne C. Finegan, APR as Exhibit Nos. C, D, E, and F), and finds that the Class Notice Program and methodology as described in the Settlement Agreement and in the Declaration of the Settlement Notice Administrator: (a) meet the requirements of due process and Federal Rules of Civil Procedure 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the Constitutional requirements regarding notice.

13.     In addition, the Court finds that the Class Notice Program: (a) apprises Class Members of the pendency of the Action, the terms of the proposed settlement, their rights and deadlines under the settlement; (b) is written in simple terminology; (c) is readily understandable by Class Members; (d) provides sufficient notice of Settlement Class Counsel's request for attorneys' fees and costs and incentive awards to Class Representatives; and (e) complies with the Federal Judicial Center's illustrative class action notices.

14.     The Court hereby approves the Class Notice Program and the methodology described in the Settlement Agreement and in the Declaration of the Settlement Notice Administrator in all respects, and it hereby orders that notice be commenced no later than August 11, 2023.

15.     The Court understands, however, that the Parties must obtain Toyota customer data from a third party before distribution of the Direct Mail Notice, and that the time within which that data can be obtained is not certain. The Parties have proposed

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

S&P Global Automotive, formerly known as Polk ("S&P") as the third-party data provider and the Court approves their selection.

16.     Direct Mail Notice to the persons and entities identified by S&P shall be substantially completed in accordance with the Notice Program. Toyota is hereby ordered to obtain such vehicle registration information through S&P, which specializes in obtaining such information, from, inter alia, the applicable Departments of Motor Vehicles.

17.     The Court authorizes the Notice Administrator, through data aggregators or otherwise, to request, obtain and utilize vehicle registration information from the Department of Motor Vehicles for all 50 states, the District of Columbia, Puerto Rico, Guam, the U.S. Virgin Islands and all other United States territories and/or possessions for the purposes of identifying the identity of and contact information for purchasers and lessees of Class Vehicles. Vehicle registration information includes, but is not limited to, owner/lessee name and address information, registration date, year, make, and model of the vehicle.

18.     The Parties have also proposed the appointment of Patrick A. Juneau and Patrick Hron of Juneau David, APLC, as Settlement Special Administrators and Kroll Notice Media as Settlement Notice Administrator. Having considered the resumes and declarations of each, the Court hereby approves these appointments.

19.     The Settlement Notice Administrator shall send the Direct Mailed Notice, substantially in the form attached to the Declaration of Jeanne C. Finegan, APR as Exhibit D, by e-mail and/or first-class U.S. Mail, proper postage prepaid to Class Members, as identified by data to be provided to the Settlement Notice Administrator by S&P. The mailings of the Direct Mail Notice to the persons and entities identified by shall be substantially completed by September 11, 2023.

20.     The Court further approves, as to form and content, the Long-Form Notice,

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

the Publication Notice, and the Claim Form, which are attached to the Declaration of Jeanne C. Finegan, APR as Exhibits C, E, and F, respectively. The Court also approves the establishment of an internet website for the settlement. The website shall conform to the terms of the Settlement Agreement, and shall include documents relating to the settlement, orders of the Court relating to the settlement and such other information as Toyota and Co-Lead Counsel mutually agree would be beneficial to potential Class Members. The website shall also accept electronically filed Registration/Claim Forms and shall be optimized for search engines and for use on mobile phones. Toyota shall pay the costs of the Class Notice in accordance with the Settlement Agreement. The Parties are hereby authorized to establish the means necessary to implement the notice and/or other terms of the Settlement Agreement.

## Establishment of Qualified Settlement Fund

21.     The Court finds that the Escrow Account is to be a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

> a.   The Account is to be established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;
>
> b.   The Account is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and
>
> c.   The assets of the Account are to be segregated from other assets of Defendants, the transferor of the payment to the Settlement Funds, and controlled by an Account Agreement.

22.     Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that Toyota may elect to treat the Account as

coming into existence as a "qualified settlement fund" on the latter of the date the Account meets the requirements of Paragraphs 21(b) and 21(c) of this Order or January 1 of the calendar year in which all of the requirements of Paragraph 21 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Funds on such date shall be treated as having been transferred to the Account on that date.

23. The name of the Qualified Settlement Fund shall be "Toyota ZF-TRW Class Action Settlement QSF."

24. The Court approves Citi Private Bank as the Escrow Agent.

25. The Court approves Miller Kaplan Arase LLP as the Tax Administrator.

26. The QSF shall be funded pursuant to the requirements agreed to in the Settlement Agreement.

27. The Court retains continuing jurisdiction and supervision over the QSF.

## Fairness Hearing, Opt-Outs, and Objections

28. The Fairness Hearing is set for November 13, 2023 at 8:30 a.m.. The Fairness Hearing will be held before the Honorable John A. Kronstadt at the United States District Court, Central District of California, First Street Courthouse, 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012, to consider, *inter alia*, the following: (a) whether the Class should be certified for settlement purposes; (b) whether the settlement and Settlement Agreement should be finally approved as fair, reasonable and adequate; and (c) whether to approve Settlement Class Counsel Attorneys' Fees and Expenses ("Fee Request") and individual awards to the Settlement Class Representatives.

29. Class Members who wish to be excluded from the Class must mail a written request for exclusion to the Settlement Notice Administrator at the address provided in the Long Form Notice, specifying that he or she wants to be excluded and otherwise complying with the terms stated in the Long Form Notice and the Settlement

Agreement.

30.     Potential Class Members who timely and validly exclude themselves from the Class shall not be bound by the Settlement Agreement, the settlement, or the Final Order and Final Judgment. If a potential Class Member files a request for exclusion, they may not assert an objection to the settlement. The Settlement Notice Administrator shall provide copies of any requests for exclusion to Co-Lead Counsel and Toyota's Counsel as provided in the Settlement Agreement.

31.     Any potential Class Member that does not properly and timely exclude themself from the Class shall remain a Class Member and shall be bound by all the terms and provisions of the Settlement Agreement and the settlement and the Final Order and Final Judgment, whether or not such Class Member objected to the settlement or submits a Claim Form.

32.     Any Class Member who has not requested exclusion and who wishes to object to the settlement or Fee Request or service awards to the Plaintiffs must deliver to Co-Lead Counsel and to Toyota's Counsel, and file with the Court, on or before October 20, 2023 a written statement of his or her objections.

33.     For an objection to be considered by the Court, the objection must comply with the terms of the Settlement Agreement and the Long Form Notice.

34.     No objection that fails to satisfy these requirements and any other requirements found in the Long Form Notice shall be considered by the Court.

35.     The filing of an objection shall allow Co-Lead Counsel or counsel for Toyota to, at their discretion, notice the deposition of the objecting Class Member and/or to seek the production of documents and tangible things relevant to the objections on an expedited basis, so as to promote and ensure the efficient administration of justice, the timely resolution of objections and of this settlement, and the orderly presentation of any Class Member's objection to the settlement, in accordance with the due process

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

rights of all Class Members. Consistent with these objectives, service of a deposition notice and/or a request to produce documents and tangible things in lieu of a formal subpoena shall be sufficient. Likewise, any such deposition may take place remotely, or at an agreed upon location at an agreed upon date and time, but, in no event more than 15 days following service of a deposition notice, a request to produce documents and other tangible things. Any objections to the scope of a deposition notice or a request to produce documents or other tangible things issued or served in connection with this provision shall be brought before this Court for resolution on an expedited basis.

36.     The Court may take such action it deems just and appropriate in the event an objecting Class Member fails to appear for deposition or comply with a request to produce documents or other tangible things.

37.     If the Court determines the objection is frivolous or made for an improper purpose, the Court may take such action it deems just and appropriate. Prior to doing so, however, the Court may allow an objector to voluntarily withdraw their objection.

38.     Plaintiffs shall file their motion for final approval, which shall include Plaintiffs' response to validly submitted objections (if any), and Settlement Class Counsel's Fee Request, no later than September 22, 2023. Copies of Plaintiffs' motion for final approval and Settlement Class Counsel's Fee Request shall be posted on the settlement website.

39.     Any Class Member who files and serves a written objection and has not excluded themself from the Class may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, and may be heard, to the extent allowed by the Court, either in support of or in opposition to the settlement and/or the Fee Request. However, no Class Member shall be heard at the Fairness Hearing unless such person/entity files a "Notice of Intent to Appear in *In re ZF-TRW Airbag Control Units Products Liability Litigation*" with the Clerk of Court and deliver

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

to Co-Lead Counsel and to Toyota's Counsel on or before the date listed in the deadlines chart below. In the notice, the Class Member must include his/her/their name, address, telephone number, the make, model year, and VIN number of his/her/its Subject Vehicle(s), and a signature. The Clerk of Court's address is as follows:

> Clerk of Court
> United States District Court for the Central District of California
> First Street Courthouse
> 350 W. First Street, Courtroom 10B
> Los Angeles, CA 90012

> Addresses of Co-Lead Counsel and Toyota's Counsel are as follows:
> **Co-Lead Counsel**
> David Stellings
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP,
> 250 Hudson Street, 8th Floor
> New York, NY 10013-1413

> and

> Roland Tellis
> BARON & BUDD, P.C.
> 15910 Ventura Blvd, Suite 1600
> Encino, CA 91436

> **Toyota's Counsel**
> John P. Hooper
> KING & SPALDING LLP
> 1185 Avenue of the Americas
> New York, NY 10036

40.    Class Members who intend to object at the Fairness Hearing must also have followed the procedures for objecting in writing as set forth in this Order. Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Co-Lead Counsel and to Toyota's

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

Counsel, and file said notice with the Court, at least 10 days before the Fairness Hearing. Any Class Member who has requested permission to speak must be present at the start of the Fairness Hearing at November 13, 2023 at 8:30 a.m..

41.     The deadlines set forth in this Order, including the date and time of the Fairness Hearing, shall be subject to extension by the Court without further notice to the Class Members other than that which may be posted at the Court, and/or the settlement website at www.AirbagControlUnitSettlement.com. Class Members should check the settlement website regularly for updates and further details regarding the settlement and extensions of the deadlines thereunder.

42.     The Court retains jurisdiction to consider all further applications arising out of or in connection with the settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties to the settlement, if appropriate, without further notice to the Class, except that notice of such modifications shall be posted on the settlement website.

43.     Not later than 10 days before the date of the Fairness Hearing, the Settlement Notice Administrator shall file with the Court: (a) a list reflecting all timely, valid requests for exclusion; and (b) the details outlining the scope, methods of distribution, and results of the Class Notice.

## Stay/Bar of Other Proceedings

44.     Pending the Fairness Hearing and the Court's decision whether to finally approve the settlement, all proceedings in the Action, other than proceedings necessary to carry out or enforce the Settlement Agreement or this Order, are stayed and suspended, until further order from this Court. The Court further enjoins potential Class Members from challenging in any action or proceeding any matter covered by this Settlement Agreement, except for proceedings in this Court to determine whether the Settlement Agreement will be given final approval. Pursuant to 28 U.S.C. § 1651(a) and

19

2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Upon final approval of the settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Settlement Agreement against any of the Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Settlement Agreement.

### Settlement Deadlines

45.     The Court hereby establishes the following schedule, in accordance with the Parties' Settlement Agreement, which shall govern the settlement proceedings in this Action unless continued or otherwise modified by the Court:

| EVENT | DEADLINES |
|---|---|
| Initial Class Notice to be Disseminated | No later than August 11, 2023 |
| Toyota's Counsel shall provide to the Settlement Notice Administrator a list of all counsel for anyone who has then-pending economic-loss litigation against Toyota relating to ZF-TRW ACU claims involving the Subject Vehicles and/or otherwise covered by the Release, other than those counsel in the Actions | No later than August 16, 2023 |
| Direct Mail Notice to be Substantially Completed | No later than September 11, 2023 |
| Plaintiffs' Motion, Memorandum of Law and Other Materials in Support of their Requested Award of Attorneys' Fees, Reimbursement of Expenses, and Request for Class Representatives' Service Awards to be Filed with the Court | No later than September 22, 2023 |
| Parties' Motion for Final Approval, Memoranda of Law, and Other Materials in | No later than September 22, 2023 |

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

| Support of Final Approval to be Filed with the Court | |
|---|---|
| Deadline for Receipt by the Clerk of All Objections Filed and/or Mailed by Class Members | October 20, 2023 |
| Postmark Deadline for Class Members to Mail their Request to Exclude Themselves (Opt-Out) to Settlement Notice Administrator | October 20, 2023 |
| Deadline for filing Notice of Intent to Appear at Fairness Hearing by Class Members and/or their Personal Attorneys | November 3, 2023 (filing is to be with Clerk of the Court with copies served on Co-Lead Counsel and Toyota's Counsel) |
| Settlement Notice Administrator Shall File List of Opt-Outs and the Results of the Dissemination of the Notice with the Court | October 30, 2023 |
| Parties' Supplemental Memorandum of Law in Further Support of the Settlement to be Filed with the Court and Response to Objections and Requests for Exclusion from the Class | October 30, 2023 |
| Fairness Hearing | November 13, 2023 at 8:30 a.m. - No sooner than 126 days after Preliminary Approval Order |

## **Effect of Failure to Approve the Settlement or Termination**

46.     In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

a.     The Settlement Agreement shall be null and void and shall have no force or effect, and no Party to the Agreement shall be bound by any of its terms, except for the terms of Section X.D of the Agreement;

b.     The Parties will petition the Court to have any stay orders entered pursuant to this Agreement lifted;

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

c.      All of its provisions, and all negotiations, statements, and proceedings relating to it shall be without prejudice to the rights of Toyota, Plaintiffs or any Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of the Agreement, except that the Parties shall cooperate in requesting that the Court set a new scheduling order such that no Party's substantive or procedural rights are prejudiced by the settlement negotiations and proceedings;

d.      Plaintiffs and all other Class Members, on behalf of themselves and their heirs, assigns, executors, administrators, predecessors, and successors, expressly and affirmatively reserve and do not waive all motions as to, and arguments in support of, all claims, causes of actions or remedies that have been or might later be asserted in the Actions including, without limitation, any argument concerning class certification, and treble or other damages;

e.      Toyota and the other Released Parties expressly and affirmatively reserve and do not waive all motions and positions as to, arguments in support of, and substantive and procedural rights as to all defenses to the causes of action or remedies that have been sought or might be later asserted in the actions, including without limitation, any argument or position opposing class certification, liability or damages;

f.      Neither the Agreement, the fact of its having been made, nor the negotiations leading to it, nor any discovery or action taken by a Party or Class Member pursuant to the Agreement shall be admissible or entered into evidence for any purpose whatsoever;

g.      Any settlement-related order(s) or judgment(s) entered in this Action after the date of execution of this Agreement shall be deemed vacated and shall be without any force or effect;

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

h.     All costs incurred in connection with the Settlement, including, but not limited to, notice, publication, and customer communications, shall be paid from the Settlement Fund and all remaining funds shall revert back to Toyota as soon as practicable. Neither Plaintiffs nor Settlement Class Counsel shall be responsible for any of these costs or other settlement-related costs; and

i.     Any Attorneys' Fees and Expenses previously paid to Settlement Class Counsel shall be returned to Toyota within 14 calendar days of termination of the Agreement.

## General Provisions

47.     The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement. Co-Lead Counsel and Toyota's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or necessary.

48.     As set forth in the Settlement Agreement, if the Settlement Agreement is not finally approved by the Court or is terminated for any reason (in whole or in part) the settlement will be rescinded and will be without further legal effect. The Parties will then litigate the lawsuit as if this settlement had never occurred, without prejudice to any claims or defenses they may have. Pursuant to Fed. R. Evid. 408, the settlement, the Settlement Agreement, and all related briefing, arguments, transcripts, and documents will be inadmissible in any proceeding to prove or disprove the validity of any claim, defense, or allegation asserted in the Action. The provisional certification of the Class pursuant to this Order shall be vacated automatically and the Action shall

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING

proceed as though the Class had never been certified. The Parties shall have all of the rights, defenses, and obligations they would have had absent the Settlement Agreement.

49.    The terms and provisions of the Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

50.    Any confidential information made available to Class Representatives and Class Counsel solely through the settlement process shall not be disclosed to third parties (other than experts or consultants retained by Class Representatives in connection with the Action); shall not be the subject of public comment; shall not be used by Class Representatives or Class Counsel in any way in this litigation or otherwise should the Settlement Agreement not be achieved; and shall be returned if a settlement is not concluded; provided, however, that nothing contained herein shall prohibit Class Representatives from seeking such information through formal discovery if not previously requested through formal discovery or from referring to the existence of such information in connection with the settlement of the Action.

**IT IS SO ORDERED**:

Date: _____        _____

HON. JOHN A. KRONSTADT
United States District Court

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING NOTICE TO THE CLASS, AND SETTING A FINAL FAIRNESS HEARING