Thomas F.A. Hetherington*
tom.hetherington@mhllp.com
Kendall J. Burr*
kendall.burr@mhllp.com
Robert P. Debelak III*
bobby.debelak@mhllp.com
McDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, TX 77002
Telephone: 713.337.5580
Facsimile: 713.337.8850

**Admitted Pro Hac Vice*

*(All Counsel Listed Below)*

*Attorneys for Defendant STMicroelectronics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

*In re: ZF-TRW Airbag Control Units Products Liability Litigation*

ALL CASES

MDL No. 2905
Case No. 2:19-ml-02905-JAK-MRW

**STMICROELECTRONICS, INC.'S RESPONSE TO PLAINTIFFS' APPLICATION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANT STMICROELECTRONICS SDN BHD'S MOTION TO DISMISS**

Hon. John A. Kronstadt
Hon. Michael R. Wilner

Case No.: 2:19-ml-02905-JAK-MRW
STMICROELECTRONICS, INC.'S RESPONSE TO PLAINTIFFS' APPLICATION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANT STMICROELECTRONICS SDN BHD'S MOTION TO DISMISS

## INTRODUCTION

Under this Court's Order re Stipulated Protective Order Regarding Confidential Treatment of Documents (the "Protective Order") (Dkt. 104) and Local Rule 79-5.2.2, STMicroelectronics, Inc. ("ST Inc.") serves the following Response to Plaintiffs' Application to Seal Portions of Plaintiffs' Opposition to Defendant STMicroelectronics SDN BHD's Motion to Dismiss (Dkt. 795).

Plaintiffs filed Ex. 1 (ZF-MDL-0000985189), Ex. 2 (ZF-MDL-0000985496), Ex. 3 (ST_INC010122), Ex. 4 (ST_INC010136), Ex. 5 (ST_INC010297), Ex. 6 (ST_INC010467), Ex. 7 (ST_INC010601), Ex. 8 (ZF-MDL-0000013671), Ex. 9 (ZF-MDL-0000013690), Ex. 10 (ZF-MDL-0000013757), Ex. 11 (ZF-MDL-0000014683), Ex. 12 (ZF-MDL-0000406416), Ex. 13 (ZF-MDL-0000593036), Ex. 14 (ZF-MDL-0000593045), Ex. 15 (ZF-MDL-0000991472), Ex. 16 (ZF-MDL-0000993840), Ex. 17 (ZF-MDL-0000995449), Ex. 18 (ZF-MDL-0001024384), Ex. 19 (ZF-MDL-0001024387), Ex. 20 (ZF-MDL-0001004906), Ex. 21 (ZF-MDL-000756152) (the "Exhibits") under seal and Plaintiffs' Opposition to STMicroelectronics SDN BHD's Motion to Dismiss the Amended Class Action Complaint with redactions (the "Confidential Documents"). ST Inc. maintains that the Exhibits should be sealed and Plaintiffs' Opposition should be redacted because they contain "Confidential" or "Highly Confidential" information that pertains to ST Inc. *See* Protective Order (Dkt. 104, ¶ 3).

The Confidential Documents include or contain quotations, summaries, clarifications, and references to research and development information on Application-Specific Integrated Circuits ("ASICs") and written technical analyses conducted on ASICs. The Court previously granted requests to seal and redact documents containing similar information (*see* Dkt. 454 at 1; Dkt. 517 at 2; Dkt. 521 at 2). Further, the Court previously granted a request to seal and redact many of these same Exhibits and information when they were included in the Joint Status Report on Jurisdictional Discovery Pursuant to Rule 26 and the Joint Stipulation Regarding

Case No.: 2:19-ml-02905-JAK-MRW 1

STMICROELECTRONICS, INC.'S RESPONSE TO PLAINTIFFS' APPLICATION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANT STMICROELECTRONICS SDN BHD'S MOTION TO DISMISS

Plaintiffs' Motion to Compel a Jurisdictional Deposition of STMicroelectronics SDN BHD Pursuant to Rule 30(b)(6). *See* Dkt. 728; Dkt. 745. Therefore, good cause exists to preserve the confidentiality of that information here.

Additionally, the Exhibits and portions of Plaintiffs' Opposition should be sealed because they contain references to foreign citizens whose personal information is protected from unauthorized disclosure under Malaysia's Personal Data Protection Act ("PDPA").

For the reasons below, ST Inc. requests that the Court seal the Exhibits and portions of Plaintiffs' Opposition that include or refer to Confidential Information.

## LEGAL STANDARD

This Court has the power to override the presumption of public access to judicial records, which is not absolute. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

### A. Confidential Information May be Sealed for Good Cause.

The Protective Order entered by the Court governs the discovery and use of confidential materials and information in this case and articulates a "***good cause***" standard for the sealing of documents filed on the Court's docket. *See* Protective Order (Dkt. 104), ¶¶ 1, 3. As set forth in the Protective Order, documents designated as "Confidential" or "Highly Confidential" will be sealed and receive "special protection from public disclosure" if there is "good cause." *See id.* The Protective Order further provides that any materials "prepared or based" on protected information "shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made … and shall be subject to all of the terms of this Protective Order." *Id.* ¶ 6.

Under the "good cause" standard, a party seeking to seal documents shows good cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006); Fed. R. Civ. P. 26(c). Sufficient

good cause exists when sealing a document would protect the Designating Party from disclosure of a trade secret or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 26(c)(1)(G).

Under the Protective Order, documents designated as "Confidential" or "Highly Confidential" will be sealed and receive "special protection from public disclosure" if there is good cause. *See* Protective Order (Dkt. 104, ¶¶ 1, 3). "Confidential" discovery material includes: "research, design, development, … technical, … or commercial information." *Id.* at ¶ 3. Similarly, "Highly Confidential" discovery material warrants the highest level of confidentiality protection. *Id.* "Highly Confidential" material "contains highly sensitive competitive business and/or proprietary information" including "(i) trade secrets; … (iii) research and development activities, including technology, know-how and the like, which have not been disclosed to the public; … [and] … (vi) non-public communications with United States or foreign regulatory agencies." *Id.*

**B. U.S. Courts May Seal Personal Information Protected by the PDPA.**

U.S. courts also have the authority to enforce the protections provided by foreign privacy laws like the PDPA. *See Remington Rand Corp. v. Bus. Sys. Inc.*, 830 F.2d 1260, 1266 (3d Cir. 1987); *see also Royal Park Invs. SA/NV v. HSBC Bank USA, N.A.*, No. 14-8175 (LGS), 2018 WL 745994, at *1 (S.D.N.Y. Feb. 6, 2018) (the decision whether to uphold a foreign sovereign's laws is within the court's discretion).

The PDPA "regulates the collection and transfer of personal data". Lynn M. Marvin, Esq. & Yohance Bowden, Esq., *Conducting U.S. Discovery in Asia: An Overview of E-Discovery and Asian Data Privacy Laws*, 21 RICH. J.L. & TECH. 12, 78 (2015). It protects individuals who are identified or identifiable from that information or from that and other information in the possession or a data user. Personal Data Protection Act 2010 s.4, Act. No. 709, June 2, 2010 (Malay.) Under the PDPA's principles, disclosure of personal data is "permitted only for the purposes

for which disclosure was intended at time of collection;" and the "data user must take steps to protect data from loss or misuse." *Id.* at ss.8–9.

Under the good cause standard and the Court's power to enforce protections afforded by the PDPA, the Court should seal the Exhibits and portions of Plaintiffs' Opposition.

## ARGUMENT

### A. Good Cause Exists to Seal the Exhibits and Portions of Plaintiffs' Opposition Which Contain Confidential Information Subject to the Protective Order.

ST Inc. has good cause to request that the Exhibits and portions of Plaintiffs' Opposition be sealed from public disclosure. Under the "good cause" standard, ST Inc. is entitled to the protection of confidential information as long as it can show that harm will result from disclosure. *Kamakana*, 447 F.3d at 1179–80; Fed. R. Civ. P. 26(c). A sufficient good cause is to prevent a "trade secret or other confidential research, development, or commercial information" from being revealed. Fed. R. Civ. P. 26(c)(1)(G). In the Ninth Circuit, "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (quoting Restatement (First) of Torts § 757, cmt. b (1939)).

The Protective Order further characterizes "research, design, development, . . . technical, . . . or commercial information" as "confidential" material that requires protection from public disclosure. *See* Protective Order (Dkt. 104, ¶ 3). The Protective Order also classifies "sensitive competitive business and/or proprietary information" including "(i) trade secrets; … (iii) research and development activities, including technology, … which have not been disclosed to the public"; and "(vi) non-public communications with United States or foreign regulatory agencies" as "highly

Case No.: 2:19-ml-02905-JAK-MRW      4

STMICROELECTRONICS, INC.'S RESPONSE TO PLAINTIFFS' APPLICATION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANT STMICROELECTRONICS SDN BHD'S MOTION TO DISMISS

confidential" material that requires protection from public disclosure. *See* Protective Order (Dkt. 104, ¶ 3).

Here, the Confidential Documents include sensitive technical details of ASICs which have not been disclosed to the public. Chambers Dec., ¶ 4. The Confidential Documents contain data and discussions about research and development information on ASICs and written technical analyses conducted on ASICs as well as images, quotations, summaries, clarifications, and references to confidential information and technical analyses taken from those confidential technical analyses. *Id.*, ¶¶ 4–5. As to the documents produced by ST Inc., before producing these documents in this case, ST Inc. had never released or made this information available except under strict confidentiality to representatives of ZF-TRW. *Id.*, ¶ 4. As to all documents referencing or implicating ST Inc.'s confidential information, ST Inc. has never released or made this information available except under strict confidentiality. *Id.*

If this information in the Confidential Documents was disclosed to ST Inc.'s or its customer's competitors, they could copy all or parts of such information to avoid incurring the time and expense required to do the work themselves. *Id.*, ¶ 6. In addition, the disclosure of this information would provide confidential information to ST Inc.'s or its customer's competitors regarding ASICs, and product analysis and technical details of the same, which could give competitors an advantage over ST Inc. or its customer. *Id.*

Given ST Inc.'s production of its confidential information with the expectation of confidentiality subject to the Protective Order, and the harm likely to result from disclosing any confidential information regarding ASICs to ST Inc.'s competitors, the good cause standard is satisfied here, the Exhibits and portions of Plaintiffs' Opposition should be sealed. Based on similar arguments, the Court previously sealed certain, similar confidential documents. *See* Dkt. 454 at 1; Dkt. 517 at 2; Dkt. 521 at 2; Dkt. 728; Dkt. 745. Further, the Court previously granted a request to seal

and redact many of these same Exhibits and information when they were included in the Joint Status Report on Jurisdictional Discovery Pursuant to Rule 26 and the Joint Stipulation Regarding Plaintiffs' Motion to Compel a Jurisdictional Deposition of STMicroelectronics SDN BHD Pursuant to Rule 30(b)(6). *See* Dkt. 728; Dkt. 745.

As a result, ST Inc. has good cause to request that the Exhibits and portions of Plaintiffs' Opposition be sealed from public disclosure due to the specific prejudice and harm that will result if the information is disclosed.

**B. Good Cause Also Exists to Seal the Exhibits and Portions of Plaintiffs' Opposition Identifying Foreign Citizens.**

Courts in the Ninth Circuit also seal the identities of foreign persons included in public filings in the United States. In *Int'l Swimming League, Ltd.*, a defendant sought to file portions of a motion, excerpts of its reply, and certain supporting exhibits under seal in accordance with foreign data protection provisions. *Int'l Swimming League, Ltd. v. Fed'n Internationale De Natation*, No. 18-CV-07394-JSC, 2021 WL 2075572 (N.D. Cal. May 24, 2021). In granting the defendant's motion to seal, the court noted that good cause existed to seal based on the protection offered under foreign law. *Id.* at *7. In *Allianz*, the parties moved to seal unredacted versions of court filings which contained personal data of plaintiff's employee subject to similar foreign privacy provisions. *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, No. 18 CIV. 10364 (LGS), 2021 WL 211544 (S.D.N.Y. Jan. 21, 2021). In granting the motions to seal, the court held that filing under seal was "necessary to prevent the unauthorized dissemination of personal data subject to [protection under foreign law] and to protect the privacy interests" of the employee. *Id.* at *3. The court further noted that "[a]lthough '[t]he common law right of public access to judicial documents is firmly rooted in our nation's history,' this right is not absolute, and courts 'must balance competing considerations against' the presumption of access." *Id.* (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)).

Here, good cause also exists under the PDPA to seal the references to foreign citizens that are contained in the Confidential Documents. *See* Chambers Dec., ¶ 7. Information such as the names of individuals is exactly the type of personal data subject to PDPA protection. Similarly, this type of unauthorized disclosure of protected personal information is what the PDPA was enacted to prevent. Based on similar arguments, the Court previously sealed similar information under other foreign data protection laws. *See* Dkt. 521 at 2; Dkt. 572 at 2. Further, the Court previously granted a request to seal and redact many of these same Exhibits and information when they were included in the Joint Status Report on Jurisdictional Discovery Pursuant to Rule 26 and the Joint Stipulation Regarding Plaintiffs' Motion to Compel a Jurisdictional Deposition of STMicroelectronics SDN BHD Pursuant to Rule 30(b)(6). *See* Dkt. 728; Dkt. 745.

The information in the Confidential Documents satisfies the Protective Order's definition of sensitive competitive business and/or proprietary information and the "good cause" standard for sealing. As such, it should be sealed from public disclosure due to the specified prejudice and harm that will result if the information is disclosed.

**CONCLUSION**

For these reasons, ST Inc. requests that the Exhibits and portions of Plaintiffs' Opposition be sealed and not made available to the public.

Dated: September 12, 2023

McDOWELL HETHERINGTON LLP

By: */s/ Robert P. Debelak III*

Thomas F.A. Hetherington*
tom.hetherington@mhllp.com
Kendall J. Burr*
kendall.burr@mhllp.com
Robert P. Debelak III*
bobby.debelak@mhllp.com
McDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, TX 77002
Telephone: 713.337.5580
Facsimile: 713.337.8850

Jodi K. Swick
jodi.swick@mhllp.com
McDOWELL HETHERINGTON LLP
1999 Harrison Street, Ste. 2050
Oakland, CA 94612
Telephone: 510.628.2145
Facsimile: 510.628.2146

Colleen T. Flaherty
colleen.flaherty@mhllp.com
McDOWELL HETHERINGTON LLP
1055 E. Colorado Blvd., Ste. 500
Pasadena, CA 91106
Telephone: 213.631.4059
Facsimile: 510.628.2146

Emily K. Felix*
emily.felix@mhllp.com
McDOWELL HETHERINGTON LLP
1000 Ballpark Way, Ste. 209
Arlington, TX 76011
Telephone: 817.635.7300
Facsimile: 817.635.7308
**Admitted Pro Hac Vice*

*Counsel for Defendant STMicroelectronics, Inc.*

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant STMicroelectronics, Inc., certifies that this brief contains 2,084 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 12, 2023

By: */s/ Robert P. Debelak III*
Robert P. Debelak III

*Counsel for Defendant STMicroelectronics, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on September 12, 2023, a copy of the foregoing was served electronically through the Court's electronic filing system upon all parties appearing on the Court's ECF service list.

Dated: September 12, 2023

By: */s/ Robert P. Debelak III*
Robert P. Debelak III

*Counsel for Defendant*
*STMicroelectronics, Inc.*