| | |
|---|---|
| 1 | KING AND SPALDING LLP |
| 2 | John P. Hooper (*pro hac vice*) |
|   | jhooper@kslaw.com |
| 3 | Jacqueline Seidel (*pro hac vice*) |
| 4 | jseidel@kslaw.com |
|   | 1185 Avenue of the Americas |
| 5 | New York, NY 10036 |
| 6 | Telephone: 212-556-2220 |
|   | Facsimile: 212-556-2222 |
| 7 | |
| 8 | BOWMAN AND BROOKE LLP |
|   | Vincent Galvin (SBN 104448) |
| 9 | vincent.galvin@bowmanandbrooke.com |
| 10 | 1741 Technology Drive, Suite 200 |
|    | San Jose, CA 95110 |
| 11 | Telephone: 408-279-5393 |
| 12 | Facsimile: 408-279-5845 |

*Counsel for Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re ZF-TRW Airbag Control Units Products Liability Litigation* | **Case No: 2:19-ml-02905-JAK-MRW**<br><br>**TOYOTA DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL** |

I.     **INTRODUCTION**

Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor North America, Inc. (collectively, "Toyota") file this Supplemental Memorandum in Further Support of the Motion for Final Approval of the Settlement to address jurisdiction, the successful Class Notice Program and infinitesimally small number of requested exclusions, *see* Preliminary Approval Order, Dkt. # 770, p. 33, all of which support the class Settlement.

The extraordinary notice plan was implemented, consistent with the Preliminary Approval Order, and reached over 95 percent of the Class, on average 3 times, readily satisfying due process. *See* Second Supplemental Declaration of Jeanne C. Finegan, APR on Settlement Class Notice Program Progress and Opt Outs and Objections ("October 30, 2023 Finegan Declaration"), at ¶ 15. This reach and frequency is well beyond the reach of other class action settlements that have received final approval. *See Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 596 (N.D. Cal. 2020) (the notice program had an average estimated frequency of 3.0 per person, and was likely viewed by approximately 72.64% of the settlement class); *Corzine v. Whirlpool Corp.*, No. 15-CV-05764-BLF, 2019 WL 7372275, at *5 (N.D. Cal. Dec. 31, 2019) (notice program had "an approximate reach of 71.99% and an approximate average frequency of 2.99 times each").

As of October 30, 2023, Kroll Notice Media had received a total of 272,716 Registration/Claim Forms, with the Claims Period not closing for more than three years; all of which will need to be reviewed for eligibility under the terms of the Settlement Agreement. October 30, 2023 Finegan Declaration, at ¶¶ 3-4; Settlement Agreement at § II.4. The tremendously positive response from the Class puts in context the mere 67 Class Members who have opted out of the settlement, particularly when approximately 8.3 million Direct Mailed Notices were sent and emailed, amounting to an infinitesimally small figure of 0.0008% of the Class. *See* October 30, 2023 Finegan Declaration at ¶ 13; *See Kearney, et al. v. Hyundai Motor*

*Am.*, No. SACV 09-1298-JST (MLGx), 2013 WL 3287996, *7 (C.D. Cal. June 28, 2013) (finding that 16 objections and 179 letters requesting exclusion out of 646,834 recipients of notice were "infinitesimal" figures). There have also been only two objections which also raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.[1]

Based upon the comprehensive, multi-faceted settlement, the successful dissemination of the Class Notice Program and the overwhelmingly positive response from the Class in support of the Settlement, this Settlement should be finally approved because it more than satisfies the remaining factors set forth in *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

## II.   THIS COURT HAS JURISDICTION TO CONSIDER AND RULE ON THE SETTLEMENT

### A.   This Court Has Personal Jurisdiction Over All Class Members

As indicated in the Toyota Defendants' Brief in Support of Final Approval (Dkt # 816), the extraordinary notice provided to the Class, combined with the opportunity to object and appear at the Fairness Hearing, fully satisfies due process in order to obtain personal jurisdiction over a Rule 23(b)(3) class. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (finding that the district court obtains personal jurisdiction over the absentee class members by providing proper notice of the impending class action and providing absentees with an opportunity to be heard or an opportunity to exclude themselves from the class). Pursuant to the Court's Order Re Motion for Preliminary Approval (Dkt. # 770), Class Notice was accomplished through a combination of Direct Mailed Notice (via email and U.S. first class mail), Publication Notice, notice through the Settlement website, Long Form Notice, and social media notice. *See* Settlement Agreement, Dkt. # 756-3, p. 22; Supplemental Declaration of Jeanne C. Finegan, APR, on the Settlement Class

---

[1] Toyota's responses to these objections is being filed concurrently in its Supplemental Memorandum of Law In Support of Final Approval Responding to Objections.

Notice Program dated September 22, 2023 (Dkt. # 815-2) ("September 22, 2023 Finegan Declaration").

### B. Notice Satisfied the Requirements of Rule 23(c) and (e) and Due Process

The extraordinary notice plan was implemented, consistent with the Preliminary Approval Order, and is estimated to have reached over 95 percent of the Class approximately 3 times, readily satisfying due process. September 22, 2023 Finegan Declaration at ¶ 3; October 30, 2023 Finegan Declaration, at ¶ 15. This reach is well beyond the reach of other class action settlements that have received final approval. *See Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 596 (N.D. Cal. 2020) (the notice was likely viewed by approximately 72.64% of the settlement class with an average estimated frequency of 3.0 per person); *Corzine v. Whirlpool Corp.*, No. 15CV-05764-BLF, 2019 WL 7372275, at *5 (N.D. Cal. Dec. 31, 2019) (notice program had "an approximate reach of 71.99% and an approximate average frequency of 2.99 times each").

Courts have approved notice plans in settlements that have employed similar notice methods to those used here. *See, e.g., McCrary v. Elations Co., LLC,* 13-0242 JGB (SPx), 2016 WL 769703, at *4 (C.D. Cal. Feb. 25, 2016) (granting final approval where notice plan included email, mail, website, telephone number, and publication notice); *In re Linkedin User Privacy Litigation*, 309 F.R.D. 563, 586 (N.D. Cal. 2015) (finding that class members received sufficient notice where the notice plan included email, settlement website, summary notice, and toll-free telephone number); *Roberts v. Electrolux Home Prod., Inc.*, No. 13-cv-2339 (CAS)(VBK), 2014 WL 4568632, at *3 (C.D. Cal. Sept. 11, 2014) (finding that class members received sufficient notice where a notice plan included direct notice, publication notice in magazines, internet banner notices, the creation of a settlement website with copies of the Notice, Claim Form, FAQ or "long form" notice, and relevant pleadings, and a toll-free number); *Lerma v. Schiff Nutrition Int'l, Inc.*, No. 11-cv-1056 (MDD), 2015 WL 11216701, at *3 (S.D. Cal. Nov. 3, 2015) (concluding that class notice which comprised of consumer and internet publications, a toll-free

number, and an informational website constituted the "best notice practicable under the circumstances.").

As of October 30, 2023, the Settlement Notice Administrator has received a total of 272,716 Registration/Claim Forms, with the Claims Period not closing for at least three more years. *See* October 30, 2023 Finegan Declaration at ¶¶ 3-4. The tremendously positive response from the Class puts in context the mere two objections filed to the settlement and the very small number of Class Members who have opted out of the settlement.

- **Direct Mailed Notice**

The Direct Mailed Notice informed potential Class Members of the proposed settlement including their potential remedies and the web address for the informative settlement website. As of September 22, 2023, the Settlement Notice Administrator sent approximately 3.76 million email notices and 4.57 million mailed notices were sent. *See* September 22, 2023 Finegan Declaration ¶¶ 16-21. *Smith v. Bimbo Bakeries USA, Inc.*, No. 12cv-01689 (CAS)(PJW), 2015 WL 12724072, at *1 (C.D. Cal. Jan. 29, 2015) (finding distribution of notice by first-class mail the "best notice practicable under the circumstances."); *Ruch v. AM Retail Grp., Inc.*, No. 14-cv-05352-MEJ, 2016 WL 5462451, at *6 (N.D. Cal. Sept. 28, 2016); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 680 (N.D. Cal. 2016) (finding notice by U.S. Mail best notice available under circumstances).

"Of the 3,756,293 initial email notices sent through this campaign, 467,789 emails bounced back and were not deliverable. For an email campaign of this magnitude, this is a reasonable and expected proportion of email bounce backs. Of the 467,789 bounced emails, Kroll had a valid secondary email for 387,333 Class Members and made a second email attempt. Of those secondary emails, 40,583 emails bounced back from this attempt. For the 80,456 who did not have a valid secondary email address, Kroll mailed a postcard to those with a valid mailing address." *See* September 22, 2023 Finegan Declaration at ¶ 16.

- **Website and Toll-Free IVR Telephone Number**

Pursuant to the terms of the Settlement Agreement, the Settlement Notice Administrator created a dedicated website, also available in Spanish, and an IVR telephone number as part of Class Notice. Persons who visit the website can, among other things, (i) review important documents, including the Long Form Notice; (ii) review responses to frequently asked questions, (iii) submit out-of-pocket claims for reimbursement or a Residual Distribution claim; (iv) confirm whether they are a Class Member; (v) find the number for the IVR; and (vi) the address for the Settlement Notice Administrator for Claim submission purposes. As of October 30, 2023, the website has had 975,820 unique users. October 30, 2023 Finegan Declaration at ¶ 11. To date, there have been 19,377 calls to the IVR toll-free number. *Id.*, at ¶ 12.

- **Notice Has Been Published and Disseminated on Other Media**

In addition to the notice disseminated above, the Settlement Notice Administrator has also published notice and placed notice on other electronic media. Notice was placed in United States magazines, Territory newspapers, Online Display Ads (United States and U.S. Territories), Social Media Ads, Key Word Search Ads, through the issuance of a Press Release, and geotargeted online display and display ads for residents of California, Pennsylvania, and New Hampshire. *See* September 22, 2023 Finegan Declaration at ¶¶ 26-45.

- **Notice Has Successfully Informed Class Members of the Settlement**

The notice plan provided interlocking methods that both aimed to reach each Class Member individually and directly using reasonably available address information, and also provided multiple alternative forms of notice through which Class Members may have learned of the settlement or obtained further information about their rights. The program followed well-recognized and established procedures for class action notice. Thus, the procedure for providing notice and the content of the class notice constituted the best practicable notice to Class Members. The Notice Administrator has informed the Court that Notice reached an estimated

95 percent of the Class on average 3 times.  October 30, 2023 Finegan Declaration at ¶ 15.

Here, the methods of dissemination and contents of the notice more than satisfy Rule 23's notice requirements that the notice should be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the class action and afford them an opportunity to present their objections." *Keegan v. Am. Honda Motor Co, Inc.*, 2:10-cv-09508-MMM-AJW, 2014 WL 12551213, at *6 (C.D. Cal. Jan. 21, 2014) (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).

- **The Notices Provided Class Members with the Required Information in a Comprehensive, Clear and Readily Understandable Format**

The notices provided all reasonably identifiable Class Members with a clear and succinct description of the Class and the terms of the preliminarily approved Settlement in plain, easily understood language that complies with the Federal Judicial Center's illustrative notices.  *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"); *see also* Federal Judicial Center's illustrative notices at www.FJC.gov.  As a result, Class Notice clearly informs Class Members of the relevant aspects of the litigation and Settlement and their rights under the Settlement.  *See Dalton v. Lee Publications, Inc.*, No. 08-cv-1072 (GPC)(NLS), 2015 WL 11582842, at *6 (S.D. Cal. Mar. 6, 2015).

C. **The Class Action Fairness Act Notice Favors Final Approval**

Notice under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, has been satisfied.  In a class action settlement, CAFA requires that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve [notice of the proposed settlement] upon the appropriate State official of each State in which a class member resides and the appropriate Federal official[.]" 28 U.S.C. § 1715(b).  A court is

– 6 –

precluded from granting final approval of a class action settlement until CAFA notice requirements are met. 28 U.S.C. § 1715(d) ("An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under [28 U.S.C. § 1715(b)]").

Kroll Notice Media timely and properly caused the required CAFA Notice to be sent on July 18, 2023, and as such, more than 90 days have passed from "the dates on which the appropriate Federal office and the appropriate State official [were] served." *See* September 22, 2023 Finegan Declaration, ¶ 11; 28 U.S.C. § 1 715(d); *Rubin-Knudsen v. Arthur Gallagher & Co.*, No. EDCV186227JGBSPX, 2021 WL 4924765, at *4 (C.D. Cal. Mar. 19, 2021) (holding the granting of final approval in abeyance until the 90-day CAFA notice period expires). At this time, there have been no substantive requests or responses from state and federal officials on this matter.

### III. REACTION TO THE CLASS ACTION SETTLEMENT IS OVERWHELMINGLY POSITIVE AND FAVORS FINAL APPROVAL

In light of the large class size in this case, the number of opt outs and objections are *de minimis* and the response to the settlement can only be described as overwhelmingly favorable. *See Jonsson v. USCB, Inc.*, No. 13-cv-8166 (FMO)(SH), Dkt. # 83, at 11 (C.D. Cal. May 28, 2015) (Olguin, J.) (citing *Nat'l Rural Telecomms. v. DirectTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."). In fact, the objections that were raised are unavailing in light of the overall benefit to the Class and should be overruled.

#### a. The Number of Class Members Requesting Exclusion is Extremely Small

The Court should approve the settlement because a "low number of opt-outs and objections in comparison to class size is typically a factor that supports

settlement approval." *See In re Linkedin User Privacy Litig.,* 309 F.R.D. 573, 589 (N.D. Cal. 2015) (citing *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness.")).

Here, of the over 8.3 million Direct Mailed Notices that have been sent and emailed, only 67 individuals have timely sought exclusion from the Class. *See* October 30, 2023 Finegan Declaration at ¶ 13. Therefore, the percentage of persons seeking exclusion is approximately 0.0008%, an incredibly low percentage which favors approval. *See Kearney, et al. v. Hyundai Motor Am.*, No. SACV 09-1298-JST (MLGx), 2013 WL 3287996, *7 (C.D. Cal. June 28, 2013) (J. Staton) (finding that 16 objections and 179 letters requesting exclusion out of 646,834 recipients of notice were "infinitesimal" figures); *see also Sebastian v. Sprint/United Management Co.*, No. 8:18-cv-00757-JLS-KES, 2019 WL 13037010 (C.D. Cal. Dec. 5, 2019) (granting final approval to a class in which 0.67% of the Class had submitted opt-out requests).

## IV. CONCLUSION

For the foregoing reasons and the arguments made in the Memorandum of Law in Support of Motion for Final Approval of Class Settlement and the Supplemental Memorandum of Law in support of Motion for Final Approval Responding to Objections, Toyota respectfully requests that the Court find that the Notice satisfied due process and other requirement and finally approve the settlement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e), and issue further relief as the Court deems reasonable and just.

Dated:   October 30, 2023          KING & SPALDING LLP

                                   By: /s/ John P. Hooper_____

                                   John P. Hooper (pro hac vice)
                                   jhooper@kslaw.com

|   |   |
|---|---|
| 1 | Jacqueline Seidel (pro hac vice) |
| 2 | jseidel@kslaw.com |
|   | 1185 Avenue of the Americas |
| 3 | New York, NY 10036 |
| 4 | Telephone: 212-556-2220 |
|   | Facsimile: 212-556-2222 |
| 5 |   |
| 6 | BOWMAN AND BROOKE LLP |
|   | Vincent Galvin (SBN 104448) |
| 7 | vincent.galvin@bowmanandbrooke.com |
| 8 | 1741 Technology Drive, Suite 200 |
|   | San Jose, CA 95110 |
| 9 | Telephone: 408-279-5393 |
| 10 | Facsimile: 408-279-5845 |
| 11 |   |
|   | *Counsel for Toyota Motor North America,* |
| 12 | *Inc., Toyota Motor Sales, U.S.A., Inc.,* |
| 13 | *Toyota Motor Engineering & Manufacturing North America, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 30, 2023.

/s/ Jason Bush
Jason Bush