1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

*In re ZF-TRW Airbag Control Units Products Liability Litigation*

ALL CASES AGAINST THE HYUNDAI-KIA DEFENDANTS

Case No.: 2:19-ml-02905-JAK-MRW

MDL No. 2905

**DECLARATION OF JENNIFER M. KEOUGH RE: SETTLEMENT NOTICE PROGRAM**

I, JENNIFER M. KEOUGH, declare and state as follows:

1.      I am the Chief Executive Officer, President, and Co-Founder of JND Legal Administration LLC ("JND"). JND is a legal administration services provider with headquarters located in Seattle, Washington. JND has extensive experience with all aspects of legal administration and has administered hundreds of class action settlements. As the CEO and President, I am involved in all facets of JND's operations, including monitoring the implementation of our notice and claims administration programs. A comprehensive description of my experience is attached as **Exhibit A**.

2.      This Declaration is based on my personal knowledge, as well as upon information provided to me by experienced JND employees and the Parties, and, if called upon to do so, I could and would testify competently thereto.

3.      I submit this Declaration at the request of the Parties in the above-referenced action to describe the proposed program for providing notice to Class Members (the "Notice Program") and address why it is consistent with other best practicable court-approved notice programs and the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the Due Process Clause of the United States Constitution, and the Federal Judicial Center ("FJC") guidelines for best practicable due process notice.

## BACKGROUND EXPERIENCE

4.      JND is a leading legal administration services provider with offices throughout the United States and its headquarters in Seattle, Washington. JND's class action division provides all services necessary for the effective implementation of class actions including: (1) all facets of legal notice, such as outbound mailing, email notification, and the design and implementation of media programs; (2) website design and deployment, including online claim filing capabilities; (3) call center and other contact support; (4) secure class member data management; (5) paper and electronic

claims processing; (6) calculation design and programming; (7) payment disbursements through check, wire, PayPal, merchandise credits, and other means; (8) qualified settlement fund tax reporting; (9) banking services and reporting; and (10) all other functions related to the secure and accurate administration of class actions.

5.    JND is an approved vendor for the United States Securities and Exchange Commission, the Federal Trade Commission, and the Consumer Financial Protection Bureau. In addition, we have worked with other government agencies including the U.S. Equal Employment Opportunity Commission, the Office of the Comptroller of the Currency, the Federal Deposit Insurance Corporation, the Federal Communications Commission, the Department of Justice, and the Department of Labor. We also have Master Services Agreements with various corporations and banks, which were only awarded after JND underwent rigorous reviews of our systems, privacy policies, and procedures. JND has been certified as SOC 2 Type 2 compliant by noted accounting firm Moss Adams.[1]

6.    JND has been recognized by various publications, including the *National Law Journal*, the *Legal Times*, and the *New York Law Journal*, for excellence in class action administration. JND was named the #1 Class Action Claims Administrator in the U.S. by the national legal community for multiple consecutive years and was inducted into the *National Law Journal* Hall of Fame for the last three years for having held this title. JND was also recognized as the Most Trusted Class Action Administration Specialists in the Americas by *New World Report* (formerly *U.S. Business News*) in the publication's 2022 Legal Elite Awards program.

7.    The principals of JND, including me, collectively have over 80 years of experience in class action legal and administrative fields. JND has overseen claims processes for some for the largest legal claims administration matters in the country's

---

[1] As a SOC 2 Compliant organization, JND has passed an audit under AICPA criteria for providing data security.

history, and regularly prepare and implement court approved notice and administration campaigns throughout the United States.

8.    JND was appointed as the notice and claims administrator in the landmark $2.67 billion Blue Cross Blue Shield antitrust settlement, in which we mailed over 100 million postcard notices; sent hundreds of millions of email notices and reminders; placed notice via print, television, radio, internet and more; received and processed more than eight million claims; and staffed the call center with more than 250 agents during the peak notice program. JND was also appointed the settlement administrator in the $1.3 billion Equifax Data Breach Settlement where we received more than 18 million claims. Email notice was sent twice to over 140 million class members, the interactive website received more than 130 million hits, and a call center was staffed with approximately 500 agents at the peak of call volume.

9.    Other large JND matters include a voluntary remediation program in Canada on behalf of over 30 million people; the $1.5 billion Mercedes-Benz Emissions Settlements; the $120 million GM Ignition Switch Settlement, where we sent notice to nearly 30 million class members and processed over 1.5 million claims; the $215 million USC Student Health Center Settlement on behalf of women who were sexually abused by a doctor at USC, and the recent National Association of Realtors ("Realtors") settlements totaling over $1 billion thus far. Our notice campaigns are regularly approved by courts throughout the United States.

10.    In addition to the above, JND handled notice and claims administration tasks for the following motor vehicle cases: *Aberin v. Am. Honda Motor Co., Inc*., No. 16-cv-04384-JST (N.D. Cal.); *Amin v. Mercedes-Benz USA, LLC*, No. 17-cv-01701-AT (N.D. Ga.); *Express Freight Int'l v. Hino Motors, Ltd.*, No. 22-cv-22483 (S.D. Fla.); *Gjonbalaj v. Volkswagen Grp. of Am., Inc*., No. 19-cv-07165-BMC (E.D.N.Y.); *Gomez v. Mycles Cycles, Inc.*, No. 37-2015-00043311-CU-BT-CTL (Cal. Super. Ct.); *In re MyFord Touch Consumer Litig*., No. 13-cv-3072 (EMC) (N.D. Cal.); *In re Navistar*

DECLARATION OF JENNIFER M. KEOUGH RE: SETTLEMENT NOTICE PROGRAM

*MaxxForce Engines Mktg., Sales Practices and Prods. Liab. Litig.*, No. 14-cv-10318 (N.D. Ill.); *In re: Subaru Battery Drain Prods. Liab.*, No. 20-cv-03095-JHR-MJS (D.N.J.); *In re Volkswagen "Clean Diesel" Mktg., Sales Practice and Prods. Liab. Litig.*, No. MDL 2672 CRB (N.D. Cal.); *Khona v. Subaru of Am., Inc.*, No. 19-cv-09323-RMB-AMD (D.N.J.); *Kommer v. Ford Motor Co.*, No. 17-cv-296 (N.D.N.Y.); *Patrick v. Volkswagen Grp. of Am., Inc*., No. 19-cv-01908-MCS-ADS (C.D. Cal.); *Pinon v. Mercedes-Benz USA, LLC and Daimler AG*, No. 18-cv-3984 (N.D. Ga.); *Udeen v. Subaru of America, Inc.*, No. 18-cv-17334- RBK-JS (D.N.J.); as well as others. Specifically related to this matter, on November 1, 2024, this Court approved JND as the Settlement Administrator with Defendant Mitsubishi (Dkt. 983).

11.    JND's Legal Notice Team researches, designs, develops, and implements a wide array of legal notice programs to meet the requirements of Rule 23 and relevant state court rules. In addition to providing notice directly to potential class members through direct mail and email, our media campaigns, which are regularly approved by courts throughout the United States, have used a variety of media including newspapers, press releases, magazines, trade journals, radio, television, social media, and the internet depending on the circumstances and allegations of the case, the demographics of the class, and the habits of its members, as reported by various research and analytics tools. During my career, I have submitted hundreds of declarations to courts throughout the country attesting to the creation and launch of various notice programs.

## **CASE BACKGROUND**

12.    The objective of the proposed Notice Program is to provide the best notice practicable, consistent with the methods and tools employed in other court-approved notice programs and to allow Class Members the opportunity to review a plain language notice with the ability to easily take the next step and learn more about the Settlement.

13.    The Class or Class Members consist of all persons or entities who or which, on the date of the preliminary approval order, own or lease, or previously owned

DECLARATION OF JENNIFER M. KEOUGH RE: SETTLEMENT NOTICE PROGRAM

or leased, Hyundai and Kia Class Vehicles that were originally sold or leased in the United States or any of its territories or possessions. The Hyundai and Kia Class Vehicles are the 2011-2019 Hyundai Sonata, 2011-2019 Hyundai Sonata Hybrid, 2018-2023 Hyundai Kona, 2022-2023 Hyundai Kona N, 2019-2021 Hyundai Veloster, 2010-2013 Kia Forte, 2010-2013 Kia Forte Koup, 2011-2020 Kia Optima, 2011-2016 Kia Optima Hybrid, and 2011-2012, 2014 Kia Sedona.

14.    Excluded from this Class are: (a) Hyundai and Kia, their officers, directors, employees, and outside counsel; their affiliates and affiliates' officers, directors, and employees; their distributors and distributors' officers and directors; and Hyundai's and Kia's Dealers and their officers and directors; (b) Hyundai Mobis Co., Ltd. and Mobis Parts America, LLC, their officers, directors employees, and outside counsel, and their affiliates and affiliates' officers, directors, and employees; (c) Settlement Class Counsel, Plaintiffs' counsel, and their employees; (d) Judicial officers and their immediate family members and associated court staff assigned to this case; (e) Persons or entities who previously released their economic loss claims with respect to the issues raised in the Action in an individual settlement with Hyundai and Kia, with Hyundai Mobis Co., Ltd. or Mobis Parts America, LLC, or with any of them; and (f) Persons or entities who or which timely and properly exclude themselves from the Class.

## NOTICE PROGRAM OVERVIEW

15.    The proposed Notice Program includes the following components, as further described in the sections below:

a.    Direct email notice to all Class Members for whom a valid email address is obtained;

b.    Direct mail notice to all known Class Members for whom an email notice bounces back undeliverable or for whom an email address is not obtained;

c.    Reminder notices, if necessary to stimulate claims, via email and mail during the claims period;

d. Supplemental digital notice that will utilize focused targeting, as well as a custom audience list match of Class Member data via the Google Display Network ("GDN"),[2] Facebook, and Instagram;

e. An internet search campaign;

f. Distribution of a national press release in the U.S. and its territories or possessions;

g. A Settlement website, www.ACUSettlement.com, that will provide detailed information about the Settlement and important case documents, including the Settlement Agreement and its exhibits, the Short Form and Long Form Notices, a list of important deadlines, a VIN Lookup tool to check Settlement Class Vehicle eligibility, and a Claim Form that may be submitted electronically or printed and mailed; and

h. A Settlement toll-free number, post office box, and email address through which Class Members may obtain more information about the Settlement and request that the Long Form Notice and/or Claim Form be sent to them.

16. The FJC's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide considers a notice plan to be effective if it has a high reach (above 70%). The proposed Notice Program expected to reach the vast majority of Class Members and far exceed the 70% benchmark. Based on my experience in developing and implementing class notice programs, I believe the proposed Notice Program will provide the best notice practicable under the circumstances and is designed to reach virtually all Class Members.

17. Each component of the proposed Notice Program is described in more detail in the sections below.

---

[2] The Google Display Network is a vast network that reaches over 90% of internet users.

DECLARATION OF JENNIFER M. KEOUGH RE: SETTLEMENT NOTICE PROGRAM

## DIRECT MAIL AND EMAIL NOTICE EFFORT

18.      An adequate notice program needs to satisfy "due process" when reaching a class. The United States Supreme Court, in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974), stated that direct notice (when possible) is the preferred method for reaching a class. In addition, Rule 23(c)(2) of the Federal Rules of Civil Procedure provides that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."

19.      As a result, JND will send an Email Notice, attached as **Exhibit B**, to all Class Members for whom a valid email address is obtained. JND will mail a Postcard Notice, attached as **Exhibit C**, to all known Class Members for whom an Email Notice bounces back undeliverable or for whom a valid email address is not obtained.

20.      Defendants will provide a list of eligible VINs to JND. JND will use the VINs to work with third-party data aggregation services to acquire potential Class Members' contact information from the Departments of Motor Vehicles ("DMVs") for all current and previous owners and lessees of the Hyundai and Kia Class Vehicles. The contact information gained using this process is considered particularly reliable because owners and lessees must maintain accurate and up-to-date contact information to pay vehicle registration fees and keep driver licenses and voter registrations current. JND will also receive Hyundai and Kia Class Vehicle registration information, including, but not limited to, registration date, year, make, and model of the vehicle through the DMV data. The registration information will identify whether the individual purchased the vehicle new or used and whether the individual currently owns the vehicle.

21.      After receiving the contact and VIN information from the DMVs, JND will promptly load the information into a case-specific database for the Settlement. JND employs appropriate administrative, technical and physical controls designed to ensure

the confidentiality and protection of Class Member data, as well as to reduce the risk of loss, misuse, or unauthorized access, disclosure, or modification of the data.

22.    Once the data is loaded, JND will identify any undeliverable addresses or duplicate records from the data and assign a unique identification number ("Unique ID") to each Class Member to identify them throughout the administration process.

23.    JND will conduct a sophisticated email append process to obtain email addresses for all potential Class Members. Prior to sending the Email Notice, JND will evaluate the email for potential spam language to improve deliverability. This process includes running the email through spam testing software, DKIM[3] for sender identification and authorization, and hostname evaluation. Additionally, we will check the send domain against the 25 most common IPv4 blacklists.[4]

24.    JND uses industry-leading email solutions to achieve the most efficient email notification campaigns. Our Data Team is staffed with email experts and software solution teams to conform each notice program to the particulars of the case. JND provides individualized support during the program and manages our sender reputation with the Internet Service Providers ("ISPs"). For each of our programs, we analyze the program's data and monitor the ongoing effectiveness of the notification campaign, adjusting the campaign as needed. These actions ensure the highest possible deliverability of the email campaign so that more potential Class Members receive notice.

25.    For each email campaign, including this one, JND will utilize a verification program to eliminate invalid email and spam traps that would otherwise negatively

---

[3] DomainKeys Identified Mail, or DKIM, is a technical standard that helps protect email senders and recipients from spam, spoofing, and phishing.

[4] IPv4 address blacklisting is a common practice. To ensure that the addresses being used are not blacklisted, a verification is performed against well-known IP blacklist databases. A blacklisted address affects the reputation of a company and could cause an acquired IP addresses to be blocked.

DECLARATION OF JENNIFER M. KEOUGH RE: SETTLEMENT NOTICE PROGRAM

impact deliverability. We will then clean the list of email addresses for formatting and incomplete addresses to further identify all invalid email addresses.

26.    To ensure readability of the email, our team will review and format the body content into a structure that is applicable to all email platforms, allowing the email to pass easily to the recipient. Before launching the email campaign, we will send a test email to multiple ISPs and open and test the email on multiple devices (iPhones, Android phones, desktop computers, tablets, etc.) to ensure the email opens as expected.

27.    Additionally, JND will include an "unsubscribe" link at the bottom of the email to allow Class Members to opt out of any additional email notices from JND. This step is essential to maintain JND's good reputation among the ISPs and reduce complaints relating to the email campaign.

28.    Emails that are returned to JND are generally characterized as either "Hard Bounces" or "Soft Bounces." A Hard Bounce occurs when the ISP rejects the email due to a permanent reason such as the email account is no longer active. A Soft Bounce occurs when the email is rejected for temporary reasons, such as the recipient's email address inbox is full.

29.    When an email is returned due to a Soft Bounce, JND attempts to re-send the Email Notice up to three additional times to secure deliverability. If the Soft Bounce email continues to be returned after the third re-send, the email is considered undeliverable. Emails that result in a Hard Bounce are also considered undeliverable.

30.    As noted above, in addition to the Email Notice, JND will mail a Postcard Notice to all known Class Members for whom an Email Notice bounces back undeliverable or for whom a valid email address is not obtained.

31.    Prior to mailing the Postcard Notice, JND will perform advanced address research using skip-trace databases and the United States Postal Service ("USPS")

DECLARATION OF JENNIFER M. KEOUGH RE: SETTLEMENT NOTICE PROGRAM

National Change of Address ("NCOA") database[5] to update addresses. JND will track all notices returned undeliverable by the USPS and will promptly re-mail notices that are returned with a forwarding address. In addition, JND will take reasonable efforts to research and determine if it is possible to reach a Class Member for whom a notice is returned without a forwarding address, either by mailing to a more recent mailing address or using available skip-tracing tools to identify a new mailing address and/or an email address at which the potential Class Member may be reached, if an email was not already sent.

32.    We estimate that the direct notice effort alone will reach the vast majority of the Class.

## REMINDER NOTICE

33.    If necessary to stimulate claims, reminder notices will be sent to identified Class Members that have not submitted a claim, opted out of the Class, or unsubscribed from the email campaign. JND will confer with the Parties regarding the necessity and specific timing of any reminder notices to avoid logistical difficulties and to optimize effectiveness. If the Parties agree that reminder notices are necessary, the content of the reminder notice will be materially the same as the initial direct notice but will include a reminder to the Class Member that they have not yet filed a claim and need to do so in order to receive a payment pursuant to the Settlement. The language will also be adjusted to remove any deadlines that have passed. Reminders will first be attempted via email to Class Members with valid email addresses. Class Members without a valid email address or whose emailed reminder is undeliverable will be mailed a reminder.

---

[5] The NCOA database is the official USPS technology product which makes changes of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mail stream.

DECLARATION OF JENNIFER M. KEOUGH RE: SETTLEMENT NOTICE PROGRAM

1

## SUPPLEMENTAL DIGITAL NOTICE

2      34.    JND will supplement the direct notice effort with a targeted digital effort

3  to extend reach further. Copies of the digital ads are attached as **Exhibit D**.

4      35.    JND proposes serving approximately 21 million digital impressions over

5  four weeks to adults in the U.S. and its territories or possessions via GDN, Facebook,

6  and Instagram based on the targeting strategies outlined below.[6]

7            a.    ***GDN*** activity will specifically target users who have an interest in

8  Hyundai and Kia vehicles, Hyundai Motor America, Kia America, Inc., and the

9  Hyundai Sonata, the Hyundai Kona, the Hyundai Veloster, the Kia Forte, the Kia

10  Optima, and the Kia Sedona. GDN activity will also specifically target users who

11  have recently searched Google for relevant keywords such as Kia Sedona recall,

12  Hyundai Sonata recall, Hyundai Sonata hybrid, Hyundai Sonata, Kia Sedona, Kia

13  Optima hybrid, Kia Optima recall, Hyundai recall, Kia recall, Kia Forte, Kia Forte

14  Coup, Hyundai airbag, and Kia airbag.

15            b.    ***Facebook/Instagram*** activity will target users who have an interest

16  in Hyundai and Kia vehicles, Hyundai Motor America, Kia America, Inc., the

17  Hyundai Sonata, the Hyundai Veloster, the Kia Forte, and the Kia Optima.

18            c.    ***Custom Audience Targeting*** begins with JND providing the platforms

19  with Class Member data containing first and last names and at least two of the

20  following: phone numbers, email addresses, and/or postal addresses. GDN will

21  match the provided Class Member data with their own first-party data which they

22  collect through Gmail, YouTube, Chrome registrations, etc. Likewise,

23  Facebook/Instagram will match the provided Class Member data with their account

24  user data. All matches will be added to a "Custom Audience" list. Ads will then be

25  _____

26  [6] Impressions or Exposures are the total number of opportunities to be exposed to a media
vehicle or combination of media vehicles containing a notice. Impressions are a gross or

27  cumulative number that may include the same person more than once. As a result,
impressions can and often do exceed the population size.

28

DECLARATION OF JENNIFER M. KEOUGH RE: SETTLEMENT NOTICE PROGRAM

served to the Custom Audience while they are active on GDN, Facebook, and Instagram over the course of the campaign. The matched Class Member must be active on GDN, Facebook, or Instagram during the campaign period in order to be served an ad. The Class Member data will not be used for any purpose other than the customer match campaign.

36.     The digital activity will be served across all devices (desktop, laptop, tablet and mobile), with a heavy emphasis on mobile devices. The digital ads will include an embedded link to the Settlement Website, where Class Members may access more information about the case, including the Long Form Notice, as well as file a claim electronically.

## INTERNET SEARCH CAMPAIGN

37.     Given that web browsers frequently default to a search engine page, search engines are a common source to get to a specific website (as opposed to typing the desired URL in the navigation bar). As a result, JND plans to implement an internet search campaign to assist interested Class Members in finding the Settlement Website.

38.     A custom keyword and ad group list will be generated based on content on the Settlement Website landing page, as well as other case information. Keywords are words/phrases that are bid on when they match the search term (or a variation of the search term) a person types into their Google search bar. When a search term matches a keyword or phrase, a Responsive Search Ad (RSA) may be served, generating a tailored message relevant to the search term. RSAs utilize machine learning to pair various combinations of ad copy (headlines and descriptions) based on which groupings have worked well previously (i.e., produced a strong CTR/conversion performance), and what the platform anticipates will generate the ideal results for the unique searcher. When the RSA is clicked, the visitor will be redirected to the Settlement Website where they can get more information, as well as file a claim electronically.

39.     The RSAs are attached as **Exhibit E**.

DECLARATION OF JENNIFER M. KEOUGH RE: SETTLEMENT NOTICE PROGRAM

**PRESS RELEASE**

40.    To further assist in getting "word of mouth" out about the Settlement, JND proposes the distribution of a press release at the start of the campaign to over 5,000 media outlets throughout the U.S. and its territories or possessions.

41.    A copy of the press release is attached as **Exhibit F**.

**SETTLEMENT WEBSITE**

42.    JND will establish and maintain the informational case-specific Settlement Website, www.ACUSettlement.com. It will have an easy-to-navigate design that will be formatted to emphasize important information and deadlines and will provide links to important case documents, including the Long Form Notice and Claim Form, attached as **Exhibit G** and **Exhibit H**, as well as information on how potential Class Members can opt out or object to the Settlement, if they choose. The website will also include an online claim portal to facilitate the electronic submission of Settlement Claims and a VIN lookup tool to check Hyundai and Kia Class Vehicle eligibility. The website address will be prominently displayed in all printed notice documents and will be accessible through the digital notices and the QR code inserted in the mailed notice.

43.    The Settlement Website will feature an online Claim Form ("OCF") with document upload capabilities for the submission of claims. If a user logs in to the OCF with their Unique ID, JND will prepopulate the OCF with the Class Members' name and VIN. JND will work with the Parties to design the online claim submission process to be streamlined and efficient for Class Members. Additionally, a Claim Form will be posted on the website for download for Class Members who prefer to submit a Claim Form by mail.

44.    The Settlement Website will be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. It will be designed to maximize search engine optimization through Google and other search engines.

DECLARATION OF JENNIFER M. KEOUGH RE: SETTLEMENT NOTICE PROGRAM

Keywords and natural language search terms will be included in the site's metadata to maximize search engine rankings.

### **TOLL-FREE NUMBER, P.O. BOX, AND EMAIL ADDRESS**

45.    JND will establish and maintain a 24-hour, toll-free telephone line that Class Members may call to obtain information about the Settlement. Live operators will be available during business hours to answer Class Members' questions and assist with claim filing.

46.    JND will also establish a dedicated email address and post office box to receive and respond to Class Member correspondence.

### **NOTICE DESIGN AND CONTENT**

47.    The proposed notice documents are designed to comply with Rule 23's guidelines for class action notices and the FJC's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*. The notices contain easy-to-read summaries of the instructions on how to obtain more information about the case and direct potential Class Members to the Settlement Website, where the Long Form Notice and other case documents will be posted. Courts routinely approve notices that have been written and designed in a similar manner.

### **REACH**

48.    Based on JND's experience with automotive settlements, we expect the direct notice effort alone to reach virtually all Class Members. The reminder notice effort, supplemental digital effort, internet search campaign, and distribution of a press release to over 5,000 media outlets throughout the U.S. and its territories or possessions will further enhance that reach. The expected reach exceeds that of other court-approved programs and is on the high end of the 70-95% reach standard set forth by the FJC.[7]

---

[7] Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), p. 3 states: "…the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice

## **CONCLUSION**

49.    In my opinion, the proposed Notice Program provides the best notice practicable under the circumstances, is consistent with the requirements of Rule 23, and is consistent with other similar court-approved best notice practicable notice programs. The Notice Program is designed to reach as many Class Members as possible and inform them about the Settlement and their rights and options.

I declare under the penalty of perjury pursuant to the laws of the United States of America and the State of New Jersey that the foregoing is true and correct.

Executed on March 13, 2025, at Seattle, Washington.

JENNIFER M. KEOUGH

efforts together will reach a high percentage of the class.  It is reasonable to reach between 70–95%."

-16-

# EXHIBIT A

# JENNIFER KEOUGH

## CHIEF EXECUTIVE OFFICER AND CO-FOUNDER





# I. INTRODUCTION

Jennifer Keough is Chief Executive Officer and Co-Founder of JND Legal Administration ("JND"). She is the *only* judicially recognized expert in all facets of class action administration - from notice through distribution. With more than 25 years of legal experience, Ms. Keough has directly worked on hundreds of high-profile and complex administration engagements, including such landmark matters as the $20 billion Gulf Coast Claims Facility, $10 billion BP Deepwater Horizon Settlement, $3.4 billion Cobell Indian Trust Settlement (the largest U.S. government class action settlement ever), $2.67 billion Blue Cross Blue Shield antitrust settlement, $1.5 billion Mercedes-Benz Emissions Settlements, $1.3 billion Equifax Data Breach Settlement, $1 billion Stryker Modular Hip Settlement, National Assoc. of Realtors Settlements of over $730 million thus far, $600 million Engle Smokers Trust Fund, and $215 million USC Student Health Center Settlement, and countless other high-profile matters.

Ms. Keough has been appointed notice expert in many notable cases and has testified on settlement matters in numerous courts and before the Senate Committee for Indian Affairs. She was appointed in 2022 as a Board member of the RAND Corporation's "Kenneth R. Feinberg Center for Catastrophic Risk Management and Compensation (the Feinberg Center)." Among the Feinberg Center's missions is to identify and promote laws, programs, and institutions that reduce the adverse social and economic effects of natural and manmade catastrophes by:

- Improving incentives to reduce future losses;

- Providing just compensation to those suffering losses while appropriately allocating liability to responsible parties;

- Helping affected individuals, businesses, and communities to recover quickly; and

- Avoiding unnecessary legal, administrative, and other transaction costs.

Ms. Keough is honored to be included on the Board, which consists of only 18 people, three of whom are federal district court judges. She is the only person from the legal administration industry on the Board.

Ms. Keough is also the only female CEO/Co-Founder in the Legal Administration field. She oversees more than 300 employees throughout the country, including at JND's 35,000 square foot Seattle headquarters. She manages all aspects of JND's class action business from day-to-day processes to high-level strategies. Her comprehensive expertise with noticing, claims processing, Systems and IT work, call center, data analytics, recovery calculations, check and electronic payment distribution, and reporting gained her the reputation with attorneys on both sides of the aisle as the most dependable consultant for all legal administration needs. Ms. Keough also applies her knowledge and skills to other divisions of JND, including mass tort, lien resolution, government services, and eDiscovery. Given her extensive experience, Ms. Keough is often called upon to consult with parties prior to settlement, is frequently invited to speak on class action issues and has authored numerous articles in her multiple areas of expertise.

Ms. Keough launched JND with her partners in early 2016. Just a few months later she was named as the Independent Claims Administrator ("ICA") in a complex BP Solar Panel Settlement. Ms. Keough also started receiving numerous appointments as notice expert and in 2017 was chosen to oversee a $300 million restitution program in Canada where every adult in that country was eligible to participate. Also, in 2017, Ms. Keough was named a female entrepreneur of the year finalist in the 14th annual Stevie Awards for Women in Business. In 2015 and 2017, she was recognized as a "Woman Worth Watching" by Profiles in Diversity Journal.

Since JND's launch, Ms. Keough has also been featured in numerous media publications. In 2019, she was highlighted in an Authority Magazine article, "5 Things I

wish someone told me before I became a CEO," and a Moneyish article, "This is exactly how rampant 'imposter syndrome' is in the workforce." In 2018, she was featured in several Fierce CEO articles, "JND Legal Administration CEO Jennifer Keough aids law firms in complicated settlements," "Special Report—Women CEOs offer advice on defying preconceptions and blazing a trail to the top," and "Companies stand out with organizational excellence," as well as a Puget Sound Business Journal article, "JND Legal CEO Jennifer Keough handles law firms' big business." In 2013, Ms. Keough appeared in a CNN article, "What Changes with Women in the Boardroom."

Prior to forming JND, Ms. Keough was Chief Operating Officer and Executive Vice President for one of the then largest legal administration firms in the country, where she oversaw operations in several offices across the country and was responsible for all large and critical projects. Previously, Ms. Keough worked as a class action business analyst at Perkins Coie, one of the country's premier defense firms, where she managed complex class action settlements and remediation programs, including the selection, retention, and supervision of legal administration firms. While at Perkins she managed, among other matters, the administration of over $100 million in the claims-made Weyerhaeuser siding case, one of the largest building product class action settlements ever. In her role, she established a reputation as being fair in her ability to see both sides of a settlement program.

Ms. Keough earned her J.D. from Seattle University. She graduated from Seattle University with a B.A. and M.S.F. with honors.



# II. LANDMARK CASES

Jennifer Keough has the distinction of personally overseeing the administration of more large class action programs than any other notice expert in the field. Some of her largest engagements include the following:

## 1. *In re Blue Cross Blue Shield Antitrust Litig.*

Master File No.: 13-CV-20000-RDP (N.D. Ala.)

JND was appointed as the notice and claims administrator in the $2.67 billion Blue Cross Blue Shield proposed settlement. To notify class members, we mailed over 100 million postcard notices, sent hundreds of millions of email notices and reminders, and placed notice via print, television, radio, internet, and more. The call center was staffed with 250 agents during the peak of the notice program. More than eight million claims were received. In approving the notice plan designed by Jennifer Keough and her team, United States District Court Judge R. David Proctor, wrote:

> *After a competitive bidding process, Settlement Class Counsel retained JND Legal Administration LLC ("JND") to serve as Notice and Claims Administrator for the settlement. JND has a proven track record and extensive experience in large, complex matters... JND has prepared a customized Notice Plan in this case. The Notice Plan was designed to provide the best notice practicable, consistent with the latest methods and tools employed in the industry and approved by other courts...The court finds that the proposed Notice Plan is appropriate in both form and content and is due to be approved.*

## 2. *In re Equifax Inc. Customer Data Sec. Breach Litig.*

No. 17-md-2800-TWT (N.D. Ga.)

JND was appointed settlement administrator, under Ms. Keough's direction, for this complex data breach settlement valued at $1.3 billion with a class of 147 million individuals nationwide. Ms. Keough and her team oversaw all aspects of claims administration, including the development of the case website which provided notice in seven languages and allowed for online claim submissions. In the first week alone, over 10 million claims were filed. Overall, the website

4

received more than 200 million hits and the Contact Center handled well over 100,000 operator calls. Ms. Keough and her team also worked closely with the Notice Provider to ensure that each element of the media campaign was executed in the time and manner as set forth in the Notice Plan.

Approving the settlement on January 13, 2020, Judge Thomas W. Thrash, Jr. acknowledged JND's outstanding efforts:

> JND transmitted the initial email notice to 104,815,404 million class members beginning on August 7, 2019. (App. 4, ¶¶ 53-54). JND later sent a supplemental email notice to the 91,167,239 class members who had not yet opted out, filed a claim, or unsubscribed from the initial email notice. (Id., ¶¶ 55-56). The notice plan also provides for JND to perform two additional supplemental email notice campaigns. (Id., ¶ 57)...JND has also developed specialized tools to assist in processing claims, calculating payments, and assisting class members in curing any deficient claims. (Id., ¶¶ 4, 21). As a result, class members have the opportunity to file a claim easily and have that claim adjudicated fairly and efficiently...The claims administrator, JND, is highly experienced in administering large class action settlements and judgments, and it has detailed the efforts it has made in administering the settlement, facilitating claims, and ensuring those claims are properly and efficiently handled. (App. 4, ¶¶ 4, 21; see also Doc. 739-6, ¶¶ 2-10). Among other things, JND has developed protocols and a database to assist in processing claims, calculating payments, and assisting class members in curing any deficient claims. (Id., ¶¶ 4, 21). Additionally, JND has the capacity to handle class member inquiries and claims of this magnitude. (App. 4, ¶¶ 5, 42). This factor, therefore, supports approving the relief provided by this settlement.

### 3.  USC Student Health Ctr. Settlement

**No. 18-cv-04258-SVW (C.D. Cal.)**

JND was approved as the Settlement Administrator in this important $215 million settlement that provides compensation to women who were sexually assaulted, harassed and otherwise abused by Dr. George M. Tyndall at the USC Student Health Center during a nearly 30-year period. Ms. Keough and her team designed a notice effort that included: mailed and email notice to potential Class members; digital notices on Facebook, LinkedIn, and Twitter; an internet search effort; notice placements in USC publications/eNewsletters;

and a press release. In addition, her team worked with USC staff to ensure notice postings around campus, on USC's website and social media accounts, and in USC alumni communications, among other things. Ms. Keough ensured the establishment of an all-female call center, whose operators were fully trained to handle delicate interactions, with the goal of providing excellent service and assistance to every woman affected. She also worked with the JND staff handling lien resolution for this case. Preliminarily approving the settlement, Honorable Stephen V. Wilson stated (June 12, 2019):

> The Court hereby designates JND Legal Administration ("JND") as Claims Administrator. The Court finds that giving Class Members notice of the Settlement is justified under Rule 23(e)(1) because, as described above, the Court will likely be able to: approve the Settlement under Rule 23(e)(2); and certify the Settlement Class for purposes of judgment. The Court finds that the proposed Notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and provides the best notice practicable under the circumstances.

### 4.    Gulf Coast Claims Facility (GCCF)

The GCCF was one of the largest claims processing facilities in U.S. history and was responsible for resolving the claims of both individuals and businesses relating to the Deepwater Horizon oil spill. The GCCF, which Ms. Keough helped develop, processed over one million claims and distributed more than $6 billion within the first year-and-a-half of its existence. As part of the GCCF, Ms. Keough and her team coordinated a large notice outreach program which included publication in multiple journals and magazines in the Gulf Coast area. She also established a call center staffed by individuals fluent in Spanish, Vietnamese, Laotian, Khmer, French, and Croatian.

### 5.    In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010

No. 2179 (MDL) (E.D. La.)

Following the closure of the Gulf Coast Claims Facility, the Deepwater Horizon Settlement claims program was created. There were two separate legal settlements that provided for two claims administration programs. One of the programs was for the submission of medical claims and the other was for the

6

submission of economic and property damage claims. Ms. Keough played a key role in the formation of the claims program for the evaluation of economic and property damage claims. Additionally, Ms. Keough built and supervised the back-office mail and processing center in Hammond, Louisiana, which was the hub of the program. The Hammond center was visited several times by Claims Administrator Pat Juneau -- as well as by the District Court Judge and Magistrate -- who described it as a shining star of the program.

### 6. Loblaw Card Program

Jennifer Keough was selected by major Canadian retailer Loblaw and its counsel to act as program administrator in its voluntary remediation program. The program was created as a response to a price-fixing scheme perpetrated by some employees of the company involving bread products. The program offered a $25 gift card to all adults in Canada who purchased bread products in Loblaw stores between 2002 and 2015. Some 28 million Canadian residents were potential claimants. Ms. Keough and her team: (1) built an interactive website that was capable of withstanding hundreds of millions of "hits" in a short period of time; (2) built, staffed and trained a call center with operators available to take calls twelve hours a day, six days a week; (3) oversaw the vendor in charge of producing and distributing the cards; (4) was in charge of designing and overseeing fraud prevention procedures; and (5) handled myriad other tasks related to this high-profile and complex project.

### 7. Cobell v. Salazar

No. 96 CV 1285 (TFH) (D. D.C.)

As part of the largest government class action settlement in our nation's history, Ms. Keough worked with the U.S. Government to implement the administration program responsible for identifying and providing notice to the two distinct but overlapping settlement classes. As part of the notice outreach program, Ms. Keough participated in multiple town hall meetings held at Indian reservations located across the country. Due to the efforts of the outreach program, over 80% of all class members were provided notice. Additionally, Ms. Keough played a role in creating the processes for evaluating claims and ensuring the correct distributions were made. Under Ms. Keough's supervision, the processing team processed over 480,000 claims forms to determine eligibility. Less than one half of one percent of all claim determinations made

by the processing team were appealed. Ms. Keough was called upon to testify before the Senate Committee for Indian Affairs, where Senator Jon Tester of Montana praised her work in connection with notice efforts to the American Indian community when he stated: "Oh, wow. Okay... the administrator has done a good job, as your testimony has indicated, [discovering] 80 percent of the whereabouts of the unknown class members." Additionally, when evaluating the Notice Program, Judge Thomas F. Hogan concluded (July 27, 2011):

> ...that adequate notice of the Settlement has been provided to members of the Historical Accounting Class and to members of the Trust Administration Class.... Notice met and, in many cases, exceeded the requirements of F.R.C.P. 23(c)(2) for classes certified under F.R.C.P. 23(b)(1), (b)(2) and (b)(3). The best notice practicable has been provided class members, including individual notice where members could be identified through reasonable effort. The contents of that notice are stated in plain, easily understood language and satisfy all requirements of F.R.C.P. 23(c)(2)(B).

## 8. *Burnett et al. v. The National Association of Realtors*

**No. 19-cv-00332 (W.D. Miss.)**

JND was appointed as Notice and Claims Administrator in the Real Estate Commission Litigation, including the Settlement with the National Association of Realtors for $418 million. In total, JND is handling the administration for all Settling Defendants, with a total Settlement value of over $730 million thus far. This high-profile nationwide settlement arises from allegations that the Defendants conspired to inflate real estate agent commissions. The initial noticing program included direct notice to more than 37 million potential Class Members and a media effort through both online and print advertising. In providing Final Approval of the first round of Settlements with Keller Williams, Anywhere, and RE/MAX, Judge Stephen R. Bough stated (May 9, 2024):

> At preliminary approval, the Court appointed JND Legal Administration ("JND") as the Settlement Administrator. As directed by the Court, JND implemented the parties' Class Notice Plan...Notice was provided by first-class U.S. mail, electronic mail, and digital and print publication. Without repeating all the details from Keough's declaration, the Court finds that the direct notice program was extremely successful and reached more than 95% of the potential Settlement class members...The media effort alone reached at least

*71 percent of the Settlement Class members....Based on the record, the Court finds that the notice given to the Settlement Class constituted the best notice practicable under the circumstances and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. The Court further finds that the notice given to the Settlement Class was adequate and reasonable.*

## 9.  *Allagas v. BP Solar Int'l, Inc.*

**No. 14-cv-00560 (N.D. Cal.)**

Ms. Keough was appointed by the United States District Court for the Northern District of California as the Independent Claims Administrator ("ICA") supervising the notice and administration of this complex settlement involving inspection, remediation, and replacement of solar panels on homes and businesses throughout California and other parts of the United States. Ms. Keough and her team devised the administration protocol and built a network of inspectors and contractors to perform the various inspections and other work needed to assist claimants. She also built a program that included a team of operators to answer claimant questions, a fully interactive dedicated website with online claim filing capability, and a team trained in the very complex intricacies of solar panel mechanisms. In her role as ICA, Ms. Keough regularly reported to the parties and the Court regarding the progress of the case's administration. In addition to her role as ICA, Ms. Keough also acted as mediator for those claimants who opted out of the settlement to pursue their claims individually against BP. Honorable Susan Illston, recognized the complexity of the settlement when appointing Ms. Keough the ICA (December 22, 2016):

*The complexity, expense and likely duration of the litigation favors the Settlement, which provides meaningful and substantial benefits on a much shorter time frame than otherwise possible and avoids risk to class certification and the Class's case on the merits...The Court appoints Jennifer Keough of JND Legal Administration to serve as the Independent Claims Administrator ("ICA") as provided under the Settlement.*

## 10. *Health Republic Ins. Co. v. United States*

**No. 16-259C (F.C.C.)**

For this $1.9 billion settlement, Ms. Keough and her team used a tailored and effective approach of notifying class members via Federal Express mail and email. Opt-in notice packets were sent via Federal Express to each potential class member, as well as the respective CEO, CFO, General Counsel, and person responsible for risk corridors receivables, when known. A Federal Express return label was also provided for opt-in returns. Notice Packets were also sent via electronic-mail. The informational and interactive case-specific website posted the notices and other important Court documents and allowed potential class members to file their opt-in form electronically.

## 11. *In re Mercedes-Benz Emissions Litig.*

**No. 16-cv-881 (D.N.J.)**

JND Legal Administration was appointed as the Settlement Administrator in this $1.5 billion settlement wherein Daimler AG and its subsidiary Mercedes-Benz USA reached an agreement to settle a consumer class action alleging that the automotive companies unlawfully misled consumers into purchasing certain diesel type vehicles by misrepresenting the environmental impact of these vehicles during on-road driving.  As part of its appointment, the Court approved Jennifer Keough's proposed notice plan and authorized JND Legal Administration to provide notice and claims administration services.

> *The Court finds that the content, format, and method of disseminating notice, as set forth in the Motion, Declaration of JND Legal Administration, the Class Action Agreement, and the proposed Long Form Notice, Short Form Notice, and Supplemental Notice of Class Benefits (collectively, the "Class Notice Documents") – including direct First Class mailed notice to all known members of the Class deposited in the mail within the later of (a) 15 business days of the Preliminary Approval Order; or (b) 15 business days after a federal district court enters the US-CA Consent Decree – is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B). The Court approves such notice, and hereby directs that such notice be disseminated in the manner set forth in the Class Action Settlement to the Class under Rule 23(e)(1)...JND Legal Administration is hereby appointed as*

*the Settlement Administrator and shall perform all duties of the Settlement Administrator set forth in the Class Action Settlement.*

On July 12, 2021, the Court granted final approval of the settlement:

*The Court has again reviewed the Class Notice Program and finds that Class Members received the best notice practicable under the circumstances.*

## 12. *In re General Motors LLC Ignition Switch Litig.*

No. 2543 (MDL) (S.D.N.Y.)

GM Ignition Switch Compensation Claims Resolution Facility

Ms. Keough oversaw the creation of a Claims Facility for the submission of injury claims allegedly resulting from the faulty ignition switch. The Claims Facility worked with experts when evaluating the claim forms submitted. First, the Claims Facility reviewed thousands of pages of police reports, medical documentation, and pictures to determine whether a claim met the threshold standards of an eligible claim for further review by the expert. Second, the Claims Facility would inform the expert that a claim was ready for its review. Ms. Keough constructed a database which allowed for a seamless transfer of claim forms and supporting documentation to the expert for further review.

## 13. *In re General Motors LLC Ignition Switch Litig.*

No. 2543 (MDL) (S.D.N.Y.)

Class Action Settlement

Ms. Keough was appointed the class action settlement administrator for the $120 million GM Ignition Switch settlement. On April 27, 2020, Honorable Jesse M. Furman approved the notice program designed by Ms. Keough and her team and the notice documents they drafted with the parties:

*The Court further finds that the Class Notice informs Class Members of the Settlement in a reasonable manner under Federal Rule of Civil Procedure 23(e)(1)(B) because it fairly apprises the prospective Class Members of the terms of the proposed Settlement and of the options that are open to them in connection with the proceedings.*

*The Court therefore approves the proposed Class Notice plan, and hereby directs that such notice be disseminated to Class Members in the manner set*

*forth in the Settlement Agreement and described in the Declaration of the Class Action Settlement Administrator...*

Under Ms. Keough's direction, JND mailed notice to nearly 30 million potential class members.

On December 18, 2020, Honorable Jesse M. Furman granted final approval:

*The Court confirms the appointment of Jennifer Keough of JND Legal Administration ("JND") as Class Action Settlement Administrator and directs Ms. Keough to carry out all duties and responsibilities of the Class Action Settlement Administrator as specified in the Settlement Agreement and herein...The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rules of Civil Procedure 23(c)(2)(b) and 23(e), and fully comply with all laws, including the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation.*

## 14. *Senne v. Office of the Commission of Baseball*

**No. 14-00608-JCS (N.D. Cal.)**

Ms. Keough and her team acted as the Settlement Administrator in the $185M settlement encompassing nearly 25,000 minor league baseball players who signed a uniform player's contract and played in in certain non-regular season periods from 2009 to 2022. The administration included direct notice by mail and e-mail, a media campaign, a primary distribution, and a redistribution of unclaimed funds to eligible class members. The administration also included a dedicated, bilingual online platform allowing players to submit work period disputes, update their addresses, view settlement payment estimates, and select the method in which they wished to receive their settlement payment. JND overcame unique challenges in the administration which included highly mobile class members who shared residences and sometimes accounts with fellow players, the provision of multi-lingual services, complex employment and non-employment tax reporting to most states and the federal government, as well as facilitating payment to the significant proportion of players who reside primarily outside the US.

## 15. *Express Freight Int'l v. Hino Motors Ltd.*

No. 22-cv-22483-Gayles/Torres (S.D. Fla.)

JND was retained as the Settlement Administrator in this $237.5 million class action settlement stemming from allegations that the emission levels in certain Hino trucks were misrepresented and exceed regulatory limits. Ms. Keough and her team designed a robust notice program that combined direct notice, a press release, an internet search campaign, and industry targeted digital and publication notice to maximize reach. As the settlement class included numerous fleet owners, the JND team under Ms. Keough's leadership successfully implemented a claim submission process to facilitate the filing of bulk claims that resulted in over 55,000 fleet filer claims. On April 1, 2024 Judge Darrin P. Gayles approved the notice program:

> The Court finds that Settlement Class Notice program was implemented in the manner approved by the Court in its Preliminary Approval Order. See Supplemental Keogh Decl. ¶¶ 4-9, 16. The Court finds that the form, content, and methods of disseminating notice to the Settlement Class Members: (1) comply with Rule 23(c)(2) of the Federal Rules of Civil Procedure as they are the best practicable notice under the circumstances and are reasonably calculated to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement; (2) comply with Rule 23(e), as they are reasonably calculated to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their right to object to, or opt out of, the proposed Settlement and other rights under the terms of the Settlement Agreement; (3) comply with Rule 23(h), as they are reasonably calculated to apprise the Settlement Class Members of any motion by Settlement Class Counsel for reasonable attorney's fees and costs, and their right to object to any such motion; (4) constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (5) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c), (e), and (h), and the Due Process Clause of the United States Constitution.

## 16. *FTC v. Reckitt Benckiser Grp. PLC*

No. 19CV00028 (W.D. Va.)

Ms. Keough and her team designed a multi-faceted notice program for this $50 million settlement resolving charges by the FTC that Reckitt Benckiser Group PLC violated antitrust laws by thwarting lower-priced generic competition to its branded drug Suboxone.

The plan reached 80% of potential claimants nationwide, and a more narrowed effort extended reach to specific areas and targets. The nationwide effort utilized a mix of digital, print, and radio broadcast through Sirius XM. Extended efforts included local radio in areas defined as key opioid markets and an outreach effort to medical professionals approved to prescribe Suboxone in the U.S., as well as to substance abuse centers; drug abuse and addiction info and treatment centers; and addiction treatment centers nationwide.

## 17. *In re Stryker Rejuvenate and ABG II Hip Implant Prods. Liab. Litig.*

No. 13-2441 (MDL) (D. Minn.)

Ms. Keough and her team were designated as the escrow agent and claims processor in this $1 billion settlement designed to compensate eligible U.S. Patients who had surgery to replace their Rejuvenate Modular-Neck and/or ABG II Modular-Neck hip stems prior to November 3, 2014. As the claims processor, Ms. Keough and her team designed internal procedures to ensure the accurate review of all medical documentation received; designed an interactive website which included online claim filing; and established a toll-free number to allow class members to receive information about the settlement 24 hours a day. Additionally, she oversaw the creation of a deficiency process to ensure claimants were notified of their deficient submission and provided an opportunity to cure. The program also included an auditing procedure designed to detect fraudulent claims and a process for distributing initial and supplemental payments. Approximately 95% of the registered eligible patients enrolled in the settlement program.

## 18. *In re The Engle Trust Fund*

No. 94-08273 CA 22 (Fla. 11th Jud. Cir. Ct.)

Ms. Keough played a key role in administering this $600 million landmark case against the country's five largest tobacco companies. Miles A. McGrane, III, Trustee to the Engle Trust Fund recognized Ms. Keough's role when he stated:

> *The outstanding organizational and administrative skills of Jennifer Keough cannot be overstated. Jennifer was most valuable to me in handling numerous substantive issues in connection with the landmark Engle Trust Fund matter. And, in her communications with affected class members, Jennifer proved to be a caring expert at what she does.*

## 19. *In re Air Cargo Shipping Servs. Antitrust Litig.*

No. 06-md-1775 (JG) (VVP) (E.D.N.Y.)

This antitrust settlement involved five separate settlements. As a result, many class members were affected by more than one of the settlements, Ms. Keough constructed the notice and claims programs for each settlement in a manner which allowed for the comparison of claims data. Each claims administration program included claims processing, review of supporting evidence, and a deficiency notification process. The deficiency notification process included mailing of deficiency letters, making follow up phone calls, and sending emails to class members to help them complete their claim. To ensure accuracy throughout the claims process for each of the settlements, Ms. Keough created a process which audited many of the claims that were eligible for payment.



# III.

# JUDICIAL RECOGNITION

Courts have favorably recognized Ms. Keough's work as outlined above and by the sampling of judicial comments from JND programs listed below.

## 1. Judge Cormac J. Carney

***Doe v. MindGeek USA Incorp.,*** (January 26, 2024)
No. 21-cv-00338 (C.D. Cal.):

*...the Court finds that the notice and plan satisfy the statutory and constitutional requirements because, given the nature and complexity of this case, "a multi-faceted notice plan is the best notice that is practicable under the circumstances."*

## 2. Honorable Jesse M. Furman

***City of Philadelphia v. Bank of Am. Corp.,*** (October 12, 2023)
No. 19-CV-1608 (JMF) (S.D.N.Y.):

*The Court approves the form and contents of the Short-Form and Long-Form Notices (collectively, the "Notices")...In addition to directly mailing notice, JND will run digital ads targeting a custom audience using the Google Display Network (GDN) and LinkedIn in an effort to target likely Class Members...JND will cause the publication notice... to be published in the Wall Street Journal and Investor's Business Daily. JND will also cause an informational press release...to be distributed to approximately 11,000 media outlets nationwide.*

## 3. Chief Judge Stephanie M. Rose

***PHT Holding II LLC v. N. Am. Co. for Life and Health Ins.,*** (August 25, 2023)
No. 18-CV-00368 (S.D. Iowa):

*The Court appoints JND Legal Administration LLC ("JND") as the Settlement Administrator...The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to the Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.*

### 4.  Judge Mary Kay Vyskocil

***Advance Trust & Life Escrow Serv., LTA v. PHL Variable Ins. Co.,*** (August 9, 2023)
No. 18-cv-03444 (MKV) (S.D.N.Y.):

*The Court appoints JND Legal Administration LLC ("JND"), which is a competent firm, as the Settlement Administrator... The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances, as well as valid, due, and sufficient notice to the Class, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.*

### 5.  Judge Philip S. Gutierrez

***In re Nat'l Football League's Sunday Ticket Antitrust Litig.,*** (July 7, 2023)
No. 15-ml-02668–PSG (JEMx) (C.D. Cal.):

*JND Legal Administration ("JND") is hereby appointed as the Notice Administrator. The Court approves the proposed forms of notice...The Court approves the proposed methods of notice, including: a. Direct notice using customer contact information provided to JND; b. A dedicated litigation website containing the Detailed Notice; and c. Supplemental forms of notice that include digital and radio advertisements.*

### 6.  Honorable Terrence G. Berg

***Chapman v Gen. Motors, LLC,*** (June 29, 2023)
No. 19-CV-12333-TGB-DRG (E.D. Mich.):

*Pursuant to Federal Rules of Civil Procedure 23(c)(2)(B), the Court finds that the content, format, and method of disseminating Class Notice...is the best notice practicable under the circumstances and satisfies all legal requirements, including Federal Rule of Civil Procedure 23(c)(2)(B) and the Due Process Clause.*

### 7.  Honorable Virginia M. Kendall

***In re Local TV Advert. Antitrust Litig.,*** (June 14, 2023)
MDL No. 2867 (N.D. Ill.):

*JND Legal Administration is hereby appointed as the Settlement Administrator with respect to the CBS, Fox, Cox Entities, and ShareBuilders Settlements. The Court approves the proposed Notice Program, including the Email Notice, Postcard Notice, Print Notice, Digital Notice, Long Form Notice and the Claim Form...*

### 8.  Judge Edward J. Davila

*In re MacBook Keyboard Litig.,* (May 25, 2023)
No. 18-cv-02813-EDJ (N.D. Cal.):

*The Settlement Agreement is being administered by JND Legal Administration ("JND")...the Settlement Administrator provided direct and indirect notice through emails, postcards, and the settlement website, in addition to the press and media coverage the settlement received...the Court finds that the Settlement Class has been provided adequate notice.*

### 9.  Honorable David O Carter

*Gutierrez, Jr. v. Amplify Energy Corp.,* (April 24, 2023)
No. 21-cv-01628-DOC-JDE (C.D. Cal.):

*The Court finds that the Notice set forth in Article VI of the Settlement Agreement, detailed in the Notice Plan attached to the Declaration of Jennifer Keough of JND Legal Administration, and effectuated pursuant to the Preliminary Approval Order: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Classes of the terms of the Settlement Agreement and the Final Approval Hearing; and (c) fully complied with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, including the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.*

### 10.  Honorable Joseph C. Spero

*Shuman v. Squaretrade Inc.,* (March 1, 2023)
No. 20-cv-02725-JCS (N.D. Cal.):

*As of February 10, 2023, 703,729 Class Members were mailed or emailed at least one Notice that was not returned as undeliverable, representing over 99.76% of the total Class Member population. Supplemental Declaration of Jennifer Keough Regarding Notice Administration (dkt. no. 140-2) ("Keough Supp. Decl."), ¶ 7. The Court finds that notice was provided in the best practicable manner to class members and fulfills the requirements of due process.*

## 11. Honorable J.P. Boulee

*In re TransUnion Rental Screening Sol. Inc. FCRA Litig.,* (January 6, 2023)
No. 20-md-02933-JPB (N.D. Ga.):

*The Parties have proposed JND Legal Administration as the Settlement Administrator for the Rule 23(b)(2) and Rule 23(b)(3) Settlement Classes. The Court has reviewed the materials about this organization and concludes that it has extensive and specialized experience and expertise in class action settlements and notice programs. The Court hereby appoints JND Legal Administration as the Settlement Administrator, to assist and provide professional guidance in the implementation of the Notice Plans and other aspects of the settlement administration.*

## 12. Honorable David O Carter

*Gutierrez, Jr. v. Amplify Energy Corp.,* (December 7, 2022)
21-cv-01628-DOC-JDE (C.D. Cal.):

*The Court appoints JND Legal Administration as the Settlement Administrator in this Action...The Court approves, as to form and content, the Direct Notices, Long Form Notices, and Email notices substantially in the forms attached as Exhibits B-J to the Declaration of Jennifer Keough In Support of Motion for Preliminary Approval of Class Action Settlement and Direction of Notice ("Keough Declaration").*

## 13. Honorable Charles R. Breyer

*In re Volkswagen "Clean Diesel" Mktg., Sales Practice and Prods. Liab. Litig.,* (November 9, 2022)
MDL 2672 CRB (N.D. Cal.):

*The Settlement Administrator has also taken the additional step to allow potential class members to submit claims without any documentation on the settlement website, allowing the settlement administrator to seek out the documentation independently (which can often be found without further aid from the class member). Id. at 5; Third Keough Decl. (dkt. 8076) ¶ 3. On October 6, 2022, the Settlement Administrator also sent reminder notices to the class members who have not yet submitted a claim, stating that they may file a claim without documentation, and their claim will be verified based on the information they provide. Third Keough Decl. ¶ 4. In any case, Lochridge's concerns about the unavailability of documentation have not been borne out by the majority of claimants: According to the Settlement Administrator, of the 122,467 claims submitted, 100,657 have included some form of documentation. Id. ¶ 6. Lochridge's objection on this point is thus overruled...*

*Additionally, the claims process has been unusually successful—as of October 20, 122,467 claim forms have been submitted, covering 22% of the estimated eligible Class vehicles. Third Keough Decl. ¶ 6. This percentage rises to 24% when the Sport+ Class vehicles that have already received a software update (thus guaranteeing their owners a $250 payment without submission of a claim form) are included. Id. This reaction strongly favors approval of the settlement.*

## 14. Honorable Joseph C. Spero

***Shuman v. Squaretrade Inc.,*** (October 17, 2022)
No. 20-cv-02725-JCS (N.D. Cal.):

*JND Legal Administration is appointed to serve as the Settlement Administrator and is authorized to email and mail the approved Notice to members of the Settlement Class and further administer the Settlement in accordance with the Amended Agreement and this Order.*

## 15. Judge Stephen V. Wilson

***LSIMC, LLC v. Am. Gen. Life Ins. Co.,*** (September 21, 2022)
No. 20-cv-11518 (C.D. Cal.):

*JND Legal Administration LLC ("JND") shall be appointed to serve as Class Notice Administrator...*

## 16. Judge Valerie Figueredo

***Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of New York,*** (August 19, 2022)
No. 19-cv-06004 (S.D.N.Y.):

*The Court approves the retention of JND Legal Administration LLC ("JND") as the Notice Administrator.*

## 17. Honorable Dana M. Sabraw

***In re Packaged Seafood Prods. Antitrust Litig. (EPP Class),*** (July 15, 2022)
No. 15-md-02670 (S.D. Cal.):

*An experienced and well-respected claims administrator, JND Legal Administration LLC ("JND"), administered a comprehensive and robust notice plan to alert Settlement Class Members of the COSI Settlement Agreement...The Notice Plan surpassed the 85% reach goal...The Court recognizes JND's extensive experience in processing claim especially for millions of claimants...The Court finds due process was satisfied*

*and the Notice Program provided adequate notice to settlement class members in a reasonable manner through all major and common forms of media.*

## 18. Honorable Charles R. Breyer

*In re Volkswagen "Clean Diesel" Mktg., Sales Practice and Prods. Liab. Litig.,* (July 8, 2022) MDL 2672 CRB (N.D. Cal.):

*As applied here, the Court finds that the content, format, and method of disseminating Notice—set forth in the Motion, the Declaration of Jennifer Keough on Settlement Notice Plan, and the Settlement Agreement and Release—is state of the art and satisfies Rule 23(c)(2) and all contemporary notice standards. The Court approves the notice program, and hereby directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement and Declaration of Jennifer Keough on Settlement Notice Plan to Class Members under Rule 23(e)(1).*

## 19. Judge Fernando M. Olguin

*Gupta v. Aeries Software, Inc.,* (July 7, 2022) No. 20-cv-00995 (C.D. Cal.):

*Under the circumstances, the court finds that the procedure for providing notice and the content of the class notice constitute the best practicable notice to class members and complies with the requirements of due process...The court appoints JND as settlement administrator.*

## 20. Judge Cormac J. Carney

*Gifford v. Pets Global, Inc.,* (June 24, 2022) No. 21-cv-02136-CJC-MRW (C.D. Cal.):

*The Settlement also proposes that JND Legal Administration act as Settlement Administrator and offers a provisional plan for Class Notice...*

*The proposed notice plan here is designed to reach at least 70% of the class at least two times. The Notices proposed in this matter inform Class Members of the salient terms of the Settlement, the Class to be certified, the final approval hearing and the rights of all parties, including the rights to file objections or to opt-out of the Settlement Class...This proposed notice program provides a fair opportunity for Class Members to obtain full disclosure of the conditions of the Settlement and to make an informed decision regarding the Settlement.*

### 21. Judge David J. Novak

***Brighton Tr. LLC, as Tr. v. Genworth Life & Annuity Ins. Co.,*** (June 3, 2022)
No. 20-cv-240-DJN (E.D. Va.):

*The Court appoints JND Legal Administration LLC ("JND"), a competent firm, as the Settlement Administrator.*

### 22. Judge Donovan W. Frank

***Advance Trust & Life Escrow Serv., LTA v. ReliaStar Life Ins. Co.,*** (June 2, 2022)
No. 18-cv-2863-DWF-ECW (D. Minn.):

*The Court approves the retention of JND Legal Administration LLC ("JND") as the Notice Administrator.*

### 23. Honorable Philip S. Gutierrez

***Andrews v. Plains All Am. Pipeline, L.P.,*** (May 25, 2022)
No. 15-cv-04113-PSG-JEM (C.D. Cal.):

*Court appoints JND Legal Administration as the Settlement Administrator in this Action...The Court approves, as to form and content, the Mail Notice and the Publication Notice, substantially in the forms attached as Exhibits D, E, and F to the Declaration of Jennifer Keough In Support of Motion for Preliminary Approval of Class Action Settlement and Direction of Notice ("Keough Declaration").*

### 24. Judge Victoria A. Roberts

***Graham v. Univ. of Michigan,*** (March 29, 2022)
No. 21-cv-11168-VAR-EAS (E.D. Mich.):

*The Court has received and reviewed...the proposed notice plan as described in the Declaration of Jennifer Keough...The Court finds that the foregoing program of Class Notice and the manner of its dissemination is sufficient under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to the Settlement. The Court further finds that the Class Notice program is reasonable; that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.*

## 25. Honorable Michael Markman

**DC 16 v. Sutter Health,** (March 11, 2022)
No. RG15753647 (Cal. Super. Ct.):

*The Court approves and appoints JND Legal Administration ("JND") to serve as the notice provider and directs JND to carry out all duties and responsibilities of providing notice and processing requests for exclusion.*

## 26. Honorable P. Kevin Castel

**Hanks v. Lincoln Life & Annuity Co. of New York,** (February 23, 2022)
No. 16-cv-6399 PKC (S.D.N.Y.):

*The Court appoints JND Legal Administration LLC ("JND"), a competent firm, as the Settlement Administrator...The form and content of the notices, as well as the manner of dissemination described below, meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.*

## 27. Judge David G. Campbell

**In re Arizona Theranos, Inc. Litig.,** (February 2, 2022)
No. 16-cv-2138-DGC (D. Ariz.):

*The Court appoints JND Legal Administration ("JND") to serve as Class Administrator and directs JND to carry out all duties and responsibilities of the Class Administrator as specified in the Notice Plan...This approval includes the proposed methods of providing notice, the proposed forms of notice attached as Exhibits B through D to the Declaration of Jennifer M. Keough (Doc. 445-1 – "Keough Decl."), and the proposed procedure for class members to opt-out.*

## 28. Judge William M. Conley

**Bruzek v. Husky Oil Operations Ltd.,** (January 31, 2022)
No. 18-cv-00697 (W.D. Wis.):

*The claims administrator estimates that at least 70% of the class received notice... the court concludes that the parties' settlement is fair, reasonable and adequate under Rule 23(e).*

### 29.  Honorable Dana M. Sabraw

***In re Packaged Seafood Prods. Antitrust Litig. (DPP Class),*** (January 26, 2022)
No. 15-md-02670 (S.D. Cal.):

*The rigorous notice plan proposed by JND satisfies requirements imposed by Rule 23 and the Due Process clause of the United States Constitution. Moreover, the contents of the notice satisfactorily informs Settlement Class members of their rights under the Settlement.*

### 30.  Honorable Dana M. Sabraw

***In re Packaged Seafood Prods. Antitrust Litig. (EPP Class),*** (January 26, 2022)
No. 15-md-02670 (S.D. Cal.):

*Class Counsel retained JND, an experienced notice and claims administrator, to serve as the notice provider and settlement claims administrator.  The Court approves and appoints JND as the Claims Administrator.  EPPs and JND have developed an extensive and robust notice program which satisfies prevailing reach standards.  JND also developed a distribution plan which includes an efficient and user-friendly claims process with an effective distribution program.  The Notice is estimated to reach over 85% of potential class members via notice placements with the leading digital network (Google Display Network), the top social media site (Facebook), and a highly read consumer magazine (People)... The Court approves the notice content and plan for providing notice of the COSI Settlement to members of the Settlement Class.*

### 31.  Judge Alvin K. Hellerstein

***Leonard v. John Hancock Life Ins. Co. of NY,*** (January 10, 2022)
No. 18-CV-04994 (S.D.N.Y.):

*The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to the Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.*

## 32.  Honorable Justice Edward Belobaba

**Kalra v. Mercedes-Benz Canada Inc.,** (December 9, 2021)
No. 15-MD-2670 (Ont. Super. Ct.):

*THIS COURT ORDERS that JND Legal Administration is hereby appointed the Settlement Administrator to implement and oversee the Notice Program, the Claims Program, the Honorarium Payment to the Class Representative, and the payment of the Levy to the Class Proceedings Fund.*

## 33.  Judge Timothy J. Corrigan

**Levy v. Dolgencorp, LLC,** (December 2, 2021)
No. 20-cv-01037-TJC-MCR (M.D. Fla.):

*No Settlement Class Member has objected to the Settlement and only one Settlement Class Member requested exclusion from the Settlement through the opt-out process approved by this Court...The Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice. The Notice Program fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

## 34.  Honorable Nelson S. Roman

**Swetz v. GSK Consumer Health, Inc.,** (November 22, 2021)
No. 20-cv-04731 (S.D.N.Y.):

*The Notice Plan provided for notice through a nationwide press release; direct notice through electronic mail, or in the alternative, mailed, first-class postage prepaid for identified Settlement Class Members; notice through electronic media—such as Google Display Network and Facebook—using a digital advertising campaign with links to the dedicated Settlement Website; and a toll-free telephone number that provides Settlement Class Members detailed information and directs them to the Settlement Website. The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order.*

## 35. Honorable James V. Selna

***Herrera v. Wells Fargo Bank, N.A.,*** (November 16, 2021)
No. 18-cv-00332-JVS-MRW (C.D. Cal.):

*On June 8, 2021, the Court appointed JND Legal Administration ("JND") as the Claims Administrator... JND mailed notice to approximately 2,678,266 potential Non-Statutory Subclass Members and 119,680 Statutory Subclass Members. Id. ¶ 5. 90% of mailings to Non-Statutory Subclass Members were deemed delivered, and 81% of mailings to Statutory Subclass Members were deemed delivered. Id. ¶ 9. Follow-up email notices were sent to 1,977,514 potential Non-Statutory Subclass Members and 170,333 Statutory Subclass Members, of which 91% and 89% were deemed delivered, respectively. Id. ¶ 12. A digital advertising campaign generated an additional 5,195,027 views. Id. ¶ 13...Accordingly, the Court finds that the notice to the Settlement Class was fair, adequate, and reasonable.*

## 36. Judge Mark C. Scarsi

***Patrick v. Volkswagen Grp. of Am., Inc.,*** (September 18, 2021)
No. 19-cv-01908-MCS-ADS (C.D. Cal.):

*The Court finds that, as demonstrated by the Declaration of Jennifer M. Keough and counsel's submissions, Notice to the Settlement Class was timely and properly effectuated in accordance with Fed. R. Civ. P. 23(e) and the approved Notice Plan set forth in the Court's Preliminary Approval Order. The Court finds that said Notice constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

## 37. Judge Morrison C. England, Jr.

***Martinelli v. Johnson & Johnson,*** (September 27, 2021)
No. 15-cv-01733-MCE-DB (E.D. Cal.):

*The Court appoints JND, a well-qualified and experienced claims and notice administrator, as the Settlement Administrator.*

## 38. Honorable Nathanael M. Cousins

***Malone v. Western Digital Corp.,*** (July 21, 2021)
No. 20-cv-03584-NC (N.D. Cal.):

*The Court hereby appoints JND Legal Administration as Settlement Administrator...The Court finds that the proposed notice program meets the requirements of Due Process*

under the U.S. Constitution and Rule 23; and that such notice program—which includes individual direct notice to known Settlement Class Members via email, mail, and a second reminder email, a media and Internet notice program, and the establishment of a Settlement Website and Toll-Free Number—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The Court further finds that the proposed form and content of the forms of the notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt-out, and the proposed Settlement and its terms.

### 39.  Judge Mark H. Cohen

*Pinon v. Mercedes-Benz USA, LLC and Daimler AG,* (March 29, 2021)
No. 18-cv-3984 (N.D. Ga.):

*The Court finds that the content, format, and method of disseminating the Notice Plan, as set forth in the Motion, the Declaration of the Settlement Administrator (Declaration of Jennifer M. Keough Regarding Proposed Notice Plan) [Doc. 70-7], and the Settlement Agreement, including postcard notice disseminated through direct U.S. Mail to all known Class Members and establishment of a website: (a) constitutes the best notice practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfies all requirements provided Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designated to be readily understandable by the Settlement Class.*

### 40.  Honorable Daniel D. Domenico

*Advance Trust & Life Escrow Serv., LTA v. Sec. Life of Denver Ins. Co.,* (January 29, 2021)
No. 18-cv-01897-DDD-NYW (D. Colo.):

*The court approves the form and contents of the Short-Form and Long Form Notices attached as Exhibits A and B, respectively, to the Declaration of Jennifer M. Keough, filed on January 26, 2021…The proposed form and content of the Notices meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B)…The court approves the retention of JND Legal Administration LLC as the Notice Administrator.*

## 41.  Honorable Virginia A. Phillips

***Sonner v. Schwabe N. Am., Inc.,*** (January 25, 2021)
No. 15-cv-01358 VAP (SPx) (C.D. Cal.):

*Following preliminary approval of the settlement by the Court, the settlement administrator provided notice to the Settlement Class through a digital media campaign.  (Dkt. 203-5).  The Notice explains in plain language what the case is about, what the recipient is entitled to, and the options available to the recipient in connection with this case, as well as the consequences of each option.  (Id., Ex. E). During the allotted response period, the settlement administrator received no requests for exclusion and just one objection, which was later withdrawn. (Dkt. 203-1, at 11).*

*Given the low number of objections and the absence of any requests for exclusion, the Class response is favorable overall.  Accordingly, this factor also weighs in favor of approval.*

## 42.  Honorable R. Gary Klausner

***A.B. v. Regents of the Univ. of California,*** (January 8, 2021)
No. 20-cv-09555-RGK-E (C.D. Cal.):

*The parties intend to notify class members through mail using UCLA's patient records. And they intend to supplement the mail notices using Google banners and Facebook ads, publications in the LA times and People magazine, and a national press release. Accordingly, the Court finds that the proposed notice and method of delivery sufficient and approves the notice.*

## 43.  Judge Nathanael M. Cousins

***King v. Bumble Trading Inc.,*** (December 18, 2020)
No. 18-cv-06868-NC (N.D. Cal.):

*Pursuant to the Court's Preliminary Approval Order, the Court appointed JND Settlement Administrators as the Settlement Administrator... JND sent court-approved Email Notices to millions of class members...Overall, approximately 81% of the Settlement Class Members were successfully sent either an Email or Mailed Notice...JND supplemented these Notices with a Press Release which Global Newswire published on July 18, 2020... In sum, the Court finds that, viewed as a whole, the settlement is sufficiently "fair, adequate, and reasonable" to warrant approval.*

## 44. Judge Vernon S. Broderick, Jr.

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* (December 16, 2020)
No. 14-md-02542 (S.D.N.Y.):

*I further appoint JND as Claims Administrator.  JND's principals have more than 75 years-worth of combined class action legal administration experience, and JND has handled some of the largest recent settlement administration issues, including the Equifax Data Breach Settlement.  (Doc. 1115 ¶ 5.)  JND also has extensive experience in handling claims administration in the antitrust context.  (Id.  ¶ 6.) Accordingly, I appoint JND as Claims Administrator.*

## 45. Honorable Laurel Beeler

*Sidibe v. Sutter Health,* (November 5, 2020)
No. 12-cv-4854-LB (N.D. Cal.):

*Class Counsel has retained JND Legal Administration ("JND"), an experienced class notice administration firm, to administer notice to the Class. The Court appoints JND as the Class Notice Administrator. JND shall provide notice of pendency of the class action consistent with the procedures outlined in the Keough Declaration.*

## 46. Judge Carolyn B. Kuhl

*Sandoval v. Merlex Stucco Inc.,* (October 30, 2020)
No. BC619322 (Cal. Super. Ct.):

*Additional Class Member class members, and because their names and addresses have not yet been confirmed, will be notified of the pendency of this settlement via the digital media campaign outlined by the Keough/JND Legal declaration...the Court approves the Parties selection of JND Legal as the third-party Claims Administrator.*

## 47. Honorable Louis L. Stanton

*Rick Nelson Co. v. Sony Music Ent.,* (September 16, 2020)
No. 18-cv-08791 (S.D.N.Y.):

*The parties have designated JND Legal Administration ("JND") as the Settlement Administrator. Having found it qualified, the Court appoints JND as the Settlement Administrator and it shall perform all the duties of the Settlement Administrator as set forth in the Stipulation...The form and content of the Notice, Publication Notice and Email Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23*

*of the Federal Rules of Civil Procedure, due process. and any other applicable law, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.*

## 48. Judge Steven W. Wilson

***Amador v Baca,*** (August 11, 2020)
No. 10-cv-1649 (C.D. Cal.):

*Class Counsel, in conjunction with JND, have also facilitated substantial notice and outreach to the relatively disparate and sometimes difficult to contact class of more than 94,000 individuals, which has resulted in a relatively high claims rate of between 33% and 40%, pending final verification of deficient claims forms. Their conduct both during litigation and after settlement was reached was adequate in all respects, and supports approval of the Settlement Agreement.*

## 49. Judge Stephanie M. Rose

***Swinton v. SquareTrade, Inc.,*** (April 14, 2020)
No. 18-CV-00144-SMR-SBJ (S.D. Iowa):

*This publication notice appears to have been effective.  The digital ads were linked to the Settlement Website, and Google Analytics and other measures indicate that, during the Publication Notice Period, traffic to the Settlement Website was at its peak.*

## 50. Judge Joan B. Gottschall

***In re Navistar MaxxForce Engines Mktg., Sales Practices and Prods.,*** (January 3, 2020)
No. 14-cv-10318 (N.D. Ill.):

*WHEREAS, the Parties have agreed to use JND Legal Administration ("JND"), an experienced administrator of class action settlements, as the claims administrator for this Settlement and agree that JND has the requisite experience and expertise to serve as claims administrator; The Court appoints JND as the claims administrator for the Settlement.*

## 51. Judge Edward M. Chen

***In re MyFord Touch Consumer Litig.,*** (December 17, 2019)
No. 13-cv-3072 (EMC) (N.D. Cal.):

*The Court finds that the Class Notice was the best practicable notice under the circumstances, and has been given to all Settlement Class Members known and*

*reasonably identifiable in full satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process… The Court notes that the reaction of the class was positive: only one person objected to the settlement although, by request of the objector and in the absence of any opposition from the parties, that objection was converted to an opt-out at the hearing.*

### 52. Honorable Steven I. Locke

***Donnenfield v. Petro, Inc.,*** (December 4, 2019)
No. 17-cv-02310 (E.D.N.Y.):

*WHEREAS, the Parties have agreed to use JND Legal Administration ("JND"), an experienced administrator of class action settlements, as the claims administrator for this Settlement and agree that JND has the requisite experience and expertise to serve as claims administrator; The Court appoints JND as the claims administrator for the Settlement.*

### 53. Honorable Amy D. Hogue

***Trepte v. Bionaire, Inc.,*** (November 5, 2019)
No. BC540110 (Cal. Super. Ct.):

*The Court appoints JND Legal Administration as the Class Administrator… The Court finds that the forms of notice to the Settlement Class regarding the pendency of the action and of this settlement, and the methods of giving notice to members of the Settlement Class… constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class. They comply fully with the requirements of California Code of Civil Procedure section 382, California Civil Code section 1781, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.*

### 54. Judge Barbara Jacobs Rothstein

***Wright v. Lyft, Inc.,*** (May 29, 2019)
No. 17-cv-23307-MGC 14-cv-00421-BJR (W.D. Wash.):

*The Court also finds that the proposed method of distributing relief to the class is effective. JND Legal Administration ("JND"), an experienced claims administrator, undertook a robust notice program that was approved by this Court…*

### 55. Judge J. Walton McLeod

***Boskie v. Backgroundchecks.com,*** (May 17, 2019)
No. 2019CP3200824 (S.C. C.P.):

*The Court appoints JND Legal Administration as Settlement Administrator...The Court approves the notice plans for the HomeAdvisor Class and the Injunctive Relief Class as set forth in the declaration of JND Legal Administration. The Court finds the class notice fully satisfies the requirements of due process, the South Carolina Rules of Civil Procedure. The notice plan for the HomeAdvisor Class and Injunctive Relief Class constitutes the best notice practicable under the circumstances of each Class.*

### 56. Honorable James Donato

***In re Resistors Antitrust Litig.,*** (May 2, 2019)
No. 15-cv-03820-JD (N.D. Cal.):

*The Court approves as to form and content the proposed notice forms, including the long form notice and summary notice, attached as Exhibits B and D to the Second Supplemental Declaration of Jennifer M. Keough Regarding Proposed Notice Program (ECF No. 534-3). The Court further finds that the proposed plan of notice – including Class Counsel's agreement at the preliminary approval hearing for the KOA Settlement that direct notice would be effectuated through both U.S. mail and electronic mail to the extent electronic mail addresses can be identified following a reasonable search – and the proposed contents of these notices, meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.The Court appoints the firm of JND Legal Administration LLC as the Settlement Administrator.*

### 57. Honorable Leigh Martin May

***Bankhead v. First Advantage Background Serv. Corp.,*** (April 30, 2019)
No. 17-cv-02910-LMM-CCB (N.D. Ga.):

*The Court appoints JND Legal Administration as Settlement Administrator... The Court approves the notice plans for the Class as set forth in the declaration of the JND Legal Administration. The Court finds that class notice fully satisfies the requirements of due process of the Federal Rules of Civil Procedure. The notice plan constitutes the best notice practicable under the circumstances of the Class.*

### 58. Honorable P. Kevin Castel

*Hanks v. Lincoln Life & Annuity Co. of New York,* (April 23, 2019)
No. 16-cv-6399 PKC (S.D.N.Y.):

*The Court approves the form and contents of the Short-Form Notice and Long-Form Notice (collectively, the "Notices") attached as Exhibits A and B, respectively, to the Declaration of Jennifer M. Keough, filed on April 2, 2019, at Docket No. 120...The form and content of the notices, as well as the manner of dissemination described below, therefore meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto...the Court approves the retention of JND Legal Administration LLC ("JND") as the Notice Administrator.*

### 59. Judge Kathleen M. Daily

*Podawiltz v. Swisher Int'l, Inc.,* (February 7, 2019)
No. 16CV27621 (Or. Cir. Ct.):

*The Court appoints JND Legal Administration as settlement administrator...The Court finds that the notice plan is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, ORCP 32, and any other applicable laws.*

### 60. Honorable Kenneth J. Medel

*Huntzinger v. Suunto Oy,* (December 14, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the Class Notice and the Notice Program implemented pursuant to the Settlement Agreement and Preliminary Approval Order constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully complied with the due process requirement under all applicable statutes and laws and with the California Rules of Court.*

### 61. Honorable Thomas M. Durkin

*In re Broiler Chicken Antitrust Litig.,* (November 16, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable efforts, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the*

*proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

### 62. Judge Maren E. Nelson

***Granados v. Cnty. of Los Angeles,*** (October 30, 2018)
No. BC361470 (Cal. Super. Ct.):

*JND's Media Notice plan is estimated to have reached 83% of the Class. The overall reach of the Notice Program was estimated to be over 90% of the Class. (Keough Decl., at ¶12.). Based upon the notice campaign outlined in the Keough Declaration, it appears that the notice procedure was aimed at reaching as many class members as possible. The Court finds that the notice procedure satisfies due process requirements.*

### 63. Judge Maren E. Nelson

***McWilliams v. City of Long Beach,*** (October 30, 2018)
No. BC261469 (Cal. Super. Ct.):

*It is estimated that JND's Media Notice plan reached 88% of the Class and the overall reach of the Notice Program was estimated to be over 90% of the Class. (Keough Decl., at 12.). Based upon the notice campaign outlined in the Keough Declaration, it appears that the notice procedure was aimed at reaching as many class members as possible. The Court finds that the notice procedure satisfies due process requirements.*

### 64. Judge Cheryl L. Pollak

***Dover v. British Airways, PLC (UK),*** (October 9, 2018)
No. 12-cv-5567 (E.D.N.Y.), in response to two objections:

*JND Legal Administration was appointed as the Settlement Claims Administrator, responsible for providing the required notices to Class Members and overseeing the claims process, particularly the processing of Cash Claim Forms...the overwhelmingly positive response to the Settlement by the Class Members, reinforces the Court's conclusion that the Settlement is fair, adequate, and reasonable.*

## 65. Judge Edward J. Davila

***In re Intuit Data Litig.,*** (October 4, 2018)
No. 15-CV-1778-EJD (N.D. Cal.):

*The Court appoints JND Legal Administration ("JND") to serve as the Settlement Administrator...The Court approves the program for disseminating notice to Class Members set forth in the Agreement and Exhibit A thereto (herein, the "Notice Program"). The Court approves the form and content of the proposed forms of notice, in the forms attached as Attachments 1 through 3 to Exhibit A to the Agreement. The Court finds that the proposed forms of notice are clear and readily understandable by Class Members. The Court finds that the Notice Program, including the proposed forms of notice, is reasonable and appropriate and satisfies any applicable due process and other requirements, and is the only notice to the Class Members of the Settlement that is required.*

## 66. Honorable Otis D. Wright, II

***Chester v. The TJX Cos.,*** (May 15, 2018)
No. 15-cv-01437 (C.D. Cal.):

*... the Court finds and determines that the Notice to Class Members was complete and constitutionally sound, because individual notices were mailed and/or emailed to all Class Members whose identities and addresses are reasonably known to the Parties, and Notice was published in accordance with this Court's Preliminary Approval Order, and such notice was the best notice practicable ...*

## 67. Honorable Susan J. Dlott

***Linneman v. Vita-Mix Corp.,*** (May 3, 2018)
No. 15-cv-01437 (C.D. Cal.):

*JND Legal Administration, previously appointed to supervise and administer the notice process, as well as oversee the administration of the Settlement, appropriately issued notice to the Class as more fully set forth in the Agreement, which included the creation and operation of the Settlement Website and more than 3.8 million mailed or emailed notices to Class Members. As of March 27, 2018, approximately 300,000 claims have been filed by Class Members, further demonstrating the success of the Court-approved notice program.*

### 68. Honorable David O. Carter

***Hernandez v. Experian Info. Sols., Inc.,*** (April 6, 2018)
No. 05-cv-1070 (C.D. Cal.):

*The Court finds, however, that the notice had significant value for the Class, resulting in over 200,000 newly approved claims—a 28% increase in the number of Class members who will receive claimed benefits—not including the almost 100,000 Class members who have visited the CCRA section of the Settlement Website thus far and the further 100,000 estimated visits expected through the end of 2019. (Dkt. 1114-1 at 3, 6). Furthermore, the notice and claims process is being conducted efficiently at a total cost of approximately $6 million, or $2.5 million less than the projected 2009 Proposed Settlement notice and claims process, despite intervening increases in postage rates and general inflation. In addition, the Court finds that the notice conducted in connection with the 2009 Proposed Settlement has significant ongoing value to this Class, first in notifying in 2009 over 15 million Class members of their rights under the Fair Credit Reporting Act (the ignorance of which for most Class members was one area on which Class Counsel and White Objectors' counsel were in agreement), and because of the hundreds of thousands of claims submitted in response to that notice, and processed and validated by the claims administrator, which will be honored in this Settlement.*

### 69. Judge Ann D. Montgomery

***In re Wholesale Grocery Prod. Antitrust Litig.,*** (November 16, 2017)
No. 9-md-2090 (ADM) (TNL) (D. Minn.):

*Notice provider and claims administrator JND Legal Administration LLC provided proof that mailing conformed to the Preliminary Approval Order in a declaration filed contemporaneously with the Motion for Final Approval of Class Settlement. This notice program fully complied with Fed. R. Civ. P. 23, satisfied the requirements of due process, is the best notice practicable under the circumstances, and constituted due and adequate notice to the Class of the Settlement, Final Approval Hearing and other matters referred to in the Notice.*

# IV.

# CASE EXPERIENCE

Ms. Keough has played an important role in hundreds of matters throughout her career.
A partial listing of her notice and claims administration case work is provided below.

| CASE NAME | CASE NUMBER | LOCATION |
| --- | --- | --- |
| *Aaland v. Contractors.com and One Planet Ops* | 19-2-242124 SEA | Wash. Super. Ct. |
| *A.B. v. Regents of the Univ. of California* | 20-cv-09555-RGK-E | C.D. Cal. |
| *Achziger v. IDS Prop. Cas. Ins.* | 14-cv-5445 | W.D. Wash. |
| *Adair v. Michigan Pain Specialist, PLLC* | 14-28156-NO | Mich. Cir. |
| *Adkins v. EQT Prod. Co.* | 10-cv-00037-JPJ-PMS | W.D. Va. |
| *Advance Trust & Life Escrow Serv., LTA v. PHL Variable Ins. Co.* | 18-cv-03444 (MKV) | S.D.N.Y. |
| *Advance Trust & Life Escrow Serv., LTA v. ReliaStar Life Ins. Co.* | 18-cv-2863-DWF-ECW | D. Minn. |
| *Advance Trust & Life Escrow Serv., LTA v. Sec. Life of Denver Ins. Co.* | 18-cv-01897-DDD-NYW | D. Colo. |
| *Ahmed v. HSBC Bank USA, NA* | 15-cv-2057-FMO-SPx | N.D. Ill. |
| *Alexander v. District of Columbia* | 17-1885 (ABJ) | D.D.C. |
| *Allagas v. BP Solar Int'l, Inc.* | 14-cv-00560 (SI) | N.D. Cal. |
| *Allen v. Apache Corp.* | 22-cv-00063-JAR | E.D. Okla. |
| *Amador v. Baca* | 10-cv-1649 | C.D. Cal. |
| *Amin v. Mercedes-Benz USA, LLC* | 17-cv-01701-AT | N.D. Ga. |
| *Armstead v. VGW Malta Ltd.* | 2022-CI-00553 | Ky. Cir. Ct. |
| *Andrews v. Plains All Am. Pipeline, L.P.* | 15-cv-04113-PSG-JEM | C.D. Cal. |
| *Anger v. Accretive Health* | 14-cv-12864 | E.D. Mich. |
| *Arnold v. State Farm Fire and Cas. Co.* | 17-cv-148-TFM-C | S.D. Ala. |
| *Arthur v. Sallie Mae, Inc.* | 10-cv-00198-JLR | W.D. Wash. |
| *Atkins v. Nat'l. Gen. Ins. Co.* | 16-2-04728-4 | Wash. Super. Ct. |
| *Atl. Ambulance Corp. v. Cullum & Hitti* | MRS-L-264-12 | N.J. Super. Ct. |
| *Backer Law Firm, LLC v. Costco Wholesale Corp.* | 15-cv-327 (SRB) | W.D. Mo. |
| *Baker v. Equity Residential Mgmt., LLC* | 18-cv-11175 | D. Mass. |
| *Bankhead v. First Advantage Background Servs. Corp.* | 17-cv-02910-LMM-CCB | N.D. Ga. |
| *Banks v. R.C. Bigelow, Inc.* | 20-cv-06208-DDP (RAOx) | C.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Barbanell v. One Med. Grp., Inc. | CGC-18-566232 | Cal. Super. Ct. |
| Barrios v. City of Chicago | 15-cv-02648 | N.D. Ill. |
| Beaucage v. Ticketmaster Canada Holdings, ULC | CV-20-00640518-00CP | Ont. Super. Ct. |
| Belanger v. RoundPoint Mortg. Servicing | 17-cv-23307-MGC | S.D. Fla. |
| Belin v. Health Ins. Innovations, Inc. | 19-cv-61430-AHS | S.D. Fla |
| Beltran v. InterExchange, Inc. | 14-cv-3074 | D. Colo. |
| Benson v. DoubleDown Interactive, LLC | 18-cv-00525-RSL | W.D. Wash. |
| Bland v. Premier Nutrition Corp. | RG19-002714 | Cal. Super. Ct. |
| Blankenship v. HAPO Cmty. Credit Union | 19-2-00922-03 | Wash. Super. Ct. |
| Blasi v. United Debt Serv., LLC | 14-cv-0083 | S.D. Ohio |
| Bollenbach Enters. Ltd. P'ship. v. Oklahoma Energy Acquisitions | 17-cv-134 | W.D. Okla. |
| Boskie v. Backgroundchecks.com | 2019CP3200824 | S.C. C.P. |
| Botts v. Johns Hopkins Univ. | 20-cv-01335-JRR | D. Md. |
| Boyd v. RREM Inc., d/b/a Winston | 2019-CH-02321 | Ill. Cir. Ct. |
| Bradley v. Honecker Cowling LLP | 18-cv-01929-CL | D. Or. |
| Brasch v. K. Hovnanian Enter. Inc. | 30-2013-00649417-CU-CD-CXC | Cal. Super. Ct. |
| Brighton Tr. LLC, as Tr. v. Genworth Life & Annuity Ins. Co. | 20-cv-240-DJN | E.D. Va. |
| Brna v. Isle of Capri Casinos | 17-cv-60144 (FAM) | S.D. Fla. |
| Bromley v. SXSW LLC | 20-cv-439 | W.D. Tex. |
| Browning v. Yahoo! | C04-01463 HRL | N.D. Cal. |
| Bruzek v. Husky Oil Operations Ltd. | 18-cv-00697 | W.D. Wis. |
| Burnett v. Nat'l Assoc. of Realtors | 19-CV-00332-SRB | W.D. Mo. |
| Careathers v. Red Bull N. Am., Inc. | 13-cv-369 (KPF) | S.D.N.Y. |
| Carillo v. Wells Fargo Bank, N.A. | 18-cv-03095 | E.D.N.Y. |
| Carmack v. Amaya Inc. | 16-cv-1884 | D.N.J. |
| Cavallaro v USAA | 20-CV-00414-TSB | S.D. Ohio |
| Cecil v. BP Am. Prod. Co. | 16-cv-410 (RAW) | E.D. Okla. |
| Chapman v. GEICO Cas. Co. | 37-2019-00000650-CU-CR-CTL | Cal. Super. Ct. |
| Chapman v. Gen. Motors, LLC | 19-CV-12333-TGB-DRG | E.D. Mich. |
| City of Philadelphia v. Bank of Am. Corp. | 19-CV-1608 (JMF) | S.D.N.Y. |
| Chester v. TJX Cos. | 15-cv-1437 (ODW) (DTB) | C.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Chieftain Royalty Co. v. BP Am. Prod. Co.* | 18-cv-00054-JFH-JFJ | N.D. Okla. |
| *Chieftain Royalty Co. v. Marathon Oil Co.* | 17-cv-334 | E.D. Okla. |
| *Chieftain Royalty Co. v. Newfield Exploration Mid-Continent Inc.* | 17-cv-00336-KEW | E.D. Okla. |
| *Chieftain Royalty Co. v. SM Energy Co.* | 18-cv-01225-J | W.D. Okla. |
| *Chieftain Royalty Co. v. XTO Energy, Inc.* | 11-cv-00029-KEW | E.D. Okla. |
| *Christopher v. Residence Mut. Ins. Co.* | CIVDS1711860 | Cal. Super. Ct. |
| *City of Los Angeles v. Bankrate, Inc.* | 14-cv-81323 (DMM) | S.D. Fla. |
| *Cline v Sunoco, Inc.* | 17-cv-313-JAG | E.D. Okla. |
| *Cline v. TouchTunes Music Corp.* | 14-CIV-4744 (LAK) | S.D.N.Y. |
| *Cobell v. Salazar* | 96-cv-1285 (TFH) | D.D.C. |
| *Common Ground Healthcare Coop. v. United States* | 17-877C | F.C.C. |
| *Condo. at Northpointe Assoc. v. State Farm Fire & Cas. Co.* | 16-cv-01273 | N.D. Ohio |
| *Cooper Clark Found. v. Oxy USA* | 2017-CV-000003 | D. Kan. |
| *Corker v. Costco Wholesale Corp.* | 19-cv-00290-RSL | W.D. Wash. |
| *Corona v. Sony Pictures Entm't Inc.* | 14–CV–09600–RGK–E | C.D. Cal. |
| *Courtney v. Avid Tech., Inc.* | 13-cv-10686-WGY | D. Mass. |
| *Cowan v. Devon Energy Corp.* | 22-cv-00220-JAR | E.D. Okla. |
| *DC 16 v. Sutter Health* | RG15753647 | Cal. Super. Ct. |
| *D'Amario v. Univ. of Tampa* | 20-cv-03744 | S.D.N.Y. |
| *Dahy v. FedEx Ground Package Sys., Inc.* | GD-17-015638 | C.P. Pa. |
| *Dargoltz v. Fashion Mkting & Merch. Grp.* | 2021-009781-CA-01 | Fla. Cir. Ct. |
| *DASA Inv., Inc. v. EnerVest Operating LLC* | 18-cv-00083-SPS | E.D. Okla. |
| *Davis v. Carfax, Inc.* | CJ-04-1316L | D. Okla. |
| *Davis v. State Farm Ins.* | 19-cv-466 | W.D. Ky. |
| *DDL Oil & Gas, LLC v Tapstone Energy, LLC* | CJ-2019-17 | D. Okla. |
| *DeCapua v. Metro. Prop. and Cas. Ins. Co.* | 18-cv-00590 | D.R.I. |
| *DeFrees v. Kirkland and U.S. Aerospace, Inc.* | CV 11-04574 | C.D. Cal. |
| *Deitrich v. Enerfin Res. I Ltd. P'ship* | 20-cv-084-KEW | E.D. Okla. |
| *de Lacour v. Colgate-Palmolive Co.* | 16-cv-8364-KW | S.D.N.Y. |
| *Delkener v. Cottage Health Sys.* | 30-2016-847934 (CU) (NP) (CXC) | Cal. Super. Ct. |
| *DeMarco v. AvalonBay Communities, Inc.* | 15-cv-00628-JLL-JAD | D.N.J. |

| CASE NAME | CASE NUMBER | LOCATION |
|-----------|-------------|----------|
| Diel v Salal Credit Union | 19-2-10266-7 KNT | Wash. Super. Ct. |
| Dinsmore v. ONEOK Field Serv. Co., L.L.C. | 22-cv-00073-GKF-CDL | N.D. Okla. |
| Dinsmore v. Phillips 66 Co. | 22-CV-44-JFH | E.D. Okla. |
| Djoric v. Justin Brands, Inc. | BC574927 | Cal. Super. Ct. |
| Doan v. CORT Furniture Rental Corp. | 30-2017-00904345-CU-BT-CXC | Cal. Super. Ct. |
| Doan v. State Farm Gen. Ins. Co. | 1-08-cv-129264 | Cal. Super. Ct. |
| Dobbins v. Bank of Am., N.A. | 17-cv-00540 | D. Md. |
| Doe v. California Dep't. of Pub. Health | 20STCV32364 | Cal. Super. Ct. |
| Doe v MindGeek USA Incorp. | 21-cv-00338 | C.D. Cal. |
| Donnenfield v. Petro, Inc. | 17-cv-02310 | E.D.N.Y. |
| Dougherty v. Barrett Bus. Serv., Inc. | 17-2-05619-1 | Wash. Super. Ct. |
| Doughtery v. QuickSIUS, LLC | 15-cv-06432-JHS | E.D. Pa. |
| Dover v. British Airways, PLC (UK) | 12-cv-5567 | E.D.N.Y. |
| Duarte v. US Metals Ref. Co. | 17-cv-01624 | D.N.J. |
| Dwyer v. Snap Fitness, Inc. | 17-cv-00455-MRB | S.D. Ohio |
| Dye v. Richmond Am. Homes of California, Inc. | 30-2013-00649460-CU-CD-CXC | Cal. Super. Ct. |
| Edwards v. Arkansas Cancer Clinic, P.A. | 35CV-18-1171 | Ark. Cir. Ct. |
| Edwards v. Hearst Commc'ns., Inc. | 15-cv-9279 (AT) (JLC) | S.D.N.Y. |
| Elec. Welfare Trust Fund v. United States | 19-353C | Fed. Cl. |
| Engquist v. City of Los Angeles | BC591331 | Cal. Super. Ct. |
| Expedia Hotel Taxes & Fees Litig. | 05-2-02060-1 (SEA) | Wash. Super. Ct. |
| Express Freight Int'l v. Hino Motors, LTD. | 22-cv-22483 | S.D. Fla. |
| Family Med. Pharmacy LLC v. Impax Labs., Inc. | 17-cv-53 | S.D. Ala. |
| Family Med. Pharmacy LLC v. Trxade Grp. Inc. | 15-cv-00590-KD-B | S.D. Ala. |
| Farmer v. Bank of Am. | 11-cv-00935-OLG | W.D. Tex. |
| Farris v. Carlinville Rehab and Health Care Ctr. | 2019CH42 | Ill. Cir. Ct. |
| Ferrando v. Zynga Inc. | 22-cv-00214-RSL | W.D. Wash. |
| Fielder v. Mechanics Bank | BC721391 | Cal. Super. Ct. |
| Finerman v. Marriott Ownership Resorts, Inc. | 14-cv-1154-J-32MCR | M.D. Fla. |
| Fishon v. Premier Nutrition Corp. | 16-CV-06980-RS | N.D. Cal. |
| Fitzgerald v. Lime Rock Res. | CJ-2017-31 | Okla. Dist. Ct. |
| Folweiler v. Am. Family Ins. Co. | 16-2-16112-0 | Wash. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Fosbrink v. Area Wide Protective, Inc. | 17-cv-1154-T-30CPT | M.D. Fla. |
| Franklin v. Equity Residential | 651360/2016 | N.Y. Super. Ct. |
| Frederick v. ExamSoft Worldwide, Inc. | 2021L001116 | Ill. Cir. Ct. |
| Frost v. LG Elec. MobileComm U.S.A., Inc. | 37-2012-00098755-CU-PL-CTL | Cal. Super. Ct. |
| FTC v. AT&T Mobility, LLC | 14CV4785 | N.D. Cal. |
| FTC v. Consumerinfo.com | SACV05-801 AHS (MLGx) | C.D. Cal. |
| FTC v. Fashion Nova, LLC | C4759 | |
| FTC v. Reckitt Benckiser Grp. PLC | 19CV00028 | W.D. Va. |
| Gehrich v. Howe | 37-2018-00041295-CU-SL-CTL | N.D. Ga. |
| Gifford v. Pets Global, Inc. | 21-cv-02136-CJC-MRW | C.D. Cal. |
| Gomez v. Mycles Cycles, Inc. | 37-2015-00043311-CU-BT-CTL | Cal. Super. Ct. |
| Gonzalez v. Banner Bank | 20-cv-05151-SAB | E.D. Wash. |
| Gonzalez-Tzita v. City of Los Angeles | 16-cv-00194 | C.D. Cal. |
| Graf v. Orbit Machining Co. | 2020CH03280 | Ill. Cir. Ct. |
| Gragg v. Orange Cab Co. | C12-0576RSL | W.D. Wash. |
| Graham v. Univ. of Michigan | 21-cv-11168-VAR-EAS | E.D. Mich. |
| Granados v. Cnty. of Los Angeles | BC361470 | Cal. Super., Ct. |
| Gudz v. Jemrock Realty Co., LLC | 603555/2009 | N.Y. Super. Ct. |
| Gupta v. Aeries Software, Inc. | 20-cv-00995 | C.D. Cal. |
| Gutierrez, Jr. v. Amplify Energy Corp. | 21-cv-01628-DOC-JDE | C.D. Cal. |
| Hahn v. Hanil Dev., Inc. | BC468669 | Cal. Super. Ct. |
| Haines v. Washington Trust Bank | 20-2-10459-1 | Wash. Super. Ct. |
| Halperin v. YouFit Health Clubs | 18-cv-61722-WPD | S.D. Fla. |
| Hanks v. Lincoln Life & Annuity Co. of New York | 16-cv-6399 PKC | S.D.N.Y. |
| Harrington v. Wells Fargo Bank NA | 19-cv-11180-RGS | D. Mass. |
| Harris v. Chevron U.S.A., Inc. | 15-cv-00094 | W.D. Okla. |
| Hartnett v. Washington Fed., Inc. | 21-cv-00888-RSM-MLP | W.D. Wash. |
| Hawker v. Pekin Ins. Co. | 20-cv-00830 | S.D. Ohio |
| Hay Creek Royalties, LLC v Mewbourne Oil Co. | CIV-20-1199-F | W.D. Okla. |
| Hay Creek Royalties, LLC v. Roan Res. LLC | 19-cv-00177-CVE-JFJ | N.D. Okla. |
| Health Republic Ins. Co. v. United States | 16-259C | F.C.C. |
| Heathcote v. SpinX Games Ltd. | 20-cv-01310 | W.D. Wis. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Henry Price Trust v Plains Mkting* | 19-cv-00390-RAW | E.D. Okla. |
| *Hernandez v. Experian Info. Sols., Inc.* | 05-cv-1070 (DOC) (MLGx) | C.D. Cal. |
| *Hernandez v. Wells Fargo Bank, N.A.* | 18-cv-07354 | N.D. Cal. |
| *Herrera v. Wells Fargo Bank, N.A.* | 18-cv-00332-JVS-MRW | C.D. Cal. |
| *Hicks v. State Farm Fire and Cas. Co.* | 14-cv-00053-HRW-MAS | E.D. Ky. |
| *Hill v. Valli Produce of Evanston* | 2019CH13196 | Ill. Cir. Ct. |
| *Hill-Green v. Experian Info. Solutions, Inc.* | 19-cv-708-MHL | E.D. Va. |
| *Holmes v. LM Ins. Corp.* | 19-cv-00466 | M.D. Tenn. |
| *Holt v. Murphy Oil USA, Inc.* | 17-cv-911 | N.D. Fla. |
| *Hoog v. PetroQuest Energy, L.L.C.* | 16-cv-00463-KEW | E.D. Okla. |
| *Horton v. Cavalry Portfolio Serv., LLC and Krejci v. Cavalry Portfolio Serv., LLC* | 13-cv-0307-JAH-WVG and 16-cv-00211-JAH-WVG | C.D. Cal. |
| *Howell v. Checkr, Inc.* | 17-cv-4305 | N.D. Cal. |
| *Hoyte v. Gov't of D.C.* | 13-cv-00569 | D.D.C. |
| *Hufford v. Maxim  Inc.* | 19-cv-04452-ALC-RWL | S.D.N.Y. |
| *Huntzinger v. Suunto Oy* | 37-2018-27159 (CU) (BT) (CTL) | Cal. Super. Ct. |
| *In re Air Cargo Shipping Servs. Antitrust Litig.* | 06-md-1775 (JG) (VVP) | E.D.N.Y. |
| *In re Am. Express Fin. Advisors Sec. Litig.* | 04 Civ. 1773 (DAB) | S.D.N.Y. |
| *In re AMR Corp. (Am. Airlines Bankr.)* | 1-15463 (SHL) | S.D.N.Y. |
| *In re Arizona Theranos, Inc. Litig.* | 16-cv-2138-DGC | D. Ariz. |
| *In re Auction Houses Antitrust Litig.* | 00-648 (LAK) | S.D.N.Y. |
| *In re AXA Equitable Life Ins. Co. COI Litig.* | 16-cv-740 (JMF) | S.D.N.Y. |
| *In re Banner Health Data Breach Litig.* | 16-cv-02696 | D. Ariz. |
| *In re Blue Cross Blue Shield Antitrust Litig.* | 13-CV-20000-RDP | N.D. Ala. |
| *In re Broiler Chicken Antitrust Litig.* | 16-cv-08637 | N.D. Ill. |
| *In re Chaparral Energy, Inc.* | 20-11947 (MFW) | D. Del. Bankr. |
| *In re Classmates.com* | C09-45RAJ | W.D. Wash. |
| *In re Equifax Inc. Customer Data Sec. Breach Litig.* | 17-md-2800-TWT | N.D. Ga. |
| *In re Farm-raised Salmon and Salmon Prod. Antitrust Litig.* | 19-cv-21551-CMA | S.D. Fla. |
| *In re General Motors LLC Ignition Switch Litig.* | 14-md-2543 | S.D.N.Y. |
| *In re Glob. Tel*Link Corp. Litig.* | 14-CV-5275 | W.D. Ark. |
| *In re Guess Outlet Store Pricing* | JCCP No. 4833 | Cal. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *In re Intuit Data Litig.* | 15-CV-1778-EJD | N.D. Cal. |
| *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig. (Indirect-Purchasers)* | 14-md-02542 | S.D.N.Y. |
| *In re LIBOR-Based Fin. Instruments Antitrust Litig.* | 11-md-2262 (NRB) | S.D.N.Y. |
| *In re Local TV Advert. Antitrust Litig.* | MDL No. 2867 | N.D. Ill. |
| *In re MacBook Keyboard Litig.* | 18-cv-02813-EDJ | N.D. Cal. |
| *In re Mercedes-Benz Emissions Litig.* | 16-cv-881 (KM) (ESK) | D.N.J. |
| *In re MyFord Touch Consumer Litig.* | 13-cv-3072 (EMC) | N.D. Cal. |
| *In re Nat'l Football League's Sunday Ticket Antitrust Litig.* | 15-ml-02668–PSG (JEMx) | C.D. Cal. |
| *In re Navistar MaxxForce Engines Mktg., Sales Practices and Prods. Liab. Litig.* | 14-cv-10318 | N.D. Ill. |
| *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* | 2179 (MDL) | E.D. La. |
| *In re Packaged Seafood Products Antitrust Litig. (DPP and EPP Class)* | 15-md-02670 | S.D. Cal. |
| *In re PHH Lender Placed Ins. Litig.* | 12-cv-1117 (NLH) (KMW) | D.N.J. |
| *In re Pokémon Go Nuisance Litig.* | 16-cv-04300 | N.D. Cal. |
| *In re Polyurethane Foam Antitrust Litig.* | 10-md-196 (JZ) | N.D. Ohio |
| *In re Pre-Filled Propane Tank Antitrust Litig.* | 14-md-02567 | W.D. Mo. |
| *In re Processed Egg Prod. Antitrust Litig.* | 08-MD-02002 | E.D. Pa. |
| *In re Resistors Antitrust Litig.* | 15-cv-03820-JD | N.D. Cal. |
| *In re Ripple Labs Inc. Litig.* | 18-cv-06753-PJH | N.D. Cal. |
| *In re Rockwell Med. Inc. Stockholder Derivative Litig.* | 19-cv-02373 | E.D. N.Y. |
| *In re Sheridan Holding Co. I, LLC* | 20-31884 (DRJ) | Bankr. S.D. Tex. |
| *In re Stryker Rejuvenate and ABG II Hip Implant Prods. Liab. Litig.* | 13-md-2441 | D. Minn. |
| *In re Subaru Battery Drain Prods. Liab. Litig.* | 20-cv-03095-JHR-MJS | D.N.J. |
| *In re The Engle Trust Fund* | 94-08273 CA 22 | Fla. 11th Cir. Ct. |
| *In re TransUnion Rental Screening Sol. Inc. FCRA Litig.* | 20-md-02933-JPB | N.D. Ga. |
| *In re Unit Petroleum Co.* | 20-32738 (DRJ) | Bankr. S.D. Tex. |
| *In re Volkswagen "Clean Diesel" Mktg., Sales Practice and Prods. Liab. Litig.* | MDL 2672 CRB | N.D. Cal. |
| *In re Washington Mut. Inc. Sec. Litig.* | 8-md-1919 (MJP) | W.D. Wash. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *In re Webloyalty.com, Inc. Mktg. & Sales Practices Litig.* | 06-11620-JLT | D. Mass. |
| *In re Wholesale Grocery Prod. Antitrust Litig.* | 9-md-2090 (ADM) (TNL) | D. Minn. |
| *In re Yahoo! Inc. Sec. Litig.* | 17-cv-373 | N.D. Cal. |
| *In the Matter of the Complaint of Dordellas Finance Corp.* | 22-cv-02153-DOC-JDE | C.D. Cal. |
| *James v. PacifiCorp.* | 20cv33885 | Or. Cir. Ct. |
| *Jerome v. Elan 99, LLC* | 2018-02263 | Tx. Dist. Ct. |
| *Jet Capital Master Fund L.P. v. HRG Grp. Inc.* | 21-cv-552-jdp | W.D. Wis. |
| *Jeter v. Bullseye Energy, Inc.* | 12-cv-411 (TCK) (PJC) | N.D. Okla. |
| *Johnson v. Hyundai Capital Am.* | BC565263 | Cal. Super. Ct. |
| *Johnson v. MGM Holdings, Inc.* | 17-cv-00541 | W.D. Wash. |
| *Johnston v. Camino Natural Res., LLC* | 19-cv-02742-CMA-SKC | D. Colo. |
| *Jones v. USAA Gen. Indem. Co.* | D01CI200009724 | D. Neb. |
| *Jordan v. WP Co. LLC, d/b/a The Washington Post* | 20-cv-05218 | N.D. Cal. |
| *Kain v. Economist Newspaper NA, Inc.* | 21-cv-11807-MFL-CI | E.D. Mich. |
| *Kalra v. Mercedes-Benz Canada Inc.* | CV-16-550271-00CP | Ont. Super. Ct. |
| *Kennedy v. McCarthy* | 16-cv-2010-CSH | D. Conn. |
| *Kent v. R.L. Vallee, Inc.* | 617-6-15 | D. Vt. |
| *Kernen v. Casillas Operating LLC* | 18-cv-00107-JD | W.D. Okla. |
| *Khona v. Subaru of Am., Inc.* | 19-cv-09323-RMB-AMD | D.N.J. |
| *Kin-Yip Chun v. Fluor Corp.* | 8-cv-01338-X | N.D. Tex. |
| *King v. Bumble Trading Inc.* | 18-cv-06868-NC | N.D. Cal. |
| *Kissel v. Code 42 Software Inc.* | 15-1936 (JLS) (KES) | C.D. Cal. |
| *Kokoszki v. Playboy Enter., Inc.* | 19-cv-10302 | E.D. Mich. |
| *Komesar v. City of Pasadena* | BC 677632 | Cal. Super. Ct. |
| *Kommer v. Ford Motor Co.* | 17-cv-00296-LEK-DJS | N.D.N.Y. |
| *Konecky v Allstate* | CV-17-10-M-DWM | D. Mont. |
| *Krueger v. Ameriprise Fin., Inc.* | 11-cv-02781 (SRN/JSM) | D. Minn. |
| *Kunneman Props. LLC v. Marathon Oil Co.* | 17-cv-00456-GKF-JFJ | N.D. Okla. |
| *Lambert v. Navy Fed. Credit Union* | 19-cv-00103-LO-MSN | E.D. Va. |
| *Langan v. Johnson & Johnson Consumer Co.* | 13-cv-01471 | D. Conn. |
| *Langer v. CME Grp.* | 2014CH00829 | Ill. Cir. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Larson v. Allina Health Sys. | 17-cv-03835 | D. Minn. |
| Lee v. Hertz Corp., Dollar Thrifty Auto. Grp. Inc. | CGC-15-547520 | Cal. Super. Ct. |
| Lee v. PetroQuest Energy, L.L.C. | 16-cv-00516-KEW | E.D. Okla. |
| Leonard v. John Hancock Life Ins. Co. of NY | 18-CV-04994 | S.D.N.Y. |
| Lerman v. Apple Inc | 15-cv-07381 | E.D.N.Y. |
| Levy v. Dolgencorp, LLC | 20-cv-01037-TJC-MCR | M.D. Fla. |
| Linderman v. City of Los Angeles | BC650785 | Cal. Super. Ct. |
| Linneman v. Vita-Mix Corp. | 15-cv-748 | S.D. Ohio |
| Liotta v. Wolford Boutiques, LLC | 16-cv-4634 | N.D. Ga. |
| Lippert v. Baldwin | 10-cv-4603 | N.D. Ill. |
| Lloyd v. CVB Fin. Corp. | 10-cv-6256 (CAS) | C.D. Cal. |
| Loblaw Card Program | Remediation Program | |
| Loftus v. Outside Integrated Media, LLC | 21-cv-11809-MAG-DRG | E.D. Mich. |
| LSIMC, LLC v. Am. Gen. Life Ins. Co. | 20-cv-11518 | C.D. Cal. |
| Mabrey v. Autovest | CGC-18-566617 | Cal. Super. Ct. |
| Macias v. Los Angeles County Dep't. of Water and Power | BC594049 | Cal. Super. Ct. |
| Malin v. Ambry Gentics Corp. | 30-2018-00994841-CU-SL-CXC | Cal. Super. Ct. |
| Malone v. Western Digital Corp. | 20-cv-03584-NC | N.D. Cal. |
| Marical v. Boeing Employees' Credit Union | 19-2-20417-6 | Wash. Super. Ct. |
| Markson v. CRST Int'l, Inc. | 17-cv-01261-SB (SPx) | C.D. Cal. |
| Martin v. Lindenwood Univ. | 20-cv-01128 | E.D. Mo. |
| Martinelli v. Johnson & Johnson | 15-cv-01733-MCE-DB | E.D. Cal. |
| McCall v. Hercules Corp. | 66810/2021 | N.Y. Super. Ct. |
| McClellan v. Chase Home Fin. | 12-cv-01331-JGB-JEM | C.D. Cal. |
| McClintock v. Continuum Producer Serv., LLC | 17-cv-00259-JAG | E.D. Okla. |
| McClintock v Enter. | 16-cv-00136-KEW | E.D. Okla. |
| McGann v. Schnuck Markets Inc. | 1322-CC00800 | Mo. Cir. Ct. |
| McGraw v. Geico Gen. Ins. Co. | 15-2-07829-7 | Wash. Super. Ct. |
| McKibben v. McMahon | 14-2171 (JGB) (SP) | C.D. Cal. |
| McKnight Realty Co. v. Bravo Arkoma, LLC | 17-CIV-308 (KEW); 20-CV-428-KEW | E.D. Okla. |
| McNeill v. Citation Oil & Gas Corp. | 17-CIV-121 (KEW) | E.D. Okla. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *McWilliams v. City of Long Beach* | BC361469 | Cal. Super. Ct. |
| *Messner v. Cambridge Real Estate Servs., Inc.* | 19CV28815 | Or. Cir. Ct. |
| *Metzner v. Quinnipiac Univ.* | 20-cv-00784 | D. Conn. |
| *Mid Is. LP v. Hess Corp.* | 650911/2013 | N.Y. Super. Ct. |
| *Miller Revocable Trust v DCP Operating Co., LP* | 18-cv-00199-JH | E.D. Okla. |
| *Miller v. Carrington Mortg. Serv., LLC* | 19-cv-00016-JDL | D. Me. |
| *Miller v. Guenther Mgmt. LLC* | 20-2-02604-32 | Wash. Super. Ct. |
| *Miller v. Mut. of Enumclaw Ins. Co.* | 19-2-12357-1 | Wash. Super. Ct. |
| *Milstead v. Robert Fiance Beauty Sch., Inc.* | CAM-L-328-16 | N.J. Super. Ct. |
| *Mitchell v Red Bluff Res. Operating, LLC* | CJ-2021-323 | D. Okla. |
| *Moeller v. Advance Magazine Publishers, Inc.* | 15-cv-05671 (NRB) | S.D.N.Y. |
| *Mojica v. Securus Techs., Inc.* | 14-cv-5258 | W.D. Ark. |
| *Molnar v. 1-800-Flowers Retail, Inc.* | BC 382828 | Cal. Super. Ct. |
| *Monteleone v. Nutro Co.* | 14-cv-00801-ES-JAD | D.N.J. |
| *Moodie v. Maxim HealthCare Servs.* | 14-cv-03471-FMO-AS | C.D. Cal. |
| *Muir v. Early Warning Servs., LLC* | 16-cv-00521 | D.N.J. |
| *Mylan Pharm., Inc. v. Warner Chilcott Pub. Ltd.* | 12-3824 | E.D. Pa. |
| *Nasseri v. Cytosport, Inc.* | BC439181 | Cal. Super. Ct. |
| *Nesbitt v. Postmates, Inc.* | CGC-15-547146 | Cal. Super. Ct. |
| *New Orleans Tax Assessor Project* | Tax Assessment Program | |
| *NMPA Late Fee Program Grps. I-IVA* | Remediation Program | CRB |
| *Noble v. Northland* | UWY-CV-16-6033559-S | Conn. Super. Ct. |
| *Novoa v. GEO Grp., Inc.* | 17-cv-02514-JGB-SHK | C.D. Cal. |
| *Nozzi v. Housing Auth. of the City of Los Angeles* | CV 07-0380 PA (FFMx) | C.D. Cal. |
| *Nwabueza v. AT&T* | C 09-01529 SI | N.D. Cal. |
| *Nwauzor v. GEO Grp., Inc.* | 17-cv-05769 | W.D. Wash. |
| *O'Donnell v. Fin. Am. Life Ins. Co.* | 14-cv-01071 | S.D. Ohio |
| *Ostendorf v. Grange Indem. Ins. Co.* | 19-cv-01147-ALM-KAJ | S.D. Ohio |
| *Paetzold v. Metro. Dist. Comm'n* | X07-HHD-CV-18-6090558-S | Conn. Super. Ct. |
| *Palmer v City of Anaheim* | 30-2017-00938646 | Cal. Super. Ct. |
| *Parker v. Time Warner Entm't Co.* | 239 F.R.D. 318 | E.D.N.Y. |
| *Parker v. Universal Pictures* | 16-cv-1193-CEM-DCI | M.D. Fla. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Patrick v. Volkswagen Grp. of Am., Inc. | 19-cv-01908-MCS-ADS | C.D. Cal. |
| Pauper Petroleum, LLC v. Kaiser-Francis Oil Co. | 19-cv-00514-JFH-JFJ | N.D. Okla. |
| Pemberton v. Nationstar Mortg. LLC | 14-cv-1024-BAS (MSB) | S.D. Cal. |
| Pena v. Wells Fargo Bank | 19-cv-04065-MMC-TSH | N.D. Cal. |
| Perchlak v. Liddle & Liddle | 19-cv-09461 | C.D. Cal. |
| Perez v. DIRECTV | 16-cv-01440-JLS-DFM | C.D. Cal. |
| Perez v. Wells Fargo Co. | 17-cv-00454-MMC | N.D. Cal. |
| Peterson v. Apria Healthcare Grp., Inc. | 19-cv-00856 | M.D. Fla. |
| Petersen v. Costco Wholesale Co. | 13-cv-01292-DOC-JCG | C.D. Cal. |
| Phillips v. Hobby Lobby Stores, Inc. | 18-cv-01645-JHE; 16-cv-837-JHE | N.D. Ala. |
| PHT Holding II LLC v. N. Am. Co. for Life and Health Ins. | 18-CV-00368 | S.D. Iowa |
| Pierce v Anthem Ins. Cos. | 15-cv-00562-TWP-TAB | S. D. Ind. |
| Pine Manor Investors v. FPI Mgmt., Inc. | 34-2018-00237315 | Cal. Super. Ct. |
| Pinon v. Mercedes-Benz USA, LLC and Daimler AG | 18-cv-3984 | N.D. Ga. |
| Podawiltz v. Swisher Int'l, Inc. | 16CV27621 | Or. Cir. Ct. |
| Press v. J. Crew Grp., Inc. | 56-2018-512503 (CU) (BT) (VTA) | Cal. Super. Ct. |
| Pruitt v. Par-A-Dice Hotel Casino | 2020-L-000003 | Ill. Cir. Ct. |
| Purcell v. United Propane Gas, Inc. | 14-CI-729 | Ky. 2nd Cir. |
| Quezada v. ArbiterSports, LLC | 20-cv-05193-TJS | E.D. Pa. |
| Ramos v. Hopele of Fort Lauderdale, LLC | 17-cv-62100 | S.D. Fla. |
| Rayburn v. Santander Consumer USA, Inc. | 18-cv-1534 | S.D. Ohio |
| RCC, P.S. v. Unigard Ins. Co. | 19-2-17085-9 | Wash. Super. Ct. |
| Reed v. Scientific Games Corp. | 18-cv-00565-RSL | W.D. Wash. |
| Reirdon v. Cimarex Energy Co. | 16-CIV-113 (KEW) | E.D. Okla. |
| Reirdon v. XTO Energy Inc. | 16-cv-00087-KEW | E.D. Okla. |
| Rhea v. Apache Corp. | 14-cv-00433-JH | E.D. Okla. |
| Rice v. Burlington Res. Oil & Gas Co., LP | 20-cv-00431-GFK-FHM | N.D. Cal. |
| Rice v. Insync | 30-2014-00701147-CU-NP-CJC | Cal. Super. Ct. |
| Rice-Redding v. Nationwide Mut. Ins. Co. | 18-cv-01203 | N.D. Ga. |
| Rich v. EOS Fitness Brands, LLC | RIC1508918 | Cal. Super. Ct. |
| Rick Nelson Co. v. Sony Music Ent. | 18-cv-08791 | S.D.N.Y. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Rocchio v. Rutgers, The State Univ. of New Jersey* | MID-L-003039-20 | N.J. Super. Ct. |
| *Rollo v. Universal Prop. & Cas. Ins.* | 2018-027720-CA-01 | Fla. Cir. Ct. |
| *Rosado v. Barry Univ., Inc.* | 20-cv-21813 | S.D. Fla. |
| *Rosenberg, D.C., P.A. v. Geico Gen. Ins. Co.* | 19-cv-61422-CANNON/Hunt | S.D. Fla. |
| *Roth v. GEICO Gen. Ins. Co. and Joffe v. GEICO Indem. Co.* | 16-cv-62942 | S.D. Fla. |
| *Rounds v. FourPoint Energy, LLC* | CIV-20-00052-P | W.D. Wis. |
| *Routh v. SEIU Healthcare 775NW* | 14-cv-00200 | W.D. Wash. |
| *Ruppel v. Consumers Union of United States, Inc.* | 16-cv-2444 (KMK) | S.D.N.Y. |
| *Russett v. Nw. Mut. Life Ins. Co.,* | 19-cv-07414-KMK | S.D.N.Y. |
| *Saccoccio v. JP Morgan Chase* | 13-cv-21107 | S.D. Fla. |
| *Salgado v. UPMC Jameson* | 30008-18 | C.P. Pa. |
| *Sanders v. Glob. Research Acquisition, LLC* | 18-cv-00555 | M.D. Fla. |
| *Sandoval v. Merlex Stucco Inc.* | BC619322 | Cal. Super. Ct. |
| *Santa Barbara Channelkeeper v. State Water Res. Control Bd.* | 37-2020-00005776 | Cal. Super. Ct. |
| *Schlesinger v. Ticketmaster* | BC304565 | Cal. Super. Ct. |
| *Schulte v. Liberty Ins. Corp.* | 19-cv-00026 | S.D. Ohio |
| *Schwartz v. Intimacy in New York, LLC* | 13-cv-5735 (PGG) | S.D.N.Y. |
| *Seegert v. P.F. Chang's China Bistro* | 37-2017-00016131-CU-MC-CTL | Cal. Super. Ct. |
| *Senne v. Office of the Comm'r of Baseball* | 14-cv-00608-JCS | N.D. Cal. |
| *Sholopa v. Turkish Airlines, Inc.* | 20-cv-03294-ALC | S.D.N.Y. |
| *Shumacher v. Bank of Hope* | 18STCV02066 | Cal. Super. Ct. |
| *Sidibe v. Sutter Health* | 12-cv-4854-LB | N.D. Cal. |
| *Smith v. Pulte Home Corp.* | 30-2015-00808112-CU-CD-CXC | Cal. Super. Ct. |
| *Soderstrom v. MSP Crossroads Apartments LLC* | 16-cv-233 (ADM) (KMM) | D. Minn. |
| *Solorio v. Fresno Comty. Hosp.* | 15CECG03165 | Cal. Super. Ct. |
| *Solberg v. Victim Serv., Inc.* | 14-cv-05266-VC | N.D. Cal. |
| *Sonner v. Schwabe N. Am., Inc.* | 15-cv-01358 VAP (SPx) | C.D. Cal. |
| *Speed v. JMA Energy Co., LLC* | CJ-2016-59 | Okla. Dist. Ct. |
| *Staats v. City of Palo Alto* | 2015-1-CV-284956 | Cal. Super. Ct. |
| *Stanley v. Capri Training Ctr.* | ESX-L-1182-16 | N.J. Super. Ct. |
| *Staunton Lodge No. 177 v. Pekin Ins. Co.* | 2020-L-001297 | Ill. Cir. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| Steele v. PayPal, Inc. | 05-CV-01720 (ILG) (VVP) | E.D.N.Y. |
| Stewart v. Early Warning Serv., LLC | 18-cv-3277 | D.N.J. |
| Stier v. PEMCO Mut. Ins. Co. | 18-2-08153-5 | Wash. Super. Ct. |
| Stillman v. Clermont York Assocs. LLC | 603557/09E | N.Y. Super. Ct. |
| Stout v. The GEO Grp., Inc. | 37-2019-00000650-CU-CR-CTL | Cal. Super. Ct. |
| Strano v. Kiplinger Washington Editors, Inc. | 21-cv-12987-TLL-PTM | E.D. Mich. |
| Strickland v. Carrington Mortg. Servs., LLC | 16-cv-25237 | S.D. Fla. |
| Strohm v. Missouri Am. Water Co. | 16AE-CV01252 | Mo. Cir. Ct. |
| Stuart v. State Farm Fire & Cas. Co. | 14-cv-04001 | W.D. Ark. |
| Sullivan v Wenner Media LLC | 16−cv−00960−JTN−ESC | W.D. Mich. |
| Swafford v. Ovintiv Exploration Inc. | 21-cv-00210-SPS | E.D. Okla. |
| Swetz v. GSK Consumer Health, Inc. | 20-cv-04731 | S.D.N.Y. |
| Swinton v. SquareTrade, Inc. | 18-CV-00144-SMR-SBJ | S.D. Iowa |
| Sylvain v. Longwood Auto Acquisitions, Inc. | 2021-CA-009091-O | Fla. Cir. Ct. |
| Terrell v. Costco Wholesale Corp. | 16-2-19140-1-SEA | Wash. Super. Ct. |
| Timberlake v. Fusione, Inc. | BC 616783 | Cal. Super. Ct. |
| Tkachyk v. Traveler's Ins. | 16-28-m (DLC) | D. Mont. |
| T-Mobile Remediation Program | Remediation Program | |
| Townes, IV v. Trans Union, LLC | 04-1488-JJF | D. Del. |
| Townsend v. G2 Secure Staff | 18STCV04429 | Cal. Super. Ct. |
| Trepte v. Bionaire, Inc. | BC540110 | Cal. Super. Ct. |
| Tyus v. Gen. Info. Sols. LLC | 2017CP3201389 | S.C. C.P. |
| Udeen v. Subaru of Am., Inc. | 10-md-196 (JZ) | D.N.J. |
| Underwood v. NGL Energy Partners LP | 21-CV-0135-CVE-SH | N.D. Okla. |
| United States v. City of Austin | 14-cv-00533-LY | W.D. Tex. |
| United States v. City of Chicago | 16-c-1969 | N.D. Ill. |
| United States v. Greyhound Lines, Inc. | 16-67-RGA | D. Del. |
| USC Student Health Ctr. Settlement | 18-cv-04258-SVW | C.D. Cal. |
| Van Jacobs v. New World Van Lines, Inc. | 2019CH02619 | Ill. Cir. Ct. |
| Vasquez v. Libre by Nexus, Inc. | 17-cv-00755-CW | N.D. Cal. |
| Vassalle v. Midland Funding LLC | 11-cv-00096 | N.D. Ohio |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of New York* | 19-cv-06004 | S.D.N.Y. |
| *Viesse v. Saar's Inc.* | 17-2-7783-6 (SEA) | Wash. Super. Ct. |
| *Wahl v. Yahoo! Inc.* | 17-cv-2745 (BLF) | N.D. Cal. |
| *Wake Energy, LLC v. EOG Res., Inc.* | 20-cv-00183-ABJ | D. Wyo. |
| *Watson v. Checkr, Inc.* | 19-CV-03396-EMC | N.D. Cal. |
| *Weimar v. Geico Advantage Ins. Co.* | 19-cv-2698-JTF-tmp | W.D. Tenn. |
| *Weiner v. Ocwen Fin. Corp.* | 14-cv-02597-MCE-DB | E.D. Cal. |
| *Welsh v. Prop. and Cas. Ins. Co. of Hartford* | 20-2-05157-3 | Wash. Super. Ct. |
| *White Family Minerals, LLC v. EOG Res., Inc.* | 19-cv-409-KEW | E.D. Okla. |
| *Williams v. Children's Mercy Hosp.* | 1816-CV 17350 | Mo. Cir. Ct. |
| *Williams v. Weyerhaeuser Co.* | 995787 | Cal. Super. Ct. |
| *Wills v. Starbucks Corp.* | 17-cv-03654 | N.D. Ga. |
| *Wilner v. Leopold & Assoc,* | 15-cv-09374-PED | S.D.N.Y. |
| *Wilson v. Santander Consumer USA, Inc.* | 20-cv-00152 | E.D. Ark. |
| *Wornicki v. Brokerpriceopinion.com, Inc.* | 13-cv-03258 (PAB) (KMT) | D. Colo. |
| *Wright v. Lyft, Inc.* | 14-cv-00421-BJR | W.D. Wash. |
| *Wright v. Southern New Hampshire Univ.* | 20-cv-00609 | D.N.H. |
| *Yamagata v. Reckitt Benckiser, LLC* | 17-cv-03529-CV | N.D. Cal. |
| *Yates v. Checkers* | 17-cv-09219 | N.D. Ill. |
| *Yeske v. Macoupin Energy* | 2017-L-24 | Ill. Cir. Ct. |
| *Z.B. v. Birmingham Cmty. Charter High Sch.* | 19STCV17092 | Cal. Super. Ct. |

# EXHIBIT B

**From: [info@xxxxxx.com]**
**To: [Class Member email address]**
**Subject: Hyundai-Kia Airbag Control Unit Settlement Notice**

---

<div style="border:1px solid black">

### COURT-APPROVED LEGAL NOTICE

**This is an official, Court-approved Notice about a class action settlement.**

**Please review the important information below.**

</div>

| **Questions?** | **Hyundai-Kia Airbag Control Unit Settlement** |
|---|---|
| Visit www.ACUSettlement.com or Call 1-866-287-0740 | c/o JND Legal Administration PO Box 91478 Seattle, WA 98111 |

## HYUNDAI-KIA AIRBAG CONTROL UNIT CLASS ACTION SETTLEMENT NOTICE

**Cash Payments of up to $350 and Other Benefits are Available for Eligible Current and Former Owners and Lessees of Certain Hyundai and Kia Vehicles.**

| PLEASE REFER TO YOUR UNIQUE ID AND PIN TO FILE A CLAIM | | |
|---|---|---|
| **YOUR VIN:** | **YOUR UNIQUE ID:** | **YOUR PIN:** |
| XXXXXXXXXXXXXXXXX | <<Unique_ID>> | XXXXXXXX |

Dear [**Class Member Name**],

You are receiving this Notice because you may be a Class Member in a proposed class action settlement in a lawsuit called *In Re: ZF-TRW Airbag Control Units Products Liability Litigation*, Case No. 2:19-ml-02905-JAK-JPR (C.D. Cal.). A list of the Hyundai and Kia Class Vehicles and other important information and case documents are available on the Settlement Website, www.ACUSettlement.com.

Class Members include all persons or entities who or which, on or before [**XXXXXX XX, 2025**], own, lease, or previously owned or leased Hyundai and Kia Class Vehicles distributed for sale or lease in the United States or any of its territories or possessions. Eligibility for cash payments will be determined by VIN. The Hyundai and Kia Class Vehicles are the:

- 2011-2019 Hyundai Sonata;

- 2011-2019 Hyundai Sonata Hybrid;

- 2018-2023 Hyundai Kona;

- 2022-2023 Hyundai Kona N;

- 2019-2021 Hyundai Veloster;

- 2010-2013 Kia Forte;

- 2010-2013 Kia Forte Koup;

- 2011-2020 Kia Optima;

- 2011-2016 Kia Optima Hybrid; and

- 2011-2012, 2014 Kia Sedona;

The Settlement provides **$62.1 million** to resolve claims that the Hyundai and Kia Class Vehicles contain defective ZF-TRW airbag control units that are vulnerable to a condition called electrical overstress, which may cause the vehicles' airbags and other safety features to fail during a collision. The Settling defendants deny the claims but have agreed to settle. The Court has not decided who is right.

You have been identified as a potential Class Member based on records from Hyundai and Kia and the DMV. The purpose of this Notice is to inform you of the proposed class action settlement so you may decide what to do. **Your legal rights under the Settlement are affected even if you do nothing, so please read this Notice carefully**.

**The cash compensation available will be reimbursement for certain out-of-pocket expenses related to the Recalls and residual payments of up to $350 for Recalled Vehicles and $150 for Unrecalled Vehicles.**

In addition to the cash payments, the Settlement provides for a New Parts Warranty for the new parts installed pursuant to the Recalls and a robust Hyundai and Kia Class Vehicle inspection program. Please visit www.ACUSettlement.com for more information.

## HOW DO I GET A PAYMENT?

You must submit a claim to receive a cash payment. The claims process is easy to complete and will require basic documentation to show your out-of-pocket expenses, such as a receipt or invoice, or a signed affidavit if you don't have a receipt or invoice.

To submit your claim online, please click the "File A Claim" link or scan the QR code below. You can also visit www.ACUSettlement.com and enter your Unique ID and PIN. If you would like to submit your claim by mail, you can download and print the claim form on the Settlement Website or call to request a form. The fastest option is to submit your claim online.

**You should submit your claim now**. Claim forms must be electronically submitted or postmarked no later than [**XXXX XX, 2026**]. This schedule may change, so please visit the Settlement Website regularly for updates.

## FILE A CLAIM

## HOW DO I SUBMIT MY CLAIM ONLINE?

QR CODE

Visit the Settlement Website at
www.ACUSettlement.com
or scan the QR code above.



Insert your Unique ID and PIN, fill out the claim form and submit.



Under the current schedule, the deadline to file your claim is [**XXXX XX, 2026**].

**You should submit your claim now.**

## WHAT ARE MY OTHER OPTIONS?

You may exclude yourself from or object to the Settlement by **[X, 2025]**.

If you exclude yourself, you will not receive any cash payments, but you will reserve your rights to sue Defendants over the claims that this Settlement resolves. If you do not exclude yourself from the Settlement, you will be bound by the Court's orders and judgments like all other Class Members, even if you do not file a claim.

If you wish to object, the Court will consider your views in deciding whether to approve or reject this Settlement. If the Court does not approve the Settlement, no cash payments will be sent, and the lawsuit will continue. You cannot object if you exclude yourself from the Settlement.

For information on how to exclude yourself or object, visit www.ACUSettlement.com.

## WHAT HAPPENS NEXT?

The Court will hold a hearing on **September 29, 2025 at 8:30 a.m. PST**, to consider whether to grant final approval of the Settlement, award fees and costs to the attorneys representing the Class, and service awards to the Settlement Class Representatives. Co-Lead Counsel will ask the Court to award up to 33% of the Settlement Amount (*i.e.* up to $20,493,033.30) to cover reasonable attorneys' fees plus costs they incurred in litigating this case and securing this nationwide Settlement for the Class. Co-Lead Counsel will also ask the Court to award each of the proposed Settlement Class Representatives a Service Award of up to $2,500 each for their work in this litigation. You do not need to attend this hearing, but you are welcome to attend at your own expense. The hearing date may change, so please check the Settlement Website regularly for updates.

## Questions? Visit www.ACUSettlement.com or Call 1-866-287-0740

To unsubscribe from this list, please click on the following link: Unsubscribe

# EXHIBIT C

*A federal court authorized this Notice.*
*This is not a solicitation from a lawyer.*

Hyundai-Kia Airbag Control Unit Settlement
c/o JND Legal Administration
PO Box 91478
Seattle WA 98111

**Cash Payments of up to \$350 and Other Benefits are Available for Eligible Current and Former Owners and Lessees of Certain Hyundai and Kia Vehicles.**

«Barcode»

Postal Service: Please do not mark barcode

«Full_Name»
«CF_CARE_OF_NAME»
«CF_ADDRESS_1»
«CF_ADDRESS_2»
«CF_CITY», «CF_STATE» «CF_ZIP»
«CF_COUNTRY»

You are receiving this Notice because records indicate you may qualify for this class action settlement.

Questions?
Visit www.ACUSettlement.com
or
Call 1-866-287-0740

## What is this Class Action Settlement about?

You are receiving this Notice because you may be a Class Member in a proposed class action settlement in a lawsuit called *In Re: ZF-TRW Airbag Control Units Products Liability Litigation*, Case No. 2:19-ml-02905-JAK-JPR (C.D. Cal.). Class Members include current or former owners/lessees of Hyundai and Kia Class Vehicles. A list of the Hyundai and Kia Class Vehicles and other important information and case documents is available on the Settlement Website, www.ACUSettlement.com.

The Settlement provides **$62.1 million** to resolve claims that the Hyundai and Kia Class Vehicles contain defective ZF-TRW airbag control units that are vulnerable to a condition called electrical overstress, which may cause the vehicles' airbags and other safety features to fail during a collision. The Settling Defendants deny the claims but have agreed to settle. The Court has not decided who is right.

You have been identified as a potential Class Member based on records from Hyundai and Kia and the DMV. The purpose of this Notice is to inform you of the proposed class action settlement so you may decide what to do. **Your legal rights under the Settlement are affected even if you do nothing, so please read this Notice carefully.**

**The cash compensation available will be reimbursement for certain out-of-pocket expenses related to the Recalls and residual payments of up to $350 for Recalled Vehicles and $150 for Unrecalled Vehicles.**

In addition to the cash payments, the Settlement provides for a New Parts Warranty for the new parts installed pursuant to the Recalls and a robust Hyundai and Kia Class Vehicle inspection program. Please visit www.ACUSettlement.com for more information.

## How do I get a payment?

You must submit a claim to receive a cash payment. The claims process is easy to complete and will require basic documentation to show your out-of-pocket expenses. To submit your claim online please visit www.ACUSettlement.com. You can also download a claim form on the Settlement Website or call to request a form and submit your claim by mail. The fastest option is to submit your claim online.

**You should submit your claim now**. Claim forms must be electronically submitted or postmarked no later than [**XX XX, 2026**]. This schedule may change, so please visit the Settlement Website regularly for updates.

### What are my other options?

You may exclude yourself from or object to the Settlement by **[X], 2025]**. If you exclude yourself, you will not receive any cash payments, but you will keep your right to sue Defendants over the claims that this Settlement resolves. If you do not exclude yourself from the Settlement, you will be bound by the Court's orders and judgments like all other Class Members, even if you do not file a claim. If you wish to object, the Court will consider your views in deciding whether to approve or reject this Settlement. If the Court does not approve the Settlement, no cash payments will be sent, and the lawsuit will continue. You cannot object if you exclude yourself from the Settlement. For information on how to exclude yourself or object, visit www.ACUSettlement.com.

### What happens next?

The Court will hold a hearing on **September 29, 2025 at 8:30 a.m. PST**, to consider whether to grant final approval of the Settlement, award fees and costs to the attorneys representing the Class, and service awards to the Settlement Class Representatives. Co-Lead Counsel will ask the Court to award up to 33% of the Settlement Amount (i.e. up to $20,493,033.30 million) to cover reasonable attorneys' fees plus costs they incurred in litigating this case and securing this nationwide Settlement for the Class. Co-Lead Counsel will also ask the Court to award each of the proposed Settlement Class Representatives a service award of up to $2,500 each for their work in this litigation. You do not need to attend this hearing, but you are welcome to attend at your own expense. The hearing date may change, so please check the Settlement Website regularly for updates.

**Questions?** Visit www.ACUSettlement.com, call toll-free 1-866-287-0740, email [**info@xxxxx.com**], or write Hyundai-Kia Airbag Control Unit Settlement, c/o JND Legal Administration, PO Box 91478, Seattle WA 98111.

| | | |
|---|---|---|
| **YOUR VIN:** | XXXXXXXXXXXXXXXXX | QR CODE |
| **YOUR UNIQUE ID:** | <<Unique_ID>> | |
| **YOUR PIN:** | XXXXXXXX | |
| **PLEASE REFER TO YOUR UNIQUE ID AND PIN TO FILE A CLAIM** | | |

*Carefully separate this Address Change Form at the perforation*

Page ID #:31257

Name: _____

Current Address: _____

_____

_____

PLACE

STAMP

HERE

**Address Change Form**
To make sure your information remains up-to-date in our records, please confirm your address by filling in the above information and depositing this postcard in the U.S. Mail.

Hyundai-Kia Airbag Control Unit Settlement
c/o JND Legal Administration
PO Box 91478
Seattle, WA 98111

# EXHIBIT D

## Banner Ads

### 728 x 90



### 300 x 600



### 300 x 250



### 320 x 50

# Social Media Ads

## Facebook Desktop Feed



## Facebook Stories



## Facebook Mobile Feed



## Social Media Ads

### Instagram Feed



### Instagram Stories



# EXHIBIT E

# Samples of Responsive Search Ads

## Mobile




## Desktop



**Sponsored**

www.acusettlement.com/

**Airbag Control Unit Settlement - File a claim for payment**

Cash payments up to $350 and other benefits are available. File a Claim. Current and former owners and lessees of certain Hyundai and Kia vehicles are eligible.

Key Dates · File a Claim · Important Documents · FAQ



**Sponsored**

www.acusettlement.com/

**Hyundai-Kia Vehicles Affected - Airbag Control Unit Settlement**

Current and former owners and lessees of certain Hyundai and Kia vehicles are eligible. Cash payments up to $350 and other benefits are available. File a Claim.

Key Dates · FAQ · File a Claim · Important Documents

# EXHIBIT F

**Cash payments of up to $350 and other benefits are available for eligible current and former owners and lessees of Certain Hyundai and Kia vehicles.**

SEATTLE / **[XXXX XX, 2025]** / JND Legal Administration

A proposed class action settlement has been reached in a lawsuit called *In Re: ZF-TRW Airbag Control Units Products Liability Litigation*, Case No. 2:19-ml-02905-JAK-JPR (C.D. Cal.). A list of the Hyundai and Kia Class Vehicles and other important information and case documents are available on the Settlement Website, www.ACUSettlement.com.

Class Members include all persons or entities who or which, on **[DATE OF THE PRELIMINARY APPROVAL ORDER]**, own or lease, or previously owned or leased, Hyundai and Kia Class Vehicles that were originally sold or leased in the United States or any of its territories or possessions. Eligibility will be determined by VIN. The Hyundai and Kia Class Vehicles are the:

• 2011-2019 Hyundai Sonata;

• 2011-2019 Hyundai Sonata Hybrid;

• 2018-2023 Hyundai Kona;

• 2022-2023 Hyundai Kona N;

• 2019-2021 Hyundai Veloster;

• 2010-2013 Kia Forte;

• 2010-2013 Kia Forte Koup;

• 2011-2020 Kia Optima;

• 2011-2016 Kia Optima Hybrid; and

• 2011-2012, 2014 Kia Sedona.


The Settlement provides $62.1 million to resolve claims that the Hyundai and Kia Class Vehicles contain defective ZF-TRW airbag control units that are vulnerable to a condition called electrical overstress, which may cause the vehicles' airbags and other safety features to fail during a collision. The Settling Defendants deny the claims but have agreed to settle. The Court has not decided who is right.

The purpose of this Notice is to inform you of the proposed class action settlement so you may decide what to do. **Your legal rights under the Settlement are affected even if you do nothing, so please read this Notice carefully.**

The cash compensation available will be reimbursement for certain out-of-pocket expenses related to the Recalls and residual payments of up to $350 for Recalled Vehicles and $150 for Unrecalled Vehicles.

In addition to the cash payments, the Settlement provides for a New Parts Warranty for the new parts installed pursuant to the Recalls and a robust Hyundai and Kia Class Vehicle inspection program. Please visit www.ACUSettlement.com for more information.

**How do I get a payment?**

You must submit a claim to receive a cash payment. The claims process is easy to complete and will require basic documentation to show your out-of-pocket expenses.

To submit your claim online please visit www.ACUSettlement.com. You can also download a claim form on the Settlement Website or call to request a form and submit your claim by mail. The fastest option is to submit your claim online.

**You should submit your claim now.**

Claim forms must be electronically submitted or postmarked no later than [CLAIM DEADLINE]. This schedule may change, so please visit the Settlement Website regularly for updates.

**What are my other options?**

You may exclude yourself from or object to the Settlement by [X], 2025].

If you exclude yourself, you will not receive any cash payments and you will not release any of the claims that this Settlement resolves. If you do not exclude yourself from the Settlement, you will be bound by the Court's orders and judgments like all other Class Members, even if you do not file a claim.

If you wish to object, the Court will consider your views in deciding whether to approve or reject this Settlement. If the Court does not approve the Settlement, no cash payments will be sent, and the lawsuit will continue. You cannot object if you exclude yourself from the Settlement.

For information on how to object or exclude yourself, visit www.ACUSettlement.com.

**What happens next?**

The Court will hold a hearing on **September 29, 2025 at 8:30 a.m. PST**, to consider whether to grant final approval of the Settlement, award fees and costs to the attorneys representing the Class, and service awards to the Settlement Class Representatives. Co-Lead Counsel will ask the Court to award up to 33% of the Settlement Amount (*i.e.,* up to $20,493,033.30) to cover reasonable attorneys' fees plus costs they incurred in litigating this case and securing this nationwide Settlement for the Class. Co-Lead Counsel will also ask the Court to award each of the proposed Settlement Class Representatives a service award of up to $2,500 each for their work in this litigation. You do not need to attend this hearing, but you are welcome to attend at your own expense. The hearing date may change, so please check the Settlement Website regularly for updates.

**Questions?**

Visit www.ACUSettlement.com or call 1-866-287-0740.

# EXHIBIT G

# Hyundai-Kia Airbag Control Unit Settlement Notice

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Cash payments of up to $350 and other benefits are available for eligible current and former owners and lessees of <u>certain</u> Hyundai and Kia vehicles.**

Hyundai Motor Company, Hyundai Motor America, Kia Corporation, Kia America, Inc., Hyundai Mobis Co., Ltd., and Mobis Parts America, LLC (together, "Settling Defendants") have agreed to a proposed class action settlement to resolve claims in a lawsuit called *In re: ZF-TRW Airbag Control Units Products Liability Litigation*, Case No. 2:19-ml-02905-JAK (the "Settlement").[1]

The lawsuit alleges that the Hyundai and Kia Class Vehicles (defined below) contain defective ZF-TRW airbag control units ("ZF-TRW ACUs") that are vulnerable to a condition called electrical overstress, which may cause the vehicles' airbags and other safety features to fail during a collision.

The Settling Defendants deny the allegations in the lawsuit but have agreed to this Settlement to resolve the case. The Court has not decided who is right. The purpose of this Notice is to provide you with important information about this Settlement so you may decide what to do. **Your legal rights under this Settlement are affected even if you do nothing, so please read this Notice carefully.**

If approved, this Settlement will provide a $62.1 million Settlement Amount, which includes cash compensation and other benefits for eligible current and former owners and lessees of Hyundai and Kia Class Vehicles. The available benefits depend in part on whether a Class Vehicle is a Recalled Vehicle or Unrecalled Vehicle. The Settlement benefits include:

1. Reimbursement for certain reasonable out-of-pocket expenses related to the Recalls;

2. Residual distribution payments of up to $350 for Recalled Vehicles and $150 for Unrecalled Vehicles;

3. A New Parts Warranty for the new parts installed pursuant to the Recalls to address potential airbag non-deployment due to electrical overstress for ten (10) years from the date of the Preliminary Approval Order;

4. A robust inspection program;

5. An outreach program designed to increase Recall Remedy completion rates; and

6. A potential rental car reimbursement, loaner vehicle, and outreach program for any related future ZF-TRW ACU recall(s) affecting the Unrecalled Vehicles.

---

[1] Capitalized terms have the meaning assigned to them in the Settlement Agreement, unless otherwise noted.

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.
PLEASE READ THIS NOTICE CAREFULLY.*

**Questions? Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

You may be eligible for these benefits if on or before [**DATE COURT ISSUES PRELIMINARY APPROVAL ORDER**], you own, lease, or previously owned or leased a Hyundai or Kia Class Vehicle. The Hyundai and Kia Class Vehicles are the:

- 2011-2019 Hyundai Sonata;
- 2011-2019 Hyundai Sonata Hybrid;
- 2018-2023 Hyundai Kona;
- 2022-2023 Hyundai Kona N;
- 2019-2021 Hyundai Veloster;
- 2010-2013 Kia Forte;
- 2010-2013 Kia Forte Koup;
- 2011-2020 Kia Optima;
- 2011-2016 Kia Optima Hybrid; and
- 2011-2012, 2014 Kia Sedona.

To determine whether your vehicle is a Hyundai or Kia Class Vehicle, please visit the Settlement Website, www.ACUSettlement.com, which contains a Vehicle Identification Number ("VIN") lookup tool to check the eligibility of your vehicle.

For their work in securing this Settlement, the attorneys representing the Class will request up to 33% of the Settlement Amount (*i.e.*, up to $20,493,033.30) in attorneys' fees and costs. They will also seek service awards of up to $2,500 for each of the Settlement Class Representatives who brought this lawsuit (the "Class Representative Service Awards"). If approved by the Court, the attorneys' fees and costs, and Class Representative Service Awards will be paid out of the Settlement Fund.

**This Notice provides a summary of this Settlement, and it is important that you review it carefully to understand your legal rights.**

The full details of this Settlement, including the Settlement Agreement and other important case documents, are available at www.ACUSettlement.com. Please visit the Settlement Website regularly for further updates about the Settlement.

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

**Questions? Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

## WHAT THIS NOTICE CONTAINS

WHAT THIS NOTICE CONTAINS......................................................................3

Basic Information .................................................................................................4

1.    WHAT IS THIS NOTICE AND LAWSUIT ABOUT?..............................4

Who is in the Class? .............................................................................................7

2.    AM I PART OF THE CLASS? ...................................................................7

3.    IS ANYONE EXCLUDED FROM THE SETTLEMENT?..........................7

Settlement Benefits – What Class Members Get...................................................8

4.    WHAT DOES THE SETTLEMENT PROVIDE? .......................................8

5.    HOW DOES THE OUT-OF-POCKET REIMBURSEMENT CLAIMS PROCESS WORK? ...8

6.    CAN I SUBMIT A CLAIM FOR OUT-OF-POCKET EXPENSES IF THE ZF-TRW ACU IN MY HYUNDAI OR KIA CLASS VEHICLE HAS NOT BEEN RECALLED?..................................9

7.    HOW DO I SUBMIT MY CLAIM FOR OUT-OF-POCKET EXPENSES? ..........................10

8.    WHEN WILL MY CLAIM FOR OUT-OF-POCKET EXPENSES BE PAID?.......................10

9.    I HAVE MULTIPLE HYUNDAI AND/OR KIA CLASS VEHICLES. HOW MANY CLAIMS FOR OUT-OF-POCKET EXPENSES MAY I SUBMIT?..................................................10

10.   WHEN IS THE DEADLINE FOR THE OUT-OF-POCKET CLAIMS PROCESS? ...............11

11.   HOW DO RESIDUAL PAYMENTS WORK?.........................................11

12.   HOW DOES THE SETTLEMENT INSPECTION PROGRAM WORK?..............................11

13.   HOW DOES THE NEW PARTS WARRANTY WORK?........................11

14.   WHAT IS THE OUTREACH PROGRAM?.............................................12

15.   WHAT IS THE FUTURE RENTAL CAR REIMBURSEMENT, LOANER VEHICLES, AND OUTREACH PROGRAM?............................................................................12

16.   WHAT HAPPENS TO ANY UNCLAIMED FUNDS IN THE SETTLEMENT?....................13

UNDERSTANDING THE CLASS ACTION PROCESS ....................................13

17.   WHAT IS A CLASS ACTION?...............................................................13

18.   WHAT AM I GIVING UP TO REMAIN A MEMBER OF THE CLASS?............................13

19.   WHAT HAPPENS IF I DO NOTHING AT ALL?..................................13

Excluding Yourself from the Settlement ............................................................14

20.   HOW DO I GET OUT OF THE SETTLEMENT? .................................14

21.   IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE SETTLING DEFENDANTS FOR THE SAME THING LATER? ..............................................................................14

22.   IF I EXCLUDE MYSELF, CAN I STILL GET A SETTLEMENT PAYMENT?...................14

The Lawyers Representing You ..........................................................................15

23.   DO I HAVE A LAWYER IN THE CASE? ..............................................15

24.   HOW WILL THE LAWYERS BE PAID? ...............................................15

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

**Questions?  Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

Objecting to the Settlement ..................................................................................15

25.    HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT? ........................15

26.    WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE SETTLEMENT AND
EXCLUDING MYSELF FROM THE SETTLEMENT?...............................................................17

The Court's Fairness Hearing................................................................................17

27.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE  THE
SETTLEMENT?.......................................................................................................................17

28.    DO I HAVE TO COME TO THE HEARING? .......................................................17

29.    MAY I SPEAK AT THE HEARING? ...................................................................18

Getting More Information......................................................................................18

30.    HOW DO I GET MORE INFORMATION?...........................................................18

## BASIC INFORMATION

## 1.  WHAT IS THIS NOTICE AND LAWSUIT ABOUT?

The federal court overseeing this case authorized this Notice to inform you about a proposed class action settlement in a lawsuit known as *In re: ZF-TRW Airbag Control Units Products Liability Litigation*, Case No. 2:19-ml-02905-JAK. The case is pending before the Honorable John A. Kronstadt in the United States District Court for the Central District of California.

Plaintiffs Larae Angel, Bobbi Jo Birk-LaBarge, John Colbert, Brian Collins, Gerson Damens, Bonnie Dellatorre, Dylan DeMoranville, Joseph Fuller, Tina Fuller, Lawrence Graziano, Michael Hernandez, Kinyata Jones, Diana King, Richard Kintzel, Carl Paul Maurilus, Kenneth Ogorek, Burton Reckles, Dan Sutterfield, Amanda Swanson, and Lore Van Houten (together, the "Settlement Class Representatives") allege that Hyundai and Kia designed and sold vehicles with a defective ZF-TRW ACU. The ZF-TRW ACU is an electrical component that controls the functions of various safety features, including airbags.

The Settlement Class Representatives allege the ZF-TRW ACUs in the Hyundai and Kia Class Vehicles are vulnerable to an electrical overstress condition that can cause the vehicles' airbags and other passenger safety systems to malfunction during a collision, which may result in airbag non-deployment or other safety failures. *See* **Question 2** below for a list of the Hyundai and Kia Class Vehicles.

No party has been found liable for any claims alleged in the lawsuit. The Settling Defendants deny all claims and allegations of wrongdoing in the lawsuit. The Court has not decided who is right. Instead, the Parties have agreed to this Settlement to avoid the costs, risk, and delays associated with continuing this complex and time-consuming litigation.

**This Notice explains the litigation, this Settlement, and your legal rights and options under it.** If you have any questions, please visit www.ACUSettlement.com or contact the Settlement Notice Administrator at 866-287-0740 or [**info@X.com**].

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

**Questions?  Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **FOR CLASS MEMBERS WITH RECALLED VEHICLES, FILE A CLAIM FOR REIMBURSEMENT** | This Settlement reimburses Class Members with Recalled Vehicles for certain reasonable out-of-pocket expenses they incurred in completing the Recalls.<br><br>The reimbursement covers the following expenses: (a) reasonable unreimbursed rental car expenses for a rental car that is of a type that is comparable to the Class Member's Recalled Vehicle and transportation expenses incurred while awaiting completion of the Recall Remedy from a Hyundai and Kia Dealer, for a reasonable time that correlates with the time during which the Recall Remedy is being performed; (b) reasonable towing charges to a Hyundai and Kia Dealer for completion of the Recall Remedy; (c) reasonable childcare expenses incurred during the time in which the Recall Remedy is being performed on the Recalled Vehicle by the Hyundai and Kia Dealer; (d) reasonable unreimbursed out-of-pocket costs associated with repairing ZF-TRW ACUs; and (e) reasonable lost wages resulting from lost time from work directly associated with the drop off and/or pickup of a Recalled Vehicle to/from a Hyundai and Kia Dealer for performance of the Recall Remedy.<br><br>Please refer to **Questions 5-6** below for more information about the eligible out-of-pocket expenses.<br><br>You may submit a claim for reimbursement of out-of-pocket expenses at **www.ACUSettlement.com**. The deadline to submit your reimbursement claim is [**Claims Deadline**]. Please refer to **Question 7** for details on how to submit a claim. |
| **SUBMIT A CLAIM FOR A RESIDUAL PAYMENT OF UP TO $350 PER CLASS MEMBER FOR RECALLED VEHICLES AND $150 FOR UNRECALLED VEHICLES** | You may submit a claim for a residual distribution payment. These payments will be up to $350 for Recalled Vehicles and up to $150 for Unrecalled Vehicles. Residual distribution payments will be distributed on a *per capita* basis and will be determined after all eligible reimbursement claims are paid.<br><br>The residual distribution payment is available to each Class Member who submits a Claim Form, which means **you do not need to have a Recalled Vehicle (as long as you own an Unrecalled Vehicle) to be eligible for the residual distribution payment**. You also may submit a claim for the residual distribution payment regardless of whether you incurred any out-of-pocket expenses relating to the Recalls.<br><br>Please refer to **Question 11** below for details on the residual distribution payment.<br><br>You may submit a claim for the residual distribution payment at **www.ACUSettlement.com**. The deadline to submit your claim is [**Claims Deadline**]. |

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING. PLEASE READ THIS NOTICE CAREFULLY.*

**Questions? Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

| **FOR CLASS MEMBERS WITH RECALLED VEHICLES, COMPLETE THE RECALL AND RECEIVE THE NEW PARTS WARRANTY** | For Recalled Vehicles, Hyundai and Kia will provide a New Parts Warranty for the new parts installed pursuant to the Recalls to address potential airbag non-deployment due to electrical overstress for ten (10) years from the date of the Preliminary Approval Order. |
|---|---|
| | The New Parts Warranty will cover repairs or replacement (including parts and labor) that become necessary due to a defect in a new part installed pursuant to the Recalls. If you have a Recalled Vehicle that has already completed a Recall, you do not need to do anything to obtain the New Parts Warranty. If your Recalled Vehicle has not yet completed a Recall, you must do so to receive the New Parts Warranty. |
| | If you have an Unrecalled Vehicle, the New Parts Warranty does not apply to your vehicle. |
| | Please refer to **Question 13** below for details on the New Parts Warranty. |
| **REQUEST EXCLUSION** | If you wish to exclude yourself from this Settlement, you must submit a written request to exclude yourself from, or "opt out" of, the Settlement, by **[X], 2025**. If you do so, you will not receive any of the benefits offered under this Settlement, but you will preserve your rights to sue the Settling Defendants over the claims being resolved by this Settlement. You cannot both exclude yourself from and object to this Settlement. |
| | Please refer to **Questions 20-22** for further detail. |
| **OBJECT** | If you wish to object to this Settlement, you may write to the lawyers in this case and the Court, and explain what you believe is unfair, unreasonable, or inadequate about the Settlement. You must submit your objection by **[X], 2025**. If you object to the Settlement, you are expressing your views about the Settlement, but you will remain a member of the Class (if you are otherwise eligible) and you will still release the claims covered by this Settlement. If you make an objection, you must still submit a claim to receive compensation under the Settlement. Please refer to **Questions 25 and 26** for further details. |
| | If you object to the Settlement, you may ask to speak in Court about the fairness of the Settlement at the Fairness Hearing. Please refer to **Questions 27-29** for further details. |
| **DO NOTHING** | If you are a Class Member and choose to do nothing, you will not receive certain benefits provided under this Settlement, and you will give up your right to sue or continue to sue the Settling Defendants for the claims in this case. |

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

**Questions? Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

## **WHO IS IN THE CLASS?**

| 2.   AM I PART OF THE CLASS? |
|---|

The Class consists of all persons or entities who or which, on **[DATE OF THE PRELIMINARY APPROVAL ORDER]**, own or lease, or previously owned or leased, Hyundai and Kia Class Vehicles that were originally sold or leased in the United States or any of its territories or possessions.

**To check whether you have a Hyundai or Kia Class Vehicle, please enter your Vehicle Identification Number ("VIN") in the VIN lookup tool found at www.ACUSettlement.com**.

If you do not know your VIN, please check the driver's side dashboard and/or driver's side door post, which will contain the 17-digit VIN for your vehicle. You should take a photo of the VIN with your phone so you have easy access to the number when you're filing a claim.

Eligibility will be determined by VIN. The Hyundai and Kia Class Vehicles are the:

- 2011-2019 Hyundai Sonata;
- 2011-2019 Hyundai Sonata Hybrid;
- 2018-2023 Hyundai Kona;
- 2022-2023 Hyundai Kona N;
- 2019-2021 Hyundai Veloster;
- 2010-2013 Kia Forte;
- 2010-2013 Kia Forte Koup;
- 2011-2020 Kia Optima;
- 2011-2016 Kia Optima Hybrid; and
- 2011-2012, 2014 Kia Sedona.

If you are not sure whether you are a Class Member, or have any other questions about the Settlement, visit www.ACUSettlement.com, or call toll-free at 1-866-287-0740.

| 3.      IS ANYONE EXCLUDED FROM THE SETTLEMENT? |
|---|

The following entities and individuals are excluded from the Settlement Class:

- Hyundai and Kia, their officers, directors, employees, and outside counsel; their affiliates and affiliates' officers, directors, and employees; their distributors and distributors' officers and directors; and Hyundai's and Kia's Dealers and their officers and directors;
- Hyundai Mobis Co., Ltd. and Mobis Parts America, LLC, their officers, directors employees, and outside counsel, and their affiliates and affiliates' officers, directors, and employees;
- Settlement Class Counsel, Plaintiffs' counsel, and their employees;
- Judicial officers and their immediate family members and associated court staff assigned to this case;

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING. PLEASE READ THIS NOTICE CAREFULLY.*

- Persons or entities who previously released their economic loss claims with respect to the issues raised in the Action in an individual settlement with Hyundai and Kia, with Hyundai Mobis Co., Ltd. or Mobis Parts America, LLC, or with any of them; and

- Persons or entities who or which timely and properly exclude themselves from the Class.

For more information, please review the Settlement Agreement available at www.ACUSettlement.com.

## <u>SETTLEMENT BENEFITS – WHAT CLASS MEMBERS GET</u>

### 4.   WHAT DOES THE SETTLEMENT PROVIDE?

If approved, this Settlement will provide $62,100,100 in payments and credits (the "Settlement Amount"). The Settlement Amount will fund numerous Settlement benefits for eligible Class Members.

The Settlement benefits include:

1. Reimbursement for certain reasonable out-of-pocket expenses related to the Recalls;

2. Residual distribution payments of up to $350 for Recalled Vehicles and $150 for Unrecalled Vehicles for Class Members who submitted out-of-pocket claims or filed a claim for a residual payment, including those who own or lease Unrecalled Vehicles;

3. A New Parts Warranty for the new parts installed pursuant to the Recalls to address potential airbag non-deployment due to electrical overstress for ten (10) years from the date of the Preliminary Approval Order.

4. A robust inspection program.

5. An outreach program designed to increase Recall Remedy completion rates; and

6. A future rental car reimbursement, loaner vehicle, and outreach program.

**Questions 5-6** below describe in detail the various benefits available to Class Members.

### 5.   HOW DOES THE OUT-OF-POCKET REIMBURSEMENT CLAIMS PROCESS WORK?

Hyundai recalled the following Hyundai Class Vehicles in NHTSA Recall No. 18V-137:

- Certain 2011-2013 Hyundai Sonata; and

- Certain 2011-2012 Hyundai Sonata Hybrid.

Kia recalled the following Kia Class Vehicles in NHTSA Recall No. 18V-363:

- 2010-2012 and certain 2013 Kia Forte;

- 2010-2012 and certain 2013 Kia Forte Koup;

- 2011-2012 and certain 2013 Kia Optima;

- 2011-2012 Kia Optima Hybrid; and

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

**Questions? Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

- 2011-2012 Kia Sedona.

If you own(ed) or lease(d) one of these Recalled Vehicles you may seek reimbursement for certain reasonable out-of-pocket expenses that you incurred to complete the Recalls, as follows:

- Unreimbursed rental car expenses for a rental car comparable to your Recalled Vehicle, or other transportation expenses you incurred, while awaiting completion of the Recall Remedy from a Hyundai or Kia Dealer;

- Towing charges to a Hyundai or Kia Dealer for completion of the Recall Remedy;

- Childcare expenses incurred while the Recall Remedy was or is being performed on your Recalled Vehicle by the Hyundai and Kia Dealer;

- Unreimbursed out-of-pocket costs associated with repairing ZF-TRW ACUs; and

- Lost wages resulting from lost time from work directly associated with the drop off and/or pickup of your Recalled Vehicle to/from a Hyundai or Kia Dealer for performance of the Recall Remedy.

You must submit a claim by **[Claims Deadline]** to seek reimbursement for your out-of-pocket expenses. After you submit your claim, the court-appointed Settlement Special Administrator will review your claim to verify your out-of-pocket expenses and determine the reimbursement payment you will be eligible to receive. The Settlement Special Administrator's decisions regarding claims for reimbursement of out-of-pocket expenses shall be final and not appealable.

For more information about how to submit a claim, please review **Question 6** below.

---

**6.   CAN I SUBMIT A CLAIM FOR OUT-OF-POCKET EXPENSES IF THE ZF-TRW ACU IN MY HYUNDAI OR KIA CLASS VEHICLE HAS NOT BEEN RECALLED?**

You cannot submit a claim for reimbursement of out-of-pocket expenses if your Hyundai and Kia Class Vehicle has not been recalled due to the ZF-TRW ACU. Hyundai and Kia have not initiated a ZF-TRW ACU recall for following Hyundai and Kia Class Vehicles:

- Certain 2011-2013 and all 2014-2019 Hyundai Sonata;

- Certain 2011-2012 and all 2013-2019 Hyundai Sonata Hybrid;

- 2018-2023 Hyundai Kona;

- 2022-2023 Hyundai Kona N;

- 2019-2021 Hyundai Veloster;

- Certain 2013 Kia Forte;

- Certain 2013 Kia Forte Koup;

- Certain 2013 and all 2014-2020 Kia Optima;

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

- 2013-2016 Kia Optima Hybrid; and

- 2014 Kia Sedona.

If you have one of the above Unrecalled Vehicles, you will become eligible to submit a claim for reimbursement of reasonable out-of-pocket expenses if a recall is issued for the ZF-TRW ACU in your Hyundai or Kia Class Vehicle before the Claims Period expires.

Even if there is no ZF-TRW ACU recall for your Hyundai or Kia Class Vehicle, you may still submit a claim for a residual distribution payment under the Settlement. All Class Members may submit a Residual Distribution claim, regardless of whether their Hyundai or Kia Class Vehicle was recalled. Please review **Question 11** for more information.

## 7.   HOW DO I SUBMIT MY CLAIM FOR OUT-OF-POCKET EXPENSES?

The claims process is easy to complete and will require supporting documentation to show your out-of-pocket expenses, such as a receipt or invoice, or a signed affidavit if you don't have a receipt or invoice. To submit your claim, please visit www.ACUSettlement.com, input your VIN, and fill out the Claim Form.

If you would prefer to submit your Claim Form and supporting documentation by mail, you can download and print forms from the Settlement Website or request a hardcopy form to be mailed to you by calling 1-866-287-0740. For faster claims processing, you should submit your claim online at the website below, rather than by mail.

Submitting claims online is the quickest option: www.ACUSettlement.com

Submit claims via mail:

Hyundai-Kia Airbag Control Unit Settlement
c/o JND Legal Administration
PO Box 91478
Seattle, WA 98111
[**info@X.com**]

## 8.   WHEN WILL MY CLAIM FOR OUT-OF-POCKET EXPENSES BE PAID?

The Settlement Notice Administrator will issue payments for approved out-of-pocket expenses after the Effective Date.

Please check www.ACUSettlement.com for updates on Settlement payments.

## 9.   I HAVE MULTIPLE HYUNDAI AND/OR KIA CLASS VEHICLES. HOW MANY CLAIMS FOR OUT-OF-POCKET EXPENSES MAY I SUBMIT?

You may submit a claim for out-of-pocket expenses for each Recalled Vehicle you own(ed) or lease(d), as long your out-of-pocket expenses are not duplicative.

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

**Questions?  Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

For example, if you have two Recalled Vehicles you may submit a separate claim for the expenses you incurred to complete the Recall for each vehicle, but you may not seek reimbursement twice for the same out-of-pocket expense.

## 10. WHEN IS THE DEADLINE FOR THE OUT-OF-POCKET CLAIMS PROCESS?

Class Members must submit their claims for reimbursement of out-of-pocket expenses within 18 months of the Final Approval Order.

Under the current schedule, the claims deadline is no earlier than [**Claims Deadline**].  Please check www.ACUSettlement.com for updates on the claims deadline, which may change.

## 11. HOW DO RESIDUAL PAYMENTS WORK?

After all out-of-pocket expense payments and other settlement costs have been paid, the remaining funds will be distributed on a *per capita* basis to each Class Member who (a) submitted out-of-pocket claims, or (b) submitted a claim only for a residual distribution payment.

**All Class Members may submit a claim for a residual distribution payment, regardless of whether their Hyundai or Kia Class Vehicle was included in the Recalls.**

Residual payments shall be up to $350 for Recalled Vehicles and $150 for Unrecalled Vehicles, unless the Parties agree to higher caps and jointly recommend the higher amount to the Settlement Special Administrator for approval.

If there are any funds remaining in the Settlement Fund after making the payments described in Out-of-Pocket Process section above, and if it is not feasible and/or economically reasonable to distribute the remaining funds to Class Members who submitted claims for a residual distribution payment, then the balance shall be distributed *cy pres*.

*See* **Question 16** below for more information regarding *cy pres* distribution.

## 12. HOW DOES THE SETTLEMENT INSPECTION PROGRAM WORK?

Once the Court grants final approval of the Settlement, the Settling Defendants shall institute a Settlement Inspection Program to inspect Hyundai and Kia Class Vehicles when (1) a Hyundai or Kia Class Vehicle was involved in a frontal crash and (2) Hyundai or Kia was notified that a ZF-TRW ACU, seatbelt pretensioner, and/or airbag did not deploy.

For more information, please review the Settlement Inspection Program Protocol that is attached as Exhibit 3 to the Settlement Agreement. The Settlement Agreement and its exhibits can be found at www.ACUSettlement.com.

## 13. HOW DOES THE NEW PARTS WARRANTY WORK?

Once the Court grants final approval of the Settlement, the Settling Defendants will provide a warranty for the new parts installed pursuant to the Recalls (the "New Parts Warranty"). The New Parts Warranty will last for 10 years. The 10-year period of the New Parts Warranty begins on [**DATE COURT ISSUES PRELIMINARY APPROVAL ORDER**].

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

**Questions?  Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

The New Parts Warranty will cover repairs or replacement (including parts and labor) that become necessary due to a defect in a new part installed pursuant to the Recalls. For example, if a problem with a part installed pursuant to the Recalls causes the airbag warning light to illuminate, the New Parts Warranty shall cover the repair or replacement of that part.

A Class Member's rights under the New Parts Warranty are transferred with the vehicle, which means that the coverage follows the vehicle if it is sold to another owner. Inoperable or junkyard vehicles with a scrapped, rebuilt, or flood-damaged title, vehicles with altered mileage, racing or similarly modified vehicles intended for non-street use or vehicles that are dismantled, crushed, or fire damaged, are not eligible for the New Parts Warranty.

If the ZF-TRW ACUs in Unrecalled Vehicles are recalled in the future, Hyundai and Kia shall extend the New Parts Warranty's coverage for the parts installed pursuant to that future ZF-TRW ACU recall.

## 14. WHAT IS THE OUTREACH PROGRAM?

Once the Court grants final approval of the Settlement, Hyundai and Kia will implement an outreach program designed to increase Recall Remedy completion rates for Recalled Vehicles (the "Outreach Program").

The Outreach Program is intended to be a program that will adjust and change its methods of outreach as is necessary to achieve its goal of maximizing completion of the Recall Remedy.

The goal of the Outreach Program is to maximize the completion of the Recall Remedy. To do so, Hyundai and Kia will implement various methods of outreach to encourage owners of Recalled Vehicles to complete the Recall, and will evaluate and modify these outreach methods as needed.

The budget for the Outreach Program is $3,500,000. To the extent the Outreach Program expenditures are less than $3,500,000, Hyundai and Kia will deposit the difference into the Settlement Fund for distribution with the residual payments.

## 15. WHAT IS THE FUTURE RENTAL CAR REIMBURSEMENT, LOANER VEHICLES, AND OUTREACH PROGRAM?

Subject to dealer availability, Hyundai and Kia shall provide loaner vehicles to Class Members who, after the Effective Date, seek a Recall Remedy from a Hyundai and Kia Dealer during the Claims Period and request a courtesy loaner vehicle while the Recall Remedy is being performed. Class Members may alternatively submit a claim for reimbursement from the Settlement Fund for reasonable rental car costs if the Class Member does not receive a loaner vehicle.

If there is a ZF-TRW ACU recall for Unrecalled Vehicles, Class Members of such Unrecalled Vehicles may request a courtesy loaner vehicle while the Recall Remedy is being performed, or alternatively may submit a claim for reimbursement of reasonable rental car costs from the Settlement Fund during the Claims Period. Hyundai and Kia shall also provide outreach related to any such recalls for the Unrecalled Vehicles.

Hyundai and Kia shall collectively receive a credit of $10,000,000 against the Settlement Amount for providing Future Loaner Vehicles and Future Outreach Programs.

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

**Questions?  Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

## 16.    WHAT HAPPENS TO ANY UNCLAIMED FUNDS IN THE SETTLEMENT?

If there are any Settlement funds that remain after paying all eligible claims and other settlement costs, and making all residual distribution payments (as described in **Questions 8-11** above), and if it is not feasible and/or economically reasonable to distribute the remaining funds to Class Members who submitted claims, then the remaining balance shall be distributed "*cy pres*," which means it is paid to charitable causes that indirectly benefit the Class.

The *cy pres* recipient(s) in this case, if any, is subject to the agreement of the Parties and Court approval. Please check the www.ACUSettlement.com after **[Claim Deadline]** for updates about any *cy pres* distribution.

## UNDERSTANDING THE CLASS ACTION PROCESS

## 17. WHAT IS A CLASS ACTION?

In a class action, one or more people called "class representatives" sue on behalf of other people who have similar claims. All these people are known as a "Class" or "Class Members." When a class action is settled, the Court resolves the issues in the lawsuit for all Class Members, except for those who request to be excluded from (or "opt out" of) the Class. Opting out means that you will not receive benefits under the Settlement. The opt out process is described in **Questions 21-22** below.

## 18.    WHAT AM I GIVING UP TO REMAIN A MEMBER OF THE CLASS?

If the Settlement becomes final and you do not exclude yourself, you will release the Settling Defendants and the Released Parties from liability and will not be able to sue them about the issues in the lawsuit.

**Under the Settlement, you are not releasing and are expressly reserving all rights relating to claims for personal injury, wrongful death, or actual physical property damage arising from an incident involving a Hyundai or Kia Class Vehicle, including the deployment or non-deployment of an airbag.**

The Settlement Agreement at Section VII describes the released claims in necessary legal terminology, so read it carefully. The Settlement Agreement is available at www.ACUSettlement.com.

You can talk to one of the lawyers listed in **Question 23** below for free or you can, of course, talk to your own lawyer at your own expense if you have questions about the released claims or what they mean.

## 19. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you are a Class Member and choose to do nothing, you will not receive certain benefits provided under this Settlement. You will also be bound by all terms of the Settlement, which means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Defendants and the Released Parties about the legal issues in this case.

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

**Questions? Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 20. HOW DO I GET OUT OF THE SETTLEMENT?

If you do not want to receive the Settlement benefits described above and/or you want to retain the right to sue the Settling Defendants and/or the Released Parties about the legal issues in this case, then you must take steps to remove yourself from the Settlement. You may do this by asking to be excluded from the Settlement—sometimes referred to as "opting out."

To opt out of the Settlement, you must mail a written request to the Settlement Notice Administrator at the address provided in this question below. Your request must include:

- Your name, address, and telephone number;

- The VIN(s) and the dates of your ownership or lease of the Hyundai and/or Kia Class Vehicle(s);

- A statement saying "I wish to exclude myself from the Class in *In re: ZF-TRW Airbag Control Units Products Liability Litigation*, Case No. 2:19-ml-02905-JAK (C.D. Cal.); and

- Your handwritten, personal signature (electronic signatures, including DocuSign, are invalid and will not be considered personal signatures).

You cannot ask to be excluded over the phone or on the Settlement Website. You must mail your letter with your exclusion request postmarked no later than **[X], 2025** to:

Hyundai-Kia Airbag Control Unit Settlement
c/o JND Legal Administration
PO Box 91478
Seattle, WA 98111
**[info@X.com]**

Your letter with your exclusion request must be postmarked on or before **[X], 2025**, to be considered by the Court. The deadlines found in this Notice may be changed by the Court. Please check www.ACUSettlement.com regularly for updates regarding the Settlement.

### 21.    IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE SETTLING DEFENDANTS FOR THE SAME THING LATER?

No. If you do not timely submit your request for exclusion or fail to include the required information in your request for exclusion, you will remain a Class Member and will not be able to sue the Settling Defendants and/or the Released Parties about the claims that the Settlement resolves.

If you do not exclude yourself from the Settlement, you will be bound like all other Class Members by the Court's orders and judgments in this class action lawsuit, even if you do not file a claim.

### 22.  IF I EXCLUDE MYSELF, CAN I STILL GET A SETTLEMENT PAYMENT?

No. You will not get money or any other benefits from the Settlement if you exclude yourself. If you exclude yourself from the Settlement, do not send in a Claim Form asking for benefits from the Settlement.

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.
PLEASE READ THIS NOTICE CAREFULLY.*

**Questions? Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

## THE LAWYERS REPRESENTING YOU

### 23.  DO I HAVE A LAWYER IN THE CASE?

Yes. The Court has appointed lawyers from the law firms Baron & Budd, P.C. and Lieff Cabraser Heimann & Bernstein, LLP to represent you and other Class Members. These lawyers are called "Co-Lead Counsel." Their contact information is as follows:

| | |
|---|---|
| Roland Tellis<br>Baron & Budd, P.C.<br>15910 Ventura Boulevard, Suite 1600<br>Encino, CA 91436<br>Tel.: (818) 839-2333<br>Email: rtellis@baronbudd.com | David Stellings<br>Lieff Cabraser Heimann & Bernstein, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>Tel.: (212) 355-9500<br>Email: dstellings@lchb.com |

If you want to be represented by your own lawyer, you may hire one at your own expense.

### 24.  HOW WILL THE LAWYERS BE PAID?

Co-Lead Counsel will ask the Court to award the attorneys representing the Class up to 33% percent of the Settlement Amount (*i.e.*, up to $20,493,033.30) to compensate them for their attorneys' fees and costs in litigating this case and securing this nationwide Settlement for the Class. Co-Lead Counsel will also ask the Court to award each of the Settlement Class Representatives a service award of up to $2,500 each for their work in this litigation.

The Court must approve Co-Lead Counsel's requests for fees, costs, and Settlement Class Representative Service Awards before they are paid from the Settlement Fund. Under the current schedule, Co-Lead Counsel will submit their request by **[X], 2025**, and that document will be available at www.ACUSettlement.com shortly after it is filed with the Court. Class Members will have an opportunity to comment on and/or object to the requests for attorneys' fees, costs and Settlement Class Representative Service Awards, as explained further in **Questions 25-26 below**. Please check www.ACUSettlement.com regularly for updates regarding Co-Lead Counsel's request for attorneys' fees, costs, and Settlement Class Representative Service Awards.

### OBJECTING TO THE SETTLEMENT

### 25.  HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?

If you do not exclude yourself from the Settlement, you may object to it. The Court will consider your views in deciding whether to approve or reject the Settlement. If the Court does not approve the Settlement, no Settlement benefits will be made available to the Class, and the lawsuit will continue.

To object to the Settlement or to Co-Lead Counsel's request for attorneys' fees, costs, and Settlement Class Representative Service Awards, you or your attorney must deliver to Co-Lead Counsel and to Defendants' Counsel, and file with the Court, on or before **[X], 2025**, a written statement with the following information:

- The MDL case name (*In re ZF-TRW Airbag Control Units Products Liability Litigation*);

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

**Questions? Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

- Your name, actual address, and telephone number;

- The VIN(s) of your Hyundai and/or Kia Class Vehicle(s);

- The date(s) of purchase or lease of any Hyundai and/or Kia Class Vehicle(s);

- A written statement of your objections. Your objections must also state whether they apply only to you, to a specific subset of the Class, or to the entire Class, and state with specificity the grounds for the objections. The statement must also indicate whether you are represented by a lawyer in submitting your objection; and

- Your personal signature.

Any documents supporting your objection must also be attached to the objection.

If an objection is made through a lawyer, the objection must also include (in addition to the above items):

- The number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection;

- The caption of each case in which the objector has made such objection; and

- A statement of the nature of the objection.

The lawyer(s) asserting the objection must also:

- File a notice of appearance with the Court before the deadline to submit objections;

- File a sworn declaration attesting to his or her representation of each Class Member on whose behalf the objection is being filed, and specify the number of times during the prior five-year period that the lawyer or their law firm has objected to a class action settlement; and

- Comply with the written objection requirements described in Section VI.A. of the Settlement Agreement.

You must deliver your written objection to Co-Lead Counsel and Defendants' Counsel, and file with the Court, on or before **[X], 2025**.

| CLERK OF THE COURT | CO-LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Central District of California<br>First Street Courthouse<br>350 W. First Street<br>Courtroom 10B<br>Los Angeles, CA 90012 | Roland Tellis<br>Baron & Budd, P.C.<br>15910 Ventura Boulevard, Suite 1600<br>Encino, CA 91436<br><br>David S. Stellings<br>Lieff Cabraser Heimann & Bernstein, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013 | Lance A. Etcheverry<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>525 University Avenue<br>Palo Alto, California 94301<br><br>Matthew A. Goldberg<br>DLA Piper LLP (US)<br>One Liberty Place<br>1650 Market Street, Suite 5000<br>Philadelphia, PA 19103-7300 |

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING. PLEASE READ THIS NOTICE CAREFULLY.*

**Questions? Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

## 26. WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE SETTLEMENT AND EXCLUDING MYSELF FROM THE SETTLEMENT?

Excluding yourself is telling the Court that you do not want to be part of the Class and do not want to receive any benefits under the Settlement or release any of the claims resolved by the Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

Objecting is telling the Court that you do not like something about the Settlement, the requested fees, costs, and/or Settlement Class Representative Service Awards. You may object only if you stay in the Class. You do not need to submit a claim to object, but if you object, you must still submit a claim to receive compensation under the Settlement.

### THE COURT'S FAIRNESS HEARING

## 27. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on **September 29, 2025 at 8:30 a.m. PST**, at the United States District Courthouse, Central District of California, First Street Courthouse, 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to approve the request for attorneys' fees, costs, and the request for Settlement Class Representative Service Awards. If there are objections, the Court will consider them and may listen to people who have asked to speak at the hearing (*see* **Question 29** below). The Court will decide whether to grant final approval of the Settlement, and, if so, how much to pay the lawyers representing you and the Class. We do not know how long these decisions will take.

The Court may reschedule the Fairness Hearing, so check the Settlement Website for further updates.

## 28. DO I HAVE TO COME TO THE HEARING?

No, you do not need to attend the Fairness Hearing. Co-Lead Counsel will answer any questions the Court may have. If you wish to attend the hearing, you are welcome to come at your own expense. If you submit an objection to the Settlement, you do not have to come to Court to talk about it, but you have the option to do so if you provide advance notice of your intention to appear (*see* **Question 29** below). As long as you submitted a written objection with all of the required information on time with the Court, the Court will consider it. You may have your own lawyer attend at your expense, but it is not required.

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING. PLEASE READ THIS NOTICE CAREFULLY.*

**Questions? Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

17

## 29. MAY I SPEAK AT THE HEARING?

You or your attorney can ask the Court for permission to speak at the Fairness Hearing. To do this, you must file with the Court a written notice of your intent to appear at least 10 days before the hearing. Based on the Court's current schedule (*see* **Question 27** above), the deadline to file a written notice of your intent to appear is **September 19, 2025**. You must also send a copy of your notice to Co-Lead Counsel and to the Settling Defendants' Counsel at the addresses listed in **Question 25** above.

If you've requested to speak, you must be present at the start of the Fairness hearing at 8:30 a.m. PST on **September 29, 2025**. Please note that the Court may reschedule the Fairness Hearing, so be sure to check the Settlement Website for any updates.

### <u>GETTING MORE INFORMATION</u>

## 30. HOW DO I GET MORE INFORMATION?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement and other documents and information about the Settlement at www.ACUSettlement.com. You can also call the toll-free number, 1-866-287-0740 or write the Settlement Notice Administrator at:

<div align="center">

Hyundai-Kia Airbag Control Unit Settlement
c/o JND Legal Administration
PO Box 91478
Seattle, WA 98111
**[info@X.com]**

</div>

*YOUR LEGAL RIGHTS UNDER THE SETTLEMENT ARE AFFECTED EVEN IF YOU DO NOTHING.*
*PLEASE READ THIS NOTICE CAREFULLY.*

**Questions?  Visit www.ACUSettlement.com or call toll-free at 1-866-287-0740**

# EXHIBIT H

# CLAIM FORM INSTRUCTIONS
*Hyundai-Kia Airbag Control Unit Settlement Notice*

## INSTRUCTIONS FOR COMPLETING THIS CLAIM FORM

Before filling out this Claim Form, please carefully read the instructions below and the full Notice available at the official Settlement website www.ACUSettlement.com. **Although you may complete and return this Claim Form by mail, the fastest way to submit a claim is online at www.ACUSettlement.com**.

You must complete a Claim Form by [Claims Deadline] to seek any monetary compensation under this class action Settlement. Any extension of this deadline will be posted on the Settlement website www.ACUSettlement.com.

To complete your Claim Form, you must include the following:

1. **Claim Information:** Please type or neatly print all information requested on the Claim Form. If you received a Postcard or Email Notice with a Unique ID, please include it in Section I (*Vehicle Owner/Leaseholder Information*) of the Claim Form.

   **Please submit only one Claim Form per Vehicle Identification Number (VIN).**

2. **Documentation:** Eligible Claimants may seek (1) reimbursements for reasonable out-of-pocket expenses related to the Recall, and/or (2) a Residual Distribution payment.

   If you seek reimbursement for **out-of-pocket expenses** related to the Recalls (see pages 4-5): please submit copies of documentation to verify your expenses. If you do not have any supporting documentation available at this time, you may need to provide alternative forms of proof to be eligible for reimbursement.

   If you seek **only a Residual Distribution** payment and no reimbursement for out-of-pocket expenses related to the Recall: (1) if you provide the Unique ID from your Postcard or Email Notice on this Claim Form, you do not need to provide further documentation at this time; (2) if you do not have a Unique ID, or if the Settlement Notice Administrator is unable to verify the information in your claim, the Settlement Notice Administrator may contact you to request supporting documentation. You may need to provide documentation to show your ownership or lease of an eligible vehicle, such as vehicle title, registration, purchase agreement, lease agreement, insurance documentation, or other documentation showing both your name and the VIN.

3. **Claim Submission:** The fastest way to submit a claim is online at www.ACUSettlement.com. Under the current schedule, your electronic claim must be **submitted by [X], 2026.** If you submit a paper Claim Form, it must be **postmarked or emailed no later than [X], 2026** and addressed to:

   Hyundai-Kia Airbag Control Unit Settlement
   c/o JND Legal Administration
   PO Box 91478
   Seattle, WA 98111
   [info@X.com]

   *This schedule may change, so please visit the Settlement Website regularly for updates.*

**Claim Verification:** All claims are subject to verification. The Settlement Notice Administrator will contact you if additional information or documentation is needed to verify your claim. Failure to complete all parts of the Claim Form, or any subsequent request for supporting documentation, may result in denial of your claim, delay its processing, or otherwise adversely affect the claim.

**PLEASE KEEP A COPY OF YOUR CLAIM FORM FOR YOUR RECORDS.**

# CLAIM FORM

*Hyundai-Kia Airbag Control Unit Settlement Notice*

**If you have more than one Hyundai or Kia Class Vehicle, you must submit a <u>separate</u> Claim Form for each vehicle.**

| I.     VEHICLE OWNER/LEASEHOLDER INFORMATION |
|---|

Communications concerning this claim will be directed to the contact information you provide below. You must notify the Settlement Notice Administrator if your contact information changes after your claim is submitted.

| First Name | | MI | Last Name | |
|---|---|---|---|---|
| Company Name (if the vehicle is/was owned or leased by a company) | | | | |
| Title (if submitting on behalf of a company) | | | | |
| Address 1 | | | | |
| Address 2 | | | | |
| City | | State/Territory | ZIP Code | |
| Email | | Phone Number | | |
| Unique ID* | | | | |
| ☐ Check this box if you seek <u>**only**</u> a **Residual Distribution** payment and no reimbursement for out-of-pocket expenses | | | | |

*\*The **Unique ID** is listed in your Postcard or Email Notice. If you misplaced that Notice, please contact the Settlement Administrator. If you do not have a Unique ID, you may leave this field blank.*

# CLAIM FORM

*Hyundai-Kia Airbag Control Unit Settlement Notice*

## II.    VEHICLE INFORMATION

**Provide your Vehicle Identification Number ("VIN") below.**

The VIN is located on a small placard on the top of the dashboard and is visible through the driver's side corner of the windshield or on a decal inside the driver side door jamb. It also appears on your vehicle title, registration card, and probably appears on your vehicle insurance card. Your VIN should have 17 characters, a combination of both letters and numbers.

**If you have more than one eligible vehicle, you must submit a separate Claim Form for each vehicle.**

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |

*VINs are 17 characters in length and do not include the letters I, O, or Q.

**Ownership Type**

**Did you own or lease the vehicle on or before [DATE OF PRELIMINARY APPROVAL]?**

☐ Yes  /  ☐ No

*If you answered "No," you are not a Class Member and are not eligible for any compensation in this Settlement. Please visit www.ACUSettlement.com for more information about Settlement eligibility.*

---

If your vehicle is a Recalled Vehicle listed below and you seek reimbursement for out-of-pocket expenses related to the Recalls, please complete Sections III and IV below. Otherwise, please skip to Section V.

- Certain 2011-2013 Hyundai Sonata;
- Certain 2011-2012 Hyundai Sonata Hybrid;
- 2010-2012 and certain 2013 Kia Forte;
- 2010-2012 and certain 2013 Kia Forte Koup;
- 2011-2012 and certain 2013 Kia Optima;
- 2011-2012 Kia Optima Hybrid; and
- 2011-2012 Kia Sedona

If your vehicle is not one of the Recalled Vehicles listed above, you may not submit a claim for reimbursement for out-of-pocket expenses related to the Recalls at this time. Please check www.ACUSettlement.com periodically for any updates to the list of Recalled Vehicles.

## CLAIM FORM
*Hyundai-Kia Airbag Control Unit Settlement Notice*

| III. | OUT OF POCKET EXPENSES |
|---|---|

*Complete this Section only if you have a Recalled Vehicle identified in the table above, you incurred out-of-pocket expenses related to the Recall, and you have **not previously been** reimbursed by Hyundai or Kia for these out-of-pocket expenses.*

The Settlement Special Administrator will review your claim and any supporting documentation you provide to determine your eligibility for reimbursement.

| *Please fill in the dollar amounts for as many expenses as apply.* | |
|---|---|
| Rental Car Expenses - I am requesting compensation for rental car and/or other transportation expenses incurred while waiting for a Hyundai or Kia dealer to complete the Recall Remedy on my vehicle. | $ |
| Towing Expenses - I am requesting compensation for towing expenses paid to tow my vehicle to a Hyundai or Kia Dealer for completion of the Recall Remedy. | $ |
| Childcare Expenses - I am requesting compensation for childcare expenses incurred while waiting for a Hyundai or Kia Dealer to complete the Recall Remedy on my vehicle. | $ |
| Repair Expenses - I am requesting compensation for out-of-pocket expenses incurred for a qualifying repair or replacement of the ZF-TRW ACU in my vehicle. | $ |
| Lost Wages - I am requesting compensation for lost wages incurred for the time I had to take off from work to drop off and/or pickup up my vehicle at a Hyundai or Kia Dealer to complete the Recall Remedy. | $ |

| IV. | DOCUMENTATION OF OUT-OF-POCKET EXPENSES |
|---|---|

*Complete this Section only if you seek reimbursement for out-of-pocket expenses and completed Section III.*

Please provide copies of any documentation you have that shows the out-of-pocket expenses you listed in Section III, above, were paid by you. Supporting documentation may include, for example: a receipt, invoice, or credit card statement showing your claimed expense. If you are claiming lost wages, you must support your claim with reliable documentation sufficient to demonstrate your actual lost wages. Claims for childcare expenses should be substantiated by similarly reliable documentation. The court-appointed Settlement Special Administrator will review your claim and supporting documentation to determine whether you are eligible for reimbursement and may request additional documentation. All claim decisions by the Settlement Special Administrator are final.

I am enclosing with this claim (check all that apply):

☐ An invoice, receipt, or statement showing my payment for the out-of-pocket expenses I listed in Section III.

☐ Written documentation to identify the wages I lost during the time I had to take off work to drop off and/or pick up my vehicle at a Hyundai or Kia Dealer to complete the Recall Remedy on my vehicle.

☐ Other documentation to show the out-of-pocket expenses I incurred to complete the Recall Remedy on my vehicle.

**OR**

☐ I do not have any supporting documentation to submit with my claim at this time. I understand that I may need to provide alternative forms of proof to support my claim, and I may not be eligible for reimbursement if the Settlement Special Administrator is unable to verify the expenses I listed in Section III.

# CLAIM FORM

*Hyundai-Kia Airbag Control Unit Settlement Notice*

## V.    PAYMENT METHOD

Please select your preferred payment method for your claim. If you do not make an election or do not provide the required email address or phone number for an electronic payment, or if you elect more than one option, your payment will be sent by check.

☐    Virtual Debit Card[1]        Virtual Debit Card Email:  _____

☐    PayPal                    PayPal Email:  _____

☐    Venmo                    Venmo Phone Number:  _____

☐    Paper Check by Mail[2]

[1] Virtual debit cards do not expire. Inactivity fees will be incurred after six (6) months of non-use. Any inactivity fees will be deducted from the balance of the card.

[2] Paper checks will expire if not cashed within [x] days of issuance.

## VI.    CERTIFICATION

I certify that all the information on this Claim Form is true and correct to the best of my knowledge and belief. I understand that the information I submit in this Claim Form is subject to verification and the Settlement Notice Administrator may reach out to me for further information or documentation to verify my claim.

_____    Date    ☐☐ - ☐☐ - ☐☐☐☐
Signature of Primary Owner/Lessee

_____
Printed Name

_____
Title (if submitting on behalf of a company)

_____
Company (if submitting on behalf of a company)

**If you have questions about this Claim Form or need additional copies, please visit the Settlement Website for additional information. You may also contact the** Settlement Notice Administrator at Hyundai-Kia Airbag Control Unit Settlement, c/o JND Legal Administration, PO Box 91478, Seattle, WA 98111, via email at [info@X.com], or by calling 1-866-287-0740.