UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Kevin Reddick | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MITSUBISHI PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, AND AWARD OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS TO SETTLEMENT CLASS REPRESENTATIVES (DKT. 1017)**

### I.   Introduction

On August 8, 2019, this multi-district litigation ("MDL") was established and transferred to this Court. Dkt. 1. The MDL, which has included 20 member cases, concerns airbag control units ("ACUs") that are allegedly defective because they contain a specific component part that is vulnerable to electrical overstress ("EOS"). *Id.* at 2. The alleged defect ("Alleged Defect" or "ACU Defect") can result in the failure of airbags in a vehicle to deploy during a collision. *Id.*

On July 27, 2020, eight groups of defendants filed individual motions to dismiss, as well as a joint motion to dismiss. Dkts. 208, 209, 212, 213, 214, 219, 220. Those motions were heard on January 25, 2021, and were taken under submission. Dkt. 323. On February 9, 2022, an order issued granting the motions in part and denying the motions in part. Dkt. 396.

On May 26, 2022, a Consolidated Amended Class Action Complaint ("ACAC"), which is the operative one, was filed. Dkt. 477.

On August 2, 2024, the Mitsubishi Plaintiffs[1] (or "Plaintiffs") filed a Motion for Preliminary Approval of Class Settlement and Direction of Notice Under Fed. R. Civ. P. 23(e) (the "Preliminary Approval Motion"). Dkt. 941. Through the Preliminary Approval Motion, Plaintiffs sought such approval of the terms of the proposed settlement of Plaintiff's claims, brought on behalf of a class, against Mitsubishi Motors Corporation and Mitsubishi Motors North America, Inc. (collectively, the "Mitsubishi Defendants" or "Mitsubishi"). *Id.* Thus, Plaintiffs sought an order as to the following: (1) granting preliminary approval of the settlement and directing notice to the class under Fed. R. Civ. P. 23(e)(1); (2) appointing Lead Plaintiffs' Counsel as settlement class counsel; (3) issuing a preliminary injunction pending final approval of the proposed settlement; and (4) scheduling a final approval hearing. *Id.* at 36.

---

[1] These Plaintiffs are Gaylynn Darling (Sanchez), Michael Nearing and John Sancomb. Dkt. 941 at 1 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
|---|---|---|---|
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

A hearing on the Preliminary Approval Motion was held on September 30, 2024. Dkt. 965. On November 1, 2024, an order issued granting the Preliminary Approval Motion (the "Preliminary Approval Order"). Dkt. 983.

On January 27, 2025, Plaintiffs filed a Motion for Final Approval of Class Settlement, and Award of Attorneys' Fees, Expenses, and Service Awards to Settlement Class Representatives (the "Motion"). Dkt. 1017. On March 20, 2025, Plaintiffs filed a Reply in Support of the Motion (the "Reply"). Dkt. 1028. A hearing on the Motion was held on April 7, 2025, and the matter was taken under submission. For the reasons stated in this Order, the Motion is **GRANTED**.

    II.    <u>Background</u>

        a.    Parties

There are 53 plaintiffs named in the ACAC, who purchased or leased vehicles from the Vehicle Manufacturer Defendants. Dkt. 477 ¶ 64. Three of them, the Mitsubishi Plaintiffs, brought claims against the Mitsubishi Defendants. *Id.* ¶¶ 212–23. Collectively, the Defendants named in the ACAC are companies from the following corporate groups: ZF, STMicro, Kia, Hyundai, Hyundai Mobis, Fiat Chrysler, Toyota, Honda and Mitsubishi. *Id.* ¶ 23.

There are five groups of defendants that constitute the "Vehicle Manufacturer Defendants," which are alleged to be "companies that make and sell completed vehicles and their affiliates." *Id.* ¶ 41. The Mitsubishi Defendants are one of these groups. *Id.*

        b.    Substantive Allegations

It is alleged that the Mitsubishi Defendants, as well as other Vehicle Manufacturer Defendants, manufactured vehicles with defective ACUs. *Id.* ¶¶ 6–7, 9.

It is alleged that ACUs are connected by electrical wiring to crash sensors located on the front of vehicles. *Id.* ¶ 6. The crash sensors detect activity in the front of a vehicle and send corresponding electrical signals to the ACU, which receives and interprets them. *Id.* When certain thresholds are met, the ACU issues a command to the vehicle's safety system to deploy the airbags and tighten the seatbelts to protect passengers from an imminent collision. *Id.* Within the ACU, the application-specific integrated circuit ("ASIC") processes the signal from the crash sensors and activates the airbags and seatbelts. *Id.* ¶¶ 7, 10.

It is alleged that when an ACU malfunctions, it can cause a vehicle's airbags and seatbelts to fail to perform their function of restraining and protecting those inside a vehicle. *Id.* ¶ 6. One threat to the functionality of ACUs, as well as other automatic electronics, are large "transients." *Id.* ¶ 465. Transients are "short duration, high magnitude voltage peaks, commonly referred to as surges or bursts." *Id.* It is alleged that "[f]or decades, participants in the automotive industry—including all the Defendants in this litigation—have known that transients can be generated inside and outside a motor vehicle" and can cause damage to electrical equipment such as ACUs. *Id.* ¶ 466. Because transients threaten the ability of ACUs and ASICs to activate safety restraints in a collision, a properly designed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

ACU and ASIC can withstand transients. *Id.* ¶ 471. If an ACU is not protected from transients, it can experience EOS. *Id.* ¶¶ 465–71.

It is alleged that the ACUs at issue in this action (the "ZF-TRW ACUs") are defective because they contain a DS84 ASIC, which is more susceptible than competing microchips to damage from transients. *Id.* ¶¶ 7, 472–85. It is alleged that the DS84 ACU was commercially attractive to Defendants because it was less expensive and was marked as a "cost effective ACU." *Id.* ¶ 567. Because of the alleged ACU Defect, the vehicles that contain those ACUs are allegedly "less desirable and less valuable than vehicles with properly functioning [ACUs]." *Id.* ¶ 1479.

It is alleged that Defendants have known about the ACU Defect for many years. *Id.* ¶ 607. It is alleged that the Supplier Defendants and Vehicle Manufacturer Defendants conspired to conceal the ACU Defect so that they could maximize their profits. Dkt. 477-1 ¶¶ 1603–04, 1744–45, 1876–77, 2012–13, 2143–44. It is alleged that every Vehicle Manufacturer Defendant placed misleading statements about vehicle safety, airbags, and/or seatbelts on or in at least some of their group's Class Vehicles. Dkt. 477 ¶¶ 1129–62, 1218–54. It is also alleged that the Vehicle Manufacturer Defendants made misleading advertisements. *Id.* ¶¶ 1163–1217.

It is alleged that Defendants' fraudulent statements caused financial harm to Plaintiffs by inducing them to pay more than they otherwise would have for their vehicles, or to purchase vehicles when they would not otherwise have done so. Dkt. 477-1 ¶¶ 1618–19, 1759–60, 1892–93, 2027–28, 2158–59.

### III.  Summary of Settlement Agreement

a.  Class Definition

The settlement agreement between Plaintiffs and the Mitsubishi Defendants ("Settlement Agreement") defines the Class as follows:

> all persons or entities who or which, on the date of the issuance of the Preliminary Approval Order, own/lease or previously owned/leased Mitsubishi Class Vehicles distributed for sale or lease in the United States or any of its territories or possessions. Excluded from this Class are: (a) Mitsubishi, its officers, directors, employees and outside counsel; its affiliates and affiliates' officers, directors and employees; its distributors and distributors' officers and directors; and Mitsubishi's Dealers and their officers and directors; (b) Settlement Class Counsel, Plaintiffs' counsel, and their employees; (c) judicial officers and their immediate family members and associated court staff assigned to this case; and (d) persons or entities who or which timely and properly exclude themselves from the Class.

Settlement Agreement, Dkt. 941-1, Ex. C § II.A.7.

"Mitsubishi Class Vehicles" are defined as "those Mitsubishi vehicles listed on Exhibit 2 that contain or contained ZF-TRW ACUs and were distributed for sale or lease in the United States or any of its territories or possessions." *Id.* § II.A.38. Exhibit 2 to the Settlement Agreement provides the following

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
|---|---|---|---|
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

list:

<b><u>Mitsubishi Class Vehicles</u></b>

- 2013-2017 Mitsubishi Lancer;
- 2013-2015 Mitsubishi Lancer Evolution;
- 2013-2015 Mitsubishi Lancer Ralliart;
- 2013-2016 Mitsubishi Lancer Sportback; and
- 2013 Mitsubishi Outlander.

*Id.*, Ex. 2.

The Settlement Agreement defines "Released Parties" as follows:

> Mitsubishi, and each of its past, present and future parents, predecessors, successors, spin-offs, assigns, holding companies, joint- ventures and joint-venturers, partnerships and partners, members, divisions, stockholders, bondholders, subsidiaries, related companies, affiliates, officers, directors, employees, associates, dealers, including the Mitsubishi Dealers, representatives, suppliers, vendors, advertisers, marketers, service providers, distributors and subdistributors, repairers, agents, attorneys, insurers, administrators and advisors. The Parties expressly acknowledge that each of the foregoing is included as a Released Party even though not identified by name herein. Notwithstanding the foregoing, "Released Parties" does not include the Excluded Parties.

*Id.* § II.A.31.

The Settlement Agreement defines "Excluded Parties" as: "other than the Released Parties, all defendants named in the Actions and each of their past, present, and future parents, predecessors, successors, spin-offs, assigns, distributors, holding companies, joint-ventures and joint-venturers, partnerships and partners, members, divisions, stockholders, bondholders, subsidiaries, affiliates, officers, directors, employees, associates, dealers, agents and related companies." *Id.* § II.A.16.

      b.      Relief to Class Members and Other Payments

The Settlement Agreement provides that the total Settlement Amount is $8,500,000. *Id.* § II.A.32. The Settlement Agreement provides that the parties will establish a Qualified Settlement Fund ("QSF" or "Settlement Fund"), pursuant to Internal Revenue Code § 468B to be held by an escrow agent ("Escrow Agent"). *Id.* § III.A.1. The Settlement Agreement also states that certain notice and settlement administration costs accrued prior to final approval of the Settlement will be paid by Mitsubishi as they accrue and are invoiced. *Id.* § III.A.2. The Settlement Agreement provides that Mitsubishi will deposit $8,500,000, less those initial notice and settlement administration costs, into the QSF no later than one month prior to the date set by the Court for the Fairness Hearing, to fund the Settlement Fund. *Id.* The Settlement Agreement provides that the QSF is to be used for the following purposes:

> (a) to pay valid and approved claims submitted by eligible Class Members; (b) to pay notice and related costs; (c) to pay for settlement and claims administration, including expenses associated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

with the Settlement Notice and Claims Administrator, taxes, fees, and related costs; (d) to pay Settlement Class Counsel's fees and expenses as the Court awards; (e) to make service award payments to the Mitsubishi Plaintiffs; and (f) to pay Taxes. The Settlement Fund may also be utilized for additional outreach and notice costs that the Parties jointly agree, after consulting with the Settlement Special Master, is necessary in furtherance of the terms of this Settlement.

*Id.*

      i.      <u>Settlement Cash Benefits</u>

The Settlement Agreement provides that, after deducting expenses for settlement and claims administration, and the fees and expenses of Settlement Class Counsel that are awarded by the Court, the remaining proceeds of the Settlement Amount will be allocated on a per-capita basis among all Mitsubishi Class Vehicles for which the Settlement Notice and Claims Administrator has received a valid Claim Form. *Id.* § III.B.1.

The Settlement Agreement provides that cash payments shall be up to $250 per Mitsubishi Class Vehicle. *Id.* § III.B.2. It also provides that, if more than one Class Member submits a valid Claim Form for the same Mitsubishi Class Vehicle, the original owner who purchased that Class Vehicle shall receive 60% of the funds allocated to that Class Vehicle, and the remaining 40% will be distributed evenly to, or among the remaining Class Member(s) that submit a valid Claim Form on that Class Vehicle. *Id.*

      ii.      <u>Residual Distribution</u>

The Settlement Agreement provides that the Settlement shall be non-reversionary, *i.e.*, that "no amount of the Settlement Amount will revert to Mitsubishi, unless the Court does not grant final approval of the Settlement as set forth in Section III.A.2." *Id.* § III.B.4. The Settlement Agreement also provides that "[i]f there are any unclaimed funds remaining from the Settlement Amount the Parties will attempt a second cash distribution of up to $750 to all Class Members who received a cash payment as part of the initial distribution, if economically feasible to do so." *Id.*

The Settlement Agreement provides that:

> If it is not feasible and/or economically reasonable to attempt a second distribution to Class Members who already submitted a valid and timely Claim Form, or if the Settlement Amount is not exhausted after the second cash distribution, then the remaining Settlement Amount shall be distributed to *cy pres* recipients recommended by the Parties, subject to the Court's approval.

*Id.* The Settlement Agreement states that the "Parties agree to work together to identify mutually agreeable *cy pres* candidates and will not unreasonably withhold approval of any candidates proposed by each other." *Id.*

      iii.      <u>Fees and Payments Deducted from Settlement Fund</u>

            1.      Class Representatives' Service Award

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

The Settlement Agreement does not specify the amount that Plaintiffs will seek in service awards to Class Representatives, *i.e.*, the Mitsubishi Plaintiffs. The Settlement Agreement states that the Settlement Fund shall be used to make service award payments to the Mitsubishi Plaintiffs. *Id.* § III.A.2.

The briefing in support of the Motion states that Plaintiffs seek a service award of $2500 for each of the three Settlement Class Representatives. Dkt. 1017 at 54.

2. Attorney's Fees and Costs

The Settlement Agreement does not state an amount that Plaintiffs' counsel will seek in attorney's fees. The declaration of co-lead counsel for Plaintiffs ("Co-Lead Counsel Declaration"), states that Settlement Class Counsel anticipate they will ask for a fee award of up to 30% of the $8.5 million Settlement Amount, which will also include reasonable expenses. Dkt. 941-1 ¶ 12. In support of the Motion, Settlement Class Counsel requests an award of attorney's fees of $2.5 million, which reflects 29.4% of the $8.5 million Settlement Fund obtained for Mitsubishi Class Members. Dkt. 1017 at 39.

Settlement Class Counsel also seek reimbursement for $50,000 in litigation expenses incurred. *Id.* at 53. This includes $39,250.73 in funds expended by Lead Counsel and PSC firms to advance the common benefit, and $10,749.27 that Settlement Class Counsel are reserving for the anticipated costs associated with the future on-the-ground administration and Settlement implementation efforts. *Id.* (citing Dkt. 1017-1 ¶ 30).

3. Costs

The Settlement Agreement provides that JND Legal Administration LLC ("JND") shall serve as the Settlement Notice Administrator and Claims Administrator, subject to approval by the Court. Dkt. 941-1, Ex. C § II.A.36. JND projects that the total cost of the notice and claims administration program will range "from approximately $447,000 to $712,000 based on settlement participation rates of 5–25%." Dkt. 941 at 18. The Motion does not include any updates on the costs of notice administration.

4. Inspection Program

The Settlement Agreement provides that if the subsequent motion for final approval of the settlement is granted, Mitsubishi shall institute the Settlement Inspection Program. Dkt. 941-1, Ex. C § III.D.1. The protocol for the Settlement Inspection Program is described in Exhibit 3 to the Settlement Agreement. Dkt. 941-1, Ex. 3. The Settlement Inspection Program will operate for 10 years. *Id.* at 157. The Settlement Agreement provides that Mitsubishi will offer an inspection for Class Vehicles that are involved in a qualifying incident. *Id.* at 157–58. A qualifying incident is one in which a Class Vehicle has been involved in a frontal crash and "Mitsubishi has received notice of a personal injury or property damage incident in which a ZF-TRW airbag control unit ('ZF-TRW ACU'), seatbelt pretensioner, and/or Airbag did not deploy;" or "Mitsubishi has received notice that the driver and/or passenger in any of the front seats of the Mitsubishi Class Vehicle allegedly died or suffered a Serious Injury in a frontal collision in which any of that person's Airbags or seatbelt pretensioners did not deploy." *Id.* at 157.

The Settlement Agreement provides that, upon receipt of notice of a qualifying incident involving a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

Class Vehicle, Mitsubishi shall make a good faith effort within 30 days to conduct an inspection and, if necessary, escalate the inspection to recover information related to the ACU. *Id.* at 157–58.

The Settlement Agreement provides that, to the extent that the inspection reveals that there is an EOS condition, Mitsubishi will provide the current owner/lessee and Co-Lead Counsel with the photographs and other information related to the inspection. *Id.* at 158.

    c.    Release of Claims

The Settlement Agreement provides for the following general release of claims against Mitsubishi by Class Members:

> In consideration for the relief provided above, the Mitsubishi Plaintiffs and each Class Representative and Class Member, on behalf of themselves and any other legal or natural persons and entities who or which may claim by, through or under them, including their executors, administrators, heirs, assigns, predecessors and successors, agree to fully, finally and forever release, relinquish, acquit, discharge and hold harmless the Released Parties from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, losses and damages and relief of any kind and/or type regarding the subject matter of the Actions[,] including, but not limited to, injunctive or declaratory relief compensatory, exemplary, statutory, punitive, restitutionary damages, civil penalties, and expert or attorneys' fees and costs, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative, vicarious or direct, asserted or un-asserted, and whether based on federal, state or local law, statute, ordinance, rule, regulation, code, contract, tort, fraud or misrepresentation, common law, violations of any state's or territory's deceptive, unlawful, or unfair business or trade practices, false, misleading or fraudulent advertising, consumer fraud or consumer protection statutes, or other laws, unjust enrichment, any breaches of express, implied or any other warranties, violations of any state's Lemon Laws, the Racketeer Influenced and Corrupt Organizations Act, or the Magnuson-Moss Warranty Act, or any other source, or any claims under the Trade Regulation Rule Concerning the Preservation of Consumers' Claims and Defenses 16. C.F.R. § 433.2, or any claim of any kind, in law or in equity, arising from, related to, connected with, and/or in any way involving the Actions.

*Id.* § VII.B.

The Settlement Agreement also provides that, notwithstanding this release, "Plaintiffs and Class Members are not releasing and are expressly reserving all rights relating to claims for personal injury, wrongful death, or actual physical property damage arising from an incident involving a Mitsubishi Class Vehicle, including the deployment or non-deployment of an airbag." *Id.* § VII.D. The Settlement Agreement further states that "Plaintiffs and Class Members are not releasing and are expressly reserving all rights relating to claims against Excluded Parties, with the exception of" the released claims described above. *Id.* § VII.E. The Settlement Agreement also provides:

> Plaintiffs expressly understand and acknowledge, and all Mitsubishi Plaintiffs and Class Members will be deemed by the Final Approval Order and Final Judgment to acknowledge and waive Section 1542 of the Civil Code of the State of California . . . . Mitsubishi Plaintiffs and Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights.

*Id.* § VII.I.

    d.    Notice of Settlement

Notice of the settlement was administered by JND. Declaration of Jennifer Keough, Dkt. 1017-5 ¶¶ 1–2. The Notice Program is ongoing. *Id.* ¶ 2. On March 20, 2025, JND provided a supplemental declaration that included updated results from the notice as of that date ("Supplemental Keough Declaration"). Dkt. 1028-1.

        i.    <u>CAFA Notice</u>

CAFA requires that defendants serve appropriate federal and state officials with notice of a proposed class action settlement within ten days of the filing of a motion for preliminary approval. 28 U.S.C. § 1715(b). The Preliminary Approval Motion was filed on August 2, 2024. Dkt. 941. The CAFA Notice was sent on August 12, 2024. Dkt. 1017-5 ¶ 3. JND mailed the required notice to the United States Attorney General and to the appropriate State officials in compliance with CAFA. *Id.*

        ii.    <u>Individual Notice</u>

To effect direct notice to Class Members, JND obtained the Vehicle Identification Numbers ("VINs") for each of the Mitsubishi Class Vehicles and contact information for the potential Class Members. *Id.* ¶ 4. Mitsubishi provided JND with data that identified 94,785 unique Mitsubishi Class Vehicle VINs, as well as customer contact (email and mailing address) and Mitsubishi Class Vehicle information. *Id.* Using that data, JND worked with a third-party aggregation service to acquire vehicle registration information from the state Departments of Motor Vehicles ("DMVs") for all 50 states and the U.S. territories. *Id.* ¶ 5. This aggregated the contact information for all current and former owners and lessees of the Mitsubishi Class Vehicles. *Id.* JND used this data to send individual notices to almost all, if not all, settlement Class Members. *Id.* ¶ 6.

On December 31, 2024, JND commenced a direct email notice process to all potential Class Members for whom JND obtained a valid email address. *Id.* ¶ 9. This email process concluded on January 13, 2025, after 86,220 Email Notices were sent. Dkt. 1028-1 ¶ 3. As of March 17, 2025, 10,988 Email Notices bounced back as undeliverable. *Id.* As described below, JND supplemented this direct email notice process by sending Postcard Notices to the Class Members whose email notices bounced back as undeliverable. Dkt. 1017-5 ¶ 10.

As of January 27, 2025, JND had sent Postcard Notices to 191,254 potential Class Members. *Id.* ¶ 13. Each Postcard Notice contained the Court-approved language, provided the Settlement Website URL and a QR code that directly linked to the Settlement Website. *Id.* ¶ 12. The Postcard Notice encouraged potential Class Members to visit the Settlement Website to get more information and then to submit their settlement claims. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

For any potential Class Member with more than 10 VINs associated with his or her name and address, JND sent a cover letter that included language from the Postcard Notice to advise the person about the elements of the process to submit a bulk claim for more than 10 Mitsubishi Class Vehicles. *Id.* ¶ 15. As of January 27, 2025, JND has sent Bulk Claim Notices to 1236 potential Class Members. *Id.*

As of March 17, 2025, JND had received 25,114 Postcard Notices returned as undeliverable, of which JND re-mailed 1464 to forwarding addresses provided by the United States Postal Service and 12,061 to updated addresses obtained through advanced address research. Dkt. 1028-1 ¶ 5. JND has received 61 Bulk Claim Notices returned as undeliverable. *Id.* Of those 61 returned Bulk Claim Notices, one notice has been re-mailed to an updated address. *Id.*

The Supplemental Keough Declaration states that the overall deliverability rate of the direct notice effort is more than 93% of the class members. *Id.* ¶ 6.

    iii.    <u>Supplemental Digital Notice</u>

        1.    Digital Campaign

JND supplemented the direct notice effort with a four-week digital campaign that ran through the Google Display Network ("GDN"), Facebook and Instagram. Dkt. 1017-5 ¶ 17. JND created a "Custom Audience" list by matching Class Member data with first-party data collected through Gmail, YouTube and Chrome registrations, as well as Facebook and Instagram account user data. *Id.* ¶ 18. JND then targeted the Custom Audience with digital advertisements, which included an embedded link to the Settlement Website, via GDN, Facebook and Instagram. *Id.* ¶¶ 18–19. The digital ads resulted in a total of 2,241,104 digital impressions[2] from December 31, 2024, to January 26, 2025. *Id.* ¶ 8.

JND further supplemented the notice effort through iHeart Automotive Connection ("IAC"). *Id.* ¶ 21. JND provided IAC with the make, model and year of the Mitsubishi Class Vehicles and IAC pulled its VIN data that matched the Mitsubishi Class Vehicle information. *Id.* IAC then sent email notices to its customers associated with the Mitsubishi Class Vehicle information; a total of 100,000 emails were sent. *Id.* IAC also sent follow-up emails to all recipients who opened the initial email. *Id.*

The Supplemental Keough Declaration states that the supplemental digital effort served 2,446,619 impressions, 746,619 more than originally planned. Dkt. 1028-1 ¶ 11.

        2.    Internet Search Campaign

From December 31, 2024, to January 27, 2025, an additional 10,600 digital impressions were served through an internet search campaign. *Id.* ¶ 12. When selected keywords and phrases related to the Settlement were searched, a paid Responsive Search Ad ("RSA") with a hyperlink would sometimes appear on the search results page. *Id.* When the RSA was clicked, the visitor would be redirected to the Settlement Website. *Id.* This effort was monitored and optimized for keywords and phrases that

---

[2] "Digital impressions" or exposures are the total number of opportunities to be exposed to a media vehicle or combined media vehicles containing a notice. Dkt. 1017-5 ¶ 19 n.3.

Case 2:19-ml-02905-JAK-JPR   Document 1039   Filed 04/22/25   Page 10 of 18   Page ID #:31429

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
|---|---|---|---|
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

resulted in the best click-throughs/conversions. *Id.*

### 3. Press Release

On December 31, 2024, a press release was distributed to more than 5000 media outlets nationwide. Dkt. 1017-5 ¶ 26. As of January 27, 2025, the press release was accepted more than 500 times with a potential corresponding audience of 187.8 million. *Id.*

### iv. Settlement Website

On November 11, 2024, JND established an interactive, case-specific Settlement Website at www.ACUSettlement.com (the "Website"). *Id.* ¶ 28. The Website provides comprehensive information about the Settlement, including answers to frequently asked questions, contact information for the Settlement Notice and Claims Administrator, key dates, including the deadlines to file a claim, request exclusion, and object, and links to important case documents, including the Long Form Notice, the Mitsubishi Class Vehicle List, the Claim Form and the Settlement Agreement. *Id.* The Website provides a VIN "lookup feature" through which potential Class Members can input their VIN to determine whether their vehicle may be eligible for compensation under the Settlement Agreement. *Id.* ¶ 29. In addition, the Website features an online registration/claim form that class members can use to submit claims directly, as well as a downloadable form for class members to submit claims by mail. *Id.* ¶ 30.

The Supplemental Keough Declaration states that, as of March 17, 2025, the Website has tracked a total of 31,173 unique users who registered 41,962 page views. Dkt. 1028-1 ¶ 14. JND states that it will continue to update and maintain the Website throughout the settlement administration process. *Id.*

### v. Additional Outreach Efforts

JND made other efforts to provide individualized assistance to class members and to respond to their questions. *First*, JND established a dedicated email address, info@ACUSettlement.com, to receive and respond to class member inquiries. Dkt. 1017-5 ¶ 32. *Second*, JND established a 24-hour, toll-free telephone line that Class Members can call to obtain information about the Settlement. *Id.* ¶ 33. During business hours, JND's call center is staffed by persons who are trained to answer questions about the Settlement. *Id. Third*, JND established a dedicated post office box to receive Class Member correspondence, paper Claim Forms and exclusion requests. *Id.* ¶ 34.

The Supplemental Keough Declaration states that, as of March 17, 2025, JND has received 1139 calls to the toll-free telephone number, and that 379 of the callers spoke with a live agent. Dkt. 1028-1 ¶ 15. Also as of March 17, 2025, 381 emails have been received at the dedicated email address. *Id.* ¶ 16.

### vi. Results

As of January 27, 2025, JND has received 2202 Claim Forms, of which 2194 were submitted electronically and eight were submitted by mail. Dkt. 1017-5 ¶ 36. JND continues to receive and process Claim Form submissions and will continue to report to Counsel on the status of the claim intake and review. *Id.* ¶ 37. The currently anticipated claim filing deadline is May 8, 2026, subject to change depending on when there has been final approval. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

The Supplemental Keough Declaration states that, as of March 17, 2025, with the claims period ongoing, JND has received 8473 Claim Forms, of which 8374 were submitted electronically online and 99 were submitted via mail. Dkt. 1028-1 ¶ 18.

The deadline for submitting an objection or a request for exclusion was February 27, 2025. Dkt. 1017-5 ¶¶ 38–39. As of January 27, 2025, JND has received or is otherwise aware of no objections and no requests for exclusion. *Id.* The Supplemental Keough Declaration states that, as of March 17, 2025, JND has not received or been otherwise made aware of any objections. Dkt. 1028-1 ¶ 20. As of March 17, 2025, JND has received ten requests for exclusion, of which nine were timely and valid. *Id.* ¶ 21.

The Supplemental Keough Declaration states that the direct notice effort alone successfully reached more than 93% of potential Class Members. *Id.* ¶ 22. The supplemental digital effort, internet search campaign and distribution of a press release added to those efforts. *Id.*

### IV. Analysis

#### a. Class Certification

The Preliminary Approval Order analyzed whether conditional certification of the Settlement Class was appropriate. Dkt. 983 at 10–14. That analysis, which is incorporated by this reference, was the basis for granting conditional certification of the Settlement Class. The analysis, and the resulting outcome, have not changed. Dkt. 1017 at 31–38. Therefore, the Motion is **GRANTED** as to certification of the Settlement Class.

#### b. Final Approval of the Settlement Agreement

##### i. Legal Standards

Rule 23(e) requires a two-step process in considering whether to approve the settlement of a class action. Fed. R. Civ. P. 23(e). *First*, in the preliminary approval process, a court must make a preliminary determination as to whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). At this stage, "the settlement need only be potentially fair." *Id.*

*Second*, if preliminary approval is granted, class members are notified and invited to make any objections. Upon reviewing the results of that notification, a court makes a final determination as to whether an agreement is "fundamentally fair, adequate, and reasonable." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

In evaluating fairness, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818–19 (9th Cir. 2012). A court is to consider and evaluate several factors as part of its assessment of a proposed settlement. The following non-exclusive factors, which originally were described in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), are among those that may be considered during both the preliminary and final approval

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

processes:

>(1) the strength of the plaintiff's case;
>(2) the risk, expense, complexity, and likely duration of further litigation;
>(3) the amount offered in settlement;
>(4) the extent of discovery completed and the stage of the proceedings;
>(5) the experience and views of counsel;
>(6) any evidence of collusion between the parties; and
>(7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458–60 (9th Cir. 2000).

Each factor does not necessarily apply to every settlement, and other factors may be considered. For example, courts often consider whether the settlement is the product of arms-length negotiations. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). As noted, in determining whether preliminary approval is warranted, a court is to decide whether the proposed settlement has the potential to be deemed fair, reasonable and adequate in the final approval process. *Acosta*, 243 F.R.D. at 386.

Amended Fed. R. Civ. P. 23(e) provides further guidance as to the requisite considerations in evaluating whether a proposed settlement is fair, reasonable and adequate. A court must consider whether:

>(A) the class representatives and class counsel have adequately represented the class;
>(B) the proposal was negotiated at arm's length;
>(C) the relief provided for the class is adequate, taking into account:
>>(i) the costs, risks, and delay of trial and appeal;
>>(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>(iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>(iv) any agreement required to be identified under Rule 23(e)(3);[3] and
>(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The factors set forth in Fed. R. Civ. P. 23(e) distill the considerations historically used by federal courts to evaluate class action settlements. *See id.* As the comments of the Advisory Committee explain, "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry. Fed. R. Civ. P. 23(e) Advisory Committee's Note to 2018 Amendment.

---

[3] Fed. R. Civ. P. 23(e)(3) provides that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

ii.  Application

The Preliminary Approval Order addressed many of the relevant factors. Dkt. 983 at 16–19. None of the facts and circumstances as to any of them has changed since its issuance. Dkt. 1017 at 19–31. However, because JND has initiated the notice process, the reaction of Settlement Class Members to the proposed settlement may now be considered in evaluating whether it is fair and appropriate.

Of the 8473 Claim Forms that have been received, JND has not received or is unaware of any objections. Dkt. 1028-1 ¶¶ 18, 20. Further, as of March 17, 2025, JND has only received ten requests for exclusion, of which only nine were timely and valid. *Id.* ¶ 21. This result "indicates that the class generally approves of the settlement." *In re Toys R Us-Delaware, Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (collecting cases); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." (quoting *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528–29)); *Kearney v. Hyundai Motor Am.*, No. 09-CV-1298-JST (MLGx), 2013 WL 3287996, at *7 (C.D. Cal. June 28, 2013) (stating that 16 objections and 179 requests for exclusion out of 646,734 recipients of notice were "infinitesimal" figures).

For the foregoing reasons, there have been no material changes with respect to any of the relevant circumstances since the issuance of the Preliminary Approval Order. Therefore, the same determinations are warranted at this time with respect to the fairness analysis. Consequently, the distribution of the settlement funds in the manner set forth in the Preliminary Approval Order is approved.

c.  Incentive Award

i.  Legal Standards

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977. To determine the reasonableness of incentive awards, the following factors may be considered:

    1) the risk to the class representative in commencing suit, both financial and otherwise;
    2) the notoriety and personal difficulties encountered by the class representative;
    3) the amount of time and effort spent by the class representative;
    4) the duration of the litigation and;
    5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

ii.  Application

Plaintiffs request incentive awards of $2500 for each of the three Settlement Class Representatives. Dkt. 1017 at 54. The Preliminary Approval Order analyzed whether these awards were appropriate in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
|---|---|---|---|
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

light of the relevant factors. Dkt. 983 at 19–20. It concluded that incentive awards in the amount of $2500 were reasonable but stated that this determination would be subject to de novo review in connection with a motion for final approval. *Id.* at 20.

Since that time, there have been no material changes that would affect the analysis in the Preliminary Approval Order. *See* Dkt. 1017 at 54–55. Plaintiffs state that each of the Settlement Class Representatives spent at least 25 hours on this litigation and that each has demonstrated commitment to investigating and prosecuting this case on behalf of the Class over the past six years. *Id.* Therefore, for the reasons stated in the Preliminary Approval Order, incentive awards of $2500 to each of the Mitsubishi Plaintiffs are appropriate and approved.

    d.    Attorney's Fees and Costs

        i.    <u>Legal Standards</u>

Attorney's fees and costs "may be awarded . . . where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Id.* "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton*, 327 F.3d at 964. Thus, a district court must "assure itself that the fees awarded in the agreement were not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965.

District courts have discretion to choose between a lodestar method and the percentage method to evaluate the reasonableness of a request for an award of attorney's fees in a class action. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). A court may also choose one method and then perform a cross-check with the other. *See, e.g., Staton*, 327 F.3d at 973.

When using the percentage method, a court examines what percentage of the total recovery is allocated to attorney's fees. *See Hanlon*, 150 F.3d at 1029. Usually, the Ninth Circuit applies a "benchmark award" of 25%. *Id.* at 968. However, awards that deviate from the benchmark have been approved. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("Ordinarily, . . . fee awards [in common fund cases] range from 20 percent to 30 percent of the fund created."); *Schroeder v. Envoy Air, Inc.*, No. 16-CV-4911-MWF (KSx), 2019 WL 2000578, at *7 (C.D. Cal. May 6, 2019) ("[T]he benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors," including "(1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases.") (internal citations and quotation marks omitted).

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prods.*, 654 F.3d at 941. After

Case 2:19-ml-02905-JAK-JPR    Document 1039    Filed 04/22/25    Page 15 of 18    Page ID #:31434

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
|---|---|---|---|
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

the lodestar amount is determined, a trial court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Such factors " 'includ[e] the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.' " *Stetson v. Grissom*, 821 F.3d 1157, 1166–67 (9th Cir. 2016) (quoting *In re Bluetooth Headset Prods.*, 654 F.3d at 941–42). A "district court *must* apply a risk multiplier to the lodestar when (1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky." *Id.* at 1166 (quoting *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016)) (internal quotation marks omitted).

    ii.    <u>Application</u>

In support of the Preliminary Approval Motion, Plaintiffs' Counsel stated that they anticipated filing a request for a fee award of up to 30% of the $8.5 million Settlement Amount, *i.e.*, an award of $2.55 million. Dkt. 941-1 ¶ 12. The Preliminary Approval Order analyzed this request with respect to both the percentage and lodestar methods. *See* Dkt. 983 at 21–24. *First*, with respect to the percentage method, it determined that Class Counsel's requested award was potentially warranted in light of the favorable results achieved for the Class and the significant risks Counsel undertook in pursuing this litigation. Dkt. 983 at 22. *Second*, with respect to the lodestar method, the Preliminary Approval Order determined that Class Counsel's hours and hourly rates appeared reasonable, subject to further review. *Id.* at 23–24. Based on these considerations, the Preliminary Approval Order concluded that an award in the range of $2,300,000 to $2,550,000 was reasonable. *Id.* at 24. It directed Class Counsel to file further briefing and evidence to resolve remaining issues relating to the award, including the total benefit of the settlement and the reasonableness of Counsel's rates. *Id.*

In support of the Final Approval Motion, Class Counsel request an aggregate fee award of $2.55 million, which consists of $2,500,000 in attorney's fees and $50,000 in expenses. Dkt. 1017 at 43 n.12. The attorney's fees figure represents 29.4% of the $8.5 million Settlement Amount, which is slightly less than the anticipated request of 30% of the Settlement Amount. *Id.* at 39. However, the total requested amount, including expenses, is unchanged. The Joint Declaration of Plaintiffs' Co-Lead Counsel states that the current adjusted lodestar is $1,235,717.37 (the "Joint Declaration"). Dkt. 1017-1 ¶ 19. The Joint Declaration states that, using only this time, the lodestar multiplier in the requested fee is 2.02. *Id.* However, the Joint Declaration further states that additional work will be required, which is anticipated to result in an additional $183,333 in lodestar fees. *Id.* ¶ 21. This estimated additional work would bring the total lodestar to $1,418,050.37, and a multiplier of 1.76. *Id.*

In support of the request, Class Counsel has provided documentation of their hourly rates and hours worked in connection with this matter. *See* Dkt. 1017-2, 1017-3.

    1.    Percentage Approach

As discussed, Class Counsel's requested award represents 30% of the Settlement Award, which exceeds the 25% "benchmark award" in the Ninth Circuit. However, the Preliminary Approval Order found that an upward adjustment from the benchmark "may be warranted here, where favorable results were achieved for the Class, additional non-monetary benefits will be conferred and counsel have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

undertaken significant risks in pursuing this litigation." Dkt. 983 at 22.

Since that time, there have been no material changes that would affect the analysis in the Preliminary Approval Order. Plaintiffs' Counsel has achieved a favorable and valuable outcome for the Class and has undertaken significant work on behalf of the Class over the last six years. Therefore, the fee award is reasonable under the percentage method.

        2.        Lodestar Cross-Check

The estimated total lodestar reasonably associated with Mitsubishi to date is $1,234,717.37. Dkt. 1017 at 46. Including anticipated future work to implement and protect the Settlement through the Claims Period, Settlement Class Counsel expects the final lodestar attributable to Mitsubishi will total $1,418,050.37. *Id.*

The Preliminary Approval Order found that the hours charged appeared generally reasonable. Dkt. 983 at 24. The Preliminary Approval Order also found that, because the hourly rates of Class Counsel were capped by the Court's Order re Protocol for Common Benefit Work and Expenses (the "CBO"), those rates were reasonable. *Id.* at 23. In support of the Final Approval Motion, Class Counsel have provided additional evidence to establish that their rates are fair in light of the experience of counsel as well as the amounts charged by other counsel who have performed similar work in class action matters in this District and Circuit. *See* Dkt. 1017 at 48–51.

The Joint Declaration states that Counsel has "ensured the reasonable, effective, and efficient prosecution of this litigation and the Mitsubishi Plaintiffs' Claims." Dkt. 1017-1 ¶ 14. The Joint Declaration further states that Counsel has "encouraged the attorneys working on this matter to perform assignments efficiently . . . [which] has saved time spent on the litigation overall." *Id.* The Joint Declaration states that

> Participating Counsel expended significant hours on Pleadings, Briefs, and Legal Research. This includes, among other things: (1) investigating, researching and drafting a 500+ page Consolidated Amended Complaint and a 1,300+ page Amended Consolidated Class Action Complaint; and (2) analyzing, researching, and drafting complex motion to dismiss briefing, as well as the settlement approval briefing. All of this was essential to informing the strengths and weaknesses of the Mitsubishi Plaintiffs' claims, and critical to the success of the case.

*Id.* ¶ 24. The Joint Declaration adds that Discovery and Document Review "comprise a significant portion of the total hours billed," as Defendants "collectively produced millions of pages of documents in this MDL," which required careful review, analysis and coding. *Id.* ¶¶ 25–26.

Plaintiffs have also submitted the "2023 Real Rate Report" (the "Report") to support the reasonableness of the hourly rates of Class Counsel. *See* Dkt. 1017-4. The Report is based on data collected through Q2 of 2023 and reflects hourly rates for litigators in Los Angeles. Dkt. 1017-1 ¶ 29. The Report found that hourly rates for litigation partners in Los Angeles range from $525 to $1159, with a median hourly rate of $840. *Id.* For associates, hourly rates range from $431 to $880 per hour, with a median hourly rate of $680. *Id.* Here, the CBO imposed the following limitations on hourly rates for Participating Counsel: $895/hour for partners; $350–$600/hour for associates; $415/hour for document review

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

attorneys; and $175–$275/hour for paralegals and assistants. *Id.* ¶ 11. Given the skill and experience of Settlement Class Counsel, these capped billing rates are reasonable and are in line with the prevailing market rates.

Accepting Class Counsel's lodestar, and assuming that Class Counsel's anticipated future hours are included in the lodestar, the requested fee award would result in a multiplier of 1.76. If the anticipated future hours are not included, the multiplier would be 2.02. This multiplier is well within the range of multipliers allowed by courts in this District. *See, e.g.*, *Steiner v. Am. Broad. Co.*, 248 Fed. App'x 780, 783 (9th Cir. 2007) (approving a multiplier of 6.85); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002) (approving a multiplier of 3.65 and collecting cases in which multipliers from .6 to 19.6 were approved). Therefore, Class Counsel's updated lodestar, with a maximum multiplier of 2.02, is reasonable.

        3.      Costs

As discussed, Settlement Class Counsel seek reimbursement of $50,000 in litigation expenses. This includes $39,250.73 in costs already incurred for the benefit of the Class, as well as $10,749.27 in projected costs. Dkt. 1017-1 ¶ 30. In support of this request, Counsel has included a table breaking down the incurred expenses by the categories enumerated in Exhibit B to the CBO. *Id.* ¶ 31. The Joint Declaration states that a significant cost was eDiscovery services and document processing ($13,025.26). *Id.* ¶ 32. The Joint Declaration further states that Settlement Class Counsel incurred additional material expenses for experts, which was necessary given the technical nature of the ACU Defect at issue in this litigation. *Id.* ¶ 33. It then states that the experts' involvement was critical to the litigation and resolution. *Id.* In light of the complex nature of this litigation, the volume of materials at issue in the case and its pendency for approximately six years, these costs are reasonable.

        4.      Conclusion on Attorney's Fees and Costs

The evidence submitted in connection with the Final Approval Motion shows that, to date, the attorney fee award requested by Plaintiffs' counsel is reasonable. Further, consistent with the determination in the Preliminary Approval Order, the requested fee award will constitute a reasonable percentage of the total value of the recovery to the Class. Therefore, based on a consideration of the range that was approved in the Preliminary Approval Order, the appropriateness of the application of a multiplier and the testimony that has been presented in connection with the Final Approval Motion, it is determined that Class Counsel's requested fee award of $2.55 million, *i.e.*, $2.5 million in attorney's fees and $50,000 in costs, is appropriate and approved.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA ML 19-2905 JAK (MRWx) | Date | April 22, 2025 |
| Title | In Re: ZF-TRW Airbag Control Units Products Liability Litigation | | |

### V. Conclusion

For the reasons stated in this Order, the Final Approval Motion is **GRANTED**.

**IT IS SO ORDERED.**

Initials of Preparer     kr